Christy D. Joseph (#136785)
cjoseph@swlaw.com
Nathan W. Hicks (#236269)
nhicks@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant Apollo Group, Inc.

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MCKINNEY, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>APOLLO GROUP, INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employees Relations Consultant at UNIVERSITY OF PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX<br><br>　　　　　Defendants | CASE NO. 07-CV-2373 WQH CAB<br><br>**APOLLO GROUP, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**<br><br>[FRCP 12(b)(2); 12(b)(5); 12(b)(6); 12(e).]<br><br>Date: April 7, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br>Judge: Hon. William Q. Hayes<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br><br>DATE OF FILING: December 19, 2007 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................2

II. THE COURT LACKS JURIDICTION OVER APOLLO BECAUSE PLAINTIFF'S SERVICE WAS DEFECTIVE (FRCP 12(b)(2); 12(b)(5))..................................................................................................................4

III. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO PROVIDE A BASIS UPON WHICH RELIEF CAN BE GRANTED ...........................................................................................................5

    A. The Court May Dismiss Patently Defective Complaints......................5

    B. McKinney's Purported Claim Under the False Claims Act (31 U.S.C. § 3729) Provides No Basis Upon Which Relief Can Be Granted ..................................................................................................6

    C. McKinney's Purported Claim Under Title VII of the Civil Rights Act of 1964 and amendments to Title VII of the Civil Rights Act of 1991 (42 U.S.C. § 2000e) Provides No Basis Upon Which Relief Can Be Granted...................................................9

    D. McKinney's Other Purported Claims Provide No Basis Upon Which Relief Can Be Granted...............................................................10

IV. THE COURT SHOULD DISMISS THE COMPLAINT ...................................11

V. THE COURT SHOULD DISMISS...................................................................12

VI. ALTERNATIVELY, THE COURT SHOULD REQUIRE MCKINNEY TO FILE A MORE DEFINITE STATEMENT UNDER FRCP RULE 12(e) .................................................................................................................13

VII. CONCLUSION ..................................................................................................14

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Barsella v. United States*,
   135 F.R.D 64 (S.D.N.Y 1991)..................................................................11

*Belle v. Chase Home Finance, LLC*,
   No. 06CV2454 WQH (LSP),
   2007 WL 3232505, at *8 (S.D. Cal. May 22, 2007) .................................4

*Brockmeyer v. May*,
   383 F.3d 798 (9th Cir. 2004) .....................................................................4

*Cellars v. Pacific Coast Packaging, Inc.*,
   189 F.R.D. 575 (N.D. Cal. 1981) ............................................................13

*Conley v. Gibson*,
   355 U.S. 41 (1957)................................................................................6, 14

*Eldridge v. Block*,
   832 F.2d 1132 (9th Cir. 1987) .................................................................11

*Estate of Ford v. Ramierez-Palmer*,
   301 F.3d 1043 (9th Cir. 2002) ...................................................................5

*Famolare, Inc. v. Edison Bros. Stores, Inc.*,
   525 F. Supp. 940 (E.D. Cal. 1981) ..........................................................13

*Gen-Probe, Inc. v. Amoco Corp.*,
   926 F. Supp. 948 (S.D. Cal. 1988) ..........................................................14

*Graham v. United States*,
   79 Fed. Appx. 992, No. 03-15240,
   2003 WL 22514528, at *1 (9th Cir. June 2, 2003)................................2, 5

*Hamilton v. Endell*,
   981 F. 2d 1062 (9th Cir. 1992) ..................................................................5

*Hirsh v. Blue Cross, Blue Shield*,
   800 F.2d 1474 (9th Cir. 1986) ...................................................................4

*Holden v. Hagoplan*,
   978 F.2d 1115 (9th Cir. 1992) ...................................................................6

*In re Syntex Corp. Sec's Litig.*,
   95 F.3d 922 (9th Cir. 1996) .......................................................................6

*Jackson v. Hayakawa*,
   682 F.2d 1344 (9th Cir. 1982) ...................................................................5

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

## TABLE OF AUTHORITIES
### (continued)

Page

*Jones v. Cmty. Redevelopment Agency of the City of Los Angeles,*
    733 F.2d 646 (9th Cir. 1984) ..................................................................... 11

*McHenry v. Renne,*
    84 F.3d 1172 (9th Cir. 1996) ..................................................................... 12

*Miller v. Maxwell's International, Inc.,*
    991 F.2d 583 (9th Cir. 1993) ..................................................................... 10

