Christy D. Joseph (#136785)
cjoseph@swlaw.com
Nathan W. Hicks (#236269)
nhicks@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant Apollo Group, Inc.

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF

CALIFORNIA

| | |
|---|---|
| CHAD MCKINNEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>APOLLO GROUP, INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employees Relations Consultant at UNIVERSITY OF PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX<br><br>Defendants | CASE NO. 07-CV-2373 WQH CAB<br><br>**APOLLO GROUP, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT**<br><br>**[FRCP 55(c)]**<br><br>**NO ORAL ARGUMENT, UNLESS REQUESTED BY THE COURT**<br><br>Date: April 7, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br>Judge: Hon. William Q. Hayes<br><br>DATE OF FILING: December 19, 2007 |

## I.

## INTRODUCTION

Apollo Group, Inc., (erroneously sued as Apollo Group, Inc., University of Phoenix, a Corporation), an Arizona corporation (hereafter, "Apollo"), seeks to set

\HICKSN\SWDMS\8621718     USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB
APOLLO GROUP, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

aside the Court Clerk's entry of default entered against it in this action for good cause shown pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 55(c). The entry of default was sought in bad faith by plaintiff, Chad McKinney ("McKinney"), a *pro se* litigant, on February 28, 2008, because Apollo was never given sufficient service of process and notice of the above-captioned action as required by FRCP Rule 4(h).

McKinney failed to properly serve Apollo in accordance with FRCP Rule 4 because he did not deliver a copy of the summons and complaint to an officer, managing agent, general manager or an authorized agent for service of process of Apollo. Although some procedural rules may be relaxed for *pro se* litigants, all plaintiffs must follow the rules for service of the complaint. *See Graham v. United States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003). In fact, none of the above putative defendants have been given proper notice and service of process as is required by FRCP Rule 4.[1] Moreover, the content of the summons issued by McKinney does not meet the general requirements of a summons as delineated by Rule 4(a) since the summons was not directed to any particular individual or entity.

These procedural steps are important not only to ensure due process, but also for jurisdictional reasons, because absent proper service, a court lacks jurisdiction over the defendant(s). Accordingly, Apollo opposes McKinney's motion and respectfully requests the Court to set aside the Court Clerk's entry of default so that Apollo may provide its responsive motion to this action.

---

[1] McKinney also has not properly served any of the individual defendants pursuant to FRCP Rule 4(e).

\HICKSN\SWDMS\8621718   - 2 -   USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB
APOLLO GROUP, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

## II.

## STATEMENT OF FACTS / PROCEDURAL HISTORY

McKinney filed this complaint on December 19, 2007. [McKinney's complaint for damages ("Complaint"), pg 1.] McKinney, however, did not obtain a summons issued by the Court until approximately one month later on January 15, 2008. [Declaration of Nathan W. Hicks in support of Apollo's Opposition to Motion for Entry of Default ("Hicks Decl."), ¶ 2, Ex. A.] According to McKinney's Return of Service filed with the Court on February 28, 2008, a process server attempted to serve Apollo "by leaving copies with Ellen Bowens (Administration)" on January 31, 2008. [*Id.*, Ex. B.] When the process server attempted to serve Ms. Bowens, she instructed him that she was not authorized to accept service on behalf of UOP, and that UOP had an authorized agent to accept service on its behalf, CT Corporation. [Declaration of Ellen Bowens in support of Apollo's Opposition to Motion for Entry of Default ("Bowens Decl."), ¶ 3.] The process server then stated that Ms. Bowens did not know the law, dropped his papers and left. [*Id.*] At no time did the process server indicate that he was attempting to effect service of process on Apollo. [*Id.*] Afterwards, Ms. Bowens called CT Corporation in an attempt to determine what to do with the papers, but was told that it could not advise her in that capacity. [*Id.*]

Ms. Bowens is not employed by Apollo, nor is she an officer, managing agent, general manager or an authorized agent able to accept service of process on behalf of Apollo. [Bowens Decl., ¶ 2.] In fact, Ms. Bowens was an Operations Manager for UOP at only one of its hundreds of learning centers, and not an officer, managing agent, general manager or an authorized agent able to accept service of process for UOP either. [*Id.*; Declaration of Matthew Mitchell in support of Apollo's Opposition to Motion for Entry of Default ("Mitchell Decl."), ¶ 2.]

