Christy D. Joseph (#136785)
cjoseph@swlaw.com
Nathan W. Hicks (#236269)
hicks@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendants

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF

CALIFORNIA

| | |
|---|---|
| CHAD MCKINNEY, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>APOLLO GROUP, INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employees Relations Consultant at UNIVERSITY OF PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX<br><br>  Defendants | CASE NO. 07-CV-2373 WQH CAB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST KYAN FLYNN, MECHELLE BONILLA AND CARLYN LINDSTEN**<br><br>[FRCP 55(c)]<br><br>**NO ORAL ARGUMENT, UNLESS REQUESTED BY THE COURT**<br><br>Date: April 21, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br>Judge: Hon. William Q. Hayes<br><br>DATE OF FILING: December 19, 2007 |

\HICKSN\SWDMS\8612720

USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB

MPA IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT

# I.

# INTRODUCTION

Apollo Group, Inc., (erroneously sued as Apollo Group, Inc., University of Phoenix, a Corporation), (hereafter, "Apollo"), and Kyan Flynn, Mechelle Bonilla and Carlyn Lindsten (herein after, the "Individual Defendants")[1] seek to set aside the clerk's entry of default entered against them in this action for good cause shown pursuant to Federal Rules of Civil Procedure ("FRCP") 55(c). An entry of default was made against Apollo and motions to set aside the entry of default and to dismiss have already been filed.[2] Subsequently, McKinney has submitted proofs of return of service and an entry of default has been entered by the Court Clerk regarding the Individual Defendants. McKinney's improper attempts at service and failure to state a claim argued in Apollo's motions are equally applicable to the Individual Defendants. The entries of default were sought in bad faith by McKinney, because neither Apollo nor the Individual Defendants were never given proper service of the above-captioned action as required by FRCP Rules 4(e) and (h).

McKinney failed to properly serve the Individual Defendants in accordance with FRCP Rule 4 because he did not properly serve them via personal service, substitute service, mail service or service by publication. Although some procedural rules may be relaxed for *pro se* litigants, all plaintiffs must follow the rules for service of the complaint. *See Graham v. United States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003). This procedural step is important not only to ensure due process, but also for jurisdictional reasons, because absent proper service, a court lacks jurisdiction over the defendant. Moreover, the content of the summons issued by McKinney does

---

[1] As of the date of filing this motion, no proof of return of service nor an entry of default has been filed concerning individually named defendant April Alcorn.

[2] Apollo filed these motions on March 7, 2008, and they are set to be heard on April 7, 2008, at 11:00 a.m. In the interest of judicial economy Apollo and the Individual Defendants request that these and plaintiff's motions be consolidated.

not meet the general requirements of a summons as delineated by Rule 4(a) since the summons was not directed to any particular individual or entity.

Accordingly, the Individual Defendants bring this motion to set aside the Court Clerk's entry of default and allow them to provide their responsive motion to this action.

## II.
## STATEMENT OF FACTS / PROCEDURAL HISTORY

McKinney filed this complaint on December 19, 2007. [McKinney's complaint for damages ("Complaint"), pg 1.] McKinney, however, did not obtain a summons issued by the Court until approximately one month later on January 15, 2008. [Declaration of Nathan W. Hicks ("Hicks Decl."), ¶ 2, Ex. A.] According to McKinney's proofs of return of service, he attempted to serve the Individual Defendants under California law through substitute service at their place of work. [Hicks Decl. ¶ 2, Exs. B, C and D.]

McKinney's return of service papers regarding Ms. Flynn and Ms. Lindsten filed with the Court on March 12, 2008, state that a process server attempted to serve them "by leaving copies with Ellen Bowens (Administration)" on January 31, 2008. [*Id.*, Exs. B and C.] Neither Ms. Flynn or Ms. Lindsten were personally served with any legal documents by McKinney, and neither were aware of any attempts of personal service of legal documents in this matter. [Declarations of Kyan Flynn and Carlyn Lindsten, ¶ 2.] In fact, neither Ms. Flynn nor Ms. Lindsten were aware that they were defendants in this matter until they received McKinney's request for an entry of default against them on March 13, 2008.[3] [*Id.*] Moreover, neither Ms. Flynn or Ms. Lindsten work with Ellen Bowens or are even in her department. [*Id.*, ¶ 3.]

