1  Christy D. Joseph (#136785)
   cjoseph@swlaw.com
2  Nathan W. Hicks (#236269)
   nhicks@swlaw.com
3  SNELL & WILMER L.L.P.
   600 Anton Boulevard, Suite 1400
4  Costa Mesa, CA  92626-7689
   Telephone: (714) 427-7000
5  Facsimile: (714) 427-7799

6  Attorneys for Defendants The University of
   Phoenix, Inc.
7

8          UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF

9                                    CALIFORNIA

10

11 CHAD MCKINNEY, an individual,          CASE NO. 07-CV-2373 WQH CAB

12              Plaintiff,                **UNIVERSITY OF PHOENIX, INC.'S
                                          MEMORANDUM OF POINTS AND
13 v.                                     AUTHORITIES IN SUPPORT OF
                                          MOTION TO DISMISS
14 APOLLO GROUP, INC.,                    PLAINTIFF'S COMPLAINT, OR, IN
   UNIVERSITY OF PHOENIX, a               THE ALTERNATIVE, MOTION
15 Corporation, MECHELLE                  FOR MORE DEFINITE
   BONILLA, an Enrollment Manager         STATEMENT**
16 at UNIVERSITY OF PHOENIX,
   KYAN  FLYNN, Director of               **[FRCP 12(b)(2); 12(b)(5); 12(b)(6);
17 Enrollment at UNIVERSITY OF            12(e).]**
   PHOENIX, APRIL ALCORN, an
18 Employees Relations Consultant at      Date:  May 12, 2008
   UNIVERSITY OF PHOENIX,                 Time: 11:00 a.m.
19 CARLYN LINDSTEN, Associate             Courtroom:  4
   Director of Enrollment at              Judge:  Hon. William Q. Hayes
20 UNIVERSITY OF PHOENIX
                                          **NO ORAL ARGUMENT UNLESS
21              Defendants                REQUESTED BY THE COURT**

22                                        DATE OF FILING:  December 19, 2007

23

24

25

26

27

28

8657091.1                                **USDC-SOUTHERN DISTRICT CALIFORNIA
                                         CASE NO. 07-CV-2373 WQH CAB**

UOP'S MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................ 2

II.     THE COURT LACKS JURISDICTION OVER UOP BECAUSE PLAINTIFF'S SERVICE WAS DEFECTIVE (FRCP 12(B)(2); 12(B)(5)) .................................................................................... 4

III.    THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO PROVIDE A BASIS UPON WHICH RELIEF CAN BE GRANTED ................................................................................. 5

        A.      The Court May Dismiss Patently Defective Complaints ..................... 5

        B.      McKinney's Purported Claim Under the False Claims Act (31 U.S.C. § 3729) Provides No Basis Upon Which Relief Can Be Granted ........................................................................... 6

        C.      McKinney's Purported Claim Under Title VII of the Civil Rights Act of 1964 and amendments to Title VII of the Civil Rights Act of 1991 (42 U.S.C. § 2000e) Provides No Basis Upon Which Relief Can Be Granted ..................................... 9

        D.      McKinney's Other Purported Claims Provide No Basis Upon Which Relief Can Be Granted ............................................ 10

IV.     THE COURT SHOULD DISMISS THE COMPLAINT ........................... 11

V.      THE COURT SHOULD DISMISS ........................................................ 12

VI.     ALTERNATIVELY, THE COURT SHOULD REQUIRE MCKINNEY TO FILE A MORE DEFINITE STATEMENT UNDER FRCP RULE 12(E) ............................................................................ 13

VII.    MCKINNEY DID NOT PROPERLY AMEND HIS PLEADINGS TO ADD UOP AS A PARTY TO THIS ACTION ........................................ 14

VIII.   CONCLUSION ............................................................................... 15

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1

# CASES

2

3

*Barsella v. United States,*
    135 F.R.D 64 (S.D.N.Y 1991).................................................................... 11

4

*Belle v. Chase Home Finance, LLC,*
    No. 06CV2454 WQH (LSP)
    2007 WL 3232505, at *8 (S.D. Cal. May 22, 2007) ...................................... 4, 5

5

6

*Brockmeyer v. May,*
    383 F.3d 798 (9th Cir. 2004) ........................................................................ 5

