Christy D. Joseph (#136785)
cjoseph@swlaw.com
Nathan W. Hicks (#236269)
nhicks@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendants The University of Phoenix, Inc.

# UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MCKINNEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>APOLLO GROUP, INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employees Relations Consultant at UNIVERSITY OF PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX<br><br>Defendants | CASE NO. 07-CV-2373 WQH CAB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST THE UNIVERSITY OF PHOENIX, INC.**<br><br>**[FRCP 55(c)]**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Date: May 12, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br>Judge: Hon. William Q. Hayes<br><br>DATE OF FILING: December 19, 2007 |

8656551.1

UOP'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

# I.

# **INTRODUCTION**

The University of Phoenix, Inc. ("UOP") seeks to set aside the clerk's entry of default entered against it in this action for good cause shown pursuant to Federal Rules of Civil Procedure ("FRCP") 55(c). In plaintiff Chad McKinney's ("McKinney") third round of entries of default obtained through insufficient notice and improper service, he now claims to have provided service of process to UOP separately from Apollo Group, Inc. ("Apollo"). Yet, McKinney did not file his entry of default against UOP until several weeks after Apollo pointed out McKinney's service errors in its Motion to Dismiss and Motion to Set Aside Default. Indeed, the most telling fact that McKinney considered the two entities to be singular comes from his own pleadings caption and motions for entry of default stating: "Apollo Group, Inc., University of Phoenix, *a* corporation" and "Apollo Group, Inc. *a.k.a.* University of Phoenix." [Complaint for Damages, Caption; Plaintiff's Motion for Clerk's Entry of Default Against Apollo, 2:4-6; MPA In Support of Entry of Default Against Apollo, 2:4-6.]

Nevertheless, McKinney asserts that he now considers UOP and Apollo to be separate entities and therefore deserves another quarter of a million dollar punitive damages default entry to be made. Even if the Court accepts McKinney's new found recollection and allows him to improperly add UOP as a party to this complaint, McKinney's Motion for Entry of default against UOP falls victim to the same errors that prevents the entry of default against Apollo—insufficient notice, improper service and failure to plead specific damages.

McKinney failed to properly serve UOP in accordance with FRCP Rule 4 because he did not deliver a copy of the summons and complaint to an officer, managing agent, general manager or an authorized agent for service of process of UOP. Although some procedural rules may be relaxed for *pro se* litigants, all plaintiffs must follow the rules for service of the complaint. *See Graham v. United*

*States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003). Moreover, the content of the summons issued by McKinney does not meet the general requirements of a summons as delineated by Rule 4(a) since the summons was not directed to any particular individual or entity.

These procedural steps are important not only to ensure due process, but also for jurisdictional reasons, because absent proper service, a court lacks jurisdiction over the defendant(s). Accordingly, UOP respectfully requests the Court to set aside the Court Clerk's entry of default so that it may provide its responsive motion to this action.

## II.

## STATEMENT OF FACTS / PROCEDURAL HISTORY

McKinney filed this complaint on December 19, 2007. [McKinney's complaint for damages ("Complaint"), pg 1.] McKinney, however, did not obtain a summons issued by the Court until approximately one month later on January 15, 2008. [Declaration of Nathan W. Hicks in support of UOP's Opposition to Motion for Entry of Default ("Hicks Decl."), ¶ 2, Ex. A.] According to McKinney's Return of Service filed with the Court on March 20, 2008, a process server attempted to serve UOP "by leaving copies with Ellen Bowens (Administration)" on January 31, 2008. [*Id.*, Ex. B.] When the process server attempted to serve Ms. Bowens, she instructed him that she was not authorized to accept service on behalf of UOP, and that UOP had an authorized agent to accept service on its behalf, CT Corporation. [Declaration of Ellen Bowens in support of UOP's Opposition to Motion for Entry of Default ("Bowens Decl."), ¶ 3.] The process server then stated that Ms. Bowens did not know the law, dropped his papers and left. [*Id.*] At no time did the process server indicate that he was attempting to effect service of process on UOP. [*Id.*] Afterwards, Ms. Bowens called CT Corporation in an attempt to determine what to do with the papers, but was told that it could not advise her in that capacity. [*Id.*]

Ms. Bowens is not an officer, managing agent, general manager or an authorized agent able to accept service of process on behalf of UOP. [Bowens Decl., ¶ 2.] In fact, Ms. Bowens was an Operations Manager for UOP at only one of its hundreds of learning centers and has never been an authorized agent to accept service of process in any capacity. [*Id.*; Declaration of Matthew Mitchell in support of UOP's Opposition to Motion for Entry of Default ("Mitchell Decl."), ¶ 2.]

