Christy D. Joseph (#136785)
cjoseph@swlaw.com
Nathan W. Hicks (#236269)
nhicks@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant April Alcorn

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF CALIFORNIA

CHAD MCKINNEY, an individual,

Plaintiff,

v.

APOLLO GROUP, INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employees Relations Consultant at UNIVERSITY OF PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX

Defendants

CASE NO. 07-CV-2373 WQH CAB

**APRIL ALCORN'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT**

**[FRCP 55(c)]**

**NO ORAL ARGUMENT, UNLESS REQUESTED BY THE COURT**

Date: May 12, 2008
Time: 11:00 a.m.
Courtroom: 4
Judge: Hon. William Q. Hayes

DATE OF FILING: December 19, 2007

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

## I.

## INTRODUCTION

Plaintiff Chad McKinney ("McKinney"), a *pro se* litigant, originally brought the instant action against Apollo Group, Inc., (erroneously sued as Apollo Group, Inc., University of Phoenix, a Corporation), an Arizona corporation (hereafter, "Apollo"), and four individual defendants. Subsequently, McKinney has attempted to separately add the University of Phoenix, Inc. ("UOP") as a party to this complaint without properly amending his pleadings as is required under Federal Rules of Civil Procedure ("FRCP") Rule 15. Entries of default have been made against several defendants to include: Apollo, UOP, Mechelle Bonilla, Kyan Flynn and Carlyn Lindsten ("Moving Parties") and motions to set aside those entries of default and to dismiss McKinney's Complaint have already been filed.[1]

On March 20, 2008, McKinney submitted a proof of return of service regarding Arizona resident, April Alcorn ("Alcorn"). McKinney's improper attempts at service and failure to state a claim argued in the Moving Parties' motions are equally applicable to the current motion regarding Alcorn, and the entry of default against Alcorn should be set aside for these reasons alone. However, in addition to the rationale for dismissing the complaint against the Moving Parties, the Court also lacks personal jurisdiction over Ms. Alcorn because she was not served within California, she is not domiciled in California, she has not consented to the Court's jurisdiction, and no nationwide personal jurisdiction exists.

Accordingly, Alcorn opposes McKinney's motion, seeks to set aside the entry of default made against her and requests the Court to allow her to provide a responsive motion to this action.

---

[1] Currently, the Court is set to hear motions regarding Apollo on April 7, 2008, Mechelle Bonilla, Kyan Flynn and Carlyn Lindsten on April 21, 2008, and UOP and April Alcorn on May 12, 2008 at 11:00 a.m.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

## II.

## STATEMENT OF FACTS / PROCEDURAL HISTORY

McKinney filed this complaint on December 19, 2007. [McKinney's complaint for damages ("Complaint"), pg 1.] McKinney, however, did not obtain a summons issued by the Court until approximately one month later on January 15, 2008. [Declaration of Nathan W. Hicks ("Hicks Decl."), ¶ 2, Ex. A.] According to McKinney's proofs of return of service, he attempted to serve Alcorn under California law through substitute service at her place of work. [Hicks Decl. ¶ 2, Ex. B.]

McKinney's return of service papers regarding Alcorn filed with the Court on March 20, 2008, state that a process server attempted to serve her by leaving a copy the summons, Complaint and cover sheet with "Rebecca Springfield, Security, Authorized." on February 26, 2008. [*Id.*] Alcorn was never personally served with any legal documents by McKinney, and neither was she aware of any attempts of personal service of legal documents in this matter. [Declaration of April Alcorn, ¶ 2.] In fact, Alcorn was not aware that she was even a defendant in this matter until she received McKinney's request for an entry of default against her on March 26, 2008.[2] [*Id.*] Moreover, Alcorn does not even know or work with the security guard that McKinney attempted to serve. [*Id.*, ¶ 3; Declaration of Rebecca Springfield ("Springfield Decl.,"), ¶ 3.]

