FILED
MAR 28 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  Chad McKinney
2  Pro Se
   6266 Madeline St Apt #61
3  San Diego, CA 92115
   619-634-3566
4

**THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

5

6  CHAD MCKINNEY, an individual,         ) CIV. Case No.07-cv-2373 WQH CAB
                                         )
7                                        ) FOR VIOLATION OF FEDERAL
                                         ) FALSE CLAIMS ACT AND FOR
8                                        ) VIOLATION OF THE
                                         ) THE CIVIL RIGHTS ACT 1964 AND
9                                        ) THE AMENDMENTS TO TITLE
                                         ) VII OF THE CIVIL RIGHTS ACT OF
10             Plaintiff,                ) 1991
                                         )
11                                       )
                                         ) RETALIATION- WRONGFUL
12                                       ) TERMINATION &
                                         ) EMPLOYENT DISCRIMINATION
13                                       ) CIVIL ACTION
                                         )
14  v.                                   )
                                         )
15  APOLLO GROUP INC., UNIVERSITY OF     ) **Plaintiff's Motion in Opposition to**
    PHOENIX, a Corporation, MECHELLE     ) **Defendant's Document Entitled:**
16  BONILLA, an Enrollment Manager at    ) **"Apollo Group, Inc.'s Opposition**
    UNIVERSITY OF PHOENIX, KYAN          ) **To Plaintiff's Motion for Clerk's**
17  FLYNN, Director of Enrollment at     ) **Entry of Default"**
    UNIVERSITY OF PHOENIX, APRIL         )
18  ALCORN, an Employee Relations        )
    Consultant at UNIVERSITY OF PHOENIX  )
19  CARLYN LINDSTEN, Associate Director of ) Date: April 7, 2008
    Enrollment at UNIVERSITY OF PHOENIX  ) Time: 11:00 a.m.
20                                       ) Courtroom: 4
                                         ) Judge: Hon. William Q. Hayes
21                                       )
                                         )
22                                       ) Demand for Trial by Jury Pursuant
                                         ) to U.S. Constitution, 7th Amendment
23                                       )
            Defendants                   ) March 31, 2008
24                                       )

1

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S DOCUMENT ENTITLED: "APOLLO GROUP, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT"

According to Federal Rule 7.b all applications to the Court must be made as a Motion. Since the defendant's document entitled, "APOLLO GROUP, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT" is not listed as a "MOTION IN OPPOSITION" or "MOTION" to anything submitted by the plaintiff, but only uses the term "OPPOSITION", the plaintiff submits to the Court that the Plaintiff is not legally obligated under any federal rule of civil procedure to make a responsive pleading to this document and asks the Court to strike this document for improper form. Additionally, the Defendant neglected to send page 8 of the original document entitled, "APOLLO GROUP, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT" to the plaintiff. The plaintiff was forced to go the county clerk's office of the court to confirm a missing page and get a copy of the missing page.

Should the Court determine that this document is in fact a Motion, the plaintiff responds as follows:

The Defendant claims that Apollo Group, Inc is being "erroneously sued as Apollo Group, Inc., University of Phoenix, a Corporation". This is not correct as both Apollo and the University of Phoenix were served and listed separately in the original complaint. (Please note the commas between the names). Copies of service to both entities are listed as Exhibit A and

