Christy D. Joseph (#136785)
Nathan W. Hicks (#236269)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant Apollo Group, Inc.

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MCKINNEY, an individual,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>APOLLO GROUP, INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employees Relations Consultant at UNIVERSITY OF PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX<br><br>　　　　　　Defendants | CASE NO. 07-CV-2373 WQH CAB<br><br>**APOLLO GROUP, INC.'S REPLY TO PLANTIFF'S OPPOSITION TO MOTION TO SET ASIDE DEFAULT**<br><br>**[FRCP 55(c)]**<br><br>Date: April 7, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br>Judge: Hon. William Q. Hayes<br><br><br>DATE OF FILING: December 19, 2007 |

## I.

## **INTRODUCTION**

In plaintiff Chad McKinney's ("McKinney") "Motion in Opposition to Defendant's Notice of Motion and Motion to Set Aside Entry of Default Against

Apollo Group, Inc." ("Apollo Opposition")[1] McKinney does not dispute, and therefore admits, that Ellen Bowens was not an officer, general manager or designated agent for service of process for Apollo Group, Inc. ("Apollo") or The University of Phoenix, Inc. ("UOP").  McKinney does not dispute that he never mailed a copy of the summons and complaint in this matter to an officer or general manager of Apollo.  Moreover, McKinney does not dispute that Apollo is a foreign corporation and that he did not provide Apollo with proper service of process to effect a foreign corporation.

Instead, McKinney argues that his failed attempts at service upon a single UOP employee at one of its hundreds of learning centers should be construed as effective service upon Apollo.  According to California and federal law, however, it is not.  As a result, McKinney's motion for entry of default must be denied and the Court Clerk's entry of default should be set aside.

## II.
## MCKINNEY DID NOT GIVE PROPER SERVICE OF PROCESS TO APOLLO UNDER CALIFORNIA OR FEDERAL LAW.

As is undisputed by McKinney, he did not serve an officer, general manager or designated agent for service of process for Apollo.  In fact, McKinney agrees that Ellen Bowens was simply an Operations Manager at one of UOP's hundreds of learning centers. [Apollo Opposition, 9:1.]  Not a general manager.  Not an officer or director.  Therefore, it is undisputed that McKinney did not serve UOP or Apollo through direct personal service.

---

[1] McKinney's Apollo Opposition was due to be filed on March 24, 2008.  Apollo did not receive a copy of the Apollo Opposition until April 1, 2008.  Accordingly, it should be stricken.  If, however, the Apollo Opposition is considered, Apollo requests the Court to consider its reply to the Apollo Opposition as well.

### A.  McKinney Did Not Give Proper Substitute Service.

McKinney attempts to sidestep his failed effort at personal service on Apollo by stating that he "effected substitute service." [Apollo Opposition, 8:21-23.] Federal law does not provide for substitute service upon a corporation. FRCP Rule 4(h). In fact, according to McKinney's process server's declaration, McKinney misguidedly relies on FRCP Rule 4(e)(1) in an attempt to serve Apollo. [Apollo Opposition, Ex. N, 2:7-8.] As the heading to FRCP Rule 4(e) states, it applies to: "Service Upon Individuals Within a Judicial District of the United States" and not to corporations. FRCP Rule 4(e).

Nevertheless, McKinney still gets it wrong under California law too. Effective substitute service of a corporation under California law requires that a copy of the summons and complaint must be left with someone "apparently in charge" at the office of the person authorized to be served on behalf of the entity, and to mail other copies to the person authorized to be served at the place where the copies were left. Cal. Code Civ. Proc. § 415.20. Additionally, the proof of service must have an affidavit showing mailing of an additional copy of the summons and complaint. California Practice Guide, Civil Procedure Before Trial (Weil and Brown), Ch. 4, pg 4-58, 4:370.

Here, McKinney did not leave a copy of the summons and complaint with someone "apparently in charge" at the office of the person authorized to be served on behalf of the entity and did not provide an affidavit that he subsequently mailed a copy of the summons and complaint to an officer or general manager of Apollo. Accordingly, McKinney did not provide proper substitute service to Apollo under California law, and the Clerk's entry of default should be set aside.

