NUNC PRO TUNC
APR 0 2 2008

FILED
08 APR -4 AM 9:37
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

1  Chad McKinney
2  Pro Se
   6266 Madeline St Apt #61
3  San Diego, CA 92115
   619-634-3566
4

**THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAD MCKINNEY, an individual, | CIV. Case No.07-cv-2373 |
| | FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT AND FOR VIOLATION OF THE THE CIVIL RIGHTS ACT 1964 AND THE AMENDMENTS TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1991 |
| Plaintiff, | |
| | RETALIATION- WRONGFUL TERMINATION & EMPLOYENT DISCRIMINATION CIVIL ACTION |
| v. | |
| APOLLO GROUP INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employee Relations Consultant at UNIVERSITY OF PHOENIX CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX | **Memorandum of Points and Authorities in Support of Plaintiff's Motion in Opposition to Defendant's Document Entitled: "Kyan Flynn, Mechelle Bonilla, and Carlyn Lindsten's Opposition to Plaintiff's Motion for Entry of Default"** |
| | Date: April 2, 2008 |
| | Time: 11:00 a.m. |
| | Courtroom: 4 |
| | Judge: Hon. William Q. Hayes |
| | Demand for Trial by Jury Pursuant to U.S. Constitution, 7th Amendment |
| | April 2, 2008 |
| Defendants | |

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S DOCUMENT ENTITLED: "KYAN FLYNN, MECHELLE BONILLA, AND CARYLYN LINDSTEN'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT**

According to Federal Rule 7.b all applications to the Court must be made as a Motion. Since the defendant's document entitled, "KYAN FLYNN, MECHELLE BONILLA, AND CARLYN LINDSTEN'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT" is not listed as a "MOTION IN OPPOSITION" or "MOTION" to anything submitted by the plaintiff, but only uses the term "OPPOSITION", the plaintiff submits to the Court that the Plaintiff is not legally obligated under any federal rule of civil procedure to make a responsive pleading to this document and asks the Court to strike this document for improper form.

Should the Court determine that this document is in fact a Motion, the plaintiff responds as follows:

The Defendants claims that "the Individual Defendants were [n]ever given proper service of the above-captioned action as required by FRCP Rules 4(e) and (h)" for the following reasons: " (1) the summons was not properly directed to any entity or individual; (2) McKinney did not make any reasonable attempts at personal service; (3) McKinney did not mail a copy of the summons and Complaint to the Individual Defendants; and (4) neither of the Individual Defendants were made aware of their involvement in this action until McKinney mailed them a notice of default on March 13, 2008, there was no reason to believe

1  that the Individual Defendants had been given sufficient service of process by McKinney in
2  this matter."
3      The Plaintiff denies any and all of the Defendants' claims against the plaintiff alleged
4  in their document entitled: "KYAN FLYNN, MECHELLE BONILLA, AND CARLYN
5  LINDSTEN'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF
6  DEFAULT".
7      This allegation by the defendants is nothing more than a naked assertion with no
8  supporting facts. For example, as can be evidenced by Mr. Hansell the defendants Kyan
9  Flynn, Carlyn Lindsten, and Mechelle Bonilla did in fact receive proper service (Please see
10 Exhibit A, entitled "Declaration of R.T. Hansell in Support of Plaintiff's Motion for Default
11 Judgment". Please see Exhibit B for proof of service against Kyan Flynn. Please see Exhibit
12 C for proof of service against Mechelle Bonilla. Please see Exhibit D for proof of service
13 against Carlyn Lindsten.)
14     The Defendant pleads that it "was mistaken" that it had not been given actual notice.
15 This is not a bona fide legal defense, such as hardship, or any other good or substantive reason
16 allowed by the Federal Rules of Civil Procedure.
17     The previous evidence presented as Exhibits A through D, should clearly show to any
18 reasonable person that the defendants were properly served according to Federal Rules of
19 Civil Procedure 4(e)(1).
20     The defendants allege that the default was sought in bad faith. This is not true. As
21 evidenced by Exhibits A through D the defendants were served at their place of employment
22 by a certified professional service processor Mr. R. T. Hansell.
23
24

Finally, although the Plaintiff believes that according to the law proper service was met, should the Court determine that service was not proper, the plaintiff hereby requests permission from the Court to amend the complaint based on Rule 4(m) of the Federal Rule of Civil Procedure:

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part: If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. Under this rule, the court can employ a two-step analysis (*Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). First, the plaintiff is entitled to a mandatory extension of time if the plaintiff demonstrates good cause for failing to timely effect service. Second, if the plaintiff fails to show good cause, the court may exercise its discretion and either dismiss the case without prejudice or extend the time for service. *Id.*; *see also* Fed.R.Civ.P. 4 advisory committee notes to the 1993 amendments to subdivision (m) ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

WHEREFORE, the Plaintiff moves the court to strike the document (/motion) for improper form or reject the motion because the Defendants did not show good or substantive cause or hardship or schedule conflicts or any other good reason as to why they could not

4

1  respond to the original complaint within the allotted time according to the rules of the F.R.C.P.

2  Wherefore the Plaintiff moves the court to reject the Defendants' motion.

3

4  Respectfully submitted,

5

6  *[signature]*

7  Chad McKinney
   Pro Se

8  6266 Madeline St Apt #61
   San Diego, CA 92115

9  619-634-3566

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24