1

Chad McKinney

2  Pro Se
   6266 Madeline St Apt #61
3  San Diego, CA 92115
   619-634-3566

4

**THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

5

6  CHAD MCKINNEY, an individual,

| | |
|---|---|
| CHAD MCKINNEY, an individual, | ) CIV. Case No.07-cv-2373 |
| | ) |
| | ) FOR VIOLATION OF FEDERAL |
| | ) FALSE CLAIMS ACT AND FOR |
| | ) VIOLATION OF THE |
| | ) THE CIVIL RIGHTS ACT 1964 AND |
| | ) THE AMENDMENTS TO TITLE |
| | ) VII OF THE CIVIL RIGHTS ACT OF |
| | ) 1991 |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) RETALIATION- WRONGFUL |
| | ) TERMINATION & |
| | ) EMPLOYENT DISCRIMINATION |
| | ) CIVIL ACTION |
| v. | ) |
| | ) |
| APOLLO GROUP INC., UNIVERSITY OF | ) **PLAINTIFF'S REPLY TO APRIL** |
| PHOENIX , a Corporation, MECHELLE | ) **ALCORN'S OPPOSITION TO** |
| BONILLA, an Enrollment Manager at | ) **PLAINTIFF'S MOTION FOR CLERK'S** |
| UNIVERSITY OF PHOENIX, KYAN | ) **ENTRY OF DEFAULT** |
| FLYNN, Director of Enrollment at | ) |
| UNIVERSITY OF PHOENIX, APRIL | ) |
| ALCORN, an Employee Relations | ) **NO ORAL ARGUMENT, UNLESS** |
| Consultant at UNIVERSITY OF PHOENIX | ) **REQUESTED BY THE COURT** |
| CARLYN LINDSTEN, Associate Director of | ) |
| Enrollment at UNIVERSITY OF PHOENIX | ) Date:  May 12, 2008 |
| | ) Time: 11:00 a.m. |
| | ) Courtroom:  4 |
| | ) Judge:  Hon. William Q. Hayes |
| | ) |
| | ) Demand for Trial by Jury Pursuant |
| | ) to U.S. Constitution, 7th Amendment |
| | ) |
| | ) May 7 , 2008 |
| Defendants | ) |

1

1

**TABLE OF CONTENTS**

2

**Page**

3    I.    INTRODUCTION.................................................................2

4    II.   THE COURT DOES NOT LACK JURISDICTION OVER APRIL ALCORN..........4

5    III.  APRIL ALCORN WAS GIVEN SUFFICIENT SERVICE OF PROCESS...............6

6    IV.   THE PLAINTIFF MAY BE AWARDED PUNITIVE DAMAGES........................7

7    V.    APRIL ALCORN MAY NOT BE RELIEVED FROM THE CLERK'S ENTRY OF

8          DEFAULT..................................................................8

9    VI.   CONCLUSION................................................................9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

## TABLE OF AUTHORITIES

2

**Page**

3

## FEDERAL CASES

4

*Calder v. Jones,*
    465 U.S. 783 (1984)……………………………………………………….5

5

*Smith v. Wade,*
    461 U.S. 30, 56_, 103 S.Ct. 1625, 1628, 75 L.Ed.2d 632 (1983)…………………………7

6

7

*Reynolds v. CSX Transportation, Inc.,*
    115 F.3d 860, 869 (11th Cir.1997)………………………………………………...7

8

*Splunge v. Shoney's, Inc.,*
    97 F.3d 488, 491 (11th Cir.1996)…………………………………………………7

9

10

*Walters v. City of Atlanta,*
    803 F.2d 1135, 1147 (11th Cir. 1986)……………………………………………7

11

*Espinoza v. United States,*
    52 F.3d 838, 841 (10th Cir. 1995)…………………………………………………9

