|   |   |   |
|---|---|---|
| 1 | Chad McKinney | |
| 2 | Pro Se | |
|   | 6266 Madeline St Apt #61 | |
| 3 | San Diego, CA 92115 | |
|   | 619-634-3566 | |
| 4 | | |

**NUNC PRO TUNC MAY -7 2008**

**FILED MAY -8 2008 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY _____ DEPUTY**

# THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHAD MCKINNEY, an individual, | ) | CIV. Case No.07-cv-2373 |
| | ) | |
| | ) | FOR VIOLATION OF FEDERAL |
| | ) | FALSE CLAIMS ACT AND FOR |
| | ) | VIOLATION OF THE |
| | ) | THE CIVIL RIGHTS ACT 1964 AND |
| | ) | THE AMENDMENTS TO TITLE |
| | ) | VII OF THE CIVIL RIGHTS ACT OF |
| | ) | 1991 |
| Plaintiff, | ) | |
| | ) | |
| | ) | RETALIATION- WRONGFUL |
| | ) | TERMINATION & |
| | ) | EMPLOYENT DISCRIMINATION |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | |
| APOLLO GROUP INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employee Relations Consultant at UNIVERSITY OF PHOENIX CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX | ) ) ) ) ) ) ) ) ) | **PLAINTIFF'S REPLY TO "THE UNIVERSITY OF PHOENIX, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT"**<br><br>**NO ORAL ARGUMENT, UNLESS REQUESTED BY THE COURT**<br><br>Date: May 12, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br>Judge: Hon. William Q. Hayes<br><br>Demand for Trial by Jury Pursuant to U.S. Constitution, 7th Amendment<br><br>May 7, 2008 |
| Defendants | ) | |

1

## TABLE OF CONTENTS

Page

I. INTRODUCTION..................................................................................2

II. THE PLAINTIFF PROPERLY SERVED THE UNIVERSITY OF PHOENIX, INC. IN ACCORDANCE WITH RULE FOUR OF THE FEDERAL RULES OF CIVIL PROCEDURE..................................................................................3

III. THE CONTENT OF THE SUMMONS SERVED UPON THE UNIVERSITY OF PHOENIX, INC. DOES MEET THE GENERAL REQUIREMENTS OF A SUMMONS DELINEATED BY F.R.C.P. 4(a)..................................................................................4

IV. UOP WAS GIVEN SUFFICIENT SERVICE OF PROCESS..................................................................................5

V. THE UNIVERSITY OF PHOENIX WAS LISTED AS A SEPARATE ENTITY IN THE PLAINTIFF'S ORIGINAL COMPLAINT FILED WITH THE COURT..................................................................................5

VI. THE PLAINTIFF MAY BE AWARDED PUNITIVE DAMAGES..................................................................................6

VII. UOP SHOULD NOT BE RELIEVED FROM THE CLERK'S ENTRY OF DEFAULT..................................................................................8

VIII. CONCLUSION..................................................................................9

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Espinoza v. United States*,
    52 F.3d 838, 841 (10th Cir. 1995)..................................................................5, 9

*Smith v. Wade*,
    461 U.S. 30, 56, 103 S.Ct. 1625, 1628, 75 L.Ed.2d 632 (1983)..............................6

*Reynolds v. CSX Transportation, Inc.*
    115 F.3d 860, 869 (11th Cir.1997).....................................................................6

*Splunge v. Shoney's, Inc.*,
    97 F.3d 488, 491 (11th Cir.1996).......................................................................6

*Walters v. City of Atlanta*,
    803 F.2d 1135, 1147 (11th Cir. 1986).................................................................6

## FEDERAL RULES

Rule 4 of the Federal Rules of Civil Procedure...........................................................3

Rule 4(a) of the Federal Rules of Civil Procedure.......................................................4

Rule 4(m) of the Federal Rules of Civil Procedure...................................................5, 9

