1

Chad McKinney
2   Pro Se
6266 Madeline St Apt #61
3   San Diego, CA 92115
619-634-3566
4

NUNC PRO TUNC

MAY −7 2008

**FILED**

MAY − 8 2008

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

5

6   CHAD MCKINNEY, an individual,

7

8

9

10                    Plaintiff,

11

12

13

14   v.

15   APOLLO GROUP INC., UNIVERSITY OF
PHOENIX , a Corporation, MECHELLE
BONILLA, an Enrollment Manager at
16   UNIVERSITY OF PHOENIX, KYAN
FLYNN, Director of Enrollment at
17   UNIVERSITY OF PHOENIX, APRIL
ALCORN, an Employee Relations
18   Consultant at UNIVERSITY OF PHOENIX
CARLYN LINDSTEN, Associate Director of
19   Enrollment at UNIVERSITY OF PHOENIX

20

21

22

23                    Defendants

24

)  CIV. Case No.07-cv-2373
)
)  FOR VIOLATION OF FEDERAL
)  FALSE CLAIMS ACT AND FOR
)  VIOLATION OF THE
)  THE CIVIL RIGHTS ACT 1964 AND
)   THE AMENDMENTS TO TITLE
)  VII OF THE CIVIL RIGHTS ACT OF
)  1991
)
)
)
)  RETALIATION- WRONGFUL
)  TERMINATION &
)  EMPLOYENT DISCRIMINATION
)          CIVIL ACTION
)
)
)  **PLAINTIFF'S MEMORANDUM OF**
)  **POINTS AND AUTHORITIES IN**
)  **SUPPORT OF REPLY TO THE**
)  **UNIVERSITY OF PHOENIX, INC.'S**
)  **OPPOSITION TO PLAINTIFF'S**
)  **MOTION FOR CLERK'S ENTRY OF**
)  **DEFAULT**
)
)  **NO ORAL ARGUMENT, UNLESS**
)  **REQUESTED BY THE COURT**
)  Date:  May 12, 2008
)  Time: 11:00 a.m
)  Courtroom: 4
)  Judge:  Hon. William Q. Hayes
)
)  Demand for Trial by Jury Pursuant
)  to U.S. Constitution, 7th Amendment
)
)  May 7, 2008

1

1

# TABLE OF CONTENTS

2
**Page**

3    I.    INTRODUCTION..................................................................................2

4    II.   THE PLAINTIFF PROPERLY SERVED THE UNIVERSITY OF PHOENIX, INC. IN

5          ACCORDANCE WITH RULE FOUR OF THE FEDERAL RULES OF CIVIL

6          PROCEDURE.....................................................................................3

7    III.  THE CONTENT OF THE SUMMONS SERVED UPON THE UNIVERSITY OF

8          PHOENIX, INC. DOES MEET THE GENERAL REQUIREMENTS OF A SUMMONS

9          DELINEATED BY F.R.C.P. 4(a)............................................................4

10   IV.   UOP WAS GIVEN SUFFICIENT SERVICE OF PROCESS...............................5

11   V.    THE UNIVERSITY OF PHOENIX WAS LISTED AS A SEPARATE ENTITY IN THE

12         PLAINTIFF'S ORIGINAL COMPLAINT FILED WITH THE COURT..................5

13   VI.   THE PLAINTIFF MAY BE AWARDED PUNITIVE DAMAGES...........…..............6

14   VII.  UOP SHOULD NOT BE RELIEVED FROM THE CLERK'S ENTRY OF DEFAULT...8

15   VIII. CONCLUSION..................................................................................9

16

17

18

19

20

21

22

23

24

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**FEDERAL CASES**

4

*Espinoza v. United States,*
    52 F.3d 838, 841 (10th Cir. 1995)...............................................................5, 9

*Smith v. Wade,*
    461 U.S. 30, 56, 103 S.Ct. 1625, 1628, 75 L.Ed.2d 632 (1983)..............................6

*Reynolds v. CSX Transportation, Inc.*
    115 F.3d 860, 869 (11th Cir.1997)..............................................................6

*Splunge v. Shoney's, Inc.,*
    97 F.3d 488, 491 (11th Cir.1996)..............................................................6

*Walters v. City of Atlanta,*
    803 F.2d 1135, 1147 (11th Cir. 1986)..........................................................6

12

13

14

**FEDERAL RULES**

15    Rule 4 of the Federal Rules of Civil Procedure.......................................................3

16    Rule 4(a) of the Federal Rules of Civil Procedure....................................................4

17    Rule 4(m) of the Federal Rules of Civil Procedure..................................................5, 9

18

19

20

21

22

23

24

2

1    **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
      REPLY TO THE UNIVERSITY OF PHOENIX, INC.'S OPPOSITION TO
2    PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT**

3                                           **I.**

4                                    **INTRODUCTION**

5           This case is quite simple.  The Plaintiff was terminated from his employment

6    with the University of Phoenix ("UOP") on July 19th, 2007.  Prior to his termination, the

7    Plaintiff informed the UOP management and the Apollo Group, Inc. Employee Relations

8    Consultant April Alcorn that the San Diego Enrollment Department was in violation of the

9    Higher Education Act, and allowed UOP and the Defendant April Alcorn a reasonable amount

10   of time to cease and desist the company's illegal activity.  Rather than amending their illegal

11   activity, UOP and April Alcorn waited until the Plaintiff was on a suggested leave of absence,

12   and knowingly terminated him without proper warning purposefully ignoring an email by the

13   Plaintiff to the Defendants that stated the purpose of his brief ten day absence from the

14   company and provided a personal contact email address should he need to be reached

15   regarding any further developments in his original complaint filed with the company on June

16   11, 2007 (Please see Exhibit A, dated July 13th, 2007, an email sent by the Plaintiff to April

17   Alcorn, Mechelle Bonilla, and Martin Espinoza which states, "As per our telephone

18   conversation yesterday morning I understood that you would get back to me within twenty-

19   four hours…this is a very serious issue to me and I am extremely stressed out…I appreciate

20   the option of a leave of absence that you had offered me earlier this week…Hopefully upon

21   my return you will have a resolution to my HR issues that I have previously presented to you.

