1

Chad McKinney

2  Pro Se

6266 Madeline St Apt #61

3  San Diego, CA 92115

619-634-3566

NUNC PRO TUNC

MAY −7 2008

FILED

MAY − 8 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

4

### THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

5

6    CHAD MCKINNEY, an individual,

7

8

9

10                Plaintiff,

11

12

13

14    v.

15    APOLLO GROUP INC., UNIVERSITY OF
PHOENIX , a Corporation, MECHELLE
BONILLA, an Enrollment Manager at

16    UNIVERSITY OF PHOENIX, KYAN
FLYNN, Director of Enrollment at

17    UNIVERSITY OF PHOENIX, APRIL
ALCORN, an Employee Relations

18    Consultant at UNIVERSITY OF PHOENIX
CARLYN LINDSTEN, Associate Director of

19    Enrollment at UNIVERSITY OF PHOENIX

20

21

22

23                Defendants

24

)    CIV. Case No.07-cv-2373
)
)    FOR VIOLATION OF FEDERAL
)    FALSE CLAIMS ACT AND FOR
)    VIOLATION OF THE
)    THE CIVIL RIGHTS ACT 1964 AND
)     THE AMENDMENTS TO TITLE
)    VII OF THE CIVIL RIGHTS ACT OF
)    1991
)
)
)
)     RETALIATION- WRONGFUL
)    TERMINATION &
)    EMPLOYENT DISCRIMINATION
)         CIVIL ACTION
)
)
)    **PLAINTIFF'S REPLY TO**
)    **THE DEFENDANT'S "NOTICE OF**
)    **MOTION AND MOTION TO SET**
)    **ASIDE ENTRY OF DEFAULT AGAINST**
)    **THE UNIVERSITY OF PHOENIX, INC."**
)
)    **NO ORAL ARGUMENT, UNLESS**
)    **REQUESTED BY THE COURT**
)
)    Date:  May 12, 2008
)    Time: 11:00 a.m.
)    Courtroom: 4
)    Judge: Hon. William Q. Hayes
)
)     Demand for Trial by Jury Pursuant
)    to U.S. Constitution, 7th Amendment
)
)    May 7, 2008
)

1

1

## TABLE OF CONTENTS

2

**Page**

3    I.    INTRODUCTION………………………………………………………2

4    II.   THE DEFAULT IS NOT VOID SINCE UOP RECEIVED NOTICE OF THE ACTION

5         BEFORE AN ANSWER WAS DUE………………………………………….3

6    III.  THE COURT DOES NOT LACK JURISDICTION OVER UOP SINCE UOP WAS

7         PROPERLY SERVED AND THEREFORE COULD RESPOND BEFORE AN ANSWER

8         WAS DUE…………………………………………………………….3

9    IV.   UOP WAS A PART OF THE PLAINTIFF'S ORIGINAL COMPLAINT…..…………4

10   V.    THE PLAINTIFF DID PLEAD SPECIFIC DAMAGES AND CAN BE AWARDED

11        PUNITIVE DAMAGES………………………………………………….4

12   VI.   UOP SHOULD NOT BE RELIEVED FROM THE DEFAULT………………….....5

13   VII.  CONCLUSION………………………………………………………….6

14

15

16

17

18

19

20

21

22

23

24

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Espinoza v. United States,*
    52 F.3d 838, 841 (10th Cir. 1995)...................................................................5

## FEDERAL RULES

Rule 4(m) of the Federal Rules of Civil Procedure....................................................5

**PLAINTIFF'S REPLY TO THE DEFENDANT'S "NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST THE UNIVERSITY OF PHOENIX, INC."**

**I.**

**INTRODUCTION**

This case is quite simple. The Plaintiff was terminated from his employment with the University of Phoenix ("UOP") on July 19th, 2007. Prior to his termination, the Plaintiff informed the UOP management and Human Resources department that the San Diego Enrollment Department was in violation of the Higher Education Act, and allowed UOP a reasonable amount of time to cease and desist the company's illegal activity. Rather than amending their illegal activity, UOP waited until the Plaintiff was on a leave of absence and terminated him. Now the Defendant is alleging that it was never served properly, and so should not have to respond to the Plaintiff's complaint filed with the court on December 19th, 2007. However, the Plaintiff, because Pro Se and to ensure service was proper, hired Mr. R.T. Hansell a professional service processor. Despite the overwhelming evidence presented by the Plaintiff that service was proper upon all Defendant parties, the Defendant UOP continues to allege that it should not be forced to comply with the Federal Rules of Civil Procedure and respond to the Plaintiff's original complaint, thus requesting relief from the courts entry of default judgment against the defendants listed in this case. The Plaintiff moves the court to uphold its initial decision to enter a default judgment against the Defendant.

## II.

### THE DEFAULT IS NOT VOID SINCE UOP RECEIVED NOTICE OF THE

### ACTION BEFORE AN ANSWER WAS DUE.

The Defendant claims in its "NOTICE OF MOTION AND MOTION TO SET ASIDE

ENTRY OF DEFAULT AGAINST THE UNIVERSITY OF PHOENIX, INC." that (1) "The

Default is void since UOP never received notice of the action before the answer was due."

This is not correct.  The defendant was served at its San Diego office by Mr. Hansell, a

professional service processor.  Mr. Hansell effected substitute service on the 31st of January,

2008 (Please see Exhibit A, entitled "Declaration of R.T. Hansell in Support of Plaintiff's

Motion for Default Judgment"; which states: "At the time of service, Ellen Bowens declared

herself to be an Administrator and the only person available.  Ellen Bowens, who is actually

an Operations Manager for the University of Phoenix, a wholly owned subsidiary of Apollo

Group, Inc. refused to cooperate and produce the defendant employees for personal service, or

any other person to accept for the defendant companies.  Substitute service was then

effected.").

