FILED
08 MAY 22 PM 2:45
CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY: [illegible]

NUNC PRO TUNC
MAY 20 2008

Chad McKinney
Pro Se
6266 Madeline St Apt #61
San Diego, CA 92115
619-634-3566

**THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

CHAD MCKINNEY, an individual,

Plaintiff,

v.

APOLLO GROUP INC., UNIVERSITY OF PHOENIX , a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employee Relations Consultant at UNIVERSITY OF PHOENIX CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX

Defendants

CIV. Case No.07-cv-2373

FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT AND FOR VIOLATION OF THE THE CIVIL RIGHTS ACT 1964 AND THE AMENDMENTS TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1991

RETALIATION- WRONGFUL TERMINATION & EMPLOYENT DISCRIMINATION CIVIL ACTION

**PLAINTIFF'S REPLY TO DEFENDANT MECHELLE BONILLA, KYAN FLYNN, AND CARLYN LINDSTEN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

***NO ORAL ARGUMENT, UNLESS REQUESTED BY THE COURT***

Date: April 21, 2008
Time: 11:00 a.m.
Courtroom: 4
Judge: Hon. William Q. Hayes

Demand for Trial by Jury Pursuant to U.S. Constitution, 7th Amendment
May 20, 2008

**PLAINTIFF'S REPLY TO DEFENDANT MECHELLE BONILLA, KYAN FLYNN, AND CARLYN LINDSTEN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

## I.

## INTRODUCTION

The Defendants' "Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite Statement and Motion to Set Aside Entry of Default" ("Motion to Dismiss") states that the Court should dismiss the Plaintiff's complaint on the following grounds: "(1) The Court lacks jurisdiction over the Individual Defendants since they were never properly served in this matter; (2) The Complaint fails to state any claims upon which relief may be granted; (3) The Complaint fails to set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (4) The Complaint is so vague and ambiguous so as to require plaintiff to provide a more definite statement." The Plaintiff was forced to attain a copy of the Defendants' Motion to Dismiss by printing his own copy at the Clerk's office (please see Exhibit A, "Notice of "Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for More Definite Statement and Motion to Set Aside Entry of Default" and Exhibit B, "Defendant Mechelle Bonilla, Kyan Flynn, and Carlyn Lindsten's Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for More Definite Statement and Motion to Set Aside Entry of Default".)

## II.

## THE COURT DOES NOT LACK JURISDICTION OVER THE INDIVIDUAL DEFENDANTS SINCE THEY WERE PROPERLY SERVED

The defendants were served at their San Diego office by professional certified service processor Mr. R. T. Hansell. The individual Defendants were properly served, henceforth are subject to the jurisdiction of the Court. Kyan Flynn, Carlyn Lindsten, and Mechelle Bonilla did in fact receive proper service as can be evidenced by Exhibit C (Please see Exhibit C, entitled "Declaration of R.T. Hansell in Support of Plaintiff's Motion for Default Judgment".

**III.**

**THE COMPLAINT DOES STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED**

The Complaint does state claims upon which relief may be granted, and are enumerated as seven causes of action listed on page 16 to page 17, in the section entitled "Legal Claims" of the Plaintiff's Original Complaint.

**IV.**

**THE COMPLAINT DOES SET FORTH A SHORT AND PLAIN STATEMENT OF EACH CLAIM SHOWING THAT THE PLAINTIFF IS ENTITLED TO RELIEF**

The Complaint does set forth a short and plain statement of each claim showing that the Plaintiff is entitled to relief. The defendants' showing of malice is demonstrated by the manner in which the employee was fired (Please see pages 10-16, Statement of facts 19-42, of the Plaintiff's "Original Complaint", filed with the Court on the 19th of December, 2007.

**V.**

**THE COMPLAINT IS NOT VAGUE, AND A MORE DEFINITE STATEMENT IS NOT NEEDED**

The Complaint is not vague, and a more definite statement is not needed. The Original Complaint should be comprehensible to any reasonable person as it describes in detail the

Plaintiff's complaint with the Defendants. This is effectively and comprehensibly communicated in the Plaintiff's Original Complaint, pages 2 through 18, and is listed as the following sections: Statement of the Case; Jurisdiction; Venue; Timeliness of Petition; Parties; Statement of Facts; Legal Claims; Conclusion; and Relief Requested

**VI.**

**CONCLUSION**

Wherefore, the Plaintiff respectfully moves the Court to Reject the Defendants' "Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite Statement" and uphold the Clerk's Entry of a Default Judgment.

Respectfully submitted,

Chad McKinney
Pro Se
6266 Madeline St Apt #61
San Diego, CA 92115
619-634-3566

Chad McKinney
Pro Se
6266 Madeline St Apt #61
San Diego, CA 92115
619-634-3566

**THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAD MCKINNEY, an individual, | CIV. Case No.07-cv-2373 |
| | FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT AND FOR VIOLATION OF THE THE CIVIL RIGHTS ACT 1964 AND THE AMENDMENTS TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1991 |
| Plaintiff, | |
| | RETALIATION- WRONGFUL TERMINATION & EMPLOYENT DISCRIMINATION CIVIL ACTION |
| v. | |
| APOLLO GROUP INC., UNIVERSITY OF PHOENIX , a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employee Relations Consultant at UNIVERSITY OF PHOENIX CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S REPLY TO THE DEFENDANTS MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** |
| | ***NO ORAL ARGUMENT, UNLESS REQUESTED BY THE COURT*** <br> Date: April 21, 2008 <br> Time: 11:00 a.m. <br> Courtroom: 4 <br> Judge: Hon. William Q. Hayes |
| Defendants | Demand for Trial by Jury Pursuant to U.S. Constitution, 7th Amendment <br> May 20, 2008 |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S REPLY TO THE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

