FILED

08 MAY 22 PM 2: 45

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:            DEPUTY

NUNC PRO TUNC

MAY 20 2008

1  Chad McKinney
   Pro Se
2  6266 Madeline St Apt #61
   San Diego, CA 92115
3  619-634-3566

4  **THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 5  CHAD MCKINNEY, an individual, | ) CIV. Case No.07-cv-2373 |
| 6 | ) FOR VIOLATION OF FEDERAL |
| | ) FALSE CLAIMS ACT AND FOR |
| 7 | ) VIOLATION OF THE |
| | ) THE CIVIL RIGHTS ACT 1964 AND |
| 8 | ) THE AMENDMENTS TO TITLE |
| | ) VII OF THE CIVIL RIGHTS ACT OF |
| 9 | ) 1991 |
| 10         Plaintiff, | ) |
| | ) |
| 11 | ) RETALIATION- WRONGFUL |
| | ) TERMINATION & |
| 12 | ) EMPLOYENT DISCRIMINATION |
| | )          CIVIL ACTION |
| 13  v. | ) |
| | ) |
| 14  APOLLO GROUP INC., UNIVERSITY OF | ) **PLAINTIFF'S REPLY TO DEFENDANT** |
| PHOENIX , a Corporation, MECHELLE | ) **APRIL ALCORN'S MOTION TO** |
| 15  BONILLA, an Enrollment Manager at | ) **TO DISMISS PLAINTIFF'S COMPLAINT,** |
| UNIVERSITY OF PHOENIX, KYAN | ) **OR, IN THE ALTERNATIVE, MOTION** |
| 16  FLYNN, Director of Enrollment at | ) **FOR MORE DEFINITE STATEMENT** |
| UNIVERSITY OF PHOENIX, APRIL | ) |
| 17  ALCORN, an Employee Relations | ) |
| Consultant at UNIVERSITY OF PHOENIX | ) |
| 18  CARLYN LINDSTEN, Associate Director of | ) ***NO ORAL ARGUMENT, UNLESS*** |
| Enrollment at UNIVERSITY OF PHOENIX | ) ***REQUESTED BY THE COURT*** |
| 19 | ) |
| | ) Date: May 12, 2008 |
| 20 | ) Time: 11:00 a.m. |
| | ) Courtroom: 4 |
| 21 | ) Judge: Hon. William Q. Hayes |
| | ) |
| 22 | ) Demand for Trial by Jury Pursuant |
| | ) to U.S. Constitution, 7th Amendment |
| 23         Defendants | ) May 20, 2008 |
| 24 | |

1

**PLAINTIFF'S REPLY TO DEFENDANT APRIL ALCORN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

## I.

## INTRODUCTION

The Defendants' "Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite Statement and Motion to Set Aside Entry of Default" ("Motion to Dismiss") states that the Court should dismiss the Plaintiff's complaint on the following grounds: "(1) The Court lacks jurisdiction over Alcorn; (2) The Court lacks jurisdiction over Alcorn since she was never properly served in this matter; (2) The Complaint fails to state any claims upon which relief may be granted; (3) The Complaint fails to set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (4) The Complaint is so vague and ambiguous so as to require plaintiff to provide a more definite statement." The Plaintiff was forced to attain a copy of the Defendants' Motion to Dismiss by printing his own copy at the Clerk's office (please see Exhibit A, "Notice of "Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for More Definite Statement" and Exhibit B, "April Alcorn's Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for More Definite Statement".)

## II.

## THE COURT DOES NOT LACK JURISDICTION OVER APRIL ALCORN

Here, the Defendant April Alcorn alleges that "the Plaintiff did not serve Alcorn within the state. Alcorn did not consent to the Court's jurisdiction nor is she domiciled within California. Finally, Alcorn does not even come close to requiring the minimum contacts analysis required to demonstrate that the forum state has a sufficient relationship with her to make it reasonable

1  to requires her to defend the current action in California…Accordingly, the Court lacks

2  personal jurisdiction over Alcorn, and the entry of default against her is void and should be set

3  aside." This is not true. As CALDER V. JONES, 465 U.S. 783 (1984) found "The Due

4  Process Clause permits personal jurisdiction over a defendant in any State with which the

5  defendant has "certain minimum contacts . . . such that the maintenance of the suit does not

6  offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v.

7  Washington, 326 U.S. 310, 316 . In judging minimum contacts, a court properly focuses on

8  "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433

9  U.S. 186, 204 . P. 788. Hence, jurisdiction over petitioners is therefore proper in California

10  based on the "effects" of their Florida conduct in California. Pp. 788-789." This minimum

11  contact and malicious conduct by the Defendant April Alcorn is demonstrated in the Plaintiff's

12  "Reply to April Alcorn Motion to Set Aside Entry of Default" Exhibits A through I submitted

13  on May 7, 2008.

14  **III.**

15  **THE COURT DOES HAVE JURISDICTION OVER APRIL ALCORN AS SHE WAS**

16  **PROPERLY SERVED IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL**

17  **PROCEDURE**

18  Here, the Defendant moves the Court set aside the Clerk's entry of default because the

19  Plaintiff "did not properly serve Alcorn". This is not correct as is again demonstrated in

20  Exhibit C, a sworn affidavit of service by Steve Ineich, A.C.P.S. Process Server registered in

21  Maricopa County, dated February 27th, 2008, stating that he properly served the Defendant

22  April Alcorn "by leaving ONE true copy(ies) of the above documents [SUMMONS,

23  COMPLAINT & CONVER SHEET] with REBECCA SPRINGFIELD, SECURITY,

24

3

1  AUTHORIZED.  WORK: UNIVERSITY OF PHOENIX Described as female, age 50, CAUC,

2  5ft. 7in. tall, 150 lbs., BROWN eyes, BLACK hair."

3

4                                                    **IV.**

5      **THE COMPLAINT DOES STATE CLAIMS UPON WHICH RELIEF MAY BE**

6                                            **GRANTED**

7  The Complaint does state claims upon which relief may be granted, and are enumerated as

8  seven causes of action listed on page 16 to page 17, in the section entitled "Legal Claims" of

9  the Plaintiff's Original Complaint.

10                                                   **V.**

11    **THE COMPLAINT DOES SET FORTH A SHORT AND PLAIN STATEMENT OF**

12    **EACH CLAIM SHOWING THAT THE PLAINTIFF IS ENTITLED TO RELIEF**

13 The Complaint does set forth a short and plain statement of each claim showing that the

14 Plaintiff is entitled to relief.  The defendants' showing of malice is demonstrated by the

15 manner in which the employee was fired (Please see pages 10-16, Statement of facts 19-42, of

16 the Plaintiff's "Original Complaint", filed with the Court on the 19th of December, 2007.

17                                                  **VI.**

18    **THE COMPLAINT IS NOT VAGUE, AND A MORE DEFINITE STATEMENT IS**

19                                          **NOT NEEDED**

20 The Complaint is not vague, and a more definite statement is not needed.  The Original

21 Complaint should be comprehensible to any reasonable person as it describes in detail the

22 Plaintiff's complaint with the Defendants.  This is effectively and comprehensibly

23 communicated in the Plaintiff's Original Complaint, pages 2 through 18, and is listed as the

24

                                                                                          4

1  following sections: Statement of the Case; Jurisdiction; Venue; Timeliness of Petition; Parties;