*Nevijel v. North Coast Life Ins. Co.,*
    651 F.2d 671 (9th Cir. 1981) ..................................................................... 12

*Padway v. Palches,*
    665 F.2d 965 (9th Cir. 1982) ..................................................................... 10

*Pejic v. Hughs Helicopters, Inc.,*
    840 F.2d 667 (9th Cir. 1988) ..................................................................... 10

*Roberston v. Dean Witter Reynolds, Inc.,*
    749 F.2d 530 (9th Cir. 1984) ....................................................................... 6

*Sherman v. Yakahi,*
    549 F.2d 1287 (9th Cir. 1977) ................................................................... 11

*Trent v. Valley Elect. Assoc.,*
    41 F.3d 524 (9th Cir. 1994) ......................................................................... 9

*Usher v. City of Los Angeles,*
    828 F.2d 556 (9th Cir. 1987) ....................................................................... 6

*Von Poppenheim v. Portland Boxing and Wrestling Commission,*
    442 F.2d 1047 (9th Cir. 1971),
    cert. denied, 404 U.S. 1039 (1972) ........................................................... 12

*Western Min. Council v. Watt,*
    643 F.2d 618 (9th Cir. 1981) ....................................................................... 6

### STATE CASES

*Sec. Dynamics Techs., Inc. v. Active Card Networks, Inc.,*
    No. 95-20870SW,
    1996 WL 263648, at *1 (N.D. Cal. May 13, 1996) .................................. 14

### FEDERAL STATUTES

31 U.S.C. § 3730(a) ........................................................................................ 7

31 U.S.C. § 3730(b) ..................................................................................... 7, 8

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

\HICKSN\SWDMS\8623187     - iii -     USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB
MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

# TABLE OF AUTHORITIES
### (continued)

Page

31 U.S.C. § 3730(e) .................................................................................................. 8

31 U.S.C. § 3730(e)(4) .............................................................................................. 8

31 U.S.C. 3729 ...................................................................................................... 6, 7

31 U.S.C. 3729(a) ..................................................................................................... 7

42 U.S.C. § 2000e .................................................................................................... 9

## STATE STATUTES

California Code of Civil Procedure § 416.10 .......................................................... 4

## FEDERAL RULES

Federal Rules of Civil Procedure Rule 12(b)(2) ................................................... 3, 5

Federal Rules of Civil Procedure Rule 12(b)(5) ................................................... 3, 5

Federal Rules of Civil Procedure Rule 12(b)(6) ................................................. 3, 12

Federal Rules of Civil Procedure Rule 12(e) ...................................................... 3, 13

Federal Rules of Civil Procedure Rule 4 ............................................................. 2, 4

Federal Rules of Civil Procedure Rule 4(a) ............................................................. 5

Federal Rules of Civil Procedure Rule 4(e) ............................................................. 2

Federal Rules of Civil Procedure Rule 4(h) ............................................................. 5

Federal Rules of Civil Procedure Rule 4(h)(1) ........................................................ 4

Federal Rules of Civil Procedure Rule 8 ....................................................... 3, 11, 13

Federal Rules of Civil Procedure Rule 8(a)(2) ....................................................... 11

Federal Rules of Civil Procedure Rule 8(e)(2) ....................................................... 11

Federal Rules of Civil Procedure Rule 41(b) ..................................................... 12, 13

## OTHER AUTHORITIES

2 James Wm. Moore, et al., Moore's Federal Practice, 12.36[1] (3d ed. 2000) ........................................................................................ 13

# I.

# **INTRODUCTION**

Plaintiff Chad McKinney ("McKinney"), a *pro se* litigant, has brought the instant action against Apollo Group, Inc., (erroneously sued as Apollo Group, Inc., University of Phoenix, a Corporation),[1] an Arizona corporation (hereafter, "Apollo"), and four individual defendants.[2] The Court should dismiss the Complaint for three separate reasons. First, McKinney failed to properly serve Apollo in accordance with Rule 4 of the Federal Rules of Civil Procedure ("FRCP") because McKinney did not deliver a copy of the summons and complaint to an officer, managing agent, general manager or an authorized agent for service of process. Although some procedural rules may be relaxed for *pro se* litigants, all plaintiffs must follow the rules for service of the complaint. *See Graham v. United States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003). This procedural step is important not only to ensure due process, but also for jurisdictional reasons, because absent proper service, a court lacks jurisdiction over the defendant. Accordingly, the Complaint should also be dismissed because the Court lacks personal jurisdiction over Apollo.