McKinney filed a Motion for Clerk's Entry of Default on February 28, 2008. [Plaintiff's Motion for Clerk's Entry of Default and Supporting Memorandum of

\HICKSN\SWDMS\8621718 - 3 - USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB

APOLLO GROUP, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Points and Authorities ("Motion for Entry of Default").] Based on McKinney's assertions that Apollo was given sufficient service of process on January 31, 2008, the Court Clerk made an entry of default on February 29, 2008. [Hicks Decl., ¶ 2 Ex. C.]

### III.

### APOLLO WAS NEVER GIVEN SUFFICIENT SERVICE OF PROCESS.

FRCP Rule 4 provides in pertinent part:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) In a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant….

*Belle v. Chase Home Finance, LLC*, No. 06CV2454 WQH (LSP), 2007 WL 3232505, at *8 (S.D. Cal. May 22, 2007). To that end, California state law allows for service upon a corporation by delivering a copy of the summons and complaint:

> (a) To the person designated as agent for service of process…;
>
> [or]
>
> (b) To the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process.

Cal. Civ. Proc. Code § 416.10.

       Thus, under both federal and state law, service of summons upon a corporation is only proper if delivered to an officer, general manager or designated agent for service of process. *See id.*; FRCP Rule 4(h)(1). When service of process is challenged, a plaintiff bears the burden of showing that service is valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004); *Belle, supra, citing Hirsh v .Blue Cross, Blue Shield*, 800 F.2d 1474, 1477 (9th Cir. 1986).

### A. McKinney Did Not Serve an Officer, General Manager or Designated Agent for Service of Process Of Apollo, Therefore Service Was Not Effected Under State or Federal Law.

       McKinney failed to comply with the requirements of FRCP Rule 4(h) and California law because he did not serve the summons and complaint on an officer, general manager or designated agent for service of process for Apollo. Indeed, McKinney failed to even direct the summons and Complaint to any individual at all as required by FRCP Rule 4(a). [Hicks Decl., ¶ 2, Ex. A.] Instead, McKinney simply dropped off an envelope to UOP employee, Ellen Bowens, and expected this to constitute sufficient service of process upon Apollo. This is unacceptable under California law and the Federal Rules.

       Ms. Bowens is not an officer, general manager or designated agent authorized to receive service of process for Apollo. [Bowens Decl., ¶ 2; Mitchell Decl,, ¶ 2.] She has no management responsibilities to direct Apollo. [*Id.*] She is not authorized by appointment or by law to receive service of process for Apollo. [*Id.*] She is not even employed by Apollo. [*Id.*] Therefore, attempted service upon Ms. Bowens was not sufficient to provide Apollo with notice of this action or subject it to the Court's jurisdiction. *Bridge-port Music, Inc v. Rhyme Syndicate Music*, 376 F. 3d 615, 624 (6th Cir. 2004).

       While procedural rules may be relaxed for *pro se* litigants, even a *pro se* plaintiff must comply with the rules for service of process. *See Graham v. United*

*States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003) *citing Hamilton v. Endell*, 981 F. 2d 1062, 1065 (9th Cir. 1992) (abrogated on other grounds by *Estate of Ford v. Ramierez-Palmer*, 301 F.3d 1043, 1045 (9th Cir. 2002). As a result, McKinney's attempt to effect service on a UOP employee and deem it as sufficient service upon Apollo fails. Accordingly, the entry of default against Apollo should be set aside.