---

[3] This is very likely since none of the subpoenas were directed to any particular entity or individual as is required by FRCP Rule 4(a).

\HICKSN\SWDMS\8612720  - 3 -  USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB
MPA IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT

McKinney's return of service papers regarding Ms. Bonilla filed with the Court on March 12, 2008, state that a process server attempted to serve her "by leaving copies with Virginia Torres at defendant's place of employment." [Hicks Decl., ¶ 2, Ex. D.] In the same fashion, however, Ms. Bonilla was never personally served with any legal documents by McKinney, and was never made aware of any attempts at personal service of any legal documents upon her either. [Declaration of Mechelle Bonilla, ¶ 2.] Additionally, she, too, did not know that she was a named defendant in this matter until she received McKinney's notice of default in the mail on March 13, 2008.[4] [Id, ¶ 3.]

Based on McKinney's assertions that the Individual Defendants were given sufficient service of process on January 31, and February 4, 2008, the Court Clerk made an entry of default on March 12, 2008. [Hicks Decl., ¶ 2 Ex. E.] This motion is made following a reasonable and good faith attempt to conference with McKinney on February 29, 2008. [Id., ¶ 3.] However, after counsel explained McKinney's improper service attempts, not only did McKinney still refuse to cooperate, he filed the foregoing additional improper motions for entry of default two weeks later. [Id.]

### III.

### THE INDIVIDUAL DEFENDANTS WERE NEVER GIVEN SUFFICIENT SERVICE OF PROCESS.

FRCP Rule 4(e) provides in pertinent part:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, [...] may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district

---

[4] Clearly McKinney knew how to reach the Individual Defendants by mail since all three of them received notices of entry of default on March 13, 2008. Accordingly, it is unacceptable that a copy of the summons and complaint were not mailed to them in accordance with federal and state laws governing proper service of process.

\HICKSN\SWDMS\8612720       - 4 -       USDC-SOUTHERN DISTRICT CALIFORNIA
                                        CASE NO. 07-CV-2373 WQH CAB
MPA IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT

    court is located [...]; or

    (2) by delivering a copy of the summons and of the complaint to the individual or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

FRCP Rule 4(e); *LSJ Investment Co., Inc. v. O.L.D., Inc.* 167 F. 3d 320, 322-323 (6th Cir. 1999). To that end, California state law allows for service upon an individual by delivering a copy of the summons and complaint:

    Via personal delivery or an authorized agent for service of process;

    [or]

    Substitute service coupled with mailing after a good faith effort at personal service has been attempted;

    [or]

    Mail service, coupled with acknowledgement of receipt;

    [or]

    Service by publication.

Cal. Code Civ. Proc. §§ 415.10, 415.20, 415.30, 415.50.

Thus, under both federal and state law, service of summons upon an individual is only proper if made by personal service to the individual or their authorized agent to accept service of process or by substitute service at the individual's "dwelling house or usual place of abode." *See id.*; FRCP Rule 4(e)(2). California, however, allows substitute service to be effected at the individual's residence *or* place of employment as long as a good faith attempt at personal service was made and the substitute service is coupled with a mailing of a copy of the summons and complaint to the defendant. Cal. Code Civ. Proc. § 415.20. When a defendant challenges service of process, a plaintiff bears the burden of showing that service is valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004); *Belle, supra, citing Hirsh v. Blue Cross, Blue Shield*, 800 F.2d

1474, 1477 (9th Cir. 1986). Moreover, if a plaintiff fails to serve a defendant in accordance with Rule 4, the court lacks jurisdiction over that defendant. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

### A. McKinney Did Not Make Any Good Faith Attempts at Personal Service and Did Not Mail A Copy of the Summons and Complaint to Any of the Individual Defendants.

According to McKinney's proofs of return service, he attempted to serve the Individual Defendants under California law through substitute service at their place of work. [Hicks Decl., ¶ 2, Exs. B, C and D.] McKinney failed to comply with the requirements of California law, and therefore FRCP Rule 4(e), because he did not demonstrate that he made a good faith attempt at personal service nor that he provided mail copies of the summons and complaint to the Individual Defendants via pre-paid first class mail. Cal. Code Civ. Proc. § 415.20(b). [Declarations of Kyan Flynn, Mechelle Bonilla, and Carlyn Linsten In Support of Motion to Dismiss Plaintiff's Complaint.]