7

*Cellars v. Pacific Coast Packaging, Inc.,*
    189 F.R.D. 575 (N.D. Cal. 1981) ................................................................ 13

8

9

*Conley v. Gibson,*
    355 U.S. 41 (1957) ................................................................................ 6, 14

10

*Eldridge v. Block,*
    832 F.2d 1132 (9th Cir. 1987) ..................................................................... 11

11

12

*Estate of Ford v. Ramirez-Palmer,*
    301 F.3d 1043 (9th Cir. 2002) ....................................................................... 5

13

*Famolare, Inc. v. Edison Bros. Stores, Inc.,*
    525 F. Supp. 940 (E.D. Cal. 1981) ........................................................ 13, 14

14

15

*Gen-Probe, Inc. v. Amoco Corp.,*
    926 F. Supp. 948 (S.D. Cal. 1988) .............................................................. 14

16

*Graham v. United States,*
    79 Fed. Appx. 992, No. 03-15240,
    2003 WL 22514528, at *1 (9th Cir. June 2, 2003)....................................... 2, 5

17

18

*Hamilton v. Endell,*
    981 F. 2d 1062 (9th Cir. 1992) ...................................................................... 5

19

*Hirsh v. Blue Cross, Blue Shield,*
    800 F.2d 1474 (9th Cir. 1986) ...................................................................... 5

20

21

*Holden v. Hagoplan,*
    978 F.2d 1115 (9th Cir. 1992) ...................................................................... 6

22

*In re Syntex Corp. Sec's Litig.,*
    95 F.3d 922 (9th Cir. 1996) .......................................................................... 6

23

24

*Jackson v. Hayakawa,*
    682 F.2d 1344 (9th Cir. 1982) ...................................................................... 5

25

*Jones v. Cmty. Redevelopment Agency of the City of Los Angeles,*
    733 F.2d 646 (9th Cir. 1984) ...................................................................... 11

26

27

*McHenry v. Renne,*
    84 F.3d 1172 (9th Cir. 1996) ...................................................................... 12

28

Snell & Wilmer
——— L.L.P.———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

*Miller v. Maxwell's International, Inc.*,
   991 F.2d 583 (9th Cir. 1993) ............................................................... 10

*Nelson v. Adams USA, Inc.*
   (2000) 529 U.S. 460 ............................................................................. 14

*Nevijel v. North Coast Life Ins. Co.*,
   651 F.2d 671 (9th Cir. 1981) ............................................................... 12

*Padway v. Palches*,
   665 F.2d 965 (9th Cir. 1982) ............................................................... 10

*Pejic v. Hughs Helicopters, Inc.*,
   840 F.2d 667 (9th Cir. 1988) ............................................................... 10

*Roberston v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984) ................................................................. 6

*Sec. Dynamics Techs., Inc. v. Active Card Networks, Inc.*,
   No. 95-20870SW,
   1996 WL 263648, at *1 (N.D. Cal. May 13, 1996) ............................. 14

*Sherman v. Yakahi*,
   549 F.2d 1287 (9th Cir. 1977) ............................................................. 11

*Trent v. Valley Elect. Assoc.*,
   41 F.3d 524 (9th Cir. 1994) ................................................................... 9

*Usher v. City of Los Angeles*,
   828 F.2d 556 (9th Cir. 1987) ................................................................. 6

*Von Poppenheim v. Portland Boxing and Wrestling Commission*,
   442 F.2d 1047 (9th Cir. 1971),
   *cert. denied*, 404 U.S. 1039 (1972) .................................................... 13

*Western Min. Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) ................................................................. 6

**STATUTES**

31 U.S.C. 3729 ........................................................................................ 6, 7

31 U.S.C. 3729(a) ........................................................................................ 7

31 U.S.C. § 3730(a) ..................................................................................... 7

31 U.S.C. § 3730(b) .................................................................................. 7, 8

31 U.S.C. § 3730(e) ..................................................................................... 8

31 U.S.C. § 3730(e)(4) ................................................................................. 9

42 U.S.C. § 2000e ........................................................................................ 9

California Code of Civil Procedure § 416.10 ............................................ 4, 5

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# RULES

Federal Rules of Civil Procedure Rule 4 ................................................................ 2, 4

Federal Rules of Civil Procedure Rule 4(a) ............................................................. 5