McKinney filed a Motion for Clerk's Entry of Default regarding UOP on March 20, 2008. [Plaintiff's Motion for Clerk's Entry of Default and Supporting Memorandum of Points and Authorities ("Motion for Entry of Default").] Based on McKinney's assertions that UOP was given sufficient service of process on January 31, 2008, the Court Clerk made an entry of default on March 20, 2008. [Hicks Decl., ¶ 2 Ex. C.]

### III.

### UOP WAS NEVER GIVEN SUFFICIENT SERVICE OF PROCESS.

FRCP Rule 4 provides in pertinent part:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) In a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant….

*Belle v. Chase Home Finance, LLC*, No. 06CV2454 WQH (LSP), 2007 WL 3232505, at *8 (S.D. Cal. May 22, 2007). To that end, California state law allows for service upon a corporation by delivering a copy of the summons and complaint:

      (a)  To the person designated as agent for service of process…;

[or]

      (b)  To the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process.

Cal. Civ. Proc. Code § 416.10.

      Thus, under both federal and state law, service of summons upon a corporation is only proper if delivered to an officer, general manager or designated agent for service of process. *See id.*; FRCP Rule 4(h)(1). When service of process is challenged, a plaintiff bears the burden of showing that service is valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004); *Belle, supra, citing Hirsh v .Blue Cross, Blue Shield*, 800 F.2d 1474, 1477 (9th Cir. 1986).

**A.  McKinney Did Not Serve an Officer, General Manager or Designated Agent for Service of Process Of UOP, Therefore Service Was Not Effected Under State or Federal Law.**

      McKinney failed to comply with the requirements of FRCP Rule 4(h) and California law because he did not serve the summons and complaint on an officer, general manager or designated agent for service of process for UOP. Indeed, McKinney failed to even direct the summons and Complaint to any individual or entity at all as required by FRCP Rule 4(a). [Hicks Decl., ¶ 2, Ex. A.] Instead, McKinney simply dropped off an envelope to UOP employee, Ellen Bowens, and expected this to constitute sufficient service of process upon UOP. This is unacceptable under California law and the Federal Rules.

      Ms. Bowens is not an officer, general manager or designated agent authorized to receive service of process for UOP. [Bowens Decl., ¶ 2; Mitchell Decl,, ¶ 2.] She has no management responsibilities to direct UOP. [*Id.*] She is not

authorized by appointment or by law to receive service of process for UOP. [*Id.*] Therefore, attempted service upon Ms. Bowens was not sufficient to provide UOP with notice of this action or subject it to the Court's jurisdiction. *Bridge-port Music, Inc v. Rhyme Syndicate Music*, 376 F. 3d 615, 624 (6th Cir. 2004).

While procedural rules may be relaxed for *pro se* litigants, even a *pro se* plaintiff must comply with the rules for service of process. *See Graham v. United States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003) *citing Hamilton v. Endell*, 981 F. 2d 1062, 1065 (9th Cir. 1992) (abrogated on other grounds by *Estate of Ford v. Ramierez-Palmer*, 301 F.3d 1043, 1045 (9th Cir. 2002). As a result, McKinney's attempt to effect service on a UOP employee and deem it as sufficient service upon UOP fails. Accordingly, the entry of default against UOP should be set aside.