Based on McKinney's assertions that Alcorn was given sufficient service of process on February 26, 2008, the Court Clerk made an entry of default on March 20, 2008. [Hicks Decl., ¶ 2 Ex. C.] This motion is made following a reasonable and good faith attempt to conference with McKinney on February 29, 2008. [*Id.*, ¶ 3.] However, after counsel explained McKinney's improper service attempts, not only did McKinney still refuse to cooperate, he filed the foregoing additional

---

[2] This is very likely since none of the subpoenas were directed to any particular entity or individual as is required by FRCP Rule 4(a).

improper motion for entry of default three weeks later. [*Id.*]

## III.

## THE COURT LACKS JURISDICTION OVER ALCORN.

Personal jurisdiction refers to the Court's power to render a judgment that either commands the defendant's personal obedience or impose obligations on the defendant that will be enforced by other courts. *Burnham v. Superior Court* (1990) 495 U.S. 604, 609-610; *Pennoyer v. Neff* (1877) 95 U.S. 714, 720-722. Unless jurisdiction is waived, a judgment rendered by a court lacking personal jurisdiction that purports to impose personal obligations on the defendant violates constitutional requirements of due process of law. *Id*.; *Ruhrgas AG v. Marathon Oil, Co*. (1999) 526 U.S. 574, 583.

Due process requires an adequate basis for jurisdiction over a party sought to be bound by the Court's judgment or decree. The three recognized bases for exercise of personal jurisdiction are:

- Service within the state;
- Domicile within the state; or
- Consent.

*Pennoyer v. Neff, supra* at 722. Subsequent cases also recognize a "minimum contacts" standard with the forum state as an alternative basis for local jurisdiction. *International Shoe Co. v. Washington* (1945) 326 U.S. 310, 316.

Here, McKinney's return of service document demonstrates that he did not serve Alcorn within the state. [Hicks Decl. ¶ 2, Ex. A.] Alcorn did not consent to the Court's jurisdiction nor is she domiciled within California. [Alcorn Decl., ¶ 1.] Finally, Alcorn does not even come close to requiring the minimum contacts analysis required to demonstrate that the forum state has a sufficient relationship with her to make it reasonable to require her to defend the current action in California. A non-resident individual is not subject to personal jurisdiction based

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

upon the acts in the forum state undertaken in her corporate capacity. *Club Car, Inc. v. Club Car (Quebec) Import, Inc.* (11th Cir. 2004) 362 F3d 775, 784. Accordingly, the Court lacks personal jurisdiction over Alcorn, and the entry of default against her is void and should be set aside.

**IV.**

**ALCORN WAS NEVER GIVEN SUFFICIENT SERVICE OF PROCESS.**

FRCP Rule 4(e) provides in pertinent part:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, […] may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located […]; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

FRCP Rule 4(e)*; LSJ Investment Co., Inc. v. O.L.D., Inc.* 167 F. 3d 320, 322-323 (6th Cir. 1999). To that end, California state law allows for service upon an individual by delivering a copy of the summons and complaint:

> Via personal delivery or an authorized agent for service of process;
>
> [or]
>
> Substitute service coupled with mailing after a good faith effort at personal service has been attempted;
>
> [or]
>
> Mail service, coupled with acknowledgement of receipt;
>
> [or]
>
> Service by publication.

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

Cal. Code Civ. Proc. §§ 415.10, 415.20, 415.30, 415.50.

Thus, under both federal and state law, service of summons upon an individual is only proper if made by personal service to the individual or their authorized agent to accept service of process or by substitute service at the individual's "dwelling house or usual place of abode." *See id*.; FRCP Rule 4(e)(2). California, however, allows substitute service to be effected at the individual's residence *or* place of employment as long as a good faith attempt at personal service was made and the substitute service is coupled with a mailing of a copy of the summons and complaint to the defendant. Cal. Code Civ. Proc. § 415.20. When a defendant challenges service of process, a plaintiff bears the burden of showing that service is valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004); *Belle, supra, citing Hirsh v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1477 (9th Cir. 1986). Moreover, if a plaintiff fails to serve a defendant in accordance with Rule 4, the court lacks jurisdiction over that defendant. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

**A. McKinney Did Not Make Any Good Faith Attempts at Personal Service and Did Not Mail A Copy of the Summons and Complaint to the Alcorn.**

According to McKinney's proofs of return service, he attempted to serve Alcorn under California law through substitute service at her place of work. [Hicks Decl., ¶ 2, Ex. B.] McKinney failed to comply with the requirements of California law, and therefore FRCP Rule 4(e), because he did not demonstrate that he made a good faith attempt at personal service nor that he provided mail copies of the summons and complaint to the Alcorn via pre-paid first class mail. Cal. Code Civ. Proc. § 415.20(b). [Alcorn Decl., ¶ 2.]