1  Exhibit B. Even though both entities were served, they act as a single entity. Documents sent
2  to the plaintiff during his employment at the University of Phoenix show that these two
3  entities not only operate as one and the same entity (or corporation), but rather the University
4  of Phoenix [UOP], San Diego campus is an admitted department of Apollo Group, Inc.
5  (Please see Exhibit C, a letter received by the Plaintiff from the Defendant; dated July 19,
6  2007, which states: "Thank you for bringing your workplace concerns to our attention. The
7  Apollo Group, Inc. is committed to ensuring employees are treated fairly. Please be advised
8  that the Apollo Group, Inc. has reviewed your concerns and we find no evidence to support
9  any findings of the San Diego Enrollment Department violating Company policies or
10 procedures as outlined by your allegations." Please see Exhibit C2, two pages in length,
11 entitled; Annual Employee Performance Evaluation, dated May 11, 2007, which states on the
12 first page: "Employee's Name: Chad McKinney, Position Title: Enrollment Counselor,
13 Department: San Diego-Uop-Recruitment, Location: San-Uop-Scal-Sd Main Campus,
14 Evaluation Period: October 1, 2006 to March 31, 2007." The second page of this document
15 was signed by then University of Phoenix Enrollment Manager; Mechelle Bonilla. )
16        The defendant admits in its pleadings, and prior communications with the Plaintiff,
17 that the University of Phoenix is a subsidiary of Apollo Group, Inc. (See Exhibit D, a letter
18 received by the Plaintiff from the Defendant; dated June 14, 2007, which states: "The Apollo
19 Group, Inc., of which the University of Phoenix is a subsidiary, is committed to ensuring that
20 the established employment policies and practices are applied consistently.")
21        The Plaintiff's employment with the University of Phoenix was controlled and
22 monitored by the Apollo Group, Inc. (Please see Exhibit E, a letter received by the Plaintiff
23 from the Defendant; dated July, 17, 2007, which states: "Our records indicate that you have
24

1  not reported to work since Friday, July 13, 2007…Failure to report to work by the designated

2  date will leave us no other alternative but to accept your voluntary resignation." Please see

3  Exhibit F, a letter received by the Plaintiff from the Defendant; dated July, 19, 2007, which

4  states: "You failed to report to work at the designated date and time. Consistent with our

5  policy, the Company has chosen to separate your employment effective July 19, 2007."

6  Please see Exhibit G, a postcard received by the Plaintiff from the Defendant; dated August,

7  13, 2007, which states: "Dear former Apollo Group, Inc. employee: As a result of your

8  employment and/or Group Life Insurance coverage ending, you may be eligible to continue

9  your Group Life Insurance policy on an individual premium basis…" Please see Exhibit G2,

10 entitled; "Foreword" from the Apollo Group, Inc., 2007 Employee Handbook, this Exhibit is

11 two pages in length and states on the first page: "This Employee Handbook ("Handbook") is

12 intended to set forth the personnel policies and procedures for Apollo Group, Inc., and its

13 main subsidiaries (herein called the "Company"): University of Phoenix, Inc…" Furthermore,

14 in the fourth paragraph found on the second page of Exhibit G2 it states: "I acknowledge that I

15 have read the Employee Handbook and understand my rights and responsibilities as an

16 employee of Apollo Group, Inc. as outlined therein. Further, I specifically agree to abide by

17 the policies as set forth in the Employee Handbook…")

18       Communication and consultation between the University of Phoenix, San Diego

19 campus department and Apollo Group, Inc. was necessary for the University of Phoenix to

20 conduct its daily business operations, such as employee related issues. Please see Exhibit H,

21 an email correspondence between the Plaintiff's former Enrollment manager at the University

22 of Phoenix; Mechelle Bonilla and Apollo Group, Inc.'s Employee Relations Consultant April