### B.  Since McKinney Did Not Properly Serve UOP, He Could Not Have Served Apollo.

The Apollo Opposition, in its entirety, deals with whether or not service upon

1  UOP could be considered effective upon Apollo.  McKinney's untenable logic
2  presupposes that he properly served UOP to begin with.  As is undisputed, he did
3  not.  Even more curios is the fact that McKinney did not file a separate proof of
4  service for UOP until nearly three weeks after it was pointed out to him that Apollo
5  and UOP were separate entities in Apollo's Motions to Set Aside Default and to
6  Dismiss Plaintiff's Complaint.  Undoubtedly, McKinney considered Apollo and
7  UOP to be one entity when he described them as "Apollo Group, Inc., University of
8  Phoenix, *a* corporation" and "Apollo Group, Inc. *a.k.a.* University of Phoenix."
9  [Complaint for Damages, Caption; Plaintiff's Motion for Clerk's Entry of Default
10 Against Apollo, 2:4-6; MPA In Support of Entry of Default Against Apollo, 2:4-6.]
11         Accordingly, McKinney's attempt at now naming UOP as a separate party,
12 i.e. a separate corporation, would require an amended pleading.  To add a new party
13 to the action, the pleadings must be amended in accordance with FRCP Rule 15
14 procedures.  *Nelson v. Adams USA, Inc.* (2000) 529 U.S. 460.  In essence, FRCP
15 Rule 15 requires proper notice when a party is added so that that the defendant is
16 given an opportunity to respond and raise defenses.  *Id.*
17         Here, however, McKinney never amended his pleadings to add UOP as a
18 separate party to his Complaint as is required by FRCP Rule 15.  Accordingly,
19 McKinney's attempted service upon UOP is void and any attempt to provide
20 service of process on Apollo using UOP as a conduit would also necessarily be
21 void.
22
23 **C.     Apollo and UOP are Separate Corporations.**
24         Service on an officer of a subsidiary does not effect service on the parent
25 corporation, absent evidence that the two corporations are not independently
26 operated.  *Adams v. AlliedSignal General Aviation Avionics* (8th Cir. 1996) 74 F3d
27 882, 885; *see also United States ex rel. Vallejo v. Investronica, Inc.* (WD NY 1998)
28 2 F.Supp.2d 330, 335.  McKinney confuses several fact patterns in an attempt to

demonstrate that UOP and Apollo are the same entity and therefore service upon one results in service upon the other. However, McKinney's derisory "evidence" does not add up.[2] He states that since he received several letters regarding his poor performance and absenteeism from Apollo employee, April Alcorn, it is clear that Apollo dominates UOP. McKinney also provides an email wherein an Apollo executive describes a new executive joining Apollo. This is not evidence that UOP and Apollo "have identical directors and officers." [Apollo Opposition, 5:22-23.] Indeed, McKinney presents no evidence that could establish that UOP and Apollo are the same entity and clearly states that UOP is a wholly owned subsidiary of Apollo. [*Id.,* 3:21.] Accordingly, McKinney has provided no support that his failed service attempts upon an employee of a party not named in the pleadings could suffice as proper service of process upon Apollo and the Clerk's entry of default should be set aside.

### III.

### McKinney May Not Be Awarded Punitive Damages Without A Hearing.

In McKinney's Motion for Clerk's Entry of Default, his sole request for relief is that he be awarded "punitive damages of $250,000, so a default judgment in this amount should be deemed reasonable." However, punitive damages can *never be awarded without a hearing* because they are not liquidated or readily computable and are considered "in excess of what is required on default."[3] *Comdyne I, Inc. v. Corbin* (3rd Cir. 1990) 908 F2d 1142; *Merrill Lynch Mortgage Corp. v. Narayan* (7th Cir. 1990) 908 F2d 246, 253.

Accordingly, McKinney's request for punitive damages under an entry of

---

[2] McKinney has not submitted admissible evidence to the Court, and hence, it should not be considered.

[3] Indeed, it is difficult to determine how McKinney came up with his damages calculations: Apollo = $250,000 in punitive damages; UOP = $250,000 in punitive damages; Kyan Flynn, Mechelle Bonilla and Carlyn Lindsten = $5,000 each in punitive damages; April Alcorn = $25,000 in punitive damages.

1 default must be denied.

## IV.
## **CONCLUSION**

For the reasons stated above, Apollo respectfully requests the Court to set aside the order for entry to default for good cause shown.

Date: April 3, 2008                                    SNELL & WILMER L.L.P.


By:  s/Nathan W. Hicks
    Christy Joseph
    Nathan W. Hicks
    Attorneys for Apollo Group, Inc.

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8701852.1                                    - 6 -
APOLLO'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE DEFAULT

# PROOF OF SERVICE

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On April 3, 2008, I served, in the manner indicated below, the foregoing document described as

**APOLLO GROUP, INC.'S REPLY TO PLANTIFF'S OPPOSITION TO MOTION TO SET ASIDE DEFAULT**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

I am employed in the office of a member of the bar of this court at whose direction the service was made.

**Please See Attached Service List**

☐ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐ BY FACSIMILE: (C.C.P. § 1013(e)(f)) and by e-mail

☒ BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 3, 2008, at Costa Mesa, California.

_____
Anh Dufour

8626180

PROOF OF SERVICE

# SERVICE LIST

## McKinney v. Apollo Group, Inc., et al.
### USDC, Southern – Case No. 07-CV-2373

| | |
|---|---|
| Chad McKinney<br>Pro Se<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115<br>(619) 634-3566 | Plaintiff, Pro Se |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>940 Front Street, Room 4290<br>San Diego, CA 92101-8900<br>(619) 557-5600 | Courtesy Copy |

8626180

PROOF OF SERVICE