12

13

## FEDERAL RULES

14

Rule 4(m) of the Federal Rules of Civil Procedure………………………………………8

15

16

17

18

19

20

21

22

23

24

**PLAINTIFF'S REPLY TO APRIL ALCORN'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT**

**I.**

**INTRODUCTION**

This case is quite simple.  The Plaintiff was terminated from his employment with the University of Phoenix ("UOP") on July 19th, 2007.  Prior to his termination, the Plaintiff informed the UOP management and the Apollo Group, Inc. Employee Relations Consultant April Alcorn that the San Diego Enrollment Department was in violation of the Higher Education Act, and allowed UOP and the Defendant April Alcorn a reasonable amount of time to cease and desist the company's illegal activity.  Rather than amending their illegal activity, UOP and April Alcorn waited until the Plaintiff was on a suggested leave of absence, and knowingly terminated him without proper warning purposefully ignoring an email by the Plaintiff to the Defendants that stated the purpose of his brief ten day absence from the company and provided a personal contact email address should he need to be reached regarding any further developments in his original complaint filed with the company on June 11, 2007 (Please see Exhibit A, dated July 13th, 2007, an email sent by the Plaintiff to April Alcorn, Mechelle Bonilla, and Martin Espinoza which states, "As per our telephone conversation yesterday morning I understood that you would get back to me within twenty-four hours…this is a very serious issue to me and I am extremely stressed out…I appreciate the option of a leave of absence that you had offered me earlier this week…Hopefully upon my return you will have a resolution to my HR issues that I have previously presented to you. If you attain a resolution in the meantime feel free to send it to my personal email account: puddy29@aol.com".  Please see Exhibit B, a letter from the Plaintiff to April Alcorn and other

1    interested parties, dated June 11th, 2007, pages one through two, and subsequent Exhibits A1,

2    B1, and C1, listing and supporting the Plaintiff's concerns with UOP, henceforth Apollo

3    Group, Inc.'s negligent disregard and continued overt violation of the Higher Education Act.

4    Please see Exhibit C, dated July 17th, 2007, a letter sent by Fed Express to the Plaintiff by

5    April Alcorn, which states, "Our records indicate that you have not reported to work since

6    Friday, July 13, 2007.  Your failure to report to work has resulted in you being on an

7    unauthorized leave of absence.  Therefore, we expect you will return to work no later than

8    Thursday, July 19, 2007 at your regularly scheduled work time.  Failure to report to work by

9    the designated date will leave us no other alternative but to accept your voluntary resignation."

10   Please see Exhibit D dated July 19th, 2007, a letter sent by Fed Express to the Plaintiff by

11   April Alcorn, which states, "Your failure to report to work has resulted in you being on an

12   unauthorized leave of absence.  A letter was sent to your home on July 17, 2007, expecting

13   you to return to work no later than Thursday, July 19, 2007 at your regularly scheduled work

14   time.  You failed to report to work at the designated date and time.  Consistent with our policy,

15   the Company has chosen to separate your employment effective July 19, 2007."  Please see

16   Exhibit E, dated July 19th, 2007, a letter sent by Fed Express to the Plaintiff by April Alcorn,

17   which states, "Thank you for bringing your workplace concerns to our attention.  The Apollo

18   Group, Inc. is committed to ensuring employees are treated fairly.  Please be advised that the

19   Apollo Group, Inc. has reviewed your concerns and we find no evidence to support any

20   findings of the San Diego Enrollment Department violating Company policies or procedures

21   as outlined by your allegations.")

22           Now the Defendant is alleging that she was never served properly, and so should not

23   have to respond to the Plaintiff's complaint filed with the court on December 19th, 2007.

24

3

1    However, the Plaintiff, because Pro Se and to ensure service was proper, hired Mr. R.T.

2    Hansell a professional service processor, who subcontracted service of process to Steve Ineich

3    (Please see Exhibit F, a sworn affidavit of service by Steve Ineich, A.C.P.S. Process Server

4    registered in Maricopa County, dated February 27th, 2008, and stating that he properly served

5    the Defendant April Alcorn "by leaving ONE true copy(ies) of the above documents

6    [SUMMONS, COMPLAINT & CONVER SHEET] with REBECCA SPRINGFIELD,

7    SECURITY, AUTHORIZED. WORK: UNIVERSITY OF PHOENIX Described as female,

8    age 50, CAUC, 5ft. 7in. tall, 150 lbs., BROWN eyes, BLACK hair."). Despite the

9    overwhelming evidence presented by the Plaintiff that service was proper upon all Defendant

10    parties, Nathan Hicks of Snell and Wilmer L.L.P, who is representing all Defendant parties,

11    even though each party falsely claim to be unrelated and unbeknownst of the other parties

12    actions and policies, continues to allege that the Defendants should not be forced to comply

13    with the Federal Rules of Civil Procedure and respond to the Plaintiff's original complaint,

14    thus requesting relief from the courts entry of default judgment against the defendants listed in

15    this case. The Plaintiff moves the court to uphold its initial decision to enter a default

16    judgment against the Defendant.