# PLAINTIFF'S REPLY TO THE UNIVERSITY OF PHOENIX, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT

## I.

## INTRODUCTION

This case is quite simple. The Plaintiff was terminated from his employment with the University of Phoenix ("UOP") on July 19th, 2007. Prior to his termination, the Plaintiff informed the UOP management and Human Resources department that the San Diego Enrollment Department was in violation of the Higher Education Act, and allowed UOP a reasonable amount of time to cease and desist the company's illegal activity. Rather than amending their illegal activity, UOP waited until the Plaintiff was on a leave of absence and terminated him. Now the Defendant is alleging that it was never served properly, and so should not have to respond to the Plaintiff's complaint filed with the court on December 19th, 2007. However, the Plaintiff, because Pro Se and to ensure service was proper, hired Mr. R.T. Hansell a professional service processor. Despite the overwhelming evidence presented by the Plaintiff that service was proper upon all Defendant parties, the Defendant UOP continues to allege that it should not be forced to comply with the Federal Rules of Civil Procedure and respond to the Plaintiff's original complaint, thus requesting relief from the courts entry of default judgment against the defendants listed in this case. The Plaintiff moves the court to uphold its initial decision to enter a default judgment against the Defendant.

## II.

## THE PLAINTIFF PROPERLY SERVED THE UNIVERSITY OF PHOENIX, INC. IN ACCORDANCE WITH RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

The Defendant claims in its "OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT" that the Plaintiff "failed to properly serve UOP in accordance with FRCP Rule 4 because he did not deliver a copy of the summons and complaint to an officer, managing agent, general manager or an authorized agent for service of process of UOP." This is not true. The defendant was served at its San Diego office by professional service processor Mr. R. T. Hansell. Mr. Hansell is a certified service process server. In support of its claims the Defendant alleges in its "OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT", "Ms. Bowens is not an officer, managing agent, general manager or an authorized agent able to accept service of process on behalf of UOP." However, in the very next sentence the Defendant contradictorily states, "In fact, Ms. Bowens was an Operations Manager for UOP…" The Defendant further claims in its "OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT" that "At no time did the process server indicate that he was attempting to effect service of process on UOP." However, in the very same paragraph prior to the former statement the Defendant admits that, "When the process server attempted to serve Ms. Bowens, she instructed him that she was not authorized to accept service on behalf of UOP, and that UOP had an authorized agent to accept service on its behalf, CT Corporation." If Mr. R.T. Hansell, a professional service processor did not inform the defendant of his intent to provide UOP with service of

3

1  process, then why did the defendant deem it necessary to include this information in its
2  "OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT", as
3  well as in its "Declaration of Ellen Bowens in support of UOP's Opposition to Motion for
4  Entry of Default"? According to Mr. Hansell, a professional service processor, Ms. Bowens
5  was belligerent and uncooperative in his attempt to serve the Defendant UOP (Please see
6  Exhibit A, entitled "Declaration of R.T. Hansell in Support of Plaintiff's Motion for Default
7  Judgment"). Due to Ms. Bowens' uncooperativeness, Mr. Hansell effected substitute service
8  on the 31st of January, 2008, as can also be noted in Exhibit A.

9

10 **III.**

11 **THE CONTENT OF THE SUMMONS SERVED UPON THE UNIVERSITY OF**
12 **PHOENIX, INC. DOES MEET THE GENERAL REQUIREMENTS OF A SUMMONS**
13 **DELINEATED BY F.R.C.P. RULE 4(a)**

14

15 The Defendant claims in its "OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S
16 ENTRY OF DEFAULT" that "the content of the summons issued by McKinney does not meet
17 the general requirements of a summons as delineated by Rule 4(a) since the summons was not
18 directed to any particular individual or entity." This is not correct. The content of the
19 summons was directed to the University of Phoenix. Please see the Clerk's entry of Default
20 on the 25th of March, 2008.

21

22

23

24

4

## IV.

## UOP WAS GIVEN SUFFICIENT SERVICE OF PROCESS.

The Defendant claims in its "OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT" that "UOP was never given sufficient service of process." In support of the Defendant's assertion that it was not given sufficient service it claims that "McKinney did not serve an officer, general manager or designated agent for service of process of UOP, therefore service was not effected under State or Federal law." To reiterate, this is not correct. Mr. R.T. Hansell, a certified and professional service processor effected substitute on the University of Phoenix, Inc. on the 31st of January, 2008. Please see Exhibit A entitled, 'Declaration of R.T. Hansell in Support of Plaintiff's Motion for Default Judgment").