22   If you attain a resolution in the meantime feel free to send it to my personal email account:

23   puddy29@aol.com".  Please see Exhibit B, a letter from the Plaintiff to April Alcorn and other

24

                                                                                                    2

1    interested parties, dated June 11th, 2007, pages one through two, and subsequent Exhibits A1,

2    B1, and C1, listing and supporting the Plaintiff's concerns with UOP, henceforth Apollo

3    Group, Inc.'s negligent disregard and continued overt violation of the Higher Education Act.

4    Please see Exhibit C, dated July 17th, 2007, a letter sent by Fed Express to the Plaintiff by

5    April Alcorn, which states, "Our records indicate that you have not reported to work since

6    Friday, July 13, 2007.  Your failure to report to work has resulted in you being on an

7    unauthorized leave of absence.  Therefore, we expect you will return to work no later than

8    Thursday, July 19, 2007 at your regularly scheduled work time.  Failure to report to work by

9    the designated date will leave us no other alternative but to accept your voluntary resignation."

10   Please see Exhibit D dated July 19th, 2007, a letter sent by Fed Express to the Plaintiff by

11   April Alcorn, which states, "Your failure to report to work has resulted in you being on an

12   unauthorized leave of absence.  A letter was sent to your home on July 17, 2007, expecting

13   you to return to work no later than Thursday, July 19, 2007 at your regularly scheduled work

14   time.  You failed to report to work at the designated date and time.  Consistent with our policy,

15   the Company has chosen to separate your employment effective July 19, 2007."  Please see

16   Exhibit E, dated July 19th, 2007, a letter sent by Fed Express to the Plaintiff by April Alcorn,

17   which states, "Thank you for bringing your workplace concerns to our attention.  The Apollo

18   Group, Inc. is committed to ensuring employees are treated fairly.  Please be advised that the

19   Apollo Group, Inc. has reviewed your concerns and we find no evidence to support any

20   findings of the San Diego Enrollment Department violating Company policies or procedures

21   as outlined by your allegations.")

22          Now the Defendant is alleging that she was never served properly, and so should not

23   have to respond to the Plaintiff's complaint filed with the court on December 19th, 2007.

24

3

1    However, the Plaintiff, because Pro Se and to ensure service was proper, hired Mr. R.T.

2    Hansell a professional service processor, who subcontracted service of process to Steve Ineich

3    (Please see Exhibit F, a sworn affidavit of service by Steve Ineich, A.C.P.S. Process Server

4    registered in Maricopa County, dated February 27th, 2008, and stating that he properly served

5    the Defendant April Alcorn "by leaving ONE true copy(ies) of the above documents

6    [SUMMONS, COMPLAINT & CONVER SHEET] with REBECCA SPRINGFIELD,

7    SECURITY, AUTHORIZED.  WORK: UNIVERSITY OF PHOENIX Described as female,

8    age 50, CAUC, 5ft. 7in. tall, 150 lbs., BROWN eyes, BLACK hair.").  Despite the

9    overwhelming evidence presented by the Plaintiff that service was proper upon all Defendant

10   parties, Nathan Hicks of Snell and Wilmer L.L.P, who is representing all Defendant parties,

11   even though each party falsely claim to be unrelated and unbeknownst of the other parties

12   actions and policies, continues to allege that the Defendants should not be forced to comply

13   with the Federal Rules of Civil Procedure and respond to the Plaintiff's original complaint,

14   thus requesting relief from the courts entry of default judgment against the defendants listed in

15   this case.  The Plaintiff moves the court to uphold its initial decision to enter a default

16   judgment against the Defendant.

17                                                                **II.**

18                         **THE COURT DOES NOT LACK JURISDICTION OVER APRIL ALCORN**

19           Here, the Defendant April Alcorn alleges that "the Plaintiff did not serve Alcorn within

20   the state.  Alcorn did not consent to the Court's jurisdiction nor is she domiciled within

21   California.  Finally, Alcorn does not even come close to requiring the minimum contacts

22   analysis required to demonstrate that the forum state has a sufficient relationship with her to

23   make it reasonable to requires her to defend the current action in California…Accordingly, the

24

                                                                                                                              4

1  Court lacks personal jurisdiction over Alcorn, and the entry of default against her is void and

2  should be set aside." This is not true. AS CALDER V. JONES, 465 U.S. 783 (1984)

3  found...This minimum contact and malicious conduct by the Defendant April Alcorn is

4  demonstrated in Exhibits A through E. Please also see Exhibit G, originally submitted as

5  Exhibit H in the "PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S

6  DOCUMENT ENTITLED: "APOLLO GROUP, INC.'S OPPOSITION TO PLAINTIFF'S

7  MOTION FOR CLERK'S ENTRY OF DEFAULT" which demonstrates that the Defendant

8  April Alcorn conducted daily business operations from her place of employment in Arizona

9  listed with the company at 4615 E. Elwood St., Phoenix, AZ 85040 in direct conjunction with

10  the San Diego Enrollment Departments located at 1230 Columbia St., San Diego, CA 92101

11  and 3890 Murphy Canyon Road, San Diego, CA 92123, Exhibit G is an email correspondence

12  between the Plaintiff's former Enrollment manager at the University of Phoenix; Mechelle

13  Bonilla and Apollo Group, Inc.'s Employee Relations Consultant April Alcorn, which states:

14  "Hi April, I have approached Chad again today, June 7, 2007 to have him sign the final

15  written warning, he has again refused to sign it. Kyan Flynn, my director will be at the

16  campus later today to be of witness to his refusal...Please let me know how to handle the

17  situation from this point forward. Thank you.")