## III.

### THE COURT DOES NOT LACK JURISDICTION OVER UOP SINCE UOP

### WAS PROPERLY SERVED AND THEREFORE COULD RESPOND BEFORE THE

### ANSWER WAS DUE.

The Defendant claims in its "NOTICE OF MOTION AND MOTION TO SET ASIDE

ENTRY OF DEFAULT AGAINST THE UNIVERSITY OF PHOENIX, INC." that (2) "The

Court lacks jurisdiction over UOP since UOP was never properly served and therefore could

not respond before the answer was due."  This is not correct.  Mr. R.T. Hansell, a professional

1   service processor effected substitute service on January 31, 2007.  Please see Exhibit A once

2   again.

3                                              **IV.**

4                **UOP WAS A PART OF THE PLAINTIFF'S ORIGINAL COMPLAINT**

5          The Defendant claims in its "NOTICE OF MOTION AND MOTION TO SET ASIDE

6   ENTRY OF DEFAULT AGAINST THE UNIVERSITY OF PHOENIX, INC." that (3) "UOP

7   was never properly added to plaintiff's complaint."  This is not correct as both Apollo and the

8   University of Phoenix were served and listed separately in the original complaint. (Please note

9   the commas between the names). Copies of service to both entities are listed as Exhibit B and

10  Exhibit C respectively.  Even though both entities were served, they act as a single entity.

11

12                                             **V.**

13             **THE PLAINTIFF DID PLEAD SPECIFIC DAMAGES AND CAN BE**

14                       **AWARDED PUNITIVE DAMAGES**

15         The Defendant claims in its "NOTICE OF MOTION AND MOTION TO SET ASIDE

16  ENTRY OF DEFAULT AGAINST THE UNIVERSITY OF PHOENIX, INC." that (4)

17  "Plaintiff did not plead specific damages and cannot be awarded punitive damages."  This is

18  not correct.  The Plaintiff pleaded his specific damages in his original complaint filed with the

19  court on December 19, 2007 (Please see the Plaintiff's "Original Complaint", pages 16-17,

20  which provides an enumerated list of the Plaintiff's claims against the Defendant.)

21

22

23

24

4

# VI.

## <u>UOP SHOULD NOT BE RELIEVED FROM THE DEFAULT</u>

The Defendant claims in its "NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST THE UNIVERSITY OF PHOENIX, INC." that (5) "UOP reasonably believed, but was mistaken, that it had not been given actual notice or was properly served so that it should be relieved from the Default." This is also not correct. The Defendant admits that it "was mistaken", however; this is not a bona fide legal defense, such as hardship, or any other good or substantive reason allowed by the Federal Rules of Civil Procedure.

Finally, although the Plaintiff believes that according to the law proper service was met, should the Court determine that service was not proper, the plaintiff hereby requests permission from the Court to amend the complaint based on Rule 4(m) of the Federal Rule of Civil Procedure:

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:
If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. Under this rule, the court can employ a two-step analysis (*Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). First, the plaintiff is entitled to a mandatory extension of time if the plaintiff demonstrates good cause for failing to timely effect service. Second, if the plaintiff fails to

1   show good cause, the court may exercise its discretion and either dismiss the case without

2   prejudice or extend the time for service. *Id.*; *see also* Fed.R.Civ.P. 4 advisory committee notes

3   to the 1993 amendments to subdivision (m) ("The new subdivision . . . authorizes the court to

4   relieve a plaintiff of the consequences of an application of this subdivision even if there is no

5   good cause shown.").

6   **VII.**

7   **CONCLUSION**

8        WHEREFORE, the Plaintiff moves the court to reject the Defendant's motion because

9   the Defendant did not show good or substantive cause or hardship or schedule conflicts or any

10   other good reason as to why they could not respond to the original complaint within the

11   allotted time according to the rules of the F.R.C.P.

13   Respectfully submitted,

16   Chad McKinney
      Pro Se

17   6266 Madeline St Apt #61
      San Diego, CA 92115

18   619-634-3566

# CERTIFICATE OF SERVICE

I, Chad McKinney, hereby certify that on, May 7, 2008, I served copies of the

Plaintiff's Motions, Memorandums of Points and Authorities, and supporting Appendices

to the Court on the following parties by way of United States Postal Service First Class

Priority Mail:

Snell & Wilmer L.L.P.
Attention of: Nathan W. Hicks
600 Anton Boulevard, Suite 1400.
Costa Mesa, CA 92626

_____          _____
Date                         Chad McKinney

The United States District Court Southern District of California

1

Chad McKinney
2   Pro Se
6266 Madeline St Apt #61
3   San Diego, CA 92115
619-634-3566

4

**THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

5

6

**May 7, 2008**

7

**BY HAND DELIVERY**

8

9   The Honorable Judge William Q. Hayes
Referred to: Magistrate Judge Cathy Ann Bencivengo
10   330 West Broadway, San Diego
CA 92101-3827

11

12   Re: McKinney v. Apollo Group Inc., *et al*
Civil Action 07-cv-2373

13

14   Dear Judge Hayes,

15   Enclosed is a courtesy copy of the Plaintiff's Motions, Memorandums of Points and Authorities, and
supporting Appendices and appendices that was hand delivered with the Clerk today.

16

17

Respectfully,

18

19   Chad McKinney Pro Se

20

Cc: Snell & Wilmer L.L.P.; Attention of: Nathan W. Hicks

21

22

23

24

1