**I.**

**SUMMARY OF PLAINTIFF'S COMPLAINT AGAINST THE DEFENDANTS' COUNSEL, NATHAN HICKS**

The Plaintiff, received the "Defendant University of Phoenix, Inc.'s notice of non-opposition to motion to dismiss plaintiff's complaint, or, in the alternative, motion for more definite statement and motion to set aside entry of default (these documents were also sent by the remaining defendant parties). This is not the first time the Plaintiff has not received all of the documentation necessary to successfully defend himself before this honorable Court (Please see previous notification in the ". It is the Plaintiff's Affidavit that he never received the said documents. This may be found in the "PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S DOCUMENT ENTITLED: "APOLLO GROUP, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT", page 2, paragraph 1, which states; "Additionally, the Defendant neglected to send page 8 of the original document entitled, "APOLLO GROUP, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT" to the plaintiff. The plaintiff was forced to go the county clerk's office of the court to confirm a missing page and get a copy of the missing page."

Also of ethical concern is the counsel's blatant disregard for the integrity of the Court. This is evidenced by his recent submittal of the defense's document entitled "PLAINTIFF'S REPLY TO THE UNIVERSITY OF PHOENIX, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT", pages 3 through 4.

The counsel's apparent lack of concern for the Plaintiff's rightfully sworn human right to file a complaint in the United States Federal Court in an honest, competent manner. I have upheld my ability to perform my duty of honesty owed to the Court with the highest of esteem. However, the Plaintiff's ability to represent himself as a proper Pro Se attorney has been obstructed by the Defendants' counsel, Nathan Hicks, of Snell & Wilmer, L.L.P. For further evidence of the counsel's ethical consideration awarded to the Plaintiff as a professional colleague and participant in the pursuit of Justice, please see the Plaintiff's "Notice to the Court" submitted on March 3rd, 2008, which also cites Mr. Hicks, as "mistaken" as he has often cited as a defense, albeit however un bonified it is in the Court of law, the practices by the counsel Mr. Hicks appear to be deceptive, unethical in nature. If the Mr. Hick's culpability and contempt for the Pro Se Plaintiff, and the Court continue, the Plaintiff will deem no other option available, but to report Mr. Hick's unethical behavior to the California Bar Association for review.

It is the Plaintiff's notice to the Court as well, that it is ultimately his responsibility to travel to the Clerk's District Court office to reassert the completeness of documents sent to the Plaintiff by the Defendant, the Plaintiff expresses his deepest regret and apologies to the Honorable William Q. Hayes. The Plaintiff should have properly prepared himself for a deceptive strategy such as this, especially in consideration of the Defendant and the Defendants' attorney's regard and actions towards the equality of the Plaintiff. The Plaintiff throws his merciful plea for honesty and justice regarding his review of the case on May 12, 2008, at 11:00 a.m., to the Hon. William Q. Hayes, of the United States Federal Court. Thank you very much for your time and consideration regarding the aforementioned claims set forth

in this "NOTICE TO THE COURT REGARDING THE DEFENDANTS' COUNSEL, NATHAN HICKS, QUESTIONABLE, AT BEST, ETHICAL PRACTICES"

**II.**

**CONCLUSION**

In consideration of this document, the Plaintiff moves the Court to strike the Defendants' document entitled "DEFENDANT UNIVERSITY OF PHOENIX, INC.'S NOTICE OF NON-OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN TH ALTERNATIVE, MOTION FOR DEFINITE STATEMENT AND MOTION TO SET ASIDE ENTRY OF DEFAULT" and grant the Plaintiff an exception to the F.R.C.P rules of filing timely, and accept this document as an Opposition to the Defendants' aforementioned document.

Respectfully submitted,

Chad McKinney
Pro Se
6266 Madeline St Apt #61
San Diego, CA 92115
619-634-3566

# CERTIFICATE OF SERVICE

I, Chad McKinney, hereby certify that on, May 20, 2008, I served copies of the Plaintiff's Notice, Motion, Memorandums of Points and Authorities, and appendices to the Court and the following parties by way of United States Postal Service First Class Priority Mail:

Snell & Wilmer L.L.P.
Attention of: Nathan W. Hicks
600 Anton Boulevard, Suite 1400.
Costa Mesa, CA 92626

5/20/08
Date

Chad McKinney

The United States District Court Southern District of California

Chad McKinney
Pro Se
6266 Madeline St Apt #61
San Diego, CA 92115
619-634-3566

**THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

**May 20, 2008**

**BY HAND DELIVERY**

The Honorable Judge William Q. Hayes
Referred to: Magistrate Judge Cathy Ann Bencivengo
330 West Broadway, San Diego
CA 92101-3827

Re: McKinney v. Apollo Group Inc., *et al*
Civil Action 07-cv-2373

Dear Judge Hayes,

Enclosed is a courtesy copy of the Plaintiff's Notice, Motions, Memorandums of Points and Authorities, and appendices to the Court. This was hand delivered with the Clerk today.

Respectfully,

Chad McKinney, Pro Se

Cc: Snell & Wilmer L.L.P.; Attention of: Nathan W. Hicks

# EXHIBIT A

Christy D. Joseph (#136785)
cjoseph@swlaw.com
Nathan W. Hicks (#236269)
nhicks@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendants

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF CALIFORNIA

CHAD MCKINNEY, an individual,

Plaintiff,

v.