2  Statement of Facts; Legal Claims; Conclusion; and Relief Requested

3

4

5                                              **VII.**

6                                         **<u>CONCLUSION</u>**

7           Wherefore, the Plaintiff respectfully moves the Court to Reject the Defendant's

8  "Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite

9  Statement" and uphold the Clerk's Entry of a Default Judgment.

10

11

12  Respectfully submitted,

13

14

15  Chad McKinney
    Pro Se

16  6266 Madeline St Apt #61
    San Diego, CA 92115

17  619-634-3566

18

19

20

21

22

23

24

1  Chad McKinney
   Pro Se
2  6266 Madeline St Apt #61
   San Diego, CA 92115
3  619-634-3566

4  **THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 5 | CHAD MCKINNEY, an individual, | ) CIV. Case No.07-cv-2373 |
| 6 | | ) FOR VIOLATION OF FEDERAL |
| 7 | | ) FALSE CLAIMS ACT AND FOR |
|   | | ) VIOLATION OF THE |
| 8 | | ) THE CIVIL RIGHTS ACT 1964 AND |
|   | | ) THE AMENDMENTS TO TITLE |
| 9 | | ) VII OF THE CIVIL RIGHTS ACT OF |
|   | | ) 1991 |
|10 | Plaintiff, | ) |
|11 | | ) RETALIATION- WRONGFUL |
|   | | ) TERMINATION & |
|12 | | ) EMPLOYENT DISCRIMINATION |
|   | | ) CIVIL ACTION |
|13 | v. | ) |
|14 | APOLLO GROUP INC., UNIVERSITY OF | ) **PLAINTIFF'S MEMORANDUM OF** |
|   | PHOENIX , a Corporation, MECHELLE | ) **POINTS AND AUTHORITIES IN** |
|15 | BONILLA, an Enrollment Manager at | ) **SUPPORT OF REPLY TO APRIL** |
|   | UNIVERSITY OF PHOENIX, KYAN | ) **ALCORN'S MOTION TO DISMISS** |
|16 | FLYNN, Director of Enrollment at | ) **PLAINTIFF'S COMPLAINT, OR, IN THE** |
|   | UNIVERSITY OF PHOENIX, APRIL | ) **ALTERNATIVE, MOTION FOR MORE** |
|17 | ALCORN, an Employee Relations | ) **DEFINITE STATEMENT** |
|   | Consultant at UNIVERSITY OF PHOENIX | ) |
|18 | CARLYN LINDSTEN, Associate Director of | ) ***NO ORAL ARGUMENT, UNLESS*** |
|   | Enrollment at UNIVERSITY OF PHOENIX | ) ***REQUESTED BY THE COURT*** |
|19 | | ) |
|20 | | ) Date: May 12, 2008 |
|   | | ) Time: 11:00 a.m. |
|21 | | ) Courtroom: 4 |
|   | | ) Judge: Hon. William Q. Hayes |
|22 | | ) |
|   | | ) Demand for Trial by Jury Pursuant |
|23 | Defendants | ) to U.S. Constitution, 7th Amendment |
|   | | ) May 20, 2008 |
|24 | | |

1

1 | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**PLAINTIFF'S REPLY TO APRIL ALCORN'S MOTION TO DISMISS PLAINTIFF'S**
2 | **COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE**
**STATEMENT**

3

4 | **I.**

5 | **INTRODUCTION**

6 | The Defendants' "Motion to Dismiss Plaintiff's Complaint, or, in the Alternative,

7 | Motion for More Definite Statement and Motion to Set Aside Entry of Default" ("Motion to

8 | Dismiss") states that the Court should dismiss the Plaintiff's complaint on the following

9 | grounds: "(1) The Court lacks jurisdiction over Alcorn; (2) The Court lacks jurisdiction over

10 | Alcorn since she was never properly served in this matter; (2) The Complaint fails to state any

11 | claims upon which relief may be granted; (3) The Complaint fails to set forth a short and plain

12 | statement of the claim showing that the plaintiff is entitled to relief; and (4) The Complaint is

13 | so vague and ambiguous so as to require plaintiff to provide a more definite statement." The

14 | Plaintiff was forced to attain a copy of the Defendants' Motion to Dismiss by printing his own

15 | copy at the Clerk's office (please see Exhibit A, "Notice of "Motion to Dismiss Plaintiff's

16 | Complaint, or in the Alternative, Motion for More Definite Statement" and Exhibit B, "April

17 | Alcorn's Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiff's

18 | Complaint, or in the Alternative, Motion for More Definite Statement".)

19 | **II.**

20 | **THE COURT DOES NOT LACK JURISDICTION OVER APRIL ALCORN**

21 | Here, the Defendant April Alcorn alleges that "the Plaintiff did not serve Alcorn within the

22 | state. Alcorn did not consent to the Court's jurisdiction nor is she domiciled within California.

23 | Finally, Alcorn does not even come close to requiring the minimum contacts analysis required

24

2

1   to demonstrate that the forum state has a sufficient relationship with her to make it reasonable

2   to requires her to defend the current action in California…Accordingly, the Court lacks

3   personal jurisdiction over Alcorn, and the entry of default against her is void and should be set

4   aside." This is not true. As CALDER V. JONES, 465 U.S. 783 (1984) found "The Due

5   Process Clause permits personal jurisdiction over a defendant in any State with which the

6   defendant has "certain minimum contacts . . . such that the maintenance of the suit does not

7   offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v.

8   Washington, 326 U.S. 310, 316 . In judging minimum contacts, a court properly focuses on

9   "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433

10  U.S. 186, 204 . P. 788. Hence, jurisdiction over petitioners is therefore proper in California

11  based on the "effects" of their Florida conduct in California. Pp. 788-789." This minimum

12  contact and malicious conduct by the Defendant April Alcorn is demonstrated in the Plaintiff's

13  "Reply to April Alcorn Motion to Set Aside Entry of Default" Exhibits A through I submitted

14  on May 7, 2008.

15                                          **III.**

16  **THE COURT DOES HAVE JURISDICTION OVER APRIL ALCORN AS SHE WAS**

17  **PROPERLY SERVED IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL**

18                                    **PROCEDURE**

19  Here, the Defendant moves the Court set aside the Clerk's entry of default because the

20  Plaintiff "did not properly serve Alcorn". This is not correct as is again demonstrated in

21  Exhibit C, a sworn affidavit of service by Steve Ineich, A.C.P.S. Process Server registered in

22  Maricopa County, dated February 27th, 2008, stating that he properly served the Defendant

23  April Alcorn "by leaving ONE true copy(ies) of the above documents [SUMMONS,

24

1  COMPLAINT & CONVER SHEET] with REBECCA SPRINGFIELD, SECURITY,

2  AUTHORIZED.  WORK: UNIVERSITY OF PHOENIX Described as female, age 50, CAUC,

3  5ft. 7in. tall, 150 lbs., BROWN eyes, BLACK hair."

4

5                                    **IV.**

6      **THE COMPLAINT DOES STATE CLAIMS UPON WHICH RELIEF MAY BE**

7                                **GRANTED**

8  The Complaint does state claims upon which relief may be granted, and are enumerated as

9  seven causes of action listed on page 16 to page 17, in the section entitled "Legal Claims" of

10 the Plaintiff's Original Complaint.

11                                   **V.**

12     **THE COMPLAINT DOES SET FORTH A SHORT AND PLAIN STATEMENT OF**

13     **EACH CLAIM SHOWING THAT THE PLAINTIFF IS ENTITLED TO RELIEF**

14 The Complaint does set forth a short and plain statement of each claim showing that the

15 Plaintiff is entitled to relief.  The defendants' showing of malice is demonstrated by the

16 manner in which the employee was fired (Please see pages 10-16, Statement of facts 19-42, of

17 the Plaintiff's "Original Complaint", filed with the Court on the 19th of December, 2007.