Finally, McKinney's Complaint should be dismissed for failure to state a claim upon which relief can be granted. The caption of McKinney's Complaint states that it is "for violation of Federal False Claims Act and for violation of the Civil Rights Act 1964 and the amendments to Title VII of the Civil Rights Act of 1991-Retliation-Wrongful Termination & Employment Discrimination Civil Action" and lists seven causes of action:

1. Retaliation pursuant to the False Claims Act § 3729;

---

[1] McKinney also describes Apollo as "Apollo Group Inc, a.k.a. the University of Phoenix" in his Motion for Entry of Default and supporting memorandum of points and authorities. [Motion for Entry of Default, 2:4-6; MPA In Support of Entry of Default, 2:4-6.]
[2] As of the date this motion was filed, none of the individual defendants have been properly served pursuant to FRCP Rule 4(e).

\HICKSN\SWDMS\8623187    - 2 -    USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB
MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

2. Retaliation under Title VII;

3. Wrongful Termination;

4. False Imprisonment;

5. Intentional Infliction of Emotional Distress;

6. Defamation; and

7. Equal Pay.

The Complaint, however, contains no comprehensible recitation of facts or the basis for any of McKinney's purported claims, nor does it give Apollo fair notice of its purported acts or omissions, what actions are attributed to what defendants, how Apollo's conduct damaged McKinney, or even what damage McKinney suffered.

Accordingly, Apollo brings this motion to dismiss McKinney's Complaint or to quash service of summons pursuant to FRCP Rule 12(b)(5) because the Complaint was improperly served. Apollo also brings this motion to dismiss pursuant to FRCP Rule 12(b)(2) because the Court lacks personal jurisdiction over Apollo as a result of McKinney's insufficient service. Additionally, Apollo brings this motion pursuant to Rule 12(b)(6) because the Complaint fails to state a claim upon which relief may be granted and fails to comply with FRCP Rule 8. In the alternative, if the Court declines to dismiss the Complaint for failure to state a claim and either finds that service was proper or quashes service and requires McKinney to re-serve an amended Complaint, Apollo requests that the Court order McKinney to file a more definite statement pursuant to FRCP Rule 12(e).

///
///
///
///
///
///

## II.

## THE COURT LACKS JURISDICTION OVER APOLLO BECAUSE PLAINTIFF'S SERVICE WAS DEFECTIVE (FRCP 12(B)(2); 12(B)(5)).

FRCP Rule 4 provides in pertinent part:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) In a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant....

*Belle v. Chase Home Finance, LLC*, No. 06CV2454 WQH (LSP), 2007 WL 3232505, at *8 (S.D. Cal. May 22, 2007). To that end, California state law allows for service upon a corporation by delivering a copy of the summons and complaint:

> (a) To the person designated as agent for service of process...;
>
> [or]
>
> (b) To the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process.

Cal. Civ. Proc. Code § 416.10.

Thus, under both federal and state law, service of summons upon a corporation is only proper if delivered to an officer, general manager or designated agent for service of process. *See id.*; FRCP Rule 4(h)(1). When a defendant challenges service of process, a plaintiff bears the burden of showing that service is valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004); *Belle, supra, citing Hirsh v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1477 (9th Cir. 1986).

Moreover, if a plaintiff fails to serve a defendant in accordance with Rule 4, the court lacks jurisdiction over that defendant. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

McKinney failed to comply with the requirements of FRCP Rule 4(h) and California law because he did not serve the summons and complaint on an officer, general manager or designated agent for service of process for Apollo. Indeed, McKinney failed to even direct the summons and Complaint to any individual at all as required by FRCP Rule 4(a). Instead, McKinney simply dropped off an envelope to UOP employee, Ellen Bowens, and expected this to constitute sufficient service of process upon Apollo. This is unacceptable under California law and the Federal Rules.

While procedural rules may be relaxed for *pro se* litigants, even a *pro se* plaintiff must comply with the rules for service of process. *See Graham v. United States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003) *citing Hamilton v. Endell*, 981 F. 2d 1062, 1065 (9th Cir. 1992) (abrogated on other grounds by *Estate of Ford v. Ramierez-Palmer*, 301 F.3d 1043, 1045 (9th Cir. 2002).

Additionally, because McKinney did not properly serve Apollo, the Court lacks personal jurisdiction over it, and the Complaint should be dismissed pursuant to FRCP Rules 12(b)(2) and 12(b)(5) for this reason.