**B.  Apollo and UOP are Not the Same Entity, and Service Upon a Subsidiary Does Not Constitute Service Upon the Parent Corporation.**

In his moving papers, McKinney asserts that Apollo and UOP are one corporation and that Apollo is "a.k.a" UOP. It is not. As such, even if it were determined that McKinney's attempted service of process upon a UOP employee was sufficient, it would only apply to UOP—and not to Apollo. State law on "serving corporations is crucial, for it is state law that defines whether service has been completed within the United States." *Hickory Travel Systems, Inc. v. TUI AG, TUI*, 213 F.R.D. 547, 552 (N.D. Cal. 2003). "Under California law, service on a subsidiary does not constitute service on a parent corporation, even if the subsidiary is considered to be an 'alter-ego' of the parent corporation." *Gravel v. P.T. Bakrie & Bros.*, 986 F. Supp. 1326, 1330-31 (C.D. Cal. 1996) (disapproved on other grounds by *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002). Service on a subsidiary does not effect service on the parent corporation. *Adams v. AlliedSignal General Aviation*, 74 F. 3d 882, 885 (8th Cir. 1996); *see also United States ex. rel. Vallejo v. Investronica, Inc.*, 2 F. Supp. 2d 330, 335 (WD NY 1998).

UOP (including UOP Online) is a wholly owned subsidiary of its parent corporation Apollo. [Mitchell Decl., ¶ 3.] Apollo is also the parent corporation for the Institute for Professional Development, the College for Financial Planning and Western International University. [*Id.*] Apollo and UOP are independently

incorporated Arizona corporations with separate functions, operations and employees. [*Id.*] Moreover, UOP is authorized as a foreign corporation able to business in California; Apollo is not. [*Id.*] As a result, Apollo and UOP are not the same entity, and even if service were successful upon one, it would not result in sufficient service of process upon the other.

As stated in Section II A, Ms. Bowens is not employed by Apollo, but rather UOP. As such, service of process upon her, even if deemed sufficient, would not apply to Apollo. Accordingly, the entry of default against Apollo should be set aside.

### C. Apollo Has Not Been Given Sufficient Service of Process as a Foreign Corporation.

Service on a nonresident (foreign) business entity can be effected by first-class, certified or registered mail, requiring a return receipt. Cal. Code of Civ. Proc. § 415.40. Here, as stated above, Apollo is a foreign (Arizona) corporation. As such, Apollo was not given sufficient service of process under federal or state law. Accordingly, the entry of default against Apollo should be set aside.

### IV.
### APOLLO DID NOT REASONABLY BELIEVE IT HAD BEEN GIVEN SUFFICIENT SERVICE OF PROCESS.

Given that: (1) the January 31, 2008 attempted service of process on Ms. Bowens was not directed to any entity or individual; (2) that Ms. Bowens is a UOP employee—and not employed by Apollo; and (3) that Ms. Bowens is not an officer, managing agent, general manager or authorized agent able to accept service of process on behalf of either UOP or Apollo, there was no reason to believe that Apollo had been given sufficient service of process by McKinney in this matter. [Mitchell Decl., ¶ 4.] Accordingly, if it is found that McKinney's service upon Ms.

Bowens was sufficient, Apollo reasonably believed, but was mistaken, that it had not been given actual notice and was properly served so that it should be relieved from the Clerk's entry of default.

## V.

## CONCLUSION

For the reasons stated above, Apollo respectfully requests the Court to set aside the Clerk's entry of default for good cause shown.

Date: March 7, 2008

SNELL & WILMER L.L.P.

By: _____
Christy Joseph
Nathan W. Hicks
Attorneys for Apollo Group, Inc.

# PROOF OF SERVICE
USDC – Southern District, Case No. 07-CV-2373 WQH CAB

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On March 7, 2008, I served, in the manner indicated below, the foregoing document described as **APOLLO GROUP, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| Chad McKinney<br>Pro Se<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115 | Plaintiff<br><br>Tel: 619-634-3566 |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>940 Front Street<br>San Diego, CA 92101 | |

☒ **BY FEDERAL EXPRESS:** I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 7, 2008, at Costa Mesa, California.

_____
Anh Dufour

8626180

PROOF OF SERVICE