If the defendant challenges the method of service, the burden is on plaintiff to show that reasonable attempts were made to serve defendant personally before resorting to substitute service and why personal service could not be effected. *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (1979). Two or three attempts to personally serve defendant at a "proper place" ordinarily qualifies as "reasonable diligence" at attempting personal service. *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988); *Stafford v. Mach*, 64 Cal. App. 4th 1174, 1182 (1998). Furthermore, McKinney did not even bother to mail a copy of the summons and Complaint to the Individual Defendants as is required under California law. Cal. Code Civ. Proc. § 415.20(b); *Khourie, Crew & Jaeger v. Sabek, Inc.*, 220 Cal. App. 3d 1009, 1015 (1990).

Indeed, McKinney failed to even direct the summons and Complaint to any

individual at all as required by FRCP Rule 4(a). Instead, McKinney simply dropped off an envelope to UOP employees, Ellen Bowens and Virginia Torres, without regard to their connection with the Individual Defendants,[5] and expected this to constitute sufficient service of process. This is unacceptable under California law and the Federal Rules.

While procedural rules may be relaxed for *pro se* litigants, even a *pro se* plaintiff must comply with the rules for service of process. *See Graham v. United States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003) *citing Hamilton v. Endell*, 981 F. 2d 1062, 1065 (9th Cir. 1992) (abrogated on other grounds by *Estate of Ford v. Ramierez-Palmer*, 301 F.3d 1043, 1045 (9th Cir. 2002).

Accordingly, since McKinney did not properly serve any of the Individual Defendants, the Clerk's entry of defaults should be set aside.

## IV.

## THE INDIVIDUAL DEFENDANTS DID NOT REASONABLY BELIEVE THEY HAD BEEN GIVEN SUFFICIENT SERVICE OF PROCESS.

Given that: (1) the summons was not properly directed to any entity or individual; (2) McKinney did not make any reasonable attempts at personal service; (3) McKinney did not mail a copy of the summons and Complaint to the Individual Defendants; and (4) neither of the Individual Defendants were made aware of their involvement in this action until McKinney mailed them a notice of default on March 13, 2008, there was no reason to believe that the Individual Defendants had been given sufficient service of process by McKinney in this matter. Accordingly, if it is found that McKinney's service upon the Individual Defendants was

---

[5] It is also McKinney's burden to demonstrate that there was a "close connection" between the person being served and the person receiving substitute service on their behalf. *See* Judicial Counsel Comment to Cal. Code Civ. Proc. § 415.20. In fact, Ms. Bowens does not even work in the same department as Ms. Flynn or Ms. Lindsten, and not even in the same city as Ms. Flynn. [Flynn and Lindsten Decls., ¶ 3.]

sufficient, they reasonably believed, but were mistaken, that they had not been given actual notice and properly service so that they should be relieved from the Clerk's entry of default.

## V.
## **CONCLUSION**

For the reasons stated above, the Individual Defendants respectfully request the Court to set aside the Clerk's entry of default for good cause shown.

Date: March 14, 2008

SNELL & WILMER L.L.P.

By: _____
Christy Joseph
Nathan W. Hicks
Attorneys for Apollo Group, Inc.

McKinney v. Apollo Group, Inc., et al.
USDC, Southern – Case No. 07-CV-2373

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On March 20, 2008, I served, in the manner indicated below, the foregoing document described as

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST KYAN FLYNN, MECHELLE BONILLA AND CARLYN LINDSTEN**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

I am employed in the office of a member of the bar of this court at whose direction the service was made.

**Please See Attached Service List**

☐ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐ BY FACSIMILE: (C.C.P. § 1013(e)(f)) and by e-mail

☒ BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 20, 2008, at Costa Mesa, California.

*/s/ Rudi L. Wilson*
Rudi L. Wilson

8626180

PROOF OF SERVICE

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

| | |
|---|---|
| Chad McKinney<br>Pro Se<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115<br>(619) 634-3566 | Plaintiff, Pro Se |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>880 Front Street, Room 4290<br>San Diego, CA 92101-8900<br>(619) 557-5600 | Courtesy Copy |

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8626180

- 2 -

PROOF OF SERVICE