Federal Rules of Civil Procedure Rule 4(h) ............................................................. 5

Federal Rules of Civil Procedure Rule 4(h)(1) ........................................................ 5

Federal Rules of Civil Procedure Rule 41(b) ..................................................... 12, 13

Federal Rules of Civil Procedure Rule 8 ............................................... 3, 11, 12, 14

Federal Rules of Civil Procedure Rule 8(a)(2) ....................................................... 11

Federal Rules of Civil Procedure Rule 8(e)(2) ....................................................... 11

Federal Rules of Civil Procedure Rule 12(b)(2) .................................................. 3, 5

Federal Rules of Civil Procedure Rule 12(b)(5) .................................................. 3, 5

Federal Rules of Civil Procedure Rule 12(b)(6) ................................................ 3, 12

Federal Rules of Civil Procedure Rule 12(e) ..................................................... 4, 13

Federal Rules of Civil Procedure Rule 15 .............................................................. 14

# OTHER AUTHORITIES

2 James Wm. Moore, et al., Moore's Federal Practice,
    12.36[1] (3d ed. 2000) ........................................................................................ 14

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# I.

# __INTRODUCTION__

In plaintiff Chad McKinney's ("McKinney") third round of entries of default obtained through insufficient notice and improper service, McKinney now claims to have provided service of process to the University of Phoenix, Inc. ("UOP") separately from Apollo Group, Inc. ("Apollo") in support of his claim for *another* quarter of a million dollars in "punitive damages." Yet, McKinney did not file his entry of default against UOP until several weeks after Apollo pointed out McKinney's service errors in its Motion to Dismiss and Motion to Set Aside Default. Indeed, the most telling fact that McKinney considered the two entities to be singular comes from his own pleadings caption and motions for entry of default stating: "Apollo Group, Inc., University of Phoenix, *a* corporation" and "Apollo Group, Inc. *a.k.a.* University of Phoenix." [Complaint for Damages, Caption; Plaintiff's Motion for Clerk's Entry of Default Against Apollo, 2:4-6; MPA In Support of Entry of Default Against Apollo, 2:4-6.]

Even if the Court accepts McKinney's new found recollection and allows him to improperly add a party to this complaint, McKinney's Complaint against UOP falls victim to the very same errors that plagued his Complaint against Apollo, and should therefore be dismissed for the very same reasons.

First, McKinney failed to properly serve UOP in accordance with Rule 4 of the Federal Rules of Civil Procedure ("FRCP") because McKinney did not deliver a copy of the summons and complaint to an officer, managing agent, general manager or an authorized agent for service of process. Although some procedural rules may be relaxed for *pro se* litigants, all plaintiffs must follow the rules for service of the complaint. *See Graham v. United States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003). This procedural step is important not only to ensure due process, but also for jurisdictional reasons, because absent proper service, a court lacks jurisdiction over the defendant.

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    Accordingly, the Complaint should also be dismissed because the Court lacks

2    personal jurisdiction over UOP.

3        Finally, McKinney's Complaint should be dismissed for failure to state a

4    claim upon which relief can be granted.  The caption of McKinney's Complaint

5    states that it is "for violation of Federal False Claims Act and for violation of the

6    Civil Rights Act 1964 and the amendments to Title VII of the Civil Rights Act of

7    1991-Retliation-Wrongful Termination & Employment Discrimination Civil

8    Action" and lists seven causes of action:

9        1.  Retaliation pursuant to the False Claims Act § 3729;

10       2.  Retaliation under Title VII;

11       3.  Wrongful Termination;

12       4.  False Imprisonment;

13       5.  Intentional Infliction of Emotional Distress;

14       6.  Defamation; and

15       7.  Equal Pay.

16       The Complaint, however, contains no comprehensible recitation of facts or

17   the basis for any of McKinney's purported claims, nor does it give UOP fair notice

18   of its purported acts or omissions, what actions are attributed to what defendants,

19   how UOP's conduct damaged McKinney, or even what damage McKinney

20   suffered.