**B.     McKinney Did Not Properly Amend His Pleadings to Add UOP as a Party to this Action.**

To add a new party to the action, the pleadings must be amended in accordance with FRCP Rule 15 procedures. *Nelson v. Adams USA, Inc.* (2000) 529 U.S. 460. In essence, FRCP Rule 15 requires proper notice when a party is added so that that the defendant is given an opportunity to respond and raise defenses. *Id.*

Here, it is plain that McKinney's Complaint lists a singular party described as "Apollo Group, Inc., University of Phoenix, <u>a</u> corporation." [Complaint for Damages, Caption.][1] After Apollo filed its Motions to Dismiss and to Set Aside Entry of Default pointing out that UOP and Apollo are separate entities, McKinney agreed and filed a motion for entry of default against UOP so that he may obtain default against both corporations for punitive damages in the amount of $250,000.

---

[1] McKinney also supports this premise in his motions for entry of default by stating: "Apollo Group, Inc. <u>a.k.a.</u> University of Phoenix." [Plaintiff's Motion for Clerk's Entry of Default Against Apollo, 2:4-6; MPA For Entry of Default Against Apollo, 2:4-6.]

1  However, McKinney never amended his pleadings to add UOP as a separate party
2  to his Complaint as is required by FRCP Rule 15. Accordingly, the Court should
3  dismiss the entry of default against UOP since the Complaint was never properly
4  amended to add UOP as a party in this matter.

**C.   McKinney May Not Be Awarded Punitive Damages Without A Hearing.**

In McKinney's Motion for Clerk's Entry of Default, his sole request for relief is that he be awarded "punitive damages of $250,000, so a default judgment in this amount should be deemed reasonable." However, punitive damages can *never be awarded without a hearing* because they are not liquidated or readily computable and are considered "in excess of what is required on default." *Comdyne I, Inc. v. Corbin* (3rd Cir. 1990) 908 F2d 1142; *Merrill Lynch Mortgage Corp. v. Narayan* (7th Cir. 1990) 908 F2d 246, 253.

Accordingly, McKinney's request for punitive damages under an entry of default must be denied.

## IV.
## UOP REASONABLY DID NOT BELIEVE IT HAD BEEN GIVEN SUFFICIENT SERVICE OF PROCESS.

Given that: (1) the January 31, 2008 attempted service of process on Ms. Bowens was not directed to any entity or individual; (2) that Ms. Bowens is not an officer, managing agent, general manager or authorized agent able to accept service of process on behalf of UOP; (3) McKinney never amended his Complaint to add UOP as a party; and (4) punitive damages may not be awarded without a hearing under an entry of default, there was no reason to believe that UOP had been given sufficient service of process by McKinney in this matter. [Mitchell Decl., ¶ 4.] Accordingly, if it is found that McKinney's service upon Ms. Bowens was sufficient, UOP reasonably believed, but was mistaken, that it had not been given

1 actual notice and was properly served so that it should be relieved from the Clerk's
2 entry of default.

## V.

## CONCLUSION

For the reasons stated above, UOP respectfully requests the Court to set aside the Clerk's entry of default for good cause shown.

Date: March 31, 2008                                SNELL & WILMER L.L.P.


By:   s/Nathan W. Hicks
    Christy Joseph
    Nathan W. Hicks
    Attorneys for Defendants The
    University of Phoenix

# PROOF OF SERVICE

### McKinney v. Apollo Group, Inc., et al.
### USDC, Southern – Case No. 07-CV-2373

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On April 1, 2008, I served, in the manner indicated below, the foregoing document described as

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST THE UNIVERSITY OF PHOENIX, INC.**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

I am employed in the office of a member of the bar of this court at whose direction the service was made.

**Please See Attached Service List**

☐ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐ BY FACSIMILE: (C.C.P. § 1013(e)(f)) and by e-mail

☒ BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 1, 2008, at Costa Mesa, California.

*/s/ Anh Dufour*
Anh Dufour

8626180

PROOF OF SERVICE

# SERVICE LIST

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

| | |
|---|---|
| Chad McKinney<br>Pro Se<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115<br>(619) 634-3566 | Plaintiff, Pro Se |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>940 Front Street, Room 4290<br>San Diego, CA 92101-8900<br>(619) 557-5600 | Courtesy Copy |

8626180

- 2 -

PROOF OF SERVICE