If the defendant challenges the method of service, the burden is on plaintiff to show that reasonable attempts were made to serve defendant personally before resorting to substitute service and why personal service could not be effected. *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (1979). Two or three attempts

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

to personally serve defendant at a "proper place" ordinarily qualifies as "reasonable diligence" at attempting personal service. *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988); *Stafford v. Mach*, 64 Cal. App. 4th 1174, 1182 (1998). Furthermore, McKinney did not even bother to mail a copy of the summons and Complaint to Alcorn as is required under California law. Cal. Code Civ. Proc. § 415.20(b); *Khourie, Crew & Jaeger v. Sabek, Inc.*, 220 Cal. App. 3d 1009, 1015 (1990).

Indeed, McKinney failed to even direct the summons and Complaint to any individual at all as required by FRCP Rule 4(a). Instead, McKinney simply dropped off an envelope to a security guard that works in a completely different building than Alcorn (nearly 3 miles away) and who has no idea who Alcorn is. [Alcorn Decl., ¶¶ 1, 3; Springfield Decl., ¶ 3.] This was done without regard to Alcorn's connection with the Springfield,[3] and expected this to constitute sufficient service of process. This is unacceptable under California law and the Federal Rules.

While procedural rules may be relaxed for *pro se* litigants, even a *pro se* plaintiff must comply with the rules for service of process. *See Graham v. United States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003) *citing Hamilton v. Endell*, 981 F. 2d 1062, 1065 (9th Cir. 1992) (abrogated on other grounds by *Estate of Ford v. Ramierez-Palmer*, 301 F.3d 1043, 1045 (9th Cir. 2002).

Accordingly, since McKinney did not properly serve Alcorn and the Clerk's entry of default should be set aside.

---

[3] It is also McKinney's burden to demonstrate that there was a "close connection" between the person being served and the person receiving substitute service on their behalf. *See* Judicial Counsel Comment to Cal. Code Civ. Proc. § 415.20.

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

**V.**

**MCKINNEY MAY NOT BE AWARDED**
**PUNITIVE DAMAGES WITHOUT A HEARING.**

In McKinney's Motion for Clerk's Entry of Default, his sole request for relief is that he be awarded "punitive damages of $25,000, so a default judgment in this amount should be deemed reasonable." However, punitive damages can *never be awarded without a hearing* because they are not liquidated or readily computable and are considered "in excess of what is required on default." *Comdyne I, Inc. v. Corbin* (3rd Cir. 1990) 908 F2d 1142; *Merrill Lynch Mortgage Corp. v. Narayan* (7th Cir. 1990) 908 F2d 246, 253.

Accordingly, McKinney's request for punitive damages under an entry of default must be denied.

**VI.**

**ALCORN REASONABLY DID NOT BELIEVE SHE HAD BEEN GIVEN SUFFICIENT SERVICE OF PROCESS.**

Given that: (1) the Court does not have personal jurisdiction over Alcorn; (2) the summons was not properly directed to any entity or individual; (3) McKinney did not make any reasonable attempts at personal service; (4) McKinney did not mail a copy of the summons and Complaint to the Individual Defendant; and (4) Alcorn was not made aware of her involvement in this action until McKinney mailed her a notice of default on March 26, 2008, there was no reason to believe that Alcorn had been given sufficient service of process by McKinney in this matter. Accordingly, if it is found that McKinney's service upon Alcorn was sufficient, she reasonably believed, but was mistaken, that she had not been given actual notice and proper service so that she should be relieved from the Clerk's entry of default.

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

## VII.

## CONCLUSION

For the reasons stated above, Alcorn respectfully requests the Court to set aside the Clerk's entry of default for good cause shown.

Date: March 31, 2008

SNELL & WILMER L.L.P.

By: s/Nathan Hicks
Christy Joseph
Nathan W. Hicks
Attorneys for Defendant April Alcorn

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# PROOF OF SERVICE

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On April 1, 2008, I served, in the manner indicated below, the foregoing document described as

**APRIL ALCORN'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

I am employed in the office of a member of the bar of this court at whose direction the service was made.

**Please See Attached Service List**

☐ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐ BY FACSIMILE: (C.C.P. § 1013(e)(f)) and by e-mail

☒ BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 1, 2008, at Costa Mesa, California.

Anh Dufour

8626180

**<u>SERVICE LIST</u>**

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

| | |
|---|---|
| Chad McKinney<br>Pro Se<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115<br>(619) 634-3566 | Plaintiff, Pro Se |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>940 Front Street, Room 4290<br>San Diego, CA 92101-8900<br>(619) 557-5600 | Courtesy Copy |

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000