23 Alcorn, which states: "Hi April, I have approached Chad again today, June 7, 2007 to have

24

4

1  him sign the final written warning, he has again refused to sign it. Kyan Flynn, my director
2  will be at the campus later today to be of witness to his refusal...Please let me know how to
3  handle the situation from this point forward. Thank you.")
4      The Plaintiff's payroll was monitored and managed for the University of Phoenix by
5  Apollo Group Inc. (Please see Exhibit I, a screen shot of the payroll time record dated June 6,
6  2007, which indicates that the University of Phoenix, listed as San Diego-Uop-Recruitment, is
7  cost center of Apollo Group, Inc. Please see Exhibit J, the Plaintiff's 2007 W-2 Statement,
8  which on line C lists the Employer's name, address, and ZIP code as follows: "University of
9  Phoenix, Inc, 4615 E Elwood, Phoenix, AZ 85040-1958". This is the same address used by
10 Apollo Group, Inc. Please see Exhibit K, entitled; "Summary Annual Report for Apollo
11 Group, Inc. Savings and Investment Plan", which states, in the final paragraph, that Apollo
12 Group, Inc.'s main office is at 4615 E. Elwood, Phoenix, AZ 85040; "You also have the
13 legally protected right to examine the annual report at the main office of the plan (Apollo
14 Group., 4615 East Elwood Street, Phoenix, AZ 85040) and at the U.S. Department of Labor in
15 Washington, D.C...")
16     The University of Phoenix and Apollo Group, Inc. have identical directors and
17 officers. (Please see Exhibit L, an email sent by John G. Sperling, Executive Chairman of
18 Apollo Group, Inc. to the Plaintiff on the 19th of June, 2007, which states: "In April, Gregory
19 Cappelli joined the Company as Executive Vice President of Global Strategy and Assistant to
20 the Executive Chairman." Please see Exhibit M, a print out of Apollo Group, Inc.'s Officers
21 and Directors, taken from http://www.apollogrp.edu/Management/ on March 26, 2008 which
22 is five pages in length.
23
24

When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of proof by a preponderance of the evidence to demonstrate the defendant has sufficient minimum contacts with the forum state to justify jurisdiction. (*Vons, supra,* 14 Cal.4th at p. 449; *Edmunds v. Superior Court* (1994) 24 Cal.App.4th 221, 228; *Mihlon v. Superior Court* (1985) 169 Cal.App.3d 703, 710.) The plaintiff must "present facts demonstrating that the conduct of defendants related to the pleaded causes is such as to constitute constitutionally cognizable 'minimum contacts." (*Mihlon v. Superior Court, supra,* 169 Cal.App.3d at p. 710.)

Personal jurisdiction may be either general or specific. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 445 (*Vons*).) A nonresident defendant is subject to the forum's general jurisdiction where the defendant's contacts are "substantial . . . continuous and systematic." (*Ibid.,* quoting *Perkins v. Benguet Mining Co.* (1952) 342 U.S. 437, 445, 446.) In that situation, the cause of action need not be related to the defendant's contacts. (*Vons, supra,* 14 Cal.4th at p. 445; *Cornelison v. Chaney* (1976) 16 Cal.3d 143, 147.) "Such a defendant's contacts with the forum are so wide-ranging that they take the place of physical presence in the forum as a basis for jurisdiction." (*Vons, supra,* 14 Cal.4th at p. 446.)

The previous evidence presented as Exhibits C through M, should clearly show to any reasonable person that the University of Phoenix and Apollo Group, Inc. are the same entity or company, with the University of Phoenix, San Diego campus conducting its business operations as a department of Apollo Group, Inc. Henceforth, it should be concluded that service upon the University of Phoenix, an alter ego of Apollo Group, Inc. would constitute

6

service upon UOP'S parent company Apollo Group, Inc. *See Hoffman v. United Telecommunications, Inc.*, 575 F. Supp. 1463, 1479 (D. Kan. 1983) (concluding that service of process on parent was sufficient to constitute service of process on subsidiary where entities were alter egos of one another).

California has ruled that a parent holding company may be subject to general jurisdiction only under limited circumstances. Those circumstances permitting the exercise of general jurisdiction include an alter ego relationship or the parent's exercise of such a degree of control of the subsidiary as to "reflect the parent's purposeful disregard of the subsidiary's independent corporate existence." (*Id.* at p. 542; see also *VirtualMagic Asia, Inc. v. Fil-Cartoons, Inc.* (2002) 99 Cal.App.4th 228, 244.)

Case law identifies one situation when the acts of the parent may be found to cross the line of legitimate ownership and control of the subsidiary and expose the parent corporation to the power of the state in which the subsidiary does business.