17    **II.**

18    **THE COURT DOES NOT LACK JURISDICTION OVER APRIL ALCORN**

19    Here, the Defendant April Alcorn alleges that "the Plaintiff did not serve Alcorn within

20    the state. Alcorn did not consent to the Court's jurisdiction nor is she domiciled within

21    California. Finally, Alcorn does not even come close to requiring the minimum contacts

22    analysis required to demonstrate that the forum state has a sufficient relationship with her to

23    make it reasonable to requires her to defend the current action in California…Accordingly, the

24

1    Court lacks personal jurisdiction over Alcorn, and the entry of default against her is void and

2    should be set aside." This is not true. As CALDER V. JONES, 465 U.S. 783 (1984)

3    found…This minimum contact and malicious conduct by the Defendant April Alcorn is

4    demonstrated in Exhibits A through E.  Please also see Exhibit G, originally submitted as

5    Exhibit H in the "PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S

6    DOCUMENT ENTITLED: "APOLLO GROUP, INC.'S OPPOSITION TO PLAINTIFF'S

7    MOTION FOR CLERK'S ENTRY OF DEFAULT" which demonstrates that the Defendant

8    April Alcorn conducted daily business operations from her place of employment in Arizona

9    listed with the company at 4615 E. Elwood St., Phoenix, AZ 85040 in direct conjunction with

10   the San Diego Enrollment Departments located at 1230 Columbia St., San Diego, CA 92101

11   and 3890 Murphy Canyon Road, San Diego, CA 92123, Exhibit G is an email correspondence

12   between the Plaintiff's former Enrollment manager at the University of Phoenix; Mechelle

13   Bonilla and Apollo Group, Inc.'s Employee Relations Consultant April Alcorn, which states:

14   "Hi April, I have approached Chad again today, June 7, 2007 to have him sign the final

15   written warning, he has again refused to sign it.  Kyan Flynn, my director will be at the

16   campus later today to be of witness to his refusal…Please let me know how to handle the

17   situation from this point forward.  Thank you.")

18          The Plaintiff was unable to originally collect unemployment insurance in California

19   due to a direct decision made by the Defendant April Alcorn made to terminate the Plaintiff's

20   employment with the University of Phoenix from her office of employment in Arizona.

21   (Please see Exhibit H, dated the 16th of August, 2007, a letter from the Employment

22   Development Department denying the Plaintiff's ability to collect unemployment insurance,

23   page 1, paragraph 1, of the letter states, "You are not eligible to receive benefits under

24

1    California unemployment insurance code section 1256 beginning 07/15/07…")  The Plaintiff

2    received unemployment benefits after the decision was overturned by the Honorable Catriona

3    M. Miller, Administrative Law Judge.  However, this was not until several months after the

4    plaintiff had been fired from his job in California by April Alcorn in Arizona.  (Please see

5    Exhibit I, dated October 29, 2007, a letter from the California Unemployment Insurance

6    Appeals Board, page 3, paragraph 6, which states, "it is concluded that the claimant was

7    discharged for reasons other than misconduct connected with the most recent work.

8    Accordingly, he is not disqualified for benefits under code section 1256, and the employer's

9    reserve account is subject to benefit charges."

10                                            **III.**

11            **APRIL ALCORN WAS GIVEN SUFFICIENT SERVICE OF PROCESS**

12            Here, the Defendant moves the Court set aside the Clerk's entry of default because the

13    Plaintiff "did not properly serve Alcorn".  This is not correct as is again demonstrated in

14    Exhibit F, a sworn affidavit of service by Steve Ineich, A.C.P.S. Process Server registered in

15    Maricopa County, dated February 27th, 2008, stating that he properly served the Defendant

16    April Alcorn "by leaving ONE true copy(ies) of the above documents [SUMMONS,

17    COMPLAINT & CONVER SHEET] with REBECCA SPRINGFIELD, SECURITY,

18    AUTHORIZED.  WORK: UNIVERSITY OF PHOENIX Described as female, age 50, CAUC,

19    5ft. 7in. tall, 150 lbs., BROWN eyes, BLACK hair."

20

21

22

23

24

## IV.

### THE PLAINTIFF MAY BE AWARDED PUNITIVE DAMAGES

The Defendant claims in its "OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT" that "McKinney may not be awarded punitive damages without a hearing". Under § 1981, punitive damages may be awarded "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 , 103 S.Ct. 1625, 1628, 75 L.Ed.2d 632 (1983). To support a punitive damages award, a plaintiff must show that the defendant acted with malice or reckless indifference to the plaintiff's federally protected rights. *Reynolds v. CSX Transportation, Inc.,* 115 F.3d 860, 869 (11th Cir.1997). Malice means "an intent to harm" and recklessness means "serious disregard for the consequences of [one's] actions." *Splunge v. Shoney's, Inc.,* 97 F.3d 488, 491 (11th Cir.1996) (quotation omitted). *See also Walters,* 803 F.2d at 1147 (defining the standard as "cynical disregard"). "[T]he imposition of punitive damages in civil rights actions has generally been limited to cases involving egregious conduct or a showing of willfulness or malice on the part of the defendant"); Walters v. City of Atlanta, 803 F.2d 1135, 1147 (11th Cir. 1986). The defendant's showing of malice is demonstrated by the manner in which the employee was fired (Please again refer to Exhibits A through E and G through I of the "PLAINTIFF'S REPLY TO APRIL ALCORN'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT").