## V.

## THE UNIVERSITY OF PHOENIX WAS LISTED AS A SEPARATE ENTITY IN THE PLAINTIFF'S ORIGINAL COMPLAINT FILED WITH THE COURT

The Defendant claims in its "OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT" that "McKinney did not properly amend his pleadings to add UOP as a party to this action." This is not true. University of Phoenix, Inc was in fact listed as a separate entity on the Plaintiff's original complaint filed on the 19th of December, 2007 with the court. Please see the first page of the Plaintiff's original complaint, which separates Apollo Group Inc. and the University of Phoenix by a comma.

## VI.

## **THE PLAINTIFF MAY BE AWARDED PUNITIVE DAMAGES**

The Defendant claims in its "OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT" that "McKinney may not be awarded punitive damages without a hearing". Under § 1981, punitive damages may be awarded "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1628, 75 L.Ed.2d 632 (1983). To support a punitive damages award, a plaintiff must show that the defendant acted with malice or reckless indifference to the plaintiff's federally protected rights. *Reynolds v. CSX Transportation, Inc.*, 115 F.3d 860, 869 (11th Cir.1997). Malice means "an intent to harm" and recklessness means "serious disregard for the consequences of [one's] actions." *Splunge v. Shoney's, Inc.*, 97 F.3d 488, 491 (11th Cir.1996) (quotation omitted). *See also Walters*, 803 F.2d at 1147 (defining the standard as "cynical disregard"). "[T]he imposition of punitive damages in civil rights actions has generally been limited to cases involving egregious conduct or a showing of willfulness or malice on the part of the defendant"); Walters v. City of Atlanta, 803 F.2d 1135, 1147 (11th Cir. 1986). The defendant's showing of malice is demonstrated by the manner in which the employee was fired (Please see pages 10-16, Statement of facts 19-42, of the Plaintiff's "Original Complaint", filed with the Court on the 19th of December, 2007. Please see Exhibit B dated July 13th, 2007, an email sent by the Plaintiff to April Alcorn, Mechelle Bonilla, and Martin Espinoza which states, "As per our telephone conversation yesterday morning I understood that you would get back to me within twenty-four hours…this is a very serious

6

1 | issue to me and I am extremely stressed out…I appreciate the option of a leave of absence that
2 | you had offered me earlier this week…Hopefully upon my return you will have a resolution to
3 | my HR issues that I have previously presented to you. If you attain a resolution in the
4 | meantime feel free to send it to my personal email account: puddy29@aol.com". Please see
5 | Exhibit C, dated July 17th, 2007, a letter sent by Fed Express to the Plaintiff by April Alcorn,
6 | which states, "Our records indicate that you have not reported to work since Friday, July 13,
7 | 2007. Your failure to report to work has resulted in you being on an unauthorized leave of
8 | absence. Therefore, we expect you will return to work no later than Thursday, July 19, 2007
9 | at your regularly scheduled work time. Failure to report to work by the designated date will
10 | leave us no other alternative but to accept your voluntary resignation." Please see Exhibit D
11 | dated July 19th, 2007, a letter sent by Fed Express to the Plaintiff by April Alcorn, which states,
12 | "Your failure to report to work has resulted in you being on an unauthorized leave of absence.
13 | A letter was sent to your home on July 17, 2007, expecting you to return to work no later than
14 | Thursday, July 19, 2007 at your regularly scheduled work time. You failed to report to work
15 | at the designated date and time. Consistent with our policy, the Company has chosen to
16 | separate your employment effective July 19, 2007." Please see Exhibit E, dated July 19th,
17 | 2007, a letter sent by Fed Express to the Plaintiff by April Alcorn, which states, "Thank you
18 | for bringing your workplace concerns to our attention. The Apollo Group, Inc. is committed
19 | to ensuring employees are treated fairly. Please be advised that the Apollo Group, Inc. has
20 | reviewed your concerns and we find no evidence to support any findings of the San Diego
21 | Enrollment Department violating Company policies or procedures as outlined by your
22 | allegations." Please see Exhibit F, dated the 16th of August, 2007, a letter from the
23 | Employment Development Department denying the Plaintiff's ability to collect unemployment
24 |

7

insurance, page 1, paragraph 1, of the letter states, "You are not eligible to receive benefits under California unemployment insurance code section 1256 beginning 07/15/07..." The Plaintiff received unemployment benefits after the decision was overturned by the Honorable Catriona M. Miller, Administrative Law Judge. However, this was not until several months after the plaintiff had been fired from his job. Please see Exhibit G, dated October 29, 2007, a letter from the California Unemployment Insurance Appeals Board, page 3, paragraph 6, which states, "it is concluded that the claimant was discharged for reasons other than misconduct connected with the most recent work. Accordingly, he is not disqualified for benefits under code section 1256, and the employer's reserve account is subject to benefit charges."