18      The Plaintiff was unable to originally collect unemployment insurance in California

19  due to a direct decision made by the Defendant April Alcorn made to terminate the Plaintiff's

20  employment with the University of Phoenix from her office of employment in Arizona.

21  (Please see Exhibit H, dated the 16th of August, 2007, a letter from the Employment

22  Development Department denying the Plaintiff's ability to collect unemployment insurance,

23  page 1, paragraph 1, of the letter states, "You are not eligible to receive benefits under

24

1    California unemployment insurance code section 1256 beginning 07/15/07...")  The Plaintiff

2    received unemployment benefits after the decision was overturned by the Honorable Catriona

3    M. Miller, Administrative Law Judge.  However, this was not until several months after the

4    plaintiff had been fired from his job in California by April Alcorn in Arizona.  (Please see

5    Exhibit I, dated October 29, 2007, a letter from the California Unemployment Insurance

6    Appeals Board, page 3, paragraph 6, which states, "it is concluded that the claimant was

7    discharged for reasons other than misconduct connected with the most recent work.

8    Accordingly, he is not disqualified for benefits under code section 1256, and the employer's

9    reserve account is subject to benefit charges."

10                                            **III.**

11              **APRIL ALCORN WAS GIVEN SUFFICIENT SERVICE OF PROCESS**

12            Here, the Defendant moves the Court set aside the Clerk's entry of default because the

13    Plaintiff "did not properly serve Alcorn".  This is not correct as is again demonstrated in

14    Exhibit F, a sworn affidavit of service by Steve Ineich, A.C.P.S. Process Server registered in

15    Maricopa County, dated February 27th, 2008, stating that he properly served the Defendant

16    April Alcorn "by leaving ONE true copy(ies) of the above documents [SUMMONS,

17    COMPLAINT & CONVER SHEET] with REBECCA SPRINGFIELD, SECURITY,

18    AUTHORIZED.  WORK: UNIVERSITY OF PHOENIX Described as female, age 50, CAUC,

19    5ft. 7in. tall, 150 lbs., BROWN eyes, BLACK hair."

20

21

22

23

24

1

## IV.

2

## THE PLAINTIFF MAY BE AWARDED PUNITIVE DAMAGES

3      The Defendant claims in its "OPPOSITION TO PLAINTIFF'S MOTION FOR

4  CLERK'S ENTRY OF DEFAULT" that "McKinney may not be awarded punitive damages

5  without a hearing".  Under § 1981, punitive damages may be awarded "when the defendant's

6  conduct is shown to be motivated by evil motive or intent, or when it involves reckless or

7  callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56

8  , 103 S.Ct. 1625, 1628, 75 L.Ed.2d 632 (1983).  To support a punitive damages award, a

9  plaintiff must show that the defendant acted with malice or reckless indifference to the

10  plaintiff's federally protected rights. *Reynolds v. CSX Transportation, Inc.,* 115 F.3d 860, 869

11  (11th Cir.1997). Malice means "an intent to harm" and recklessness means "serious disregard

12  for the consequences of [one's] actions." *Splunge v. Shoney's, Inc.,* 97 F.3d 488, 491 (11th

13  Cir.1996) (quotation omitted). *See also Walters,* 803 F.2d at 1147 (defining the standard as

14  "cynical disregard").  "[T]he imposition of punitive damages in civil rights actions has

15  generally been limited to cases involving egregious conduct or a showing of willfulness or

16  malice on the part of the defendant"); Walters v. City of Atlanta, 803 F.2d 1135, 1147 (11th

17  Cir. 1986).  The defendant's showing of malice is demonstrated by the manner in which the

18  employee was fired (Please again refer to Exhibits A through E and G through I of the

19  "PLAINTIFF'S REPLY TO APRIL ALCORN'S OPPOSITION TO PLAINTIFF'S MOTION

20  FOR CLERK'S ENTRY OF DEFAULT").

21

22

23

24

**V.**

**APRIL ALCORN SHOULD NOT BE RELIEVED FROM THE CLERK'S ENTRY OF**

**DEFAULT**

The Defendant alleges that "(1) the Court does not have personal jurisdiction over

Alcorn; (2) the summons was not properly directed to any entity or individual; (3) McKinney

did not make any reasonable attempts at personal service; (4) McKinney did not mail a copy

of the summons and Complaint to the Individual Defendant; and (4) [5] Alcorn was not made

aware of her involvement in this action until McKinney mailed her a notice of default on

March 26, 2008, there was no reason to believe that Alcorn had been given sufficient service

of process..." The Defendant's justifications presented as reasons 1 through 5 have been

demonstrated by the Plaintiff to be false and inaccurate (Please see Exhibits A through I),

henceforth April Alcorn should not be relieved from the Clerk's entry of default.

Additionally, the Defendant pleads that it "was mistaken" that it had not been given

actual notice. This is not a bona fide legal defense, such as hardship, or any other good or

substantive reason allowed by the Federal Rules of Civil Procedure Finally, although the

Plaintiff believes that according to the law proper service was met, should the Court determine

that service was not proper, the plaintiff hereby requests permission from the Court to amend

the complaint based on Rule 4(m) of the Federal Rule of Civil Procedure:

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

If service of the summons and complaint is not made upon a defendant within 120 days after

the filing of the complaint, the court, upon motion or on its own initiative after notice to the

plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service

be effected within a specified time; provided that if the plaintiff shows good cause for the

1    failure, the court shall extend the time for service for an appropriate period. Under this rule,

2    the court can employ a two-step analysis (*Espinoza v. United States*, 52 F.3d 838, 841 (10th

3    Cir. 1995). First, the plaintiff is entitled to a mandatory extension of time if the plaintiff

4    demonstrates good cause for failing to timely effect service. Second, if the plaintiff fails to

5    show good cause, the court may exercise its discretion and either dismiss the case without

6    prejudice or extend the time for service. *Id.*; *see also* Fed.R.Civ.P. 4 advisory committee notes

7    to the 1993 amendments to subdivision (m) ("The new subdivision . . . authorizes the court to

8    relieve a plaintiff of the consequences of an application of this subdivision even if there is no

9    good cause shown.").