APOLLO GROUP, INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employees Relations Consultant at UNIVERSITY OF PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX

Defendants

CASE NO. 07-CV-2373 WQH CAB

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

**[FRCP 12(b)(2); 12(b)(5); 12(b)(6); 12(e).]**

**NO ORAL ARGUMENT, UNLESS REQUESTED BY THE COURT**

Date: April 21, 2008
Time: 11:00 a.m.
Courtroom: 4
Judge: Hon. William Q. Hayes

DATE OF FILING: December 19, 2007

\HICKSN\SWDMS\8625669

USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB

NOTICE OF MOTION AND MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

TO PLAINTIFF AND HIS ATTORNEY(S) OF RECORD:

PLEASE TAKE NOTICE that on April 21, 2008 at 11:00 a.m., or as soon thereafter as counsel may be heard by the above entitled Court, located at 940 Front Street, San Diego, California 92101, Courtroom 4, defendants Kyan Flynn, Mechelle Bonilla and Carlyn Lindsten (the "Individual Defendants") will and hereby do move the Court pursuant to Rules 12(b)(2); 12(b)(5); 12(b)6; and 12(e) of the Federal Rules of Civil Procedure ("FRCP") to dismiss plaintiff's complaint with prejudice or in the alternative require a more definite statement.

This motion is brought on the following grounds: (1) The Court lacks jurisdiction over the Individual Defendants since they were never properly served in this matter; (2) The Complaint fails to state any claims upon which relief may be granted; (3) The Complaint fails to set forth a short and plain statement of the claim showing that the [plaintiff] is entitled to relief; and (4) The Complaint is so vague and ambiguous so as to require plaintiff to provide a more definite statement.

This motion is based on this notice of motion and motion, the memorandum of points and authorities, the declarations of Nathan W. Hicks, Kyan Flynn, Mechelle Bonilla and Carlyn Lindsten filed herewith, and supporting exhibit thereto, the Court's files in this matter, all supporting documents, evidence and oral argument before this Court at the time of the hearing, and any other matter properly before the Court.

Date: March 20, 2008

SNELL & WILMER L.L.P.

By: ______________________
Christy Joseph
Nathan W. Hicks
Attorneys for Apollo Group, Inc.

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

\HICKSN\SWDMS\8625669 - 2 - USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB
NOTICE OF MOTION AND MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On March 20, 2008, I served, in the manner indicated below, the foregoing document described as

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNTIVE, MOTION FOR MORE DEFINITE STATEMENT**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

I am employed in the office of a member of the bar of this court at whose direction the service was made.

**Please See Attached Service List**

☐ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐ BY FACSIMILE: (C.C.P. § 1013(e)(f)) and by e-mail

☒ BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 20, 2008, at Costa Mesa, California.

Rudi L. Wilson

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

| | |
|---|---|
| Chad McKinney<br>Pro Se<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115<br>(619) 634-3566 | Plaintiff, Pro Se |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>880 Front Street, Room 4290<br>San Diego, CA 92101-8900<br>(619) 557-5600 | Courtesy Copy |

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

# EXHIBIT B

Christy D. Joseph (#136785)
cjoseph@swlaw.com
Nathan W. Hicks (#236269)
nhicks@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendants

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF CALIFORNIA

CHAD MCKINNEY, an individual,

Plaintiff,

v.

APOLLO GROUP, INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employees Relations Consultant at UNIVERSITY OF PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX

Defendants

CASE NO. 07-CV-2373 WQH CAB

**DEFENDANT MECHELLE BONILLA, KYAN FLYNN AND CARLYN LINDSTEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

**[FRCP 12(b)(2); 12(b)(5); 12(b)(6); 12(e).]**

Date: April 21, 2008
Time: 11:00 a.m.
Courtroom: 4
Judge: Hon. William Q. Hayes

**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

DATE OF FILING: December 19, 2007

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

\HICKSN\SWDMS\8623187
USDC-SOUTHERN DISTRICT CALIFORNIA CASE NO. 07-CV-2373 WQH CAB
MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Case 3:07-cv-02373-WQH-CAB Document 40-2 Filed 03/20/2008 Page 2 of 22

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 2

II. THE COURT LACKS JURISDICTION BECAUSE PLAINTIFF'S SERVICE WAS DEFECTIVE (FRCP 12(b)(2); 12(b)(5)) .......... 4

III. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO PROVIDE A BASIS UPON WHICH RELIEF CAN BE GRANTED .......... 7

A. The Court May Dismiss Patently Defective Complaints .......... 7

B. McKinney's Purported Claim Under the False Claims Act (31 U.S.C. § 3729) Provides No Basis Upon Which Relief Can Be Granted .......... 7

C. McKinney's Purported Claim Under Title VII of the Civil Rights Act of 1964 and amendments to Title VII of the Civil Rights Act of 1991 (42 U.S.C. § 2000e) Provides No Basis Upon Which Relief Can Be Granted .......... 10

D. McKinney's Other Purported Claims Provide No Basis Upon Which Relief Can Be Granted .......... 11

IV. THE COURT SHOULD DISMISS THE COMPLAINT .......... 12

V. THE COURT SHOULD DISMISS WITH PREJUDICE .......... 13

VI. ALTERNATIVELY, THE COURT SHOULD REQUIRE MCKINNEY TO FILE A MORE DEFINITE STATEMENT UNDER FRCP RULE 12(e) .......... 14

VII. CONCLUSION .......... 15

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Barsella v. United States*, 135 F.R.D 64 (S.D.N.Y 1991) .......... 11

*Belle v. Chase Home Finance, LLC*, No. 06CV2454 WQH (LSP), 2007 WL 3232505, at *8 (S.D. Cal. May 22, 2007) .......... 5

*Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) .......... 4

*Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575 (N.D. Cal. 1981) .......... 13

*Conley v. Gibson*, 355 U.S. 41 (1957) .......... 6, 14

*Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987) .......... 11

*Estate of Ford v. Ramierez-Palmer*, 301 F.3d 1043 (9th Cir. 2002) .......... 5

*Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940 (E.D. Cal. 1981) .......... 13

*Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948 (S.D. Cal. 1988) .......... 14

*Graham v. United States*, 79 Fed. Appx. 992, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003) .......... 2, 5

*Hamilton v. Endell*, 981 F. 2d 1062 (9th Cir. 1992) .......... 5

*Hirsh v. Blue Cross, Blue Shield*, 800 F.2d 1474 (9th Cir. 1986) .......... 4

*Holden v. Hagoplan*, 978 F.2d 1115 (9th Cir. 1992) .......... 6

*In re Syntex Corp. Sec's Litig.*, 95 F.3d 922 (9th Cir. 1996) .......... 6

*Jackson v. Hayakawa*, 682 F.2d 1344 (9th Cir. 1982) .......... 5

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

# TABLE OF AUTHORITIES
## (continued)

Page

*Jones v. Cmty. Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984) .......... 11

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) .......... 12

*Miller v. Maxwell's International, Inc.*, 991 F.2d 583 (9th Cir. 1993) .......... 10

*Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671 (9th Cir. 1981) .......... 12

*Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982) .......... 10

*Pejic v. Hughs Helicopters, Inc.*, 840 F.2d 667 (9th Cir. 1988) .......... 10

*Roberston v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984) .......... 6

*Sherman v. Yakahi*, 549 F.2d 1287 (9th Cir. 1977) .......... 11

*Trent v. Valley Elect. Assoc.*, 41 F.3d 524 (9th Cir. 1994) .......... 9

*Usher v. City of Los Angeles*, 828 F.2d 556 (9th Cir. 1987) .......... 6

*Von Poppenheim v. Portland Boxing and Wrestling Commission*, 442 F.2d 1047 (9th Cir. 1971), *cert. denied*, 404 U.S. 1039 (1972) .......... 12

*Western Min. Council v. Watt*, 643 F.2d 618 (9th Cir. 1981) .......... 6

*LSJ Investment Co., Inc. v. O.L.D., Inc.* 167 F. 3d 320, 322-323 (6th Cir. 1999) .......... 6

## STATE CASES

*Sec. Dynamics Techs., Inc. v. Active Card Networks, Inc.*, No. 95-20870SW, 1996 WL 263648, at *1 (N.D. Cal. May 13, 1996) .......... 14

*Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988) .......... 7

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

Case 3:07-cv-02373-WQH-CAB Document 40-2 Filed 03/20/2008 Page 5 of 22

# TABLE OF AUTHORITIES (continued)

Page

*Stafford v. Mach*, 64 Cal. App. 4th 1174, 1182 (1998). ........................................7

## FEDERAL STATUTES

31 U.S.C. § 3730(a) ........................................7

31 U.S.C. § 3730(b) ........................................7, 8

31 U.S.C. § 3730(e) ........................................8

31 U.S.C. § 3730(e)(4) ........................................8

31 U.S.C. 3729 ........................................6, 7

31 U.S.C. 3729(a) ........................................7

42 U.S.C. § 2000e ........................................9

## STATE STATUTES

California Code of Civil Procedure § 415.10 ........................................4

California Code of Civil Procedure § 415.20 ........................................4

California Code of Civil Procedure § 415.30 ........................................4

California Code of Civil Procedure § 415.50 ........................................4

## FEDERAL RULES

Federal Rules of Civil Procedure Rule 12(b)(2) ........................................3, 5

Federal Rules of Civil Procedure Rule 12(b)(5) ........................................3, 5

Federal Rules of Civil Procedure Rule 12(b)(6) ........................................3, 12

Federal Rules of Civil Procedure Rule 12(e) ........................................3, 13

Federal Rules of Civil Procedure Rule 4 ........................................2, 4

Federal Rules of Civil Procedure Rule 4(a) ........................................5

Federal Rules of Civil Procedure Rule 4(e) ........................................2

Federal Rules of Civil Procedure Rule 4(h) ........................................5

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

## TABLE OF AUTHORITIES
(continued)

Page

Federal Rules of Civil Procedure Rule 4(h)(1) .......... 4

Federal Rules of Civil Procedure Rule 8 .......... 3, 11, 13

Federal Rules of Civil Procedure Rule 8(a)(2) .......... 11

Federal Rules of Civil Procedure Rule 8(e)(2) .......... 11

Federal Rules of Civil Procedure Rule 41(b) .......... 12, 13

## OTHER AUTHORITIES

2 James Wm. Moore, et al., Moore's Federal Practice, 12.36[1] (3d ed. 2000) .......... 13

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

Case 3:07-cv-02373-WQH-CAB Document 40-2 Filed 03/20/2008 Page 7 of 22

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

## I.

## INTRODUCTION

Plaintiff Chad McKinney ("McKinney"), a *pro se* litigant, has brought the instant action against Apollo Group, Inc., (erroneously sued as Apollo Group, Inc., University of Phoenix, a Corporation),[1] an Arizona corporation (hereafter, "Apollo"), and four individual defendants.[2] An entry of default was made against Apollo and motions to set aside the entry of default and to dismiss have already been filed.[3] Subsequently, McKinney has submitted proofs of return of service regarding three of the individually named defendants: Mechelle Bonilla, Kyan Flynn and Carlyn Lindsten ("Individual Defendants").[4] McKinney's improper attempts at service and failure to state a claim argued in Apollo's motion are equally applicable to the Individual Defendants and McKinney's claims should be dismissed.