18                                   **VI.**

19    **THE COMPLAINT IS NOT VAGUE, AND A MORE DEFINITE STATEMENT IS**

20                              **NOT NEEDED**

21 The Complaint is not vague, and a more definite statement is not needed.  The Original

22 Complaint should be comprehensible to any reasonable person as it describes in detail the

23 Plaintiff's complaint with the Defendants.  This is effectively and comprehensibly

24

4

1    communicated in the Plaintiff's Original Complaint, pages 2 through 18, and is listed as the

2    following sections: Statement of the Case; Jurisdiction; Venue; Timeliness of Petition; Parties;

3    Statement of Facts; Legal Claims; Conclusion; and Relief Requested

4

5

6                              **VII.**

7                      **<u>CONCLUSION</u>**

8        Wherefore, the Plaintiff respectfully moves the Court to Reject the Defendant's

9    "Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite

10   Statement" and uphold the Clerk's Entry of a Default Judgment.

11

12

13   Respectfully submitted,

14

15

16   Chad McKinney
     Pro Se

17   6266 Madeline St Apt #61
     San Diego, CA 92115

18   619-634-3566

19

20

21

22

23

24

# CERTIFICATE OF SERVICE

I, Chad McKinney, hereby certify that on, May 20, 2008, I served copies of the

Plaintiff's Notice, Motion, Memorandums of Points and Authorities, and appendices to

the Court and the following parties by way of United States Postal Service First Class

Priority Mail:

Snell & Wilmer L.L.P.
Attention of: Nathan W. Hicks
600 Anton Boulevard, Suite 1400.
Costa Mesa, CA 92626

5/20/08
Date

Chad McKinney

The United States District Court Southern District of California

Chad McKinney
Pro Se
6266 Madeline St Apt #61
San Diego, CA 92115
619-634-3566

**THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

**May 20, 2008**

**<u>BY HAND DELIVERY</u>**

The Honorable Judge William Q. Hayes
Referred to: Magistrate Judge Cathy Ann Bencivengo
330 West Broadway, San Diego
CA 92101-3827

Re: McKinney v. Apollo Group Inc., *et al*
Civil Action 07-cv-2373

Dear Judge Hayes,

Enclosed is a courtesy copy of the Plaintiff's Notice, Motions, Memorandums of Points and Authorities, and appendices to the Court. This was hand delivered with the Clerk today.

Respectfully,

Chad McKinney, Pro Se

Cc: Snell & Wilmer L.L.P.; Attention of: Nathan W. Hicks

1

**EXHIBIT A**

1  Christy D. Joseph (#136785)
   cjoseph@swlaw.com
2  Nathan W. Hicks (#236269)
   nhicks@swlaw.com
3  SNELL & WILMER L.L.P.
   600 Anton Boulevard, Suite 1400
4  Costa Mesa, CA 92626-7689
   Telephone: (714) 427-7000
5  Facsimile: (714) 427-7799

6  Attorneys for Defendant April Alcorn

7

8           UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF

9                                    CALIFORNIA

10

11  CHAD MCKINNEY, an individual,          CASE NO. 07-CV-2373 WQH CAB

12                Plaintiff,               **APRIL ALCORN'S NOTICE OF
                                           MOTION AND MOTION TO
13  v.                                     DISMISS PLAINTIFF'S
                                           COMPLAINT, OR, IN THE
14  APOLLO GROUP, INC.,                    ALTERNATIVE, MOTION FOR
    UNIVERSITY OF PHOENIX, a               MORE DEFINITE STATEMENT**
15  Corporation, MECHELLE
    BONILLA, an Enrollment Manager         **[FRCP 12(b)(2); 12(b)(5); 12(b)(6);
16  at UNIVERSITY OF PHOENIX,              12(e).]**
    KYAN FLYNN, Director of
17  Enrollment at UNIVERSITY OF
    PHOENIX, APRIL ALCORN, an
18  Employees Relations Consultant at      **NO ORAL ARGUMENT, UNLESS
    UNIVERSITY OF PHOENIX,                 REQUESTED BY THE COURT**
19  CARLYN LINDSTEN, Associate
    Director of Enrollment at              Date: May 12, 2008
20  UNIVERSITY OF PHOENIX                  Time: 11:00 a.m.
                                           Courtroom: 4
21                Defendants               Judge: Hon. William Q. Hayes

22                                         DATE OF FILING: December 19, 2007

23  TO PLAINTIFF AND HIS ATTORNEY(S) OF RECORD:

24          PLEASE TAKE NOTICE that on May 12, 2008 at 11:00 a.m., or as soon

25  thereafter as counsel may be heard by the above entitled Court, located at 940 Front

26  Street, San Diego, California 92101, Courtroom 4, defendant April Alcorn

27  ("Alcorn") will and hereby does move the Court pursuant to Rules 12(b)(2);

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8657340.1

1    12(b)(5); 12(b)6; and 12(e) of the Federal Rules of Civil Procedure ("FRCP") to

2    dismiss plaintiff's complaint with prejudice or in the alternative require a more

3    definite statement.

4         This motion is brought on the following grounds:  (1) The Court lacks

5    personal jurisdiction over Alcorn; (2) The Court lacks jurisdiction over Alcorn

6    since she was never properly served in this matter; (3) The Complaint fails to state

7    any claims upon which relief may be granted; (4) The Complaint fails to set forth a

8    short and plain statement of the claim showing that McKinney is entitled to relief;

9    and (5) The Complaint is so vague and ambiguous so as to require plaintiff to

10   provide a more definite statement.

11        This motion is based on this notice of motion and motion, the memorandum

12   of points and authorities, the declarations of Nathan W. Hicks, April Alcorn, and

13   Rebecca Springfield filed herewith, and supporting exhibits thereto, the Court's

14   files in this matter, all supporting documents, evidence and oral argument before

15   this Court at the time of the hearing, and any other matter properly before the Court.

16   Date: March 31, 2008                         SNELL & WILMER L.L.P.

17

18                                        By:   s/Nathan W. Hicks

19                                               Christy Joseph

20                                               Nathan W. Hicks
                                                 Attorneys for Defendant April
21                                               Alcorn

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

## PROOF OF SERVICE

### McKinney v. Apollo Group, Inc., et al.
### USDC, Southern – Case No. 07-CV-2373

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On April 1, 2008, I served, in the manner indicated below, the foregoing document described as

### APRIL ALCORN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

I am employed in the office of a member of the bar of this court at whose direction the service was made.

### Please See Attached Service List

☐    BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐    BY FACSIMILE: (C.C.P. § 1013(e)(f)) and by e-mail

☒    BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐    BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 1, 2008, at Costa Mesa, California.

_____
Ann Dufour

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8626180

PROOF OF SERVICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# SERVICE LIST

## McKinney v. Apollo Group, Inc., et al.
### USDC, Southern – Case No. 07-CV-2373

| Chad McKinney<br>Pro Se<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115<br>(619) 634-3566 | Plaintiff, Pro Se |
|---|---|
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>940 Front Street, Room 4290<br>San Diego, CA 92101-8900<br>(619) 557-5600 | Courtesy Copy |

8626180

- 2 -

PROOF OF SERVICE

**EXHIBIT B**



1    Christy D. Joseph (#136785)
     cjoseph@swlaw.com
2    Nathan W. Hicks (#236269)
     nhicks@swlaw.com
3    SNELL & WILMER L.L.P.
     600 Anton Boulevard, Suite 1400
4    Costa Mesa, CA 92626-7689
     Telephone: (714) 427-7000
5    Facsimile: (714) 427-7799

6

7    Attorneys for Defendant April Alcorn

8          UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF

9                    CALIFORNIA

10

*(Left margin, vertical text)* Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

| | |
|---|---|
| 11   CHAD MCKINNEY, an individual, | CASE NO. 07-CV-2373 WQH CAB |
| 12          Plaintiff, | **APRIL ALCORN'S** |
| 13   v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| 14   APOLLO GROUP, INC., | **PLAINTIFF'S COMPLAINT FOR** |
|      UNIVERSITY OF PHOENIX, a | **LACK OF PERSONAL** |
| 15   Corporation, MECHELLE | **JURISDICTION, OR, IN THE** |
|      BONILLA, an Enrollment Manager | **ALTERNATIVE, MOTION FOR** |
| 16   at UNIVERSITY OF PHOENIX, | **MORE DEFINITE STATEMENT** |

CHAD MCKINNEY, an individual,

         Plaintiff,

v.