## III.

## THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO PROVIDE A BASIS UPON WHICH RELIEF CAN BE GRANTED.

A.   **The Court May Dismiss Patently Defective Complaints.**

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. The Court may dismiss a complaint as a matter of law either for lack of a cognizable theory or the absence of sufficient fats alleged under a cognizable

legal theory. *Roberston v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Thus, the Court should dismiss a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In making this determination, the Court must accept as true all material allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). While allegations of material fact are taken as true, however, a plaintiff may not rely on conclusory allegations and unwarranted inferences to defeat dismissal. *See e.g., In re Syntex Corp. Sec's Litig.*, 95 F.3d 922, 926 (9th Cir. 1996); *Holden v. Hagoplan*, 978 F.2d 1115, 1121 (9th Cir. 1992). Also, the Court does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

As explained more fully below, this Court should dismiss McKinney's Complaint because it fails to state a claim upon which relief may be granted.

**B.   McKinney's Purported Claim Under the False Claims Act (31 U.S.C. § 3729) Provides No Basis Upon Which Relief Can Be Granted.**

The Complaint also fails to distinguish among – or even clearly set out – the various claims being alleged. For example, the Complaint mentions an action for retaliation arising under the False Claims Act, 31 U.S.C. § 3729 ("FCA") in McKinney's "Statement of the Case" and "Legal Claims," but no supporting facts even mentioning the FCA can be found in his "Statement of Facts." [Complaint, 2:9-11; 16:8-19.] In fact, McKinney's reference the FCA contains the following mystifying statements:

> In 1986, Congress added provisions in 31 U.S.C Sec. 3730(h): 'Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful

> acts done by the employee on behalf of his employer or others *in furtherance of an action* under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.'

[*Id.*, (emphasis added).]

McKinney does not reference anything he did "in furtherance of action under this section." In fact, McKinney does not provide any supporting facts at all for this claim, but rather repeats a statute that does not apply to him under any circumstances. The FCA addresses the situation that if a person attempts to defraud the government to obtain payment/property then he/she will be liable:

> to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person [...].

31 U.S.C. 3729(a). For an "action" to exist, however, it may only be brought by the Attorney General or by a private person in the name of the United States Government. 31 U.S.C. §§ 3730(a), (b). Moreover, there are special requirements for a private person to bring an action under the FCA that McKinney never did. In pertinent part:

> **(b) Actions by Private Persons.—**
>
> (1) A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.
>
> (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

31 U.S.C. § 3730(b).

Furthermore, the FCA bars the following actions:

> **(e) Certain Actions Barred.—**
>
> (3) In no event may a person bring an action under subsection (b) which is based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party.
>
> (4)
>
> (A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.
>
> (B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C. § 3730(e).

McKinney has not provided any facts indicating that he has performed lawful acts in furtherance of an existing "action" under the FCA. Furthermore, McKinney has not provided any facts that demonstrate that an "action" brought by either the Attorney General or in the name of the United States Government even exists. Indeed, it appears that McKinney's claim under the FCA may be barred since he has not asserted that he is an "original source" of information provided to the United States Government as is required under 31 U.S.C. section 3730(e)(4).

Accordingly, McKinney has not properly alleged an action under the FCA upon which relief can be granted.

///

///

C. **McKinney's Purported Claim Under Title VII of the Civil Rights Act of 1964 and amendments to Title VII of the Civil Rights Act of 1991 (42 U.S.C. § 2000e) Provides No Basis Upon Which Relief Can Be Granted.**

McKinney's Complaint similarly fails to state a claim for violation of Title VII of Civil Rights Act, as amended ("Title VII"). McKinney asserts that he suffered "discriminatory behavior" and was retaliated against in violation of Title VII. [Complaint, 2:19-21; 16:20-24.] As with McKinney's claim under the FCA, the only two references to Title VII are found in the "Statement of the Case" and "Legal Claims" and no supporting facts are found in his "Statement of Facts". [*Id.*] In fact, it cannot be determined from McKinney's unintelligible Complaint whether he is alleging disparate treatment, retaliation or both.[3]

Title VII makes it unlawful for covered employers to hire or discharge any individual, or otherwise discriminate against any individual based on race, color, religion, sex or national origin ("protected class"). 42 U.S.C. § 2000e *et seq*. Yet, McKinney does not allege that he belongs to a class protected under Title VII. To succeed on a retaliation claim, McKinney must have supporting facts to allege: (1) he engaged in some protected conduct (protected by Title VII); (2) he suffered an adverse employment action; and (3) the adverse employment action was taken against him because of the protected activity. *Trent v. Valley Elect. Assoc.*, 41 F.3d 524, 526 (9th Cir. 1994). McKinney does not aver any supporting facts that support his allegations of retaliation in violation of Title VII.