21       Accordingly, UOP brings this motion to dismiss McKinney's Complaint or

22   to quash service of summons pursuant to FRCP Rule 12(b)(5) because the

23   Complaint was improperly served.  UOP also brings this motion to dismiss

24   pursuant to FRCP Rule 12(b)(2) because the Court lacks personal jurisdiction over

25   UOP as a result of McKinney's insufficient service.  Additionally, UOP brings this

26   motion pursuant to Rule 12(b)(6) because the Complaint fails to state a claim upon

27   which relief may be granted and fails to comply with FRCP Rule 8.  In the

28   alternative, if the Court declines to dismiss the Complaint for failure to state a claim

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB

UOP'S MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

1   and either finds that service was proper or quashes service and requires McKinney

2   to re-serve an amended Complaint, UOP requests that the Court order McKinney to

3   file a more definite statement pursuant to FRCP Rule 12(e).

4

5   ## II.

6   ### THE COURT LACKS JURISDICTION OVER UOP BECAUSE

7   ### MCKINNEY'S SERVICE WAS DEFECTIVE (FRCP 12(B)(2); 12(B)(5)).

8   FRCP Rule 4 provides in pertinent part:

9   Unless otherwise provided by federal law, service upon a
10  domestic or foreign corporation or upon a partnership or
    other unincorporated association that is subject to suit
11  under a common name, and from which a waiver of
    service has not been obtained and filed, shall be effected:

12  (1)  In a judicial district of the United States in the manner
13  prescribed for individuals by subdivision (e)(1), or by
    delivering a copy of the summons and of the complaint to
14  an officer, a managing or general agent, or to any other
    agent authorized by appointment or by law to receive
15  service of process and, if the agent is one authorized by
    statute to receive service and the statute so requires, by
16  also mailing a copy to the defendant….

17  *Belle v. Chase Home Finance, LLC*, No. 06CV2454 WQH (LSP), 2007 WL

18  3232505, at *8 (S.D. Cal. May 22, 2007).  To that end, California state law allows

19  for service upon a corporation by delivering a copy of the summons and complaint:

20  (a)  To the person designated as agent for service of
21  process…;

22  [or]

23  (b)  To the president or other head of the corporation, a
    vice president, a secretary or assistant secretary, a
24  treasurer or assistant treasurer, a general manager, or a
    person authorized by the corporation to receive service of
25  process.

26  Cal. Civ. Proc. Code § 416.10.

27  Thus, under both federal and state law, service of summons upon a

28  corporation is only proper if delivered to an officer, general manager or designated

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   agent for service of process.  *See id*.; FRCP Rule 4(h)(1).  When a defendant

2   challenges service of process, a plaintiff bears the burden of showing that service is

3   valid under Rule 4.  *Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004); *Belle,*

4   *supra, citing Hirsh v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1477 (9th Cir. 1986).

5       Moreover, if a plaintiff fails to serve a defendant in accordance with Rule 4,

6   the court lacks jurisdiction over that defendant.  *Jackson v. Hayakawa*, 682 F.2d

7   1344, 1347 (9th Cir. 1982).

8       McKinney failed to comply with the requirements of FRCP Rule 4(h) and

9   California law because he did not serve the summons and complaint on an officer,

10  general manager or designated agent for service of process for UOP.  Indeed,

11  McKinney failed to even direct the summons and Complaint to any individual at all

12  as required by FRCP Rule 4(a).  Instead, McKinney simply dropped off an

13  envelope to UOP employee, Ellen Bowens, and expected this to constitute

14  sufficient service of process upon UOP.  This is unacceptable under California law

15  and the Federal Rules.

16      While procedural rules may be relaxed for *pro se* litigants, even a *pro se*

17  plaintiff must comply with the rules for service of process.  *See Graham v. United*

18  *States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir.

19  June 2, 2003) *citing Hamilton v. Endell*, 981 F. 2d 1062, 1065 (9th Cir. 1992)

20  (abrogated on other grounds by *Estate of Ford v. Ramierez-Palmer*, 301 F.3d 1043,

21  1045 (9th Cir. 2002).