"[W]here the nature and extent of the control exercised over the subsidiary by the parent is so pervasive and continual that the subsidiary may be considered nothing more than an agent or instrumentality of the parent, notwithstanding the maintenance of separate corporate formalities, jurisdiction over the parent may be grounded in the acts of the subsidiary/agent. In this instance, the question is . . . whether the degree of control exerted over the subsidiary by the parent is enough to reasonably deem the subsidiary an agent of the parent under traditional agency principles. The jurisdiction acquired by the forum state under this rationale is general." (*Sonora Diamond, supra*, 83 Cal.App.4th at p. 541.)

"[I]f a parent corporation exercises such a degree of control over its subsidiary corporation that the subsidiary can legitimately be described as only a means through which

7

the parent acts, or nothing more than an incorporated department of the parent, the subsidiary will be deemed to be the agent of the parent in the forum state and jurisdiction will extend to the parent." (*Sonora Diamond, supra*, 83 Cal.App.4th at p. 541.)

The control Apollo has over UOP does reflect a purposeful disregard of the subsidiary's independent corporate existence. As can be seen from the attached Exhibits, Apollo exercised control over the Plaintiff's payroll, hiring, firing, training, and performance.

The defendant alleges that the default was sought in bad faith. This is not true. The plaintiff was served at its San Diego office by a professional service processor Mr. R. T. Hansell. Mr. Hansell is a certified service process server. Mr. Hansell served the Operations Manager, Ellen Bowens. The Defendant alleges that when Mr. Hansell spoke with Ellen Bowens on the 31st of January, 2008, that Mr. Hansell was belligerent. According to Mr. Hansell, a professional service processor, it was in fact Ms. Bowens that was belligerent and uncooperative in his attempt to serve UOP and the Defendant (Please see Exhibit N, entitled "Declaration of R.T. Hansell in Support of Plaintiff's Motion for Default Judgment"). Due to Ms. Bowens' uncooperativeness, Mr. Hansell effected substitute service, as can also be noted in Exhibit N.

Although Ellen Bowens is the Operations Manager of the University of Phoenix [UOP], this service can also be considered service of Apollo, as UOP is a subsidiary that is completely controlled and managed by the Defendant as if nothing more than an incorporated department of the Defendant. Additionally, the Defendant pleads that it "was mistaken" that it had not been given actual notice. This is not a bona fide legal defense, such as hardship, or any other good or substantive reason allowed by the Federal Rules of Civil Procedure.

1  Finally, although the Plaintiff believes that according to the law proper service was
2  met, should the Court determine that service was not proper, the plaintiff hereby requests
3  permission from the Court to amend the complaint based on Rule 4(m) of the Federal Rule of
4  Civil Procedure:

6  Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:
7  If service of the summons and complaint is not made upon a defendant within 120 days after
8  the filing of the complaint, the court, upon motion or on its own initiative after notice to the
9  plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service
10 be effected within a specified time; provided that if the plaintiff shows good cause for the
11 failure, the court shall extend the time for service for an appropriate period. Under this rule,
12 the court can employ a two-step analysis (*Espinoza v. United States*, 52 F.3d 838, 841 (10th
13 Cir. 1995). First, the plaintiff is entitled to a mandatory extension of time if the plaintiff
14 demonstrates good cause for failing to timely effect service. Second, if the plaintiff fails to
15 show good cause, the court may exercise its discretion and either dismiss the case without
16 prejudice or extend the time for service. *Id.*; *see also* Fed.R.Civ.P. 4 advisory committee notes
17 to the 1993 amendments to subdivision (m) ("The new subdivision . . . authorizes the court to
18 relieve a plaintiff of the consequences of an application of this subdivision even if there is no
19 good cause shown.").
20 WHEREFORE, the Plaintiff moves the court to strike the document (/motion) for
21 improper form or reject the motion because the Defendant did not show good or substantive
22 cause or hardship or schedule conflicts or any other good reason as to why they could not

9

1  respond to the original complaint within the allotted time according to the rules of the F.R.C.P.
2  Wherefore the Plaintiff moves the court to reject the Defendant's motion.
3
4  Respectfully submitted,
5
6  *[signature]*
7  Chad McKinney
   Pro Se
8  6266 Madeline St Apt #61
   San Diego, CA 92115
9  619-634-3566
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24