7

## V.

## APRIL ALCORN SHOULD NOT BE RELIEVED FROM THE CLERK'S ENTRY OF

## DEFAULT

The Defendant alleges that "(1) the Court does not have personal jurisdiction over Alcorn; (2) the summons was not properly directed to any entity or individual; (3) McKinney did not make any reasonable attempts at personal service; (4) McKinney did not mail a copy of the summons and Complaint to the Individual Defendant; and (4) [5] Alcorn was not made aware of her involvement in this action until McKinney mailed her a notice of default on March 26, 2008, there was no reason to believe that Alcorn had been given sufficient service of process..." The Defendant's justifications presented as reasons 1 through 5 have been demonstrated by the Plaintiff to be false and inaccurate (Please see Exhibits A through I), henceforth April Alcorn should not be relieved from the Clerk's entry of default.

Additionally, the Defendant pleads that it "was mistaken" that it had not been given actual notice. This is not a bona fide legal defense, such as hardship, or any other good or substantive reason allowed by the Federal Rules of Civil Procedure Finally, although the Plaintiff believes that according to the law proper service was met, should the Court determine that service was not proper, the plaintiff hereby requests permission from the Court to amend the complaint based on Rule 4(m) of the Federal Rule of Civil Procedure:

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the

8

1   failure, the court shall extend the time for service for an appropriate period. Under this rule,

2   the court can employ a two-step analysis (*Espinoza v. United States*, 52 F.3d 838, 841 (10th

3   Cir. 1995). First, the plaintiff is entitled to a mandatory extension of time if the plaintiff

4   demonstrates good cause for failing to timely effect service. Second, if the plaintiff fails to

5   show good cause, the court may exercise its discretion and either dismiss the case without

6   prejudice or extend the time for service. *Id.*; *see also* Fed.R.Civ.P. 4 advisory committee notes

7   to the 1993 amendments to subdivision (m) ("The new subdivision . . . authorizes the court to

8   relieve a plaintiff of the consequences of an application of this subdivision even if there is no

9   good cause shown.").

10          WHEREFORE, the Plaintiff moves the court to reject the motion because the

11  Defendant did not show good or substantive cause or hardship or schedule conflicts or any

12  other good reason as to why they could not respond to the original complaint within the

13  allotted time according to the rules of the F.R.C.P. Wherefore the Plaintiff moves the court to

14  reject the Defendant's motion and uphold its entry of default judgment against the Defendant.

15

16  Respectfully submitted,

17

18

19  Chad McKinney
    Pro Se
20  6266 Madeline St Apt #61
    San Diego, CA 92115
21  619-634-3566

22

23

24

                                                                                                    9

# CERTIFICATE OF SERVICE

I, Chad McKinney, hereby certify that on, May 7, 2008, I served copies of the

Plaintiff's Motions, Memorandums of Points and Authorities, and supporting Appendices

to the Court on the following parties by way of United States Postal Service First Class

Priority Mail:

Snell & Wilmer L.L.P.
Attention of: Nathan W. Hicks
600 Anton Boulevard, Suite 1400.
Costa Mesa, CA 92626

5/07/08
Date                              Chad McKinney

The United States District Court Southern District of California

1

Chad McKinney
2    Pro Se
6266 Madeline St Apt #61
3    San Diego, CA 92115
619-634-3566
4

**THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**
5

6

**May 7, 2008**
7

**BY HAND DELIVERY**
8

9    The Honorable Judge William Q. Hayes
Referred to: Magistrate Judge Cathy Ann Bencivengo
10   330 West Broadway, San Diego
CA 92101-3827
11

12   Re: McKinney v. Apollo Group Inc., *et al*
Civil Action 07-cv-2373
13

14   Dear Judge Hayes,

15   Enclosed is a courtesy copy of the Plaintiff's Motions, Memorandums of Points and Authorities, and
supporting Appendices and appendices that was hand delivered with the Clerk today.
16

17

Respectfully,
18

19

Chad McKinney, Pro Se
20

Cc: Snell & Wilmer L.L.P., Attention of: Nathan W. Hicks
21

22

23

24

1