## VII.

## UOP SHOULD NOT BE RELIEVED FROM THE CLERK'S ENTY OF DEFAULT.

The Defendant claims in its "OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT" that "UOP reasonably believed, but was mistaken, that it had not been given actual notice and was properly served so that it should be relieved from the Clerk's entry of default." Here the defendant admits guilt by stating "was mistaken", however, this is not a bona fide legal defense, such as hardship, or any other good or substantive reason allowed by the Federal Rules of Civil Procedure.

Finally, although the Plaintiff believes that according to the law proper service was met, should the Court determine that service was not proper, the plaintiff hereby requests

8

1  permission from the Court to amend the complaint based on Rule 4(m) of the Federal Rule of
2  Civil Procedure:
3
4        Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:
5  If service of the summons and complaint is not made upon a defendant within 120 days after
6  the filing of the complaint, the court, upon motion or on its own initiative after notice to the
7  plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service
8  be effected within a specified time; provided that if the plaintiff shows good cause for the
9  failure, the court shall extend the time for service for an appropriate period. Under this rule,
10 the court can employ a two-step analysis (*Espinoza v. United States*, 52 F.3d 838, 841 (10th
11 Cir. 1995). First, the plaintiff is entitled to a mandatory extension of time if the plaintiff
12 demonstrates good cause for failing to timely effect service. Second, if the plaintiff fails to
13 show good cause, the court may exercise its discretion and either dismiss the case without
14 prejudice or extend the time for service. *Id.*; *see also* Fed.R.Civ.P. 4 advisory committee notes
15 to the 1993 amendments to subdivision (m) ("The new subdivision . . . authorizes the court to
16 relieve a plaintiff of the consequences of an application of this subdivision even if there is no
17 good cause shown.").

18                                    VIII.
19                                **CONCLUSION**
20       WHEREFORE, the Plaintiff moves the court to reject the motion because the
21 Defendant did not show good or substantive cause or hardship or schedule conflicts or any
22 other good reason as to why they could not respond to the original complaint within the
23 allotted time according to the rules of the F.R.C.P. Wherefore the Plaintiff moves the court to
24

1  reject the Defendant's motion, and uphold the Clerk's entry of default judgment against the

2  University of Phoenix.

3

4  Respectfully submitted,

5

6

7  Chad McKinney
   Pro Se
8  6266 Madeline St Apt #61
   San Diego, CA 92115
9  619-634-3566

10

## CERTIFICATE OF SERVICE

I, Chad McKinney, hereby certify that on, May 7, 2008, I served copies of the Plaintiff's Motions, Memorandums of Points and Authorities, and supporting Appendices to the Court on the following parties by way of United States Postal Service First Class Priority Mail:

Snell & Wilmer L.L.P.
Attention of: Nathan W. Hicks
600 Anton Boulevard, Suite 1400.
Costa Mesa, CA 92626

5/07/08
Date

Chad McKinney

The United States District Court Southern District of California

Chad McKinney
Pro Se
6266 Madeline St Apt #61
San Diego, CA 92115
619-634-3566

**THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

May 7, 2008

<u>BY HAND DELIVERY</u>

The Honorable Judge William Q. Hayes
Referred to: Magistrate Judge Cathy Ann Bencivengo
330 West Broadway, San Diego
CA 92101-3827

Re: McKinney v. Apollo Group Inc., *et al*
Civil Action 07-cv-2373

Dear Judge Hayes,

Enclosed is a courtesy copy of the Plaintiff's Motions, Memorandums of Points and Authorities, and supporting Appendices and appendices that was hand delivered with the Clerk today.

Respectfully,

Chad McKinney, Pro Se

Cc: Snell & Wilmer L.L.P.; Attention of: Nathan W. Hicks

1