10    WHEREFORE, the Plaintiff moves the court to reject the motion because the

11    Defendant did not show good or substantive cause or hardship or schedule conflicts or any

12    other good reason as to why they could not respond to the original complaint within the

13    allotted time according to the rules of the F.R.C.P. Wherefore the Plaintiff moves the court to

14    reject the Defendant's motion and uphold its entry of default judgment against the Defendant.

15

16    Respectfully submitted,

17

18

19    Chad McKinney
      Pro Se
20    6266 Madeline St Apt #61
      San Diego, CA 92115
21    619-634-3566

22

23

24

# CERTIFICATE OF SERVICE

I, Chad McKinney, hereby certify that on, May 7, 2008, I served copies of the

Plaintiff's Motions, Memorandums of Points and Authorities, and supporting Appendices

to the Court on the following parties by way of United States Postal Service First Class

Priority Mail:

Snell & Wilmer L.L.P.
Attention of: Nathan W. Hicks
600 Anton Boulevard, Suite 1400.
Costa Mesa, CA 92626

5/07/08
_____
Date

_____
Chad McKinney

The United States District Court Southern District of California

Chad McKinney
Pro Se
6266 Madeline St Apt #61
San Diego, CA 92115
619-634-3566

**THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

**May 7, 2008**

**<u>BY HAND DELIVERY</u>**

The Honorable Judge William Q. Hayes
Referred to: Magistrate Judge Cathy Ann Bencivengo
330 West Broadway, San Diego
CA 92101-3827

Re: McKinney v. Apollo Group Inc., *et al*
Civil Action 07-cv-2373

Dear Judge Hayes,

Enclosed is a courtesy copy of the Plaintiff's Motions, Memorandums of Points and Authorities, and supporting Appendices and appendices that was hand delivered with the Clerk today.


Respectfully,

Chad McKinney, Pro Se

Cc: Snell & Wilmer L.L.P.; Attention of: Nathan W. Hicks

1

# EXHIBIT A

1  Chad McKinney
   Pro Se
2  6266 Madeline St Apt #61
   San Diego, CA 92115
3  619-634-3566

4  **THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

5      CHAD MCKINNEY, an individual,

   )  CIV. Case No.07-cv-2373
   )
   )  FOR VIOLATION OF FEDERAL
6   )  FALSE CLAIMS ACT AND FOR
   )  VIOLATION OF THE
7   )  THE CIVIL RIGHTS ACT 1964 AND
   )  THE AMENDMENTS TO TITLE
8   )  VII OF THE CIVIL RIGHTS ACT OF
   )  1991
9   )
        Plaintiff,   )
10   )
   )
11   )  RETALIATION- WRONGFUL
   )  TERMINATION &
12   )  EMPLOYENT DISCRIMINATION
   )      CIVIL ACTION
13   )
   )
14  v.  )
   )  **Declaration of R.T. Hansell in Support of**
15 APOLLO GROUP INC., UNIVERSITY OF ) **Plaintiff's Motion for Default Judgment**
   )
16 PHOENIX , a Corporation, MECHELLE ) Date:  April 7, 2008
 BONILLA, an Enrollment Manager at ) Time:  11:00 a.m.
 UNIVERSITY OF PHOENIX, KYAN ) Courtroom:  4
17 FLYNN, Director of Enrollment at ) Judge:  Hon. William Q. Hayes
 UNIVERSITY OF PHOENIX, APRIL )
18 ALCORN, an Employee Relations ) Demand for Trial by Jury Pursuant
 Consultant at UNIVERSITY OF PHOENIX ) to U.S. Constitution, 7th Amendment
19 CARLYN LINDSTEN, Associate Director of )
 Enrollment at UNIVERSITY OF PHOENIX )
20   )  March 27, 2008
   )
21       Defendants  )

22

23

24

1

## DECLARATION OF R.T. HANSELL IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

I, Bob Hansell, declare as follows:

    1.    I am over the age of 18. I am currently employed as a County Process Server at San Diego Service of Process, LLC in the city of San Diego. On January 31, 2008, I was, and currently am, bonded and registered in and for the County of San Diego.

    2.    On the 31st of January, 2008, according to Federal Rules of Civil Procedure 4(e)(1) I properly served Apollo Group, Inc., and the University of Phoenix.

    3.    At the time of service, Ellen Bowens declared herself to be an Administrator and the only person available. Ellen Bowens, who is actually an Operations Manager for the University of Phoenix, a wholly owned subsidiary of Apollo Group, Inc. refused to cooperate and produce the defendant employees for personal service, or any other person to accept for the defendant companies. Substitute service was then effected.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 24, 2008

        R.T. Hansell, RPS #351

**EXHIBIT B**

## Chad McKinney

---

**From:**    Chad McKinney
**Sent:**    Friday, July 13, 2007 6:04 PM
**To:**    April Alcorn
**Cc:**    Mechelle Bonilla; Chad McKinney; Martin Espinoza
**Subject:** HR Issue

Dear April,

   As per our telephone conversation yesterday morning I understood that you would get back to me within twenty-four hours.  I understand that unforeseen dilemmas or events may have arisen on your end preventing this from occurring.  However, this is a very serious issue to me and I am extremely stressed out.  I appreciate the option of a leave of absence that you had offered me earlier this week.  Rather, I will take the next 10 days as vacation non-paid as I now have personal issues that I need to attend to.  Hopefully upon my return you will have a resolution to my HR issues that I have previously presented to you.  If you attain a resolution in the meantime feel free to send it to my personal email account: puddy29@aol.com