The Court should dismiss the Complaint for three separate reasons. First, McKinney failed to properly serve any the Individual Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure ("FRCP") because McKinney did not properly serve them via personal service, substitute service, mail service or service by publication. Although some procedural rules may be relaxed for *pro se* litigants, all plaintiffs must follow the rules for service of the complaint. *See Graham v. United States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003). This procedural step is important not only

---

[1] McKinney also describes Apollo as "Apollo Group Inc, a.k.a. the University of Phoenix" in his Motion for Entry of Default and supporting memorandum of points and authorities. [Motion for Entry of Default, 2:4-6; MPA In Support of Entry of Default, 2:4-6.]

[2] As of the date this motion was filed, none of the individual defendants have been properly served pursuant to FRCP Rule 4(e).

[3] Apollo filed these motions on March 7, 2008, and they are set to be heard on April 7, 2008, at 11:00 a.m.

[4] As of the date of filing this motion, a proof of return of service has not been filed concerning individually named defendant April Alcorn. However, if one should be filed before the hearing date of this motion, it is requested that the Court consolidate all motions to dismiss in the interest of judicial economy.

to ensure due process, but also for jurisdictional reasons, because absent proper service, a court lacks jurisdiction over the defendant. Accordingly, the Complaint should also be dismissed because the Court lacks personal jurisdiction over the Individual Defendants.

Finally, McKinney's Complaint should be dismissed for failure to state a claim upon which relief can be granted. The caption of McKinney's Complaint states that it is "for violation of Federal False Claims Act and for violation of the Civil Rights Act 1964 and the amendments to Title VII of the Civil Rights Act of 1991-Retliation-Wrongful Termination & Employment Discrimination Civil Action" and lists seven causes of action:

1. Retaliation pursuant to the False Claims Act § 3729;
2. Retaliation under Title VII;
3. Wrongful Termination;
4. False Imprisonment;
5. Intentional Infliction of Emotional Distress;
6. Defamation; and
7. Equal Pay.

The Complaint, however, contains no comprehensible recitation of facts or the basis for any of McKinney's purported claims, nor does it give the Individual Defendants fair notice of their purported acts or omissions, what actions are attributed to what defendants, how the Individual Defendants' conduct damaged McKinney, or even what damage McKinney suffered.

Accordingly, the Individual Defendants bring this motion to dismiss McKinney's Complaint or to quash service of summons pursuant to FRCP Rule 12(b)(5) because the Complaint was improperly served. Individual Defendants also bring this motion to dismiss pursuant to FRCP Rule 12(b)(2) because the Court lacks personal jurisdiction over them as a result of McKinney's insufficient service. Additionally, Individual Defendants bring this motion pursuant to Rule 12(b)(6)

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

\HICKSN\SWDMS\8623187 - 3 - USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB
MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

because the Complaint fails to state a claim upon which relief may be granted and fails to comply with FRCP Rule 8. In the alternative, if the Court declines to dismiss the Complaint for failure to state a claim and either finds that service was proper or quashes service and requires McKinney to re-serve an amended Complaint, the Individual Defendants request that the Court order McKinney to file a more definite statement pursuant to FRCP Rule 12(e).

## II.

## THE COURT LACKS JURISDICTION OVER APOLLO BECAUSE PLAINTIFF'S SERVICE WAS DEFECTIVE (FRCP 12(B)(2); 12(B)(5)).

FRCP Rule 4(e) provides in pertinent part:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, [...] may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located [...]; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

FRCP Rule 4(e); *LSJ Investment Co., Inc. v. O.L.D., Inc.* 167 F. 3d 320, 322-323 (6th Cir. 1999). To that end, California state law allows for service upon an individual by delivering a copy of the summons and complaint:

> Via personal delivery or an authorized agent for service of process;
>
> [or]
>
> Substitute service coupled with mailing after a good faith effort at personal service has been attempted;
>
> [or]
>
> Mail service, coupled with acknowledgement of receipt;

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

\HICKSN\SWDMS\8623187 - 4 - USDC-SOUTHERN DISTRICT CALIFORNIA CASE NO. 07-CV-2373 WQH CAB
MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

[or]

Service by publication.

Cal. Code Civ. Proc. §§ 415.10, 415.20, 415.30, 415.50.

Thus, under both federal and state law, service of summons upon an individual is only proper if made by personal service to the individual or their authorized agent to accept service of process or by substitute service at the individual's "dwelling house or usual place of abode." *See id.*; FRCP Rule 4(e)(2). California, however, allows substitute service to be effected at the individual's residence *or* place of employment as long as a good faith attempt at personal service was made and the substitute service is coupled with a mailing of a copy of the summons and complaint to the defendant. Cal. Code Civ. Proc. § 415.20. When a defendant challenges service of process, a plaintiff bears the burden of showing that service is valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004); *Belle, supra, citing Hirsh v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1477 (9th Cir. 1986). Moreover, if a plaintiff fails to serve a defendant in accordance with Rule 4, the court lacks jurisdiction over that defendant. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

According to McKinney's proofs of return service, he attempted to serve the Individual Defendants under California law through substitute service at their place of work. [Declaration of Nathan W. Hicks In Support of Individual Defendants' Motion to Dismiss Complaint ("Hicks Decl.") ¶ 2, Exs. A, B and C.] McKinney failed to comply with the requirements of California law, and therefore FRCP Rule 4(e), because he did not demonstrate that he made a good faith attempt at personal service nor that he provided mail copies of the summons and complaint to the Individual Defendants via pre-paid first class mail. Cal. Code Civ. Proc. § 415.20(b). [Declarations of Kyan Flynn, Mechelle Bonilla, and Carlyn Linsten In Support of Motion to Dismiss Plaintiff's Complaint.]