APOLLO GROUP, INC.,
UNIVERSITY OF PHOENIX, a
Corporation, MECHELLE
BONILLA, an Enrollment Manager
at UNIVERSITY OF PHOENIX,
KYAN FLYNN, Director of
Enrollment at UNIVERSITY OF
PHOENIX, APRIL ALCORN, an
Employees Relations Consultant at
UNIVERSITY OF PHOENIX,
CARLYN LINDSTEN, Associate
Director of Enrollment at
UNIVERSITY OF PHOENIX

         Defendants

CASE NO. 07-CV-2373 WQH CAB

**APRIL ALCORN'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR
LACK OF PERSONAL
JURISDICTION, OR, IN THE
ALTERNATIVE, MOTION FOR
MORE DEFINITE STATEMENT**

**[FRCP 12(b)(2); 12(b)(5); 12(b)(6);
12(e).]**

Date: May 12, 2008
Time: 11:00 a.m.
Courtroom: 4
Judge: Hon. William Q. Hayes

**NO ORAL ARGUMENT UNLESS
REQUESTED BY THE COURT**

Date of Filing: December 19, 2007

# TABLE OF CONTENTS

|  | | Page |
|---|---|---|
| I. | INTRODUCTION | 2 |
| II. | THE COURT LACKS JURISDICTION OVER ALCORN (FRCP RULE 12(b)(2)). | 4 |
| III. | THE COURT LACKS PERSONAL JURISDICTION OVER ALCORN BECAUSE MCKINNEY'S SERVICE WAS DEFECTIVE (FRCP 12(b)(2); 12(b)(5)) | 5 |
| IV. | THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO PROVIDE A BASIS UPON WHICH RELIEF CAN BE GRANTED | 8 |
| | A. The Court May Dismiss Patently Defective Complaints | 8 |
| | B. McKinney's Purported Claim Under the False Claims Act (31 U.S.C. § 3729) Provides No Basis Upon Which Relief Can Be Granted | 9 |
| | C. McKinney's Purported Claim Under Title VII of the Civil Rights Act of 1964 and amendments to Title VII of the Civil Rights Act of 1991 (42 U.S.C. § 2000e) Provides No Basis Upon Which Relief Can Be Granted | 11 |
| | D. McKinney's Other Purported Claims Provide No Basis Upon Which Relief Can Be Granted | 12 |
| V. | THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO COMPLY WITH FRCP RULE 8 | 13 |
| VI. | THE COURT SHOULD DISMISS MCKINNEY'S COMPLAINT WITH PREJUDICE | 14 |
| VII. | ALTERNATIVELY, THE COURT SHOULD REQUIRE MCKINNEY TO FILE A MORE DEFINITE STATEMENT UNDER FRCP RULE 12(e) | 15 |
| VIII. | CONCLUSION | 17 |

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**TABLE OF AUTHORITIES**

**Page**

**FEDERAL CASES**

*Barsella v. United States*,
    135 F.R.D 64 (S.D.N.Y 1991).................................................11

*Belle v. Chase Home Finance, LLC*,
    No. 06CV2454 WQH (LSP),
    2007 WL 3232505, at *8 (S.D. Cal. May 22, 2007)...........................5

*Brockmeyer v. May*,
    383 F.3d 798 (9th Cir. 2004).................................................4

*Burnham v. Superior Court*
    (1990) 495 U.S. 604, 609-610 ...............................................4

*Cellars v. Pacific Coast Packaging, Inc.*,
    189 F.R.D. 575 (N.D. Cal. 1981) ............................................13

*Club Car, Inc. v. Club Car (Quebec) Import, Inc.*
    (11th Cir. 2004) 362 F3d 775, 784...........................................5

*Conley v. Gibson*,
    355 U.S. 41 (1957) ......................................................6, 14

*Eldridge v. Block*,
    832 F.2d 1132 (9th Cir. 1987) ..............................................11

*Estate of Ford v. Ramierez-Palmer*,
    301 F.3d 1043 (9th Cir. 2002)...............................................5

*Famolare, Inc. v. Edison Bros. Stores, Inc.*,
    525 F. Supp. 940 (E.D. Cal. 1981)..........................................13

*Gen-Probe, Inc. v. Amoco Corp.*,
    926 F. Supp. 948 (S.D. Cal. 1988) ..........................................14

*Graham v. United States*,
    79 Fed. Appx. 992, No. 03-15240,
    2003 WL 22514528, at *1 (9th Cir. June 2, 2003)..........................2, 5

*Hamilton v. Endell*,
    981 F. 2d 1062 (9th Cir. 1992)..............................................5

*Hirsh v. Blue Cross, Blue Shield*,
    800 F.2d 1474 (9th Cir. 1986)...............................................4

*Holden v. Hagoplan*,
    978 F.2d 1115 (9th Cir. 1992)...............................................6

**TABLE OF AUTHORITIES**
(continued)

Page

*In re Syntex Corp. Sec's Litig.,*
95 F.3d 922 (9th Cir. 1996) ............................................................. 6

*International Shoe Co. v. Washington*
(1945) 326 U.S. 310, 316 ............................................................. 4

*Jackson v. Hayakawa,*
682 F.2d 1344 (9th Cir. 1982) ............................................................. 5

*Jones v. Cmty. Redevelopment Agency of the City of Los Angeles,*
733 F.2d 646 (9th Cir. 1984) ............................................................. 11

*LSJ Investment Co., Inc. v. O.L.D., Inc.*
167 F. 3d 320, 322-323 (6th Cir. 1999) ............................................................. 5

*McHenry v. Renne,*
84 F.3d 1172 (9th Cir. 1996) ............................................................. 12

*Miller v. Maxwell's International, Inc.,*
991 F.2d 583 (9th Cir. 1993) ............................................................. 10

*Nevijel v. North Coast Life Ins. Co.,*
651 F.2d 671 (9th Cir. 1981) ............................................................. 12

*Padway v. Palches,*
665 F.2d 965 (9th Cir. 1982) ............................................................. 10

*Pejic v. Hughs Helicopters, Inc.,*
840 F.2d 667 (9th Cir. 1988) ............................................................. 10

*Pennoyer v. Neff*
(1877) 95 U.S. 714, 720-722 ............................................................. 4

*Roberston v. Dean Witter Reynolds, Inc.,*
749 F.2d 530 (9th Cir. 1984) ............................................................. 6

*Ruhrgas AG v. Marathon Oil, Co.*
(1999) 526 U.S. 574, 583 ............................................................. 4

*Sherman v. Yakahi,*
549 F.2d 1287 (9th Cir. 1977) ............................................................. 11

*Trent v. Valley Elect. Assoc.,*
41 F.3d 524 (9th Cir. 1994) ............................................................. 9

*Usher v. City of Los Angeles,*
828 F.2d 556 (9th Cir. 1987) ............................................................. 6

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1

**TABLE OF AUTHORITIES**
(continued)

2                                                                    **Page**

3   *Von Poppenheim v. Portland Boxing and Wrestling Commission,*
        442 F.2d 1047 (9th Cir. 1971),
4       *cert. denied,* 404 U.S. 1039 (1972) ................................................ 12

5   *Western Min. Council v. Watt,*
        643 F.2d 618 (9th Cir. 1981) .......................................................... 6
6

7

**STATE CASES**

8
    *Sec. Dynamics Techs., Inc. v. Active Card Networks, Inc.,*
9       No. 95-20870SW,
        1996 WL 263648, at *1 (N.D. Cal. May 13, 1996) ......................... 14
10
    *Espindola v. Nunez,*
11      199 Cal. App. 3d 1389, 1392 (1988) ............................................. 7

12  *Stafford v. Mach,*
        64 Cal. App. 4th 1174, 1182 (1998). ............................................. 7
13

14

**FEDERAL STATUTES**

15
    31 U.S.C. § 3730(a) ........................................................................ 7
16
    31 U.S.C. § 3730(b) ..................................................................... 7, 8
17
    31 U.S.C. § 3730(e) ........................................................................ 8
18
    31 U.S.C. § 3730(e)(4) .................................................................... 8
19
    31 U.S.C. 3729 ........................................................................... 6, 7
20
    31 U.S.C. 3729(a) .......................................................................... 7
21
    42 U.S.C. § 2000e .......................................................................... 9
22