To establish a *prima facie* case of discriminatory treatment,[4] McKinney must show supporting facts that: (1) he is a member of a protected class; (2) he was capable of performing his job; and (3) he was treated differently because of his

---

[3] It will be assumed that McKinney's Title VII claim is limited to retaliation since this is what he reported to the EEOC. [Declaration of Nathan W. Hicks In Support of Motion to Dismiss Plaintiff's Complaint, Ex. A.]
[4] As stated above, if McKinney is alleging discrimination, then he has not exhausted the required administrative remedies in order to properly plead this issue.

\HICKSN\SWDMS\8623187      - 9 -      USDC-SOUTHERN DISTRICT CALIFORNIA
                                      CASE NO. 07-CV-2373 WQH CAB
MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

protected class status. *Pejic v. Hughs Helicopters, Inc.*, 840 F.2d 667, 672 (9th Cir. 1988). McKinney has alleged no facts in support of his claim of discrimination in violation of Title VII.

Additionally, for McKinney to have claims that Apollo retaliated or discriminated against him, he must show that Apollo was his employer since "[t]he liability schemes under Title VII...limit civil liability to the employer." *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). McKinney has failed to do this. Furthermore, and regarding liability under Title VII for the individually named defendants, McKinney cannot assert facts to support a claim against them since individual defendants cannot be held liable for damages under Title VII. *Id.* citing to *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

Accordingly, McKinney has not properly alleged an action under Title VII upon which relief can be granted.

**D.   McKinney's Other Purported Claims Provide No Basis Upon Which Relief Can Be Granted.**

Although the Complaint lists seven causes of action[5] under the section entitled "Legal Claims," the remainder of the Complaint appears to consist of protracted "cut and paste" language[6] that is internally inconsistent, ambiguous and fails to provide any support for the purported claims listed in the caption. Instead, McKinney simply lists five other causes of action with no factual support or legal basis.[7]

---

[5] None of McKinney's causes of action distinguish what actions are purportedly attributable to what defendant.
[6] The same language is found in McKinney's EEOC complaint. [Hicks Decl., Ex. A.]
[7] McKinney simply lists: wrongful termination, false imprisonment, intentional infliction of emotional distress, defamation and equal pay under the remaining causes of action without any reference to a legal basis or how these causes of action apply to him.

                                                     CASE NO. 07-CV-2373 WQH CAB
MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

To the extent McKinney is asserting these or any other claims against Apollo (which is, itself, unclear from the wording of the Complaint), McKinney has failed to describe these claims with any specificity or to set forth the required elements of those claims. Accordingly, Apollo is unable to determine which claims are being alleged against it, and McKinney failed to state any claim upon which relief can be granted.

## IV.

## THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO COMPLY WITH FRCP RULE 8.

FRCP Rule 8 requires a plaintiff to set forth "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FRCP Rule 8(a)(2). Similarly, each claim must be "simple, concise, and direct." FRCP Rule 8(e)(2). These rules are designed to ensure that a complaint gives fair notice to defendants and states the elements of the claim plainly and succinctly. *Jones v. Cmty. Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984).

When the complaint is written by a *pro se* litigant, these rules are relaxed and the complaint is held to a less stringent standard. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). Nevertheless, if a complaint contains nothing more than conclusory allegations, unsupported by any facts, it fails to state a claim under Rule 8. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977); se also, *Barsella v. United States*, 135 F.R.D 64, 66 (S.D.N.Y 1991) (policy requiring courts to liberally construe *pro se* complaints "does not mandate that a court system sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable"). Here, McKinney's complaint is incoherent, rambling, unreadable and fails to comply with Rule 8.

///

The Complaint fails to distinguish among – or even clearly set out – the various claims being alleged.[8] And, despite containing a heading entitled "Statement of Facts," the body of the Complaint is prolix, confusing, and in many areas – meaningless. Further, it is not clear what relief McKinney seeks or how the allegations support the relief sought. The Complaint is simply a recitation of disconnected ideas wrapped with conclusory allegations seeking some sort of unintelligible relief. The Complaint, therefore, fails to comply with Rule 8 and should be dismissed under FRCP Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## V.
## THE COURT SHOULD DISMISS MCKINNEY'S COMPLAINT WITH PREJUDICE.