22      Additionally, because McKinney did not properly serve UOP, the Court lacks

23  personal jurisdiction over it, and the Complaint should be dismissed pursuant to

24  FRCP Rules 12(b)(2) and 12(b)(5) for this reason.

25

26

27

28

**III.**

**THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO PROVIDE A BASIS UPON WHICH RELIEF CAN BE GRANTED.**

**A.    The Court May Dismiss Patently Defective Complaints.**

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint.  The Court may dismiss a complaint as a matter of law either for lack of a cognizable theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Roberston v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Thus, the Court should dismiss a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In making this determination, the Court must accept as true all material allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  While allegations of material fact are taken as true, however, a plaintiff may not rely on conclusory allegations and unwarranted inferences to defeat dismissal.  *See e.g., In re Syntex Corp. Sec's Litig.*, 95 F.3d 922, 926 (9th Cir. 1996); *Holden v. Hagoplan*, 978 F.2d 1115, 1121 (9th Cir. 1992).  Also, the Court does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *Western Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

As explained more fully below, this Court should dismiss McKinney's Complaint because it fails to state a claim upon which relief may be granted.

**B.    McKinney's Purported Claim Under the False Claims Act (31 U.S.C. § 3729) Provides No Basis Upon Which Relief Can Be Granted.**

The Complaint also fails to distinguish among – or even clearly set out – the various claims being alleged.  For example, the Complaint mentions an action for retaliation arising under the False Claims Act, 31 U.S.C. § 3729 ("FCA") in

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

McKinney's "Statement of the Case" and "Legal Claims," but no supporting facts even mentioning the FCA can be found in his "Statement of Facts." [Complaint, 2:9-11; 16:8-19.] In fact, McKinney's reference the FCA contains the following mystifying statements:

> In 1986, Congress added provisions in 31 U.S.C Sec. 3730(h): 'Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of his employer or others *in furtherance of an action* under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.'

[*Id*., (emphasis added).]

McKinney does not reference anything he did "in furtherance of action under this section." In fact, McKinney does not provide any supporting facts at all for this claim, but rather repeats a statute that does not apply to him under any circumstances. The FCA addresses the situation that if a person attempts to defraud the government to obtain payment/property then he/she will be liable:

> to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person [...].

31 U.S.C. 3729(a). For an "action" to exist, however, it may only be brought by the Attorney General or by a private person in the name of the United States Government. 31 U.S.C. §§ 3730(a), (b). Moreover, there are special requirements for a private person to bring an action under the FCA that McKinney never did. In pertinent part:

> **(b) Actions by Private Persons.—**

> (1) A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

court and the Attorney General give written consent to the dismissal and their reasons for consenting.

(2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

31 U.S.C. § 3730(b).

Furthermore, the FCA bars the following actions:

**(e) Certain Actions Barred.—**

(3) In no event may a person bring an action under subsection (b) which is based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party.

(4)

(A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

(B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C. § 3730(e).

McKinney has not provided any facts indicating that he has performed lawful acts in furtherance of an existing "action" under the FCA.  Furthermore, McKinney has not provided any facts that demonstrate that an "action" brought by either the Attorney General or in the name of the United States Government even exists.

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   Indeed, it appears that McKinney's claim under the FCA may be barred since he

2   has not asserted that he is an "original source" of information provided to the

3   United States Government as is required under 31 U.S.C. section 3730(e)(4).

4       Accordingly, McKinney has not properly alleged an action under the FCA

5   upon which relief can be granted.

6

7   **C.    McKinney's Purported Claim Under Title VII of the Civil Rights Act of**

8       **1964 and amendments to Title VII of the Civil Rights Act of 1991 (42**

9       **U.S.C. § 2000e) Provides No Basis Upon Which Relief Can Be Granted.**

10      McKinney's Complaint similarly fails to state a claim for violation of

11  Title VII of Civil Rights Act, as amended ("Title VII").  McKinney asserts that he

12  suffered "discriminatory behavior" and was retaliated against in violation of Title

13  VII.  [Complaint, 2:19-21; 16:20-24.]  As with McKinney's claim under the FCA,

14  the only two references to Title VII are found in the "Statement of the Case" and

15  "Legal Claims" and no supporting facts are found in his "Statement of Facts".  [*Id.*]

16  In fact, it cannot be determined from McKinney's unintelligible Complaint whether

17  he is alleging disparate treatment, retaliation or both.[1]

18      Title VII makes it unlawful for covered employers to hire or discharge any

19  individual, or otherwise discriminate against any individual based on race, color,

20  religion, sex or national origin ("protected class").  42 U.S.C. § 2000e *et seq.*  Yet,

21  McKinney does not allege that he belongs to a class protected under Title VII.  To

22  succeed on a retaliation claim, McKinney must have supporting facts to allege:

23  (1) he engaged in some protected conduct (protected by Title VII); (2) he suffered

24  an adverse employment action; and (3) the adverse employment action was taken

25  against him because of the protected activity.  *Trent v. Valley Elect. Assoc.*, 41 F.3d

26  524, 526 (9th Cir. 1994).  McKinney does not aver any supporting facts that

27  ─────────────
    [1] It will be assumed that McKinney's Title VII claim is limited to retaliation since this is what he

28  reported to the EEOC.  [Declaration of Nathan W. Hicks In Support of Motion to Dismiss
    Plaintiff's Complaint, Ex. A.]

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8657091.1                    - 9 -        **USDC-SOUTHERN DISTRICT CALIFORNIA**
                                          **CASE NO. 07-CV-2373 WQH CAB**

1    support his allegations of retaliation in violation of Title VII.

2         To establish a *prima facie* case of discriminatory treatment,[2] McKinney must

3    show supporting facts that: (1) he is a member of a protected class; (2) he was

4    capable of performing his job; and (3) he was treated differently because of his

5    protected class status. *Pejic v. Hughs Helicopters, Inc.,* 840 F.2d 667, 672 (9th Cir.

6    1988).  McKinney has alleged no facts in support of his claim of discrimination in

7    violation of Title VII.

8         Additionally, for McKinney to have claims that UOP retaliated or

9    discriminated against him, he must show that UOP was his employer since "[t]he

10   liability schemes under Title VII…limit civil liability to the employer." *Miller v.*

11   *Maxwell's International, Inc*., 991 F.2d 583, 587 (9th Cir. 1993).  McKinney has

12   failed to do this.  Furthermore, and regarding liability under Title VII for the

13   individually named defendants, McKinney cannot assert facts to support a claim

14   against them since individual defendants cannot be held liable for damages under

15   Title VII.  *Id. citing to Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

16        Accordingly, McKinney has not properly alleged an action under Title VII

17   upon which relief can be granted.

18

19   **D.    McKinney's Other Purported Claims Provide No Basis Upon Which**

20   **Relief Can Be Granted.**

21        Although the Complaint lists seven causes of action[3] under the section

22   entitled "Legal Claims," the remainder of the Complaint appears to consist of

23   protracted "cut and paste" language[4] that is internally inconsistent, ambiguous and

24   fails to provide any support for the purported claims listed in the caption.  Instead,

25

---

26   [2] As stated above, if McKinney is alleging discrimination, then he has not exhausted the required administrative remedies in order to properly plead this issue.

27   [3] None of McKinney's causes of action distinguish what actions are purportedly attributable to what defendant.

28   [4] The same language is found in McKinney's EEOC complaint.  [Hicks Decl., Ex. A.]

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

McKinney simply lists five other causes of action with no factual support or legal basis.[5]

To the extent McKinney is asserting these or any other claims against UOP (which is, itself, unclear from the wording of the Complaint), McKinney has failed to describe these claims with any specificity or to set forth the required elements of those claims. Accordingly, UOP is unable to determine which claims are being alleged against it, and McKinney failed to state any claim upon which relief can be granted.

**IV.**

**THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO COMPLY WITH FRCP RULE 8.**

FRCP Rule 8 requires a plaintiff to set forth "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FRCP Rule 8(a)(2). Similarly, each claim must be "simple, concise, and direct." FRCP Rule 8(e)(2). These rules are designed to ensure that a complaint gives fair notice to defendants and states the elements of the claim plainly and succinctly. *Jones v. Cmty. Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984).

When the complaint is written by a *pro se* litigant, these rules are relaxed and the complaint is held to a less stringent standard. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). Nevertheless, if a complaint contains nothing more than conclusory allegations, unsupported by any facts, it fails to state a claim under Rule 8. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977); se also, *Barsella v. United States*, 135 F.R.D 64, 66 (S.D.N.Y 1991) (policy requiring

---

[5] McKinney simply lists: wrongful termination, false imprisonment, intentional infliction of emotional distress, defamation and equal pay under the remaining causes of action without any reference to a legal basis or how these causes of action apply to him.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

courts to liberally construe *pro se* complaints "does not mandate that a court system sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable"). Here, McKinney's complaint is incoherent, rambling, unreadable and fails to comply with Rule 8.