Thank you,


## Chad McKinney, Educational Counselor

**University of Phoenix | Axia College of University of Phoenix**

**San Diego Campus | 3890 Murphy Canyon Road |**

**San Diego, CA 92123**

**phone (858) 576-1287 ext. 34505 fax (858) 966-1196**

**email: Chad.Mckinney@phoenix.edu**

**"Do not go where the path may lead, go instead where there is no path, and leave a trail."**

**~Ralph Waldo Emerson**


7/13/2007

**EXHIBIT C**



## APOLLO GROUP, INC.

UNIVERSITY OF PHOENIX
INSTITUTE FOR PROFESSIONAL DEVELOPMENT
COLLEGE FOR FINANCIAL PLANNING
WESTERN INTERNATIONAL UNIVERSITY

July 17, 2007

Chad McKinney
6266 Madeline St. #61
San Diego, CA  92115

Dear Mr. McKinney,

Our records indicate that you have not reported to work since Friday, July 13, 2007.  Your failure to report to work has resulted in you being on an unauthorized leave of absence.  Therefore, we expect you will return to work no later than Thursday, July 19, 2007 at your regularly scheduled work time.  Failure to report to work by the designated date will leave us no other alternative but to accept your voluntary resignation.

If you have any questions, please do not hesitate to contact me at (480) 557-1086.

Sincerely,

April Alcorn
Employee Relations Consultant
Apollo Group, Inc.

**EXHIBIT D**



# APOLLO GROUP, INC.

UNIVERSITY OF PHOENIX
INSTITUTE FOR PROFESSIONAL DEVELOPMENT
COLLEGE FOR FINANCIAL PLANNING
WESTERN INTERNATIONAL UNIVERSITY

July 19, 2007

Chad McKinney
6266 Madeline St. #61
San Diego, CA 92115

Dear Mr. McKinney,

Our records indicate that you have not reported to work since July 13, 2007. Your failure to report to work has resulted in you being on an unauthorized leave of absence. A letter was sent to your home on July 17, 2007, expecting you to return to work no later than Thursday, July 19, 2007 at your regularly scheduled work time.

You failed to report to work at the designated date and time. Consistent with our policy, the Company has chosen to separate your employment effective July 19, 2007.

If you have any questions, please do not hesitate to contact me at (480) 557-1086.

Sincerely,

April Alcorn
Employee Relations Consultant
Apollo Group, Inc.

**EXHIBIT E**



# APOLLO GROUP, INC.

UNIVERSITY OF PHOENIX
INSTITUTE FOR PROFESSIONAL DEVELOPMENT
COLLEGE FOR FINANCIAL PLANNING
WESTERN INTERNATIONAL UNIVERSITY

July 19, 2007

Chad McKinney
6266 Madeline St. #61
San Diego, CA 92115

Dear Mr. McKinney,

Thank you for bringing your workplace concerns to our attention. The Apollo Group, Inc. is committed to ensuring employees are treated fairly. Please be advised that the Apollo Group, Inc. has reviewed your concerns and we find no evidence to support any findings of the San Diego Enrollment Department violating Company policies or procedures as outlined by your allegations. In the event that you have any questions or concerns relating to this situation, please feel free to contact me at (480) 557-1086.

Sincerely,

April Alcorn
Employee Relations Consultant
Apollo Group, Inc.

**EXHIBIT F**

EMPLOYMENT DEVELOPMENT DEPT
ORANGE COUNTY ADJUDICATION CTR
P.O. BOX 66000
ANAHEIM          CA 92816



**N O T I C E    O F    D E T E R M I N A T I O N / R U L I N G**

DATE MAILED          08/16/07
BENEFIT YEAR BEGAN 07/15/07

C D MCKINNEY                0060
6266 MADELINE ST APT61
SAN DIEGO          CA 92115

EDD TELEPHONE NUMBERS:
ENGLISH          1-800-300-5616
SPANISH          1-800-326-8937
CANTONESE        1-800-547-3506
MANDARIN         1-866-303-0706
VIETNAMESE       1-800-547-2058
TTY              1-800-815-9387

SSA NUMBER          321 84 8805

YOU ARE NOT ELIGIBLE TO RECEIVE BENEFITS UNDER CALIFORNIA UNEMPLOYMENT
INSURANCE CODE SECTION 1256 BEGINNING 07/15/07 AND CONTINUING UNTIL YOU
RETURN TO WORK AFTER THE DISQUALIFYING ACT AND EARN $1725.00 OR MORE IN
BONA FIDE EMPLOYMENT, AND YOU CONTACT THE ABOVE OFFICE TO REOPEN YOUR
CLAIM.

YOU WERE DISCHARGED FROM YOUR LAST JOB WITH APOLLO GROUP INC BECAUSE YOU
WERE ABSENT WITHOUT PERMISSION.  AFTER CONSIDERING THE AVAILABLE
INFORMATION,  THE DEPARTMENT FINDS THAT YOU DO NOT MEET THE LEGAL
REQUIREMENTS FOR PAYMENT OF BENEFITS.  SECTION 1256 PROVIDES - AN
INDIVIDUAL IS DISQUALIFIED IF THE DEPARTMENT FINDS HE VOLUNTARILY QUIT HIS
MOST RECENT WORK WITHOUT GOOD CAUSE OR WAS DISCHARGED FOR MISCONDUCT FROM
HIS MOST RECENT WORK.  SECTION 1260A PROVIDES - AN INDIVIDUAL DISQUALIFIED
UNDER SECTION 1256 IS DISQUALIFIED UNTIL HE/SHE, SUBSEQUENT TO THE
DISQUALIFYING ACT, PERFORMS SERVICES IN BONA FIDE EMPLOYMENT FOR WHICH
HE/SHE RECEIVES REMUNERATION EQUAL TO OR IN EXCESS OF FIVE TIMES HIS OR HER
WEEKLY BENEFIT AMOUNT.