If the defendant challenges the method of service, the burden is on plaintiff to

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

show that reasonable attempts were made to serve defendant personally before resorting to substitute service and why personal service could not be effected. *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (1979). Two or three attempts to personally serve defendant at a "proper place" ordinarily qualifies as "reasonable diligence" at attempting personal service. *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988); *Stafford v. Mach*, 64 Cal. App. 4th 1174, 1182 (1998). Furthermore, McKinney did not even bother to mail a copy of the summons and Complaint to the Individual Defendants as is required under California law. Cal. Code Civ. Proc. § 415.20(b); *Khourie, Crew & Jaeger v. Sabek, Inc.*, 220 Cal. App. 3d 1009, 1015 (1990).

Indeed, McKinney failed to even direct the summons and Complaint to any individual at all as required by FRCP Rule 4(a). Instead, McKinney simply dropped off an envelope to UOP employees, Ellen Bowens and Virginia Torres, without regard to their connection with the Individual Defendants,[5] and expected this to constitute sufficient service of process. This is unacceptable under California law and the Federal Rules.

While procedural rules may be relaxed for *pro se* litigants, even a *pro se* plaintiff must comply with the rules for service of process. *See Graham v. United States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003) *citing Hamilton v. Endell*, 981 F. 2d 1062, 1065 (9th Cir. 1992) (abrogated on other grounds by *Estate of Ford v. Ramierez-Palmer*, 301 F.3d 1043, 1045 (9th Cir. 2002).

Additionally, because McKinney did not properly serve the Individual Defendants, the Court lacks personal jurisdiction over them, and the Complaint should be dismissed pursuant to FRCP Rules 12(b)(2) and 12(b)(5) for this reason.

---

[5] It is also McKinney's burden to demonstrate that there was a "close connection" between the person being served and the person receiving substitute service on their behalf. *See* Judicial Counsel Comment to Cal. Code Civ. Proc. § 415.20.

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

## III.

## THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO PROVIDE A BASIS UPON WHICH RELIEF CAN BE GRANTED.

### A. The Court May Dismiss Patently Defective Complaints.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. The Court may dismiss a complaint as a matter of law either for lack of a cognizable theory or the absence of sufficient fats alleged under a cognizable legal theory. *Roberston v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Thus, the Court should dismiss a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In making this determination, the Court must accept as true all material allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). While allegations of material fact are taken as true, however, a plaintiff may not rely on conclusory allegations and unwarranted inferences to defeat dismissal. *See e.g., In re Syntex Corp. Sec's Litig.*, 95 F.3d 922, 926 (9th Cir. 1996); *Holden v. Hagoplan*, 978 F.2d 1115, 1121 (9th Cir. 1992). Also, the Court does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

As explained more fully below, this Court should dismiss McKinney's Complaint because it fails to state a claim upon which relief may be granted.

### B. McKinney's Purported Claim Under the False Claims Act (31 U.S.C. § 3729) Provides No Basis Upon Which Relief Can Be Granted.

The Complaint also fails to distinguish among – or even clearly set out – the various claims being alleged. For example, the Complaint mentions an action for retaliation arising under the False Claims Act, 31 U.S.C. § 3729 ("FCA") in

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

McKinney's "Statement of the Case" and "Legal Claims," but no supporting facts even mentioning the FCA can be found in his "Statement of Facts." [Complaint, 2:9-11; 16:8-19.] In fact, McKinney's reference the FCA contains the following mystifying statements:

> In 1986, Congress added provisions in 31 U.S.C Sec. 3730(h): 'Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of his employer or others *in furtherance of an action* under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.'

[*Id.*, (emphasis added).]

McKinney does not reference anything he did "in furtherance of action under this section." In fact, McKinney does not provide any supporting facts at all for this claim, but rather repeats a statute that does not apply to him under any circumstances. The FCA addresses the situation that if a person attempts to defraud the government to obtain payment/property then he/she will be liable:

> to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person [...].

31 U.S.C. 3729(a). For an "action" to exist, however, it may only be brought by the Attorney General or by a private person in the name of the United States Government. 31 U.S.C. §§ 3730(a), (b). Moreover, there are special requirements for a private person to bring an action under the FCA that McKinney never did. In pertinent part:

> **(b) Actions by Private Persons.—**
>
> (1) A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

\HICKSN\SWDMS\8623187 - 8 - USDC-SOUTHERN DISTRICT CALIFORNIA CASE NO. 07-CV-2373 WQH CAB
MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT



Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

> court and the Attorney General give written consent to the dismissal and their reasons for consenting.
>
> (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

31 U.S.C. § 3730(b).

Furthermore, the FCA bars the following actions:

> **(e) Certain Actions Barred.—**
>
> (3) In no event may a person bring an action under subsection (b) which is based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party.
>
> (4)
>
> (A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.
>
> (B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C. § 3730(e).

McKinney has not provided any facts indicating that he has performed lawful acts in furtherance of an existing "action" under the FCA. Furthermore, McKinney has not provided any facts that demonstrate that an "action" brought by either the Attorney General or in the name of the United States Government even exists.

Indeed, it appears that McKinney's claim under the FCA may be barred since he has not asserted that he is an "original source" of information provided to the United States Government as is required under 31 U.S.C. section 3730(e)(4).

Accordingly, McKinney has not properly alleged an action under the FCA upon which relief can be granted.

**C. McKinney's Purported Claim Under Title VII of the Civil Rights Act of 1964 and amendments to Title VII of the Civil Rights Act of 1991 (42 U.S.C. § 2000e) Provides No Basis Upon Which Relief Can Be Granted.**

McKinney's Complaint similarly fails to state a claim for violation of Title VII of Civil Rights Act, as amended ("Title VII"). McKinney asserts that he suffered "discriminatory behavior" and was retaliated against in violation of Title VII. [Complaint, 2:19-21; 16:20-24.] As with McKinney's claim under the FCA, the only two references to Title VII are found in the "Statement of the Case" and "Legal Claims" and no supporting facts are found in his "Statement of Facts". [*Id.*] In fact, it cannot be determined from McKinney's unintelligible Complaint whether he is alleging disparate treatment, retaliation or both.[6]

Critically fatal to McKinney's Title VII claims against the Individual Defendants is that only the employer, *and not individuals*, can be held liable for damages under Title VII. Accordingly, McKinney's Title VII claims against the Individual Defendants fail, and no facts could be alleged to support a claim upon which relief could be granted.