23

**STATE STATUTES**

24  California Code of Civil Procedure § 415.10 .................................... 4

25  California Code of Civil Procedure § 415.20 .................................... 4

26  California Code of Civil Procedure § 415.30 .................................... 4

27  California Code of Civil Procedure § 415.50 .................................... 4

28

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1

## TABLE OF AUTHORITIES
(continued)

2                                                                    **Page**

3

## FEDERAL RULES

4   Federal Rules of Civil Procedure Rule 12(b)(2)...................................................3, 5

5   Federal Rules of Civil Procedure Rule 12(b)(5)...................................................3, 5

6   Federal Rules of Civil Procedure Rule 12(b)(6)..................................................3, 12

7   Federal Rules of Civil Procedure Rule 12(e) .....................................................3, 13

8   Federal Rules of Civil Procedure Rule 4 ............................................................2, 4

9   Federal Rules of Civil Procedure Rule 4(a) .............................................................5

10  Federal Rules of Civil Procedure Rule 4(e) .............................................................2

11  Federal Rules of Civil Procedure Rule 4(h) .............................................................5

12  Federal Rules of Civil Procedure Rule 4(h)(1).........................................................4

13  Federal Rules of Civil Procedure Rule 8 .....................................................3, 11, 13

14  Federal Rules of Civil Procedure Rule 8(a)(2)........................................................11

15  Federal Rules of Civil Procedure Rule 8(e)(2)........................................................11

16  Federal Rules of Civil Procedure Rule 41(b)....................................................12, 13

17

## OTHER AUTHORITIES

18

19  2 James Wm. Moore, et al., Moore's Federal Practice,
    12.36[1] (3d ed. 2000) ......................................................................................13

20

21

22

23

24

25

26

27

28

*Snell & Wilmer*
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

\HICKSN\SWDMS\8690951

**USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB**

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

# I.

## INTRODUCTION

Plaintiff Chad McKinney ("McKinney"), a *pro se* litigant, originally brought the instant action against Apollo Group, Inc., (erroneously sued as Apollo Group, Inc., University of Phoenix, a Corporation), an Arizona corporation (hereafter, "Apollo"), and four individual defendants. Subsequently, McKinney has attempted to separately add the University of Phoenix, Inc. ("UOP") as a party to this complaint without properly amending his pleadings as is required under Federal Rules of Civil Procedure ("FRCP") Rule 15. Entries of default have been made against several defendants to include: Apollo, UOP, Mechelle Bonilla, Kyan Flynn and Carlyn Lindsten ("Moving Parties") and motions to set aside those entries of default and to dismiss McKinney's Complaint have already been filed.[1]

On March 20, 2008, McKinney submitted a proof of return of service regarding Arizona resident, April Alcorn ("Alcorn"). McKinney's improper attempts at service and failure to state a claim argued in the Moving Parties' motions are equally applicable to the current motion regarding Alcorn, and McKinney's claims should be dismissed for these reasons alone. However, in addition to the rationale for dismissing the Complaint against the Moving Parties, the Court also lacks personal jurisdiction over Ms. Alcorn because she was not served within California, she is not domiciled in California, she has not consented to the Court's jurisdiction, and no nationwide personal jurisdiction exists.

Therefore, the Court should dismiss the Complaint for several separate reasons. First, as stated above, the Court lacks personal jurisdiction over Alcorn. Second, McKinney failed to properly serve Alcorn in accordance with Rule 4 of the Federal Rules of Civil Procedure ("FRCP") because McKinney did not properly serve her via personal service, substitute service, mail service or service by

---

[1] Currently, the Court is set to hear motions regarding Apollo on April 7, 2008, Mechelle Bonilla, Kyan Flynn and Carlyn Lindsten on April 21, 2008, and UOP and April Alcorn on May 12, 2008 at 11:00 a.m.

\HICKSN\SWDMS\8690951

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    publication.  Although some procedural rules may be relaxed for *pro se* litigants, all

2    plaintiffs must follow the rules for service of the complaint.  *See Graham v. United*

3    *States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir.

4    June 2, 2003).  This procedural step is important not only to ensure due process, but

5    also for jurisdictional reasons, because absent proper service, a court cannot obtain

6    jurisdiction over the defendant.

7         Finally, McKinney's Complaint should be dismissed for failure to state a

8    claim upon which relief can be granted.  The caption of McKinney's Complaint

9    states that it is "for violation of Federal False Claims Act and for violation of the

10   Civil Rights Act 1964 and the amendments to Title VII of the Civil Rights Act of

11   1991-Retliation-Wrongful Termination & Employment Discrimination Civil

12   Action" and lists seven causes of action:

13

14        1.  Retaliation pursuant to the False Claims Act § 3729;

15        2.  Retaliation under Title VII;

16        3.  Wrongful Termination;

17        4.  False Imprisonment;

18        5.  Intentional Infliction of Emotional Distress;

19        6.  Defamation; and

20        7.  Equal Pay.

21

22        The Complaint, however, contains no comprehensible recitation of facts or

23   the basis for any of McKinney's purported claims, nor does it give fair notice of the

24   purported acts or omissions, what actions are attributed to what defendants, how

25   Alcorn's conduct damaged McKinney, or even what damage McKinney suffered.

26

27

28

\HICKSN\SWDMS\8690951                    - 3 -        **USDC-SOUTHERN DISTRICT CALIFORNIA**
                                                      **CASE NO. 07-CV-2373 WQH CAB**

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    Accordingly, Alcorn brings this motion to dismiss McKinney's Complaint or

2    to quash service of summons pursuant to FRCP Rule 12(b)(5) because the

3    Complaint was improperly served.  Alcorn also brings this motion to dismiss

4    pursuant to FRCP Rule 12(b)(2) because the Court lacks personal jurisdiction over

5    her.  Additionally, Alcorn brings this motion pursuant to Rule 12(b)(6) because the

6    Complaint fails to state a claim upon which relief may be granted and fails to

7    comply with FRCP Rule 8.  In the alternative, if the Court declines to dismiss the

8    Complaint for failure to state a claim and it finds that it can exert jurisdiction over

9    Alcorn, or quashes service and requires McKinney to re-serve an amended

10   Complaint, Alcorn requests that the Court order McKinney to file a more definite

11   statement pursuant to FRCP Rule 12(e).

12

13                                    **II.**

14   **THE COURT LACKS JURISDICTION OVER ALCORN (FRCP RULE**

15                                **12(b)(2)).**

16   Personal jurisdiction refers to the Court's power to render a judgment that

17   either commands the defendant's personal obedience or impose obligations on the

18   defendant that will be enforced by other courts.  *Burnham v. Superior Court* (1990)

19   495 U.S. 604, 609-610; *Pennoyer v. Neff* (1877) 95 U.S. 714, 720-722.  Unless

20   jurisdiction is waived, a judgment rendered by a court lacking personal jurisdiction

21   that purports to impose personal obligations on the defendant violates constitutional

22   requirements of due process of law.  *Id.*; *Ruhrgas AG v. Marathon Oil, Co.* (1999)

23   526 U.S. 574, 583.

24   Due process requires an adequate basis for jurisdiction over a party sought to

25   be bound by the Court's judgment or decree.  The three recognized bases for

26   exercise of personal jurisdiction are:

27       • Service within the state;

28       • Domicile within the state; or

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

\HICKSN\SWDMS\8690951                    - 4 -          **USDC-SOUTHERN DISTRICT CALIFORNIA**
                                                        **CASE NO. 07-CV-2373 WQH CAB**

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

1       • Consent.

2   *Pennoyer v. Neff, supra* at 722. Subsequent cases also recognize a "minimum

3   contacts" standard with the forum state as an alternative basis for local jurisdiction.

4   *International Shoe Co. v. Washington* (1945) 326 U.S. 310, 316.

5       Here, McKinney's return of service document demonstrates that he did not

6   serve Alcorn within the state. [Declaration of Nathan Hicks In Support of Motion

7   to Dismiss, ("Hicks Decl.") ¶ 2, Ex. A.] Alcorn did not consent to the Court's

8   jurisdiction nor is she domiciled within California. [Declaration of April Alcorn In

9   Support of Motion to Dismiss ("Alcorn Decl."), ¶ 1.] Finally, Alcorn does not even

10  come close to requiring the minimum contacts analysis required to demonstrate that

11  the forum state has a sufficient relationship with her to make it reasonable to

12  require her to defend the current action in California. A non-resident individual is

13  not subject to personal jurisdiction based upon the acts in the forum state

14  undertaken in her corporate capacity. *Club Car, Inc. v. Club Car (Quebec) Import,*

15  *Inc.* (11th Cir. 2004) 362 F3d 775, 784. Accordingly, the Court lacks personal

16  jurisdiction over Alcorn, and McKinney's Complaint against her should be

17  dismissed.