The factors a court may consider in determining whether to dismiss a complaint with prejudice under FRCP Rule 41(b) include: (1) the plaintiff's status as a pro se litigant; (2) the burden on the defendants and their right to be free from costly and harassing litigation; (3) the burden confusing and prolix complaints place on the court system; (4) the strength of plaintiff's case; and, (5) the feasibility of less drastic alternatives, such as allowing further amendment. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1179-1180 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674-675 (9th Cir. 1981); *Von Poppenheim v. Portland Boxing and Wrestling Commission*, 442 F.2d 1047, 1053 (9th Cir. 1971), *cert. denied*, 404 U.S. 1039 (1972). Under the circumstances of this dispute, these factors heavily favor dismissal with prejudice.

McKinney has filed a protracted, rambling, incomprehensible Complaint that utterly fails to allege any facts to support any of his claims, and that is not even

---
[8] See Part III above for a further discussion of the deficiencies in McKinney's claims.

clear as to which claims are being asserted, and against which Defendants. McKinney cannot assert anything in an amended pleading that will give merit to his baseless claims. As such, the Court should dismiss McKinney's Complaint with prejudice pursuant to FRCP Rule 41(b).

## VI.

## ALTERNATIVELY, THE COURT SHOULD REQUIRE MCKINNEY TO FILE A MORE DEFINITE STATEMENT UNDER FRCP RULE 12(E).

If the Court declines to dismiss the Complaint, and either quashes service and requires McKinney to re-serve the Complaint or finds that service of process was sufficient under the FRCP and that the Court has jurisdiction over Apollo, the Court should require McKinney to file a more definite statement.

FRCP Rule 12(e) protects defendants from having to guess at the meaning of complaints like the one brought by McKinney:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

FRCP Rule 12(e).

A complaint may state a claim for relief, but may still be so vague and ambiguous as to require a plaintiff to provide a more definite statement. *See Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1981); *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981). When claims, such as those made by McKinney are so indefinite that the defendant cannot ascertain the nature of the claim being asserted, a defendant cannot reasonably be expected to frame a proper response. Id.

A motion for a more definite statement is appropriate where allegations do not comply with the pleading requirements identified in FRCP Rule 8. 2 James Wm. Moore, et al., Moore's Federal Practice, 12.36[1] (3d ed. 2000). Under

| | |
|---|---|
| 1 | Rule 8, a pleading must give "fair notice on the grounds for the various claims" and |
| 2 | "requires more than empty boilerplate." *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. |
| 3 | Supp. 948, 961 (S.D. Cal. 1988); *see also Conley v. Gibson*, 355 U.S. 41, 47 |
| 4 | (1957). Therefore, if a pleading is not "clear enough to provide the defendant with |
| 5 | a sufficient basis to frame a responsive pleading" a more definite statement is |
| 6 | appropriate. *Sec. Dynamics Techs., Inc. v. Active Card Networks, Inc.*, No. 95- |
| 7 | 20870SW, 1996 WL 263648, at *1 (N.D. Cal. May 13, 1996). |

Here, for the reasons set forth above, McKinney's Complaint is so ambiguous and unintelligible that Apollo cannot reasonably be required to frame a responsive pleading. Therefore, if the Court does not grant Apollo's Rule 12(b)(6) motion, the Court should order McKinney to file a more definite statement.

## VII.

## CONCLUSION

For the reasons stated above, Apollo respectfully requests that the Court dismiss McKinney's Complaint with prejudice. In the alternative, if the Court finds service of process met the requirements of the Federal Rules, and the Court declines to dismiss the Complaint, Apollo respectfully requests that the Court require McKinney to file a more definite statement.

Date: March 7, 2008

SNELL & WILMER L.L.P.

By: _____
Christy Joseph
Nathan W. Hicks
Attorneys for Apollo Group, Inc.

# PROOF OF SERVICE
*USDC – Southern District, Case No. 07-CV-2373 WQH CAB*

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On March 7, 2008, I served, in the manner indicated below, the foregoing document described as **APOLLO GROUPS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| Chad McKinney<br>Pro Se<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115 | Plaintiff<br><br>Tel: 619-634-3566 |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>940 Front Street<br>San Diego, CA 92101 | |

[X]  BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 7, 2008, at Costa Mesa, California.

*[signature]*
Anh Dufour

8626180

PROOF OF SERVICE