The Complaint fails to distinguish among – or even clearly set out – the various claims being alleged.[6]  And, despite containing a heading entitled "Statement of Facts," the body of the Complaint is prolix, confusing, and in many areas – meaningless.  Further, it is not clear what relief McKinney seeks or how the allegations support the relief sought.  The Complaint is simply a recitation of disconnected ideas wrapped with conclusory allegations seeking some sort of unintelligible relief.  The Complaint, therefore, fails to comply with Rule 8 and should be dismissed under FRCP Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### V.

### THE COURT SHOULD DISMISS
### MCKINNEY'S COMPLAINT WITH PREJUDICE.

The factors a court may consider in determining whether to dismiss a complaint with prejudice under FRCP Rule 41(b) include:  (1) the plaintiff's status as a pro se litigant; (2) the burden on the defendants and their right to be free from costly and harassing litigation; (3) the burden confusing and prolix complaints place on the court system; (4) the strength of plaintiff's case; and, (5) the feasibility of less drastic alternatives, such as allowing further amendment.  *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1179-1180 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co*., 651 F.2d 671, 674-675 (9th Cir. 1981); *Von Poppenheim v. Portland Boxing and Wrestling Commission*, 442 F.2d 1047, 1053 (9th Cir. 1971),

---

[6] See Part III above for a further discussion of the deficiencies in McKinney's claims.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  *cert. denied*, 404 U.S. 1039 (1972).  Under the circumstances of this dispute, these

2  factors heavily favor dismissal with prejudice.

3      McKinney has filed a protracted, rambling, incomprehensible Complaint that

4  utterly fails to allege any facts to support any of his claims, and that is not even

5  clear as to which claims are being asserted, and against which Defendants.

6  McKinney cannot assert anything in an amended pleading that will give merit to his

7  baseless claims.  As such, the Court should dismiss McKinney's Complaint with

8  prejudice pursuant to FRCP Rule 41(b).

9

10              **VI.**

11  **ALTERNATIVELY, THE COURT SHOULD REQUIRE MCKINNEY TO**

12  **FILE A MORE DEFINITE STATEMENT UNDER FRCP RULE 12(E).**

13      If the Court declines to dismiss the Complaint, and either quashes service and

14  requires McKinney to re-serve the Complaint or finds that service of process was

15  sufficient under the FRCP and that the Court has jurisdiction over UOP, the Court

16  should require McKinney to file a more definite statement.

17      FRCP Rule 12(e) protects defendants from having to guess at the meaning of

18  complaints like the one brought by McKinney:

19          If a pleading to which a responsive pleading is permitted
            is so vague or ambiguous that a party cannot reasonably
20          be required to frame a responsive pleading, the party may
            move for a more definite statement before interposing a
21          responsive pleading.

22  FRCP Rule 12(e).

23      A complaint may state a claim for relief, but may still be so vague and

24  ambiguous as to require a plaintiff to provide a more definite statement.  *See*

25  *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1981);

26  *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

27  When claims, such as those made by McKinney are so indefinite that the defendant

28  cannot ascertain the nature of the claim being asserted, a defendant cannot

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    reasonably be expected to frame a proper response.  Id.

2        A motion for a more definite statement is appropriate where allegations do

3    not comply with the pleading requirements identified in FRCP Rule 8.  2 James

4    Wm. Moore, et al., Moore's Federal Practice, 12.36[1] (3d ed. 2000).  Under

5    Rule 8, a pleading must give "fair notice on the grounds for the various claims" and

6    "requires more than empty boilerplate."  *Gen-Probe, Inc. v. Amoco Corp.*, 926 F.

7    Supp. 948, 961 (S.D. Cal. 1988); *see also Conley v. Gibson*, 355 U.S. 41, 47

8    (1957).  Therefore, if a pleading is not "clear enough to provide the defendant with

9    a sufficient basis to frame a responsive pleading" a more definite statement is

10   appropriate.  *Sec. Dynamics Techs., Inc. v. Active Card Networks, Inc.*, No. 95-

11   20870SW, 1996 WL 263648, at *1 (N.D. Cal. May 13, 1996).