YOU ARE NOT ELIGIBLE TO RECEIVE BENEFITS UNDER CALIFORNIA UNEMPLOYMENT
INSURANCE CODE SECTION 1253C BEGINNING 07/15/07 AND ENDING 07/28/07   (02
WEEKS).

YOU HAVE PLACED LIMITS ON YOUR WORK BECAUSE YOU ARE ON VACATION OR LEAVE OF
ABSENCE.  AFTER CONSIDERING AVAILABLE INFORMATION, THE DEPARTMENT FINDS
THAT YOU DO NOT MEET THE LEGAL REQUIREMENTS FOR PAYMENT OF BENEFITS.
SECTION 1253C PROVIDES - AN INDIVIDUAL IS ELIGIBLE FOR BENEFITS IN A WEEK
ONLY IF THE DEPARTMENT FINDS HE WAS ABLE TO WORK AND AVAILABLE FOR WORK.

YOU ARE NOT ELIGIBLE TO RECEIVE BENEFITS UNDER CALIFORNIA UNEMPLOYMENT
INSURANCE CODE SECTION 1253E BEGINNING 07/15/07 AND ENDING 07/21/07   (01
WEEKS).

**EDD** Employment
Development
Department
State of California

YOU DID NOT LOOK FOR WORK FROM 07/15/07 TO 07/21/07.  SECTION 1253E
PROVIDES - AN INDIVIDUAL IS ELIGIBLE FOR BENEFITS IN A WEEK ONLY IF THE
DEPARTMENT FINDS HE HAS SOUGHT WORK AS DIRECTED BY THE DEPARTMENT.

APPEAL:

YOU HAVE THE RIGHT TO FILE AN APPEAL IF YOU DO NOT AGREE WITH ALL OR PART
OF THIS DECISION.

TO APPEAL, YOU MUST DO ALL OF THE FOLLOWING:

A. COMPLETE THE ENCLOSED APPEAL FORM (DE1000M) OR WRITE A LETTER STATING
THAT YOU WANT TO APPEAL THIS DECISION.  IF YOU WRITE A LETTER TO APPEAL,
EXPLAIN THE REASON WHY YOU DO NOT AGREE WITH THE DEPARTMENT'S DECISION.
WRITE YOUR SOCIAL SECURITY NUMBER ON EACH DOCUMENT YOU SUBMIT TO THE
DEPARTMENT.  (TITLE 22, CALIFORNIA CODE OF REGULATIONS (CCR), SECTION
5008).

B. MAIL THE DE1000M OR YOUR LETTER TO THE ADDRESS OF THE OFFICE LISTED ON
THE FIRST PAGE OF THIS DECISION.

C.  FILE YOUR APPEAL WITHIN TWENTY (20) DAYS OF THE MAIL DATE OF THIS
NOTICE OR NO LATER THAN 09/05/07.

YOUR HANDBOOK, "A GUIDE TO BENEFITS AND EMPLOYMENT SERVICES", GIVES MORE
INFORMATION ABOUT APPEALS. IF YOU DO NOT HAVE A HANDBOOK, CONTACT THE
OFFICE LISTED ON THE FIRST PAGE OF THIS NOTICE.

APPEAL INFORMATION:

WHEN YOUR APPEAL IS RECEIVED, YOUR CASE WILL BE REVIEWED. IF THE DECISION
REMAINS THE SAME, WE WILL SEND YOUR APPEAL TO THE OFFICE OF APPEALS. IF YOU
APPEAL AFTER THE 20 DAYS, YOU MUST INCLUDE THE REASON FOR THE DELAY. THE
ADMINISTRATIVE LAW JUDGE WILL DETERMINE WHETHER YOU HAD GOOD CAUSE FOR THE
DELAY.  IF THE ADMINISTRATIVE LAW JUDGE DETERMINES YOU DID NOT HAVE GOOD
CAUSE FOR SUBMITTING YOUR APPEAL LATE, YOUR APPEAL WILL BE DISMISSED.

THE OFFICE OF APPEALS WILL SEND YOU A LETTER WITH THE DATE, PLACE, AND TIME
OF YOUR HEARING AND A PAMPHLET EXPLAINING APPEAL HEARING PROCEDURES.  AT
THE HEARING, THE ADMINISTRATIVE LAW JUDGE WILL LISTEN TO YOU, EXAMINE THE
FACTS, AND MAKE A DECISION. YOU MAY HAVE A REPRESENTATIVE OR SOMEONE ELSE
HELP YOU.

IF YOU ARE CLAIMING CONTINUING BENEFITS:

WHILE YOU WAIT FOR THE ADMINISTRATIVE LAW JUDGE'S DECISION, YOU MUST
CONTINUE TO MAIL YOUR CLAIM FORMS TO THE EDD. IF YOU DO NOT RECEIVE CLAIM
FORMS OR A FORM FROM THE OFFICE OF APPEALS, CONTACT THE OFFICE LISTED ON
THE FIRST PAGE OF THIS NOTICE. IF THE ADMINISTRATIVE LAW JUDGE DECIDES YOU
ARE ELIGIBLE FOR BENEFITS; WE CAN ONLY PAY BENEFITS IF CLAIM FORMS WERE
RECEIVED FOR THAT WEEK.