Nevertheless, even without this support, McKinney's claims still fail. Title VII makes it unlawful for covered employers to hire or discharge any individual, or otherwise discriminate against any individual based on race, color, religion, sex or national origin ("protected class"). 42 U.S.C. § 2000e *et seq*. Yet, McKinney does

[6] It will be assumed that McKinney's Title VII claim is limited to retaliation since this is what he reported to the EEOC. [Declaration of Nathan W. Hicks In Support of Motion to Dismiss Plaintiff's Complaint, Exs. D & E.]

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

not allege that he belongs to a class protected under Title VII. To succeed on a retaliation claim, McKinney must have supporting facts to allege: (1) he engaged in some protected conduct (protected by Title VII); (2) he suffered an adverse employment action; and (3) the adverse employment action was taken against him because of the protected activity. *Trent v. Valley Elect. Assoc.*, 41 F.3d 524, 526 (9th Cir. 1994). McKinney does not aver any supporting facts that support his allegations of retaliation in violation of Title VII.

To establish a *prima facie* case of discriminatory treatment,[7] McKinney must show supporting facts that: (1) he is a member of a protected class; (2) he was capable of performing his job; and (3) he was treated differently because of his protected class status. *Pejic v. Hughs Helicopters, Inc.*, 840 F.2d 667, 672 (9th Cir. 1988). McKinney has alleged no facts in support of his claim of discrimination in violation of Title VII.

Accordingly, McKinney has not properly alleged an action under Title VII upon which relief can be granted.

**D. McKinney's Other Purported Claims Provide No Basis Upon Which Relief Can Be Granted.**

Although the Complaint lists seven causes of action[8] under the section entitled "Legal Claims," the remainder of the Complaint appears to consist of protracted "cut and paste" language[9] that is internally inconsistent, ambiguous and fails to provide any support for the purported claims listed in the caption. Instead, McKinney simply lists five other causes of action with no factual support or legal

[7] As stated above, if McKinney is alleging discrimination, then he has not exhausted the required administrative remedies in order to properly plead this issue.

[8] None of McKinney's causes of action distinguish what actions are purportedly attributable to what defendant.

[9] The same language is found in McKinney's EEOC complaint. [Hicks Decl., Exs. D & E.]

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

basis.[10]

To the extent McKinney is asserting these or any other claims against the Individual Defendants (which is, itself, unclear from the wording of the Complaint), McKinney has failed to describe these claims with any specificity or to set forth the required elements of those claims. Accordingly, the Individual Defendants are unable to determine which claims are being alleged against them, and McKinney has failed to state any claim upon which relief can be granted.

## IV.

## THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO COMPLY WITH FRCP RULE 8.

FRCP Rule 8 requires a plaintiff to set forth "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FRCP Rule 8(a)(2). Similarly, each claim must be "simple, concise, and direct." FRCP Rule 8(e)(2). These rules are designed to ensure that a complaint gives fair notice to defendants and states the elements of the claim plainly and succinctly. *Jones v. Cmty. Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984).

When the complaint is written by a *pro se* litigant, these rules are relaxed and the complaint is held to a less stringent standard. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). Nevertheless, if a complaint contains nothing more than conclusory allegations, unsupported by any facts, it fails to state a claim under Rule 8. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977); se also, *Barsella v. United States*, 135 F.R.D 64, 66 (S.D.N.Y 1991) (policy requiring courts to liberally construe *pro se* complaints "does not mandate that a court system

[10] McKinney simply lists: wrongful termination, false imprisonment, intentional infliction of emotional distress, defamation and equal pay under the remaining causes of action without any reference to a legal basis or how these causes of action apply to him.

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable"). Here, McKinney's complaint is incoherent, rambling, unreadable and fails to comply with Rule 8.

The Complaint fails to distinguish among – or even clearly set out – the various claims being alleged.[11] And, despite containing a heading entitled "Statement of Facts," the body of the Complaint is prolix, confusing, and in many areas – meaningless. Further, it is not clear what relief McKinney seeks or how the allegations support the relief sought. The Complaint is simply a recitation of disconnected ideas wrapped with conclusory allegations seeking some sort of unintelligible relief. The Complaint, therefore, fails to comply with Rule 8 and should be dismissed under FRCP Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

## V.

## THE COURT SHOULD DISMISS MCKINNEY'S COMPLAINT WITH PREJUDICE.

The factors a court may consider in determining whether to dismiss a complaint with prejudice under FRCP Rule 41(b) include: (1) the plaintiff's status as a pro se litigant; (2) the burden on the defendants and their right to be free from costly and harassing litigation; (3) the burden confusing and prolix complaints place on the court system; (4) the strength of plaintiff's case; and, (5) the feasibility of less drastic alternatives, such as allowing further amendment. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1179-1180 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674-675 (9th Cir. 1981); *Von Poppenheim v. Portland Boxing and Wrestling Commission*, 442 F.2d 1047, 1053 (9th Cir. 1971), *cert. denied*, 404 U.S. 1039 (1972). Under the circumstances of this dispute, these

[11] See Part III above for a further discussion of the deficiencies in McKinney's claims.

factors heavily favor dismissal with prejudice.