18

19                                  **III.**

20  **THE COURT LACKS PERSONAL JURISDICTION OVER ALCORN**

21  **BECAUSE MCKINNEY'S SERVICE WAS DEFECTIVE (FRCP 12(b)(2);**

22                          **12(b)(5)).**

23      FRCP Rule 4(e) provides in pertinent part:

24          Unless otherwise provided by federal law, service upon
            an individual from whom a waiver has not been obtained
25          and filed, […] may be effected in any judicial district of
            the United States:
26
            (1) pursuant to the law of the state in which the district
27          court is located […]; or

28          (2) by delivering a copy of the summons and of the

\HICKSN\SWDMS\8690951                  - 5 -       USDC-SOUTHERN DISTRICT CALIFORNIA
                                                   CASE NO. 07-CV-2373 WQH CAB
         MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    complaint to the individual or by leaving copies thereof at
     the individual's dwelling house or usual place of abode
2    with some person of suitable age and discretion then
     residing therein or by delivering a copy of the summons
3    and complaint to an agent authorized by appointment or
     by law to receive service of process.

4  FRCP Rule 4(e); *LSJ Investment Co., Inc. v. O.L.D., Inc.* 167 F. 3d 320, 322-323

5  (6th Cir. 1999).    To that end, California state law allows for service upon an

6  individual by delivering a copy of the summons and complaint:

7
8      Via personal delivery or an authorized agent for service of
       process;

9      [or]

10     Substitute service coupled with mailing after a good faith
       effort at personal service has been attempted;
11
12     [or]

13     Mail service, coupled with acknowledgement of receipt;

14     [or]

15     Service by publication.

   Cal. Code Civ. Proc. §§ 415.10, 415.20, 415.30, 415.50.

16     Thus, under both federal and state law, service of summons upon an

17  individual is only proper if made by personal service to the individual or their

18  authorized agent to accept service of process or by substitute service at the

19  individual's "dwelling house or usual place of abode." *See id.*; FRCP Rule 4(e)(2).

20  California, however, allows substitute service to be effected at the individual's

21  residence *or* place of employment as long as a good faith attempt at personal

22  service was made and the substitute service is coupled with a mailing of a copy of

23  the summons and complaint to the defendant.  Cal. Code Civ. Proc. § 415.20.

24  When a defendant challenges service of process, a plaintiff bears the burden of

25  showing that service is valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 800

26  (9th Cir. 2004); *Belle, supra, citing Hirsh v. Blue Cross, Blue Shield*, 800 F.2d

27  1474, 1477 (9th Cir. 1986).  Moreover, if a plaintiff fails to serve a defendant in

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

\HICKSN\SWDMS\869095 1              - 6 -        USDC-SOUTHERN DISTRICT CALIFORNIA
                                                CASE NO. 07-CV-2373 WQH CAB

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

1  accordance with Rule 4, the court lacks jurisdiction over that defendant. *Jackson v.*

2  *Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

3      According to McKinney's proofs of return service, he attempted to serve

4  Alcorn under California law through substitute service at her place of work. [Hicks

5  Decl. ¶ 2, Ex. A.] McKinney failed to comply with the requirements of California

6  law, and therefore FRCP Rule 4(e), because he did not demonstrate that he made a

7  good faith attempt at personal service nor that he provided mail copies of the

8  summons and complaint to Alcorn via pre-paid first class mail. Cal. Code Civ.

9  Proc. § 415.20(b). [Alcorn Decl., ¶ 2.] In fact, McKinney did not even provide

10  substitute service to address where Alcorn works.[2] [*Id.*]

11      If the defendant challenges the method of service, the burden is on plaintiff to

12  show that reasonable attempts were made to serve defendant personally before

13  resorting to substitute service and why personal service could not be effected.

14  *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (1979). Two or three attempts

15  to personally serve defendant at a "proper place" ordinarily qualifies as "reasonable

16  diligence" at attempting personal service. *Espindola v. Nunez*, 199 Cal. App. 3d

17  1389, 1392 (1988); *Stafford v. Mach*, 64 Cal. App. 4th 1174, 1182 (1998).

18  Furthermore, McKinney did not even bother to mail a copy of the summons and

19  Complaint to Alcorn as is required under California law. Cal. Code Civ. Proc. §

20  415.20(b); *Khourie, Crew & Jaeger v. Sabek, Inc.*, 220 Cal. App. 3d 1009, 1015

21  (1990).

22      Indeed, McKinney failed to even direct the summons and Complaint to any

23  individual at all as required by FRCP Rule 4(a). Instead, McKinney simply

24  dropped off an envelope to a security guard at an address nearly 3 miles away from

25

26

27  ───────────────

28  [2] Alcorn's work address is 4025 S. Riverpoint, Parkway, Phoenix, AZ. McKinney attempted to substitute serve a security guard located at 4615 East Elwood Street, Phoenix, AZ (nearly 3 miles away).

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    where Alcorn worked[3] and expected this to constitute sufficient service of process.

2    This is unacceptable under California law and the Federal Rules.

3         While procedural rules may be relaxed for *pro se* litigants, even a *pro se*

4    plaintiff must comply with the rules for service of process. *See Graham v. United*

5    *States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir.

6    June 2, 2003) *citing Hamilton v. Endell*, 981 F. 2d 1062, 1065 (9th Cir. 1992)

7    (abrogated on other grounds by *Estate of Ford v. Ramierez-Palmer*, 301 F.3d 1043,

8    1045 (9th Cir. 2002).

9         Additionally, because McKinney did not properly serve Alcorn, the Court

10   lacks personal jurisdiction over her, and the Complaint should be dismissed

11   pursuant to FRCP Rules 12(b)(2) and 12(b)(5) for this reason also.

12

13                                  **IV.**

14   **THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS**

15   **TO PROVIDE A BASIS UPON WHICH RELIEF CAN BE GRANTED.**

16   **A.    The Court May Dismiss Patently Defective Complaints.**

17        A motion to dismiss for failure to state a claim tests the legal sufficiency of

18   the complaint. The Court may dismiss a complaint as a matter of law either for lack

19   of a cognizable theory or the absence of sufficient fats alleged under a cognizable

20   legal theory. *Roberston v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.

21   1984). Thus, the Court should dismiss a claim if "it appears beyond doubt that the

22   plaintiff can prove no set of facts in support of his claim which would entitle him to

23   relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In making this

24   determination, the Court must accept as true all material allegations in the

25   complaint and draw all reasonable inferences in the plaintiff's favor. *Usher v. City*

26   ---

[3] It is also McKinney's burden to demonstrate that there was a "close connection"
27   between the person being served and the person receiving substitute service on their
behalf. *See* Judicial Counsel Comment to Cal. Code Civ. Proc. § 415.20. Here,
28   Alcorn did not even know the security guard that substitute service was attempted
upon. [Alcorn Decl., ¶ 3.]; Declaration of Rebecca Springfield, ¶ 3.]

1    *of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). While allegations of material

2    fact are taken as true, however, a plaintiff may not rely on conclusory allegations

3    and unwarranted inferences to defeat dismissal. *See e.g., In re Syntex Corp. Sec's*

4    *Litig.*, 95 F.3d 922, 926 (9th Cir. 1996); *Holden v. Hagoplan*, 978 F.2d 1115, 1121

5    (9th Cir. 1992). Also, the Court does not "assume the truth of legal conclusions

6    merely because they are cast in the form of factual allegations." *Western Min.*

7    *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

8         As explained more fully below, this Court should dismiss McKinney's

9    Complaint because it fails to state a claim upon which relief may be granted.

10

11   **B.    McKinney's Purported Claim Under the False Claims Act (31 U.S.C.**

12   **§ 3729) Provides No Basis Upon Which Relief Can Be Granted.**

13        The Complaint also fails to distinguish among – or even clearly set out – the

14   various claims being alleged. For example, the Complaint mentions an action for

15   retaliation arising under the False Claims Act, 31 U.S.C. § 3729 ("FCA") in

16   McKinney's "Statement of the Case" and "Legal Claims," but no supporting facts

17   even mentioning the FCA can be found in his "Statement of Facts." [Complaint,

18   2:9-11; 16:8-19.] In fact, McKinney's reference the FCA contains the following

19   mystifying statements:

20            In 1986, Congress added provisions in 31 U.S.C Sec.
             3730(h): 'Any employee who is discharged, demoted,
21            suspended, threatened, harassed, or in any other manner
             discriminated against in the terms and conditions of
22            employment by his or her employer because of lawful
             acts done by the employee on behalf of his employer or
23            others *in furtherance of an action* under this section,
             including investigation for, initiation of, testimony for, or
24            assistance in an action filed or to be filed under this
             section, shall be entitled to all relief necessary to make the
25            employee whole.'