12       Here, for the reasons set forth above, McKinney's Complaint is so

13   ambiguous and unintelligible that UOP cannot reasonably be required to frame a

14   responsive pleading.  Therefore, if the Court does not grant UOP's Rule 12(b)(6)

15   motion, the Court should order McKinney to file a more definite statement.

16

17   **VII.**

18   **MCKINNEY DID NOT PROPERLY AMEND HIS PLEADINGS TO ADD**

19   **UOP AS A PARTY TO THIS ACTION.**

20       To add a new party to the action, the pleadings must be amended in

21   accordance with FRCP Rule 15 procedures.  *Nelson v. Adams USA, Inc.* (2000) 529

22   U.S. 460.  In essence, FRCP Rule 15 requires proper notice when a party is added

23   so that that the defendant is given an opportunity to respond and raise defenses.  *Id.*

24       Here, it is plain that McKinney's Complaint lists a singular party described

25   as "Apollo Group, Inc., University of Phoenix, _a_ corporation."  [Complaint for

26   Damages, Caption.][7]  After Apollo filed its Motions to Dismiss and to Set Aside

27   ---

28   [7] McKinney also supports this premise in his motions for entry of default by stating:
     "Apollo Group, Inc. _a.k.a._ University of Phoenix." [Plaintiff's Motion for Clerk's Entry of
     Default Against Apollo, 2:4-6; MPA For Entry of Default Against Apollo, 2:4-6.]

UOP'S MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Snell & Wilmer
——— L.L.P.———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  Entry of Default pointing out that UOP and Apollo are separate entities, McKinney

2  agreed and now wants the Court to add UOP as a separate party so that he may

3  obtain default against both corporations in the amount of $250,000.  However,

4  McKinney never amended his pleadings to add UOP as a separate party to his

5  Complaint as is required by FRCP Rule 15.  Accordingly, the Court should dismiss

6  the Complaint against UOP since it was never properly amended to add UOP as a

7  party in this matter.

8

9                                                    **VIII.**

10                                              **CONCLUSION**

11          For the reasons stated above, UOP respectfully requests that the Court

12  dismiss McKinney's Complaint with prejudice.  In the alternative, if the Court finds

13  service of process met the requirements of the Federal Rules, and the Court declines

14  to dismiss the Complaint, UOP respectfully requests that the Court require

15  McKinney to file a more definite statement.

16  Date: March 31, 2008                          SNELL & WILMER L.L.P.

17

18                                                    By: s/Nathan W. Hicks

19                                                        Christy Joseph

20                                                        Nathan W. Hicks
                                                          Attorneys for Apollo Group, Inc.

21

22

23

24

25

26

27

28

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1

**PROOF OF SERVICE**

2

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

3

4

I am employed in the County of Orange, State of California. I am over the age of

5

18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

6

On March 31, 2008, I served, in the manner indicated below, the foregoing

7

document described as

8

**UNIVERSITY OF PHOENIX, INC.'S MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE**
**DEFINITE STATEMENT**

9

10

on the interested parties in this action by placing true copies thereof, enclosed in sealed

11

envelopes, at Costa Mesa, addressed as follows:

12

13

I am employed in the office of a member of the bar of this court at whose direction the service was made.

14

**Please See Attached Service List**

15

☐    BY REGULAR MAIL: I caused such envelopes to be deposited in the

16

United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and

17

processing correspondence for mailing. It is deposited with the United

18

States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to  (C.C.P. §

19

1013(a)).

20

☐    BY FACSIMILE: (C.C.P. § 1013(e)(f)) and by e-mail

21

☒    BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air

22

courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

23

☐    BY PERSONAL SERVICE:  I caused such envelopes to be delivered by

24

hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

25

I declare under penalty of perjury under the laws of the State of California that the

26

above is true and correct.

27

Executed on March 31, 2008, at Costa Mesa, California.

28

Anh Dufour

8626180

PROOF OF SERVICE

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

## SERVICE LIST

### McKinney v. Apollo Group, Inc., et al.
### USDC, Southern – Case No. 07-CV-2373

| | |
|---|---|
| Chad McKinney<br>Pro Se<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115<br>(619) 634-3566 | Plaintiff, Pro Se |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>880 Front Street, Room 4290<br>San Diego, CA 92101-8900<br>(619) 557-5600 | Courtesy Copy |

8626180

- 2 -

PROOF OF SERVICE

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000