OTHER SERVICES:  CONTACT EDD FOR INFORMATION ABOUT (1) JOB REFERRALS,
(2) DISABILITY INSURANCE, (3) OTHER EDD SERVICES (4) SERVICES OFFERED BY

**EXHIBIT G**

Case Number: **2190645**

CHAD D MCKINNEY
6266 MADELINE ST APT61
SAN DIEGO, CA 92115-0000

CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD



**SAN DIEGO OFFICE OF APPEALS**          (619) 521-3300
3517 Camino Del Rio South, #310
SAN DIEGO CA 92108

---

CHAD D MCKINNEY
  SSN: 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
  Claimant-Appellant

APOLLO GROUP, INC.
  c/o CORPORATE COST CONTROL INC
  Account No: 280-0427
  Employer

Case No. **2190645**

Issue(s): 1030/32, 1256

Date Appeal Filed: 08/22/2007

EDD: 0060   BYB: 07/15/2007

---

**Date and Place of Hearing(s):**          **Parties Appearing:**
(1)  10/16/2007    San Diego                Claimant

---

# DECISION

The decision in the above-captioned case appears on the following page(s).

The decision is final unless appealed within 20 calendar days from the date of mailing shown below. See the attached "Notice to Parties" for further information on how to file an appeal. If you are entitled to benefits and have a question regarding the payment of benefits, call EDD at 1-800-300-5616.

Catriona M. Miller, Administrative Law Judge

Date Mailed:  OCT 2 9 2007

**Case No.: 2190645**                     **San Diego Office of Appeals**
CLT/PET:  Chad D. McKinney             ALJ:  Catriona M. Miller
Parties Appearing:  Claimant
Parties Appearing by Written Statement:  None

---

### REV

## ISSUE STATEMENT

The claimant appealed from a determination disqualifying the claimant for unemployment benefits under Unemployment Insurance Code section 1256. A ruling held the employer's reserve account was not subject to charges. The issue in this case is whether the claimant was discharged for misconduct connected with the most recent work.

## STATEMENT OF FACTS

The claimant was most recently employed as an educational counselor for about 11 months, last earning approximately $35,000 per year.  He last worked on July 13, 2007, and was discharged under the following circumstances.

During the claimant's last day of work, he was offered a leave of absence, due to stress relating to an allegedly hostile work environment.  The claimant indicated that he would consider that option.  The claimant notified his employer on July 13, 2007, that he would be taking a 10 day leave of absence, and returning to work July 26, 2007.  He received no reply from his employer, and was not told that he would be fired if he took the leave of absence.  The claimant provided a personal e-mail contact in case of any questions.  The claimant received no e-mails from the employer.

The claimant went out of town during his leave of absence.  When he returned on July 23, 2007, he received two Fed-EX letters, dated July 17 and July 19, 2007, indicating that the claimant was on an unauthorized leave of absence, and notifying the claimant that he had been terminated from employment.  The claimant felt that the termination was retaliatory against the claimant for alleging a hostile work environment.  Accordingly, he had no further communication with the employer.

The claimant had no prior warnings for the same or similar conduct.  The employer protest letter indicated that the claimant failed to return to work following a leave of absence, but in its July 19, 2007 termination letter, indicated that the claimant was never given permission to be on a leave of absence.

## REASONS FOR DECISION

An individual is disqualified for benefits if he or she has been discharged for misconduct connected with his or her most recent work. (Unemployment Insurance Code, section 1256.)

The employer's reserve account may be relieved of benefit charges if the claimant was discharged for misconduct. (Unemployment Insurance Code, sections 1030 and 1032.)

"Misconduct connected with the work" is a substantial breach by the claimant of an important duty or obligation owed the employer, wilful or wanton in character, and tending to injure the employer. (Precedent Decision P-B-3, citing *Maywood Glass Co. v. Stewart* (1959) 170 Cal.App.2d 719.)

On the other hand, mere inefficiency, unsatisfactory conduct, poor performance as the result of inability or incapacity, isolated instances of ordinary negligence or inadvertence, or good faith errors in judgment or discretion are not misconduct.

The employer has the burden of proving misconduct. (*Prescod v. California Unemployment Insurance Appeals Board* (1976) 57 Cal.App.3d 29.)

In this case, the weight of the evidence indicated that the claimant believed he was on an authorized leave of absence. Given the lack of prior warning, and the lack of communication from the employer to the claimant regarding the leave of absence, it is concluded that the claimant was discharged for reasons other than misconduct connected with the most recent work. Accordingly, he is not disqualified for benefits under code section 1256, and the employer's reserve account is subject to benefit charges.

## DECISION

The department determination and ruling are reversed. The claimant is not disqualified for benefits under code section 1256. Benefits are payable, provided the claimant is otherwise eligible. The employer's reserve account is subject to benefit charges.

PAS: pm

2190645-2                                    3

CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD



**SAN DIEGO OFFICE OF APPEALS**
3517 Camino Del Rio South, #310
SAN DIEGO CA 92108

**(619) 521-3300**

| | |
|---|---|
| CHAD D MCKINNEY<br>SSN: 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<br>Claimant-Appellant | Case No. **2190646**<br><br>Issue(s): 1253(c), 1253(e)<br><br>Date Appeal Filed: 08/22/2007<br><br><br>EDD:  0060   BYB:  07/15/2007 |

**Date and Place of Hearing(s):**
(1)  10/16/2007    San Diego

**Parties Appearing:**
Claimant

---

# DECISION

The decision in the above-captioned case appears on the following page(s).

The decision is final unless appealed within 20 calendar days from the date of mailing shown below.  See the attached "Notice to Parties" for further information on how to file an appeal. If you are entitled to benefits and have a question regarding the payment of benefits, call EDD at 1-800-300-5616.

Catriona M. Miller, Administrative Law Judge

Date Mailed: OCT 2 9 2007

**Case No.: 2190646**
CLT/PET:  Chad D. McKinney
Parties Appearing:  Claimant
Parties Appearing by Written Statement:  None

**San Diego Office of Appeals**
ALJ:  Catriona M. Miller

---

## ISSUE STATEMENT

The claimant appealed from a determination that held the claimant not eligible for benefits under Unemployment Insurance Code section 1253(e) for the week ending July 21, 2007 and not eligible for benefits under code section 1253(c) for the two weeks ending July 28, 2007. The issues in this case are:

(1)    Whether the claimant conducted a search for suitable work in accordance with the department's reasonable instructions; and

(2)    Whether the claimant was able and available for work.