McKinney has filed a protracted, rambling, incomprehensible Complaint that utterly fails to allege any facts to support any of his claims, and that is not even clear as to which claims are being asserted, and against which Defendants. McKinney cannot assert anything in an amended pleading that will give merit to his baseless claims. As such, the Court should dismiss McKinney's Complaint with prejudice pursuant to FRCP Rule 41(b).

## VI.

## ALTERNATIVELY, THE COURT SHOULD REQUIRE MCKINNEY TO FILE A MORE DEFINITE STATEMENT UNDER FRCP RULE 12(E).

If the Court declines to dismiss the Complaint, and either quashes service and requires McKinney to re-serve the Complaint or finds that service of process was sufficient under the FRCP and that the Court has jurisdiction over the Individual Defendants, the Court should require McKinney to file a more definite statement.

FRCP Rule 12(e) protects defendants from having to guess at the meaning of complaints like the one brought by McKinney:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

FRCP Rule 12(e).

A complaint may state a claim for relief, but may still be so vague and ambiguous as to require a plaintiff to provide a more definite statement. *See Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1981); *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981). When claims, such as those made by McKinney are so indefinite that the defendant cannot ascertain the nature of the claim being asserted, a defendant cannot reasonably be expected to frame a proper response. *Id.*

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

A motion for a more definite statement is appropriate where allegations do not comply with the pleading requirements identified in FRCP Rule 8. 2 James Wm. Moore, et al., Moore's Federal Practice, 12.36[1] (3d ed. 2000). Under Rule 8, a pleading must give "fair notice on the grounds for the various claims" and "requires more than empty boilerplate." *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1988); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957). Therefore, if a pleading is not "clear enough to provide the defendant with a sufficient basis to frame a responsive pleading" a more definite statement is appropriate. *Sec. Dynamics Techs., Inc. v. Active Card Networks, Inc.*, No. 95-20870SW, 1996 WL 263648, at *1 (N.D. Cal. May 13, 1996).

Here, for the reasons set forth above, McKinney's Complaint is so ambiguous and unintelligible that the Individual Defendants cannot reasonably be required to frame a responsive pleading. Therefore, if the Court does not grant the Rule 12(b)(6) motion, the Court should order McKinney to file a more definite statement.

## VII.

## CONCLUSION

For the reasons stated above, the Individual Defendants respectfully request that the Court dismiss McKinney's Complaint with prejudice. In the alternative, if the Court finds service of process met the requirements of the Federal Rules, and the Court declines to dismiss the Complaint, the Individual Defendants respectfully request that the Court require McKinney to file a more definite statement.

Date: March 14, 2008

SNELL & WILMER L.L.P.

By: [signature]

Christy Joseph
Nathan W. Hicks
Attorneys for Kyan Flynn, Mechelle Bonilla and Carlyn Linsten.

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On March 20, 2008, I served, in the manner indicated below, the foregoing document described as

**DEFENDANT MECHELLE BONILLA, KYAN FLYNN AND CARLYNN LINDSTEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNTIVE, MOTION FOR MORE DEFINITE STATEMENT**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

I am employed in the office of a member of the bar of this court at whose direction the service was made.

**Please See Attached Service List**

☐ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐ BY FACSIMILE: (C.C.P. § 1013(e)(f)) and by e-mail

☒ BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 20, 2008, at Costa Mesa, California.

Rudi L. Wilson

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Case 3:07-cv-02373-WQH-CAB Document 40-2 Filed 03/20/2008 Page 22 of 22

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

| | |
|---|---|
| Chad McKinney<br>Pro Se<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115<br>(619) 634-3566 | Plaintiff, Pro Se |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>880 Front Street, Room 4290<br>San Diego, CA 92101-8900<br>(619) 557-5600 | Courtesy Copy |

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

# EXHIBIT C

Chad McKinney
Pro Se
6266 Madeline St Apt #61
San Diego, CA 92115
619-634-3566

**THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAD MCKINNEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>APOLLO GROUP INC., UNIVERSITY OF PHOENIX , a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employee Relations Consultant at UNIVERSITY OF PHOENIX CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX<br><br>Defendants | CIV. Case No.07-cv-2373<br><br>FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT AND FOR VIOLATION OF THE THE CIVIL RIGHTS ACT 1964 AND THE AMENDMENTS TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1991<br><br>RETALIATION- WRONGFUL TERMINATION & EMPLOYENT DISCRIMINATION CIVIL ACTION<br><br>**Declaration of R.T. Hansell in Support of Plaintiff's Motion for Default Judgment**<br><br>Date: April 7, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br>Judge: Hon. William Q. Hayes<br><br>Demand for Trial by Jury Pursuant to U.S. Constitution, 7th Amendment<br><br>April 2, 2008 |

**DECLARATION OF R.T. HANSELL IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

I, Bob Hansell, declare as follows:

1. I am over the age of 18. I am currently employed as a County Process Server at San Diego Service of Process, LLC in the city of San Diego. On January 31, 2008, I was, and currently am, bonded and registered in and for the County of San Diego.

2. On the 31st of January, 2008, according to Federal Rules of Civil Procedure 4(e)(1) I properly served Kyan Flynn, and Carlyn Lindsten.

3. At the time of service, Ellen Bowens declared herself to be an Administrator and the only person available. Ellen Bowens, who is actually an Operations Manager for the University of Phoenix, a wholly owned subsidiary of Apollo Group, Inc. refused to cooperate and produce the defendant employees for personal service, or any other person to accept for the defendant companies. Substitute service was then effected.

4. On the 2nd of February, 2008, according to Federal Rules of Civil Procedure 4(e)(1) I properly served Mechelle Bonilla.

5. At the time of service, Virginia Torres declared herself to be the only person available. She refused to cooperate and produce the defendant employee for personal service, or any other person to accept for the defendant companies. Substitute service was then effected.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 2, 2008

R.T. Hansell, RPS #351