26   [*Id.*, (emphasis added).]

27        McKinney does not reference anything he did "in furtherance of action under

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    this section." In fact, McKinney does not provide any supporting facts at all for

2    this claim, but rather repeats a statute that does not apply to him under any

3    circumstances. The FCA addresses the situation that if a person attempts to defraud

4    the government to obtain payment/property then he/she will be liable:

5
6
7

> to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person [...].

8    31 U.S.C. 3729(a). For an "action" to exist, however, it may only be brought by the

9    Attorney General or by a private person in the name of the United States

10    Government. 31 U.S.C. §§ 3730(a), (b). Moreover, there are special requirements

11    for a private person to bring an action under the FCA that McKinney never did. In

12    pertinent part:

13

> **(b) Actions by Private Persons.—**

14
15
16
17

> (1) A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.

18
19
20
21
22

> (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

23    31 U.S.C. § 3730(b).

24    Furthermore, the FCA bars the following actions:

25

> **(e) Certain Actions Barred.—**

26
27
28

> (3) In no event may a person bring an action under subsection (b) which is based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

\HICKSN\SWDMS\8690951

- 10 -

(4)

(A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

(B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C. § 3730(e).

McKinney has not provided any facts indicating that he has performed lawful acts in furtherance of an existing "action" under the FCA. Furthermore, McKinney has not provided any facts that demonstrate that an "action" brought by either the Attorney General or in the name of the United States Government even exists. Indeed, it appears that McKinney's claim under the FCA may be barred since he has not asserted that he is an "original source" of information provided to the United States Government as is required under 31 U.S.C. section 3730(e)(4).

Accordingly, McKinney has not properly alleged an action under the FCA upon which relief can be granted.

**C.    McKinney's Purported Claim Under Title VII of the Civil Rights Act of 1964 and amendments to Title VII of the Civil Rights Act of 1991 (42 U.S.C. § 2000e) Provides No Basis Upon Which Relief Can Be Granted.**

McKinney's Complaint similarly fails to state a claim for violation of Title VII of Civil Rights Act, as amended ("Title VII"). McKinney asserts that he suffered "discriminatory behavior" and was retaliated against in violation of Title VII. [Complaint, 2:19-21; 16:20-24.] As with McKinney's claim under the FCA,

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  the only two references to Title VII are found in the "Statement of the Case" and

2  "Legal Claims" and no supporting facts are found in his "Statement of Facts". [*Id.*]

3  In fact, it cannot be determined from McKinney's unintelligible Complaint whether

4  he is alleging disparate treatment, retaliation or both.[4]

5      Critically fatal to McKinney's Title VII claims against Alcorn is that only the

6  employer, *and not individuals*, can be held liable for damages under Title VII.

7  Accordingly, McKinney's Title VII claims against Alcorn fail, and no facts could

8  be alleged to support a claim upon which relief could be granted.

9      Nevertheless, even without this support, McKinney's claims still fail.  Title

10  VII makes it unlawful for covered employers to hire or discharge any individual, or

11  otherwise discriminate against any individual based on race, color, religion, sex or

12  national origin ("protected class"). 42 U.S.C. § 2000e *et seq.*  Yet, McKinney does

13  not allege that he belongs to a class protected under Title VII.  To succeed on a

14  retaliation claim, McKinney must have supporting facts to allege:  (1) he engaged

15  in some protected conduct (protected by Title VII); (2) he suffered an adverse

16  employment action; and (3) the adverse employment action was taken against him

17  because of the protected activity.  *Trent v. Valley Elect. Assoc.*, 41 F.3d 524, 526

18  (9th Cir. 1994).  McKinney does not aver any supporting facts that support his

19  allegations of retaliation in violation of Title VII.

20      To establish a *prima facie* case of discriminatory treatment,[5] McKinney must

21  show supporting facts that: (1) he is a member of a protected class; (2) he was

22  capable of performing his job; and (3) he was treated differently because of his

23  protected class status.  *Pejic v. Hughes Helicopters, Inc.,* 840 F.2d 667, 672 (9th Cir.

24  1988).  McKinney has alleged no facts in support of his claim of discrimination in

25  violation of Title VII.

26  _____

27  [4] It will be assumed that McKinney's Title VII claim is limited to retaliation since
    this is what he reported to the EEOC.  [Hicks Decl., ¶ 3 Exs. B & C.]
    [5] As stated above, if McKinney is alleging discrimination, then he has not

28  exhausted the required administrative remedies in order to properly plead this issue.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anson Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    Accordingly, McKinney has not properly alleged an action under Title VII

2  upon which relief can be granted.

3

4  **D.    McKinney's Other Purported Claims Provide No Basis Upon Which**

5  **Relief Can Be Granted.**

6    Although the Complaint lists seven causes of action[6] under the section

7  entitled "Legal Claims," the remainder of the Complaint appears to consist of

8  protracted "cut and paste" language[7] that is internally inconsistent, ambiguous and

9  fails to provide any support for the purported claims listed in the caption.  Instead,

10  McKinney simply lists five other causes of action with no factual support or legal

11  basis.[8]

12    To the extent McKinney is asserting these or any other claims against Alcorn

13  (which is, itself, unclear from the wording of the Complaint), McKinney has failed

14  to describe these claims with any specificity or to set forth the required elements of

15  those claims.  Accordingly, Alcorn is unable to determine which claims are being

16  alleged against her, and McKinney has failed to state any claim upon which relief

17  can be granted.

18

19    **V.**

20    **THE COURT SHOULD DISMISS THE COMPLAINT**

21    **BECAUSE IT FAILS TO COMPLY WITH FRCP RULE 8.**

22    FRCP Rule 8 requires a plaintiff to set forth "a short and plain statement of

23  the claim showing that the [plaintiff] is entitled to relief."  FRCP Rule 8(a)(2).

24

25  [6] None of McKinney's causes of action distinguish what actions are purportedly attributable to what defendant.
[7] The same language is found in McKinney's EEOC complaint. [Hicks Decl., Exs.

26  B & C.]
[8] McKinney simply lists:  wrongful termination, false imprisonment, intentional

27  infliction of emotional distress, defamation and equal pay under the remaining causes of action without any reference to a legal basis or how these causes of action

28  apply to him.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

\HICKSN\SWDMS\690951

- 13 -

1    Similarly, each claim must be "simple, concise, and direct." FRCP Rule 8(e)(2).

2    These rules are designed to ensure that a complaint gives fair notice to defendants

3    and states the elements of the claim plainly and succinctly. *Jones v. Cmty.*

4    *Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646, 649 (9th Cir.

5    1984).

6    When the complaint is written by a *pro se* litigant, these rules are relaxed and

7    the complaint is held to a less stringent standard. *Eldridge v. Block*, 832 F.2d 1132,

8    1136 (9th Cir. 1987). Nevertheless, if a complaint contains nothing more than

9    conclusory allegations, unsupported by any facts, it fails to state a claim under

10    Rule 8. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977); se also,

11    *Barsella v. United States*, 135 F.R.D 64, 66 (S.D.N.Y 1991) (policy requiring

12    courts to liberally construe *pro se* complaints "does not mandate that a court system

13    sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

14    Here, McKinney's complaint is incoherent, rambling, unreadable and fails to

15    comply with Rule 8.