## STATEMENT OF FACTS

The claimant was most recently employed as an educational counselor for about 11 months, last earning approximately $35,000 per year.  He last worked on July 13, 2007, and was discharged under the following circumstances.

During the claimant's last day of work, he was offered a leave of absence, due to stress relating to an allegedly hostile work environment.  The claimant indicated that he would consider that option.  The claimant notified his employer on July 13, 2007, that he would be taking a 10 day leave of absence, and returning to work July 26, 2007.  He received no reply from his employer, and was not told that he would be fired if he took the leave of absence.  The claimant provided a personal e-mail contact in case of any questions.  The claimant received no e-mails from the employer.

The claimant went out of town during his leave of absence.  When he returned on July 23, 2007, he received two Fed-EX letters, dated July 17 and July 19, 2007, indicating that the claimant was on an unauthorized leave of absence, and notifying the claimant that he had been terminated from employment.  The claimant felt that the termination was retaliatory against the claimant for alleging a hostile work environment.  Accordingly, he had no further communication with the employer.

The claimant had no prior warnings for the same or similar conduct.  The employer protest letter indicated that the claimant failed to return to work

following a leave of absence, but in its July 19, 2007 termination letter, indicated that the claimant was never given permission to be on a leave of absence.

The claimant filed a claim for unemployment insurance benefits on July 24, 2007. He was able to work that week, and ready and willing to accept immediate full-time employment. He told the department that he last worked on July 13, 2007, so his claim effective date was July 15, 2007. The claimant did not look for work during the week ending July 21, 2007, as he believed he was still employed during that week. Likewise, he was not able and available for employment that week, as he was already on a leave of absence, and so believed he was employed.

## REASONS FOR DECISION

A claimant is eligible to receive benefits with respect to any week only if he or she conducted a search for suitable work in accordance with specific and reasonable instructions of a public employment office. (Unemployment Insurance Code, section 1253(e).)

A claimant is eligible to receive benefits with respect to any week only if the claimant was able to work and available for work for that week. (Unemployment Insurance Code, section 1253(c).)

The term "able to work" requires only that a claimant be physically able to seek, obtain and perform services in gainful employment. (Precedent Decision P-B-180.)

In *Sanchez v. California Unemployment Insurance Appeals Board* (1977) 20 Cal.3d 55, the California Supreme Court held that availability for work within the meaning of section 1253(c) of the Unemployment Insurance Code "requires no more than (1) that an individual claimant be willing to accept suitable work which he has no good cause for refusing and (2) that the claimant thereby make himself available to a substantial field of employment."

In this case, because the claimant did not look for work during the week ending July 21, 2007, he is not eligible for benefits under code section 1253(e) for that week. Because he was not able and available for that week, he is also ineligible for benefits under code section 1253(c) for that week. However, because the claimant was physically able to work, and was ready and willing to accept immediate full-time employment during the week ending July 28, 2007, he is not ineligible for benefits under code section 1253(c) for that week.

2190646-2                                              3

## DECISION

The department determination is modified.  The claimant is ineligible for benefits
under code section 1253(e) and 1253(c) for the week ending July 21, 2007.
Benefits are denied for that week.  The claimant is not ineligible for benefits
under code section 1253(c) for the week ending July 28, 2007.  Benefits are
payable for that week, provided the claimant is otherwise eligible.


PAS: pm

2190646-2                                    4

**CALIFORNIA UNEMPLOYMENT
INSURANCE APPEALS BOARD**

C·U·I·A·B

## NOTICE TO PARTIES

**Board Appeal**
If the enclosed decision is unfavorable, you may appeal it to the California Unemployment Insurance
Appeals Board. The board generally will decide the case based on the record of the hearing before
the administrative law judge, without a new hearing.

Send your board appeal in writing. You **must** include your name and address, the name and social
security number of any claimant who is a party, and your account number if you are an employer. If
a representative files your board appeal, it must include the representative's name and address. You
**may** include other information such as your telephone and fax numbers, your e-mail address, the case
number of the administrative law judge's decision, and a brief statement of your reasons.

Sending a timely board appeal is the only requirement to obtain a board review and decision in your
case. You may also request a copy of the record, submit written argument, or apply to submit more
evidence. If you do so, it may take more time to process your case. We will send you information
about these additional procedures upon request or if a board appeal is filed.

**New Hearing Request**
If the enclosed decision is unfavorable, **and you did not appear in a hearing, or you withdrew your
appeal,** you may request a new hearing and decision in your case. You **must** make your request, and
specify your reasons, in writing. If warranted by your request, a hearing will be scheduled before an
administrative law judge who will decide whether there is good cause to grant your request.

**Deadline and Address**
You **must** send your board appeal or new hearing request **within 20 calendar days** after the enclosed
decision was sent to you. Send it to:

> CUIAB – San Diego Office of Appeals
> 3517 Camino Del Rio South, #310
> San Diego, CA 92108-4027
> Phone: (619) 521-3300 Fax: (619) 521-3334

If you miss the deadline, you **must** include the reasons for your delay. A late board appeal or new
hearing request will be dismissed or denied unless good cause is found for the delay.

**Claim Forms**
If you are the claimant and you are still unemployed or disabled, you **must** file claim forms while
your case is pending as required by EDD. If you do not have claim forms, contact EDD.

**Governing Procedure**
This notice gives general information. The governing procedure is in the rules of the California
Unemployment Insurance Appeals Board, Title 22, California Code of Regulations, Sections 5000-
5200, available on the Internet at http://ccr.oal.ca.gov, or from the Office of Appeals without charge.

-Versión en español en el dorso-