16    The Complaint fails to distinguish among – or even clearly set out – the

17    various claims being alleged.[9] And, despite containing a heading entitled

18    "Statement of Facts," the body of the Complaint is prolix, confusing, and in many

19    areas – meaningless. Further, it is not clear what relief McKinney seeks or how the

20    allegations support the relief sought. The Complaint is simply a recitation of

21    disconnected ideas wrapped with conclusory allegations seeking some sort of

22    unintelligible relief. The Complaint, therefore, fails to comply with Rule 8 and

23    should be dismissed under FRCP Rule 12(b)(6) for failure to state a claim upon

24    which relief can be granted.

25

26

27
────────────────
[9] See Part IV above for a further discussion of the deficiencies in McKinney's
28    claims.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# VI.

## THE COURT SHOULD DISMISS
## MCKINNEY'S COMPLAINT WITH PREJUDICE.

The factors a court may consider in determining whether to dismiss a complaint with prejudice under FRCP Rule 41(b) include: (1) the plaintiff's status as a pro se litigant; (2) the burden on the defendants and their right to be free from costly and harassing litigation; (3) the burden confusing and prolix complaints place on the court system; (4) the strength of plaintiff's case; and, (5) the feasibility of less drastic alternatives, such as allowing further amendment. *See, e.g.,* *McHenry v. Renne*, 84 F.3d 1172, 1179-1180 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674-675 (9th Cir. 1981); *Von Poppenheim v. Portland Boxing and Wrestling Commission*, 442 F.2d 1047, 1053 (9th Cir. 1971), *cert. denied*, 404 U.S. 1039 (1972). Under the circumstances of this dispute, these factors heavily favor dismissal with prejudice.

McKinney has filed a protracted, rambling, incomprehensible Complaint that utterly fails to allege any facts to support any of his claims, and that is not even clear as to which claims are being asserted, and against which defendants. McKinney cannot assert anything in an amended pleading that will give merit to his baseless claims. As such, the Court should dismiss McKinney's Complaint with prejudice pursuant to FRCP Rule 41(b).

# VII.

## ALTERNATIVELY, THE COURT SHOULD REQUIRE MCKINNEY TO
## FILE A MORE DEFINITE STATEMENT UNDER FRCP RULE 12(E).

If the Court declines to dismiss the Complaint, and either quashes service and requires McKinney to re-serve the Complaint or finds that service of process was sufficient under the FRCP and that the Court has jurisdiction over Alcorn, the Court should require McKinney to file a more definite statement.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    FRCP Rule 12(e) protects defendants from having to guess at the meaning of

2    complaints like the one brought by McKinney:

3         If a pleading to which a responsive pleading is permitted
          is so vague or ambiguous that a party cannot reasonably
4         be required to frame a responsive pleading, the party may
          move for a more definite statement before interposing a
5         responsive pleading.

6    FRCP Rule 12(e).

7    A complaint may state a claim for relief, but may still be so vague and

8    ambiguous as to require a plaintiff to provide a more definite statement. *See*

9    *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1981);

10   *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

11   When claims, such as those made by McKinney are so indefinite that the defendant

12   cannot ascertain the nature of the claim being asserted, a defendant cannot

13   reasonably be expected to frame a proper response. *Id.*

14   A motion for a more definite statement is appropriate where allegations do

15   not comply with the pleading requirements identified in FRCP Rule 8. 2 James

16   Wm. Moore, et al., Moore's Federal Practice, 12.36[1] (3d ed. 2000). Under

17   Rule 8, a pleading must give "fair notice on the grounds for the various claims" and

18   "requires more than empty boilerplate." *Gen-Probe, Inc. v. Amoco Corp.*, 926 F.

19   Supp. 948, 961 (S.D. Cal. 1988); *see also Conley v. Gibson*, 355 U.S. 41, 47

20   (1957). Therefore, if a pleading is not "clear enough to provide the defendant with

21   a sufficient basis to frame a responsive pleading" a more definite statement is

22   appropriate. *Sec. Dynamics Techs., Inc. v. Active Card Networks, Inc.*, No. 95-

23   20870SW, 1996 WL 263648, at *1 (N.D. Cal. May 13, 1996).

24   Here, for the reasons set forth above, McKinney's Complaint is so

25   ambiguous and unintelligible that Alcorn cannot reasonably be required to frame a

26   responsive pleading. Therefore, if the Court does not grant the Rule 12(b)(6)

27   motion, the Court should order McKinney to file a more definite statement.

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

\HICKSN\SWDMS\8690951              - 16 -     USDC-SOUTHERN DISTRICT CALIFORNIA
                                              CASE NO. 07-CV-2373 WQH CAB
MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

# VIII.

## <u>CONCLUSION</u>

For the reasons stated above, the Ms. Alcorn respectfully requests that the Court dismiss McKinney's Complaint against her with prejudice. In the alternative, if the Court finds that it has jurisdiction over Ms. Alcorn and the Court declines to dismiss the Complaint, she respectfully requests that the Court require McKinney to file a more definite statement.

Date: March 31, 2008                    SNELL & WILMER L.L.P.

By:   s/Nathan Hicks
        Christy Joseph
        Nathan W. Hicks
        Attorneys for Defendant April
        Alcorn

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**PROOF OF SERVICE**

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On April 1, 2008, I served, in the manner indicated below, the foregoing document described as

**APRIL ALCORN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

I am employed in the office of a member of the bar of this court at whose direction the service was made.

**Please See Attached Service List**

☐   BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐   BY FACSIMILE: (C.C.P. § 1013(e)(f)) and by e-mail

☒   BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐   BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 1, 2008, at Costa Mesa, California.

_____
Anh Dufour

8626180

PROOF OF SERVICE

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000



**SERVICE LIST**

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

| Chad McKinney<br>Pro Se<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115<br>(619) 634-3566 | Plaintiff, Pro Se |
|---|---|
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>940 Front Street, Room 4290<br>San Diego, CA 92101-8900<br>(619) 557-5600 | Courtesy Copy |

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8626180

- 2 -

PROOF OF SERVICE

**EXHIBIT C**

CHAD MCKINNEY
6266 MADELINE STREET #61
SAN DIEGO CA 92115-5630
(619) 634-3566
Bar#      0

### IN THE UNITED STATES DISTRICT COURT OF THE STATE OF CALIFORNIA
### IN AND FOR THE COUNTY OF SAN DIEGO

| | | |
|---|---|---|
| CHAD MCKINNEY | Plaintiff | NO. 07CV2373WQHCAB |
| vs. | | AFFIDAVIT OF SERVICE |
| APOLLO GROUP INC., ET AL | Defendant | |

**STEVE INEICH, A.C.P.S.**          , being duly sworn, states: that he/she is duly qualified to serve process
in this cause, having been so appointed by the court, that he/she received the following document(s) in this action:

SUMMONS, COMPLAINT & COVER SHEET

from CHAD MCKINNEY on 02/13/08, attorney(s) for the PLAINTIFF;
that he/she personally served the same upon the party/parties in the manner named below:

**NAME:** APRIL ALCORN

**DATE & TIME:** 02/26/08 1:33 PM
**PLACE :**      4615 EAST ELWOOD STREET PHOENIX, AZ  85040
**MANNER:** By leaving ONE true copy(ies) of the above documents with REBECCA SPRINGFIELD,
          SECURITY, AUTHORIZED.
          WORK: UNIVERSITY OF PHOENIX
          Described as female, age 50, CAUC, 5ft. 7in. tall, 150lbs., BROWN eyes, BLACK hair,

**Statement of Costs**

| | | |
|---|---|---|
| Service | $ | 16.00 |
| Mileage | $ | 25.00 |
| Document Prep | $ | 11.00 |
| | $ | .00 |
| | $ | .00 |
| | $ | .00 |
| | $ | .00 |
| | $ | .00 |
| Total | $ | 52.00 |

STEVE INEICH, A.C.P.S. Process Server registered in MARICOPA County

Subscribed and sworn to before me on ___02/27/08___

OFFICIAL SEAL
PATRICIA PENROD
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires June 14, 2009

Patricia Chleborowski
Notary Public

**Frontier Private Process Service 1145 West McDowell Road Phoenix, AZ 85007 (602) 258-0022**
**10802285-01  4783           10102**