FILED

NUNC PRO TUNC

08 MAY 22 PM 2:4

MAY 20 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  Chad McKinney
   Pro Se
2  6266 Madeline St Apt #61
   San Diego, CA 92115
3  619-634-3566

4  **THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAD MCKINNEY, an individual, | CIV. Case No.07-cv-2373 |
| | FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT AND FOR VIOLATION OF THE THE CIVIL RIGHTS ACT 1964 AND THE AMENDMENTS TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1991 |
| Plaintiff, | |
| | RETALIATION- WRONGFUL TERMINATION & EMPLOYENT DISCRIMINATION CIVIL ACTION |
| v. | |
| APOLLO GROUP INC., UNIVERSITY OF PHOENIX , a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employee Relations Consultant at UNIVERSITY OF PHOENIX CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX | **PLAINTIFF'S REPLY TO DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** |
| | *NO ORAL ARGUMENT, UNLESS REQUESTED BY THE COURT.* |
| | Date:  April 7, 2008 Time: 11:00 a.m. Courtroom:  4 Judge: Hon. William Q. Hayes |
| | Demand for Trial by Jury Pursuant to U.S. Constitution, 7th Amendment May 20, 2008 |
| Defendants | |

1

**PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO SET ASIDE ENTRY OF DEFAULT**

**I.**

**INTRODUCTION**

The Plaintiff searched the Court's Docket record of the case several times through, and was unable to locate Apollo's resubmission of its "Notice of Motion and Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite Statement" ("Motion to Dismiss") after it was originally stricken from the Court records on the 19th of March, 2008. However, the Defendant submitted a "Notice of Non-Opposition to the Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite Statement" anyways. Hence, the Plaintiff is not required by any Federal Rule of Civil Procedure to respond to a stricken document, and the Defendant's "Notice of Non-Opposition to the Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite Statement" should be stricken from the Court records. If this is an oversight by the Plaintiff, he offers his sincerest apologies, and would respond to the Defendant's Motion to Dismiss as follows:

The Defendants' "Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite Statement and Motion to Set Aside Entry of Default" states that the Court should dismiss the Plaintiff's complaint on the following grounds: "(1) The Court lacks jurisdiction over Apollo since they were never properly served in this matter; (2) The Complaint fails to state any claims upon which relief may be granted; (3) The Complaint fails to set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (4) The Complaint is so vague and ambiguous so as to require plaintiff to provide a more definite statement." The Plaintiff was forced to attain a copy of the Defendants' Motion

1   more definite statement." The Plaintiff was forced to attain a copy of the Defendants' Motion

2   to Dismiss by printing his own copy at the Clerk's office (please see Exhibit A, "Notice of

3   "Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for More Definite

4   Statement and Motion to Set Aside Entry of Default" and Exhibit B, "Apollo Group, Inc.'s

5   Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiff's

6   Complaint, or in the Alternative, Motion for More Definite Statement".)

7                                    **II.**

8   **THE COURT DOES NOT LACK JURISDICTION OVER APOLLO SINCE IT WAS**

9   **PROPERLY SERVED IN ACCORDANCE TO THE FEDERAL RULES OF CIVIL**

10                              **PROCEDURE**

11  The defendant was served at its San Diego office by professional certified service processor

12  Mr. R. T. Hansell. The Defendant was properly served, henceforth is subject to the

13  jurisdiction of the Court. Apollo did in fact receive proper service as can be evidenced by

14  Exhibit C (Please see Exhibit C, entitled "Declaration of R.T. Hansell in Support of Plaintiff's

15  Motion for Default Judgment".

16                                   **III.**

17  **THE COMPLAINT DOES STATE CLAIMS UPON WHICH RELIEF MAY BE**

18                               **GRANTED**

19  The Complaint does state claims upon which relief may be granted, and are enumerated as

20  seven causes of action listed on page 16 to page 17, in the section entitled "Legal Claims" of

21  the Plaintiff's Original Complaint.

22

23

24

**IV.**

**THE COMPLAINT DOES SET FORTH A SHORT AND PLAIN STATEMENT OF**

**EACH CLAIM SHOWING THAT THE PLAINTIFF IS ENTITLED TO RELIEF**

The Complaint does set forth a short and plain statement of each claim showing that the

Plaintiff is entitled to relief.  The defendants' showing of malice is demonstrated by the

manner in which the employee was fired (Please see pages 10-16, Statement of facts 19-42, of

the Plaintiff's "Original Complaint", filed with the Court on the 19th of December, 2007.

**V.**

**THE COMPLAINT IS NOT VAGUE, AND A MORE DEFINITE STATEMENT IS**

**NOT NEEDED**

The Complaint is not vague, and a more definite statement is not needed.  The Original

Complaint should be comprehensible to any reasonable person as it describes in detail the

Plaintiff's complaint with the Defendants.  This is effectively and comprehensibly

communicated in the Plaintiff's Original Complaint, pages 2 through 18, and is listed as the

following sections: Statement of the Case; Jurisdiction; Venue; Timeliness of Petition; Parties;

Statement of Facts; Legal Claims; Conclusion; and Relief Requested

**VI.**

**CONCLUSION**

Wherefore, the Plaintiff respectfully moves the Court to Reject the Defendant's

"Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite

Statement" and uphold the Clerk's Entry of a Default Judgment.

1

2

3

Respectfully submitted,

4

5

6

Chad McKinney
Pro Se

7

6266 Madeline St Apt #61
San Diego, CA 92115

8

619-634-3566

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1  Chad McKinney
   Pro Se
2  6266 Madeline St Apt #61
   San Diego, CA 92115
3  619-634-3566

4  **THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

5                                                ) CIV. Case No.07-cv-2373
   CHAD MCKINNEY, an individual,                 )
6                                                ) FOR VIOLATION OF FEDERAL
                                                 ) FALSE CLAIMS ACT AND FOR
7                                                ) VIOLATION OF THE
                                                 ) THE CIVIL RIGHTS ACT 1964 AND
8                                                ) THE AMENDMENTS TO TITLE
                                                 ) VII OF THE CIVIL RIGHTS ACT OF
9                                                ) 1991
                    Plaintiff,                   )
10                                               )
                                                 )
11                                               ) RETALIATION- WRONGFUL
                                                 ) TERMINATION &
12                                               ) EMPLOYENT DISCRIMINATION
                                                 )       CIVIL ACTION
13 v.                                            )
                                                 )
14 APOLLO GROUP INC., UNIVERSITY OF              ) **PLAINTIFF'S MEMORANDUM OF**
   PHOENIX , a Corporation, MECHELLE             ) **POINTS AND AUTHORITIES IN**
15 BONILLA, an Enrollment Manager at             ) **SUPPORT OF REPLY TO APOLLO'S**
   UNIVERSITY OF PHOENIX, KYAN                   ) **MOTION TO DISMISS PLAINTIFF'S**
16 FLYNN, Director of Enrollment at              ) **COMPLAINT, OR, IN THE**
   UNIVERSITY OF PHOENIX, APRIL                  ) **ALTERNATIVE, MOTION FOR MORE**
17 ALCORN, an Employee Relations                 ) **DEFINITE STATEMENT**
   Consultant at UNIVERSITY OF PHOENIX           )
18 CARLYN LINDSTEN, Associate Director of        )
   Enrollment at UNIVERSITY OF PHOENIX           ) ***NO ORAL ARGUMENT, UNLESS***
19                                               ) ***REQUESTED BY THE COURT***
                                                 ) Date: May 12, 2008
20                                               ) Time: 11:00 a.m.
                                                 ) Courtroom: 4
21                                               ) Judge: Hon. William Q. Hayes
                                                 )
22                                               ) Demand for Trial by Jury Pursuant
                                                 ) to U.S. Constitution, 7th Amendment
23               Defendants                      ) May 20, 2008

24

1

**PLAINTIFF'S MEMORANDUM OF POINTSS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S REPLY TO APOLLO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

**I.**

**INTRODUCTION**

The Plaintiff searched the Court's Docket record of the case several times through, and was unable to locate Apollo's resubmission of its "Notice of Motion and Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite Statement" ("Motion to Dismiss") after it was originally stricken from the Court records on the 19th of March, 2008. However, the Defendant submitted a "Notice of Non-Opposition to the Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite Statement" anyways. Hence, the Plaintiff is not required by any Federal Rule of Civil Procedure to respond to a stricken document, and the Defendant's "Notice of Non-Opposition to the Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite Statement" should be stricken from the Court records. If this is an oversight by the Plaintiff, he offers his sincerest apologies, and would respond to the Defendant's Motion to Dismiss as follows:

The Defendants' "Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite Statement and Motion to Set Aside Entry of Default" states that the Court should dismiss the Plaintiff's complaint on the following grounds: "(1) The Court lacks jurisdiction over Apollo since they were never properly served in this matter; (2) The Complaint fails to state any claims upon which relief may be granted; (3) The Complaint fails to set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (4) The Complaint is so vague and ambiguous so as to require plaintiff to provide a

2

1   more definite statement." The Plaintiff was forced to attain a copy of the Defendants' Motion

2   to Dismiss by printing his own copy at the Clerk's office (please see Exhibit A, "Notice of

3   "Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for More Definite

4   Statement and Motion to Set Aside Entry of Default" and Exhibit B, "Apollo Group, Inc.'s

5   Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiff's

6   Complaint, or in the Alternative, Motion for More Definite Statement".)

7                                                **II.**

8       **THE COURT DOES NOT LACK JURISDICTION OVER APOLLO SINCE IT WAS**

9         **PROPERLY SERVED IN ACCORDANCE TO THE FEDERAL RULES OF CIVIL**

10                                           **PROCEDURE**

11   The defendant was served at its San Diego office by professional certified service processor

12   Mr. R. T. Hansell. The Defendant was properly served, henceforth is subject to the

13   jurisdiction of the Court. Apollo did in fact receive proper service as can be evidenced by

14   Exhibit C (Please see Exhibit C, entitled "Declaration of R.T. Hansell in Support of Plaintiff's

15   Motion for Default Judgment".

16                                               **III.**

17       **THE COMPLAINT DOES STATE CLAIMS UPON WHICH RELIEF MAY BE**

18                                           **GRANTED**

19   The Complaint does state claims upon which relief may be granted, and are enumerated as

20   seven causes of action listed on page 16 to page 17, in the section entitled "Legal Claims" of

21   the Plaintiff's Original Complaint.

22

23

24

## IV.

## THE COMPLAINT DOES SET FORTH A SHORT AND PLAIN STATEMENT OF

## EACH CLAIM SHOWING THAT THE PLAINTIFF IS ENTITLED TO RELIEF

The Complaint does set forth a short and plain statement of each claim showing that the

Plaintiff is entitled to relief. The defendants' showing of malice is demonstrated by the

manner in which the employee was fired (Please see pages 10-16, Statement of facts 19-42, of

the Plaintiff's "Original Complaint", filed with the Court on the 19th of December, 2007.

## V.

## THE COMPLAINT IS NOT VAGUE, AND A MORE DEFINITE STATEMENT IS

## NOT NEEDED

The Complaint is not vague, and a more definite statement is not needed. The Original

Complaint should be comprehensible to any reasonable person as it describes in detail the

Plaintiff's complaint with the Defendants. This is effectively and comprehensibly

communicated in the Plaintiff's Original Complaint, pages 2 through 18, and is listed as the

following sections: Statement of the Case; Jurisdiction; Venue; Timeliness of Petition; Parties;

Statement of Facts; Legal Claims; Conclusion; and Relief Requested

## VI.

## CONCLUSION

Wherefore, the Plaintiff respectfully moves the Court to Reject the Defendant's

"Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for More Definite

Statement" and uphold the Clerk's Entry of a Default Judgment.

4

1

2

3    Respectfully submitted,

4

5

6    Chad McKinney
     Pro Se
7    6266 Madeline St Apt #61
     San Diego, CA 92115
8    619-634-3566

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# CERTIFICATE OF SERVICE

I, Chad McKinney, hereby certify that on, May 20, 2008, I served copies of the

Plaintiff's Notice, Motion, Memorandums of Points and Authorities, and appendices to

the Court and the following parties by way of United States Postal Service First Class

Priority Mail:

Snell & Wilmer L.L.P.
Attention of: Nathan W. Hicks
600 Anton Boulevard, Suite 1400.
Costa Mesa, CA 92626

5/20/08
Date

Chad McKinney

The United States District Court Southern District of California

Chad McKinney
Pro Se
6266 Madeline St Apt #61
San Diego, CA 92115
619-634-3566

**THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

**May 20, 2008**

**BY HAND DELIVERY**

The Honorable Judge William Q. Hayes
Referred to: Magistrate Judge Cathy Ann Bencivengo
330 West Broadway, San Diego
CA 92101-3827

Re: McKinney v. Apollo Group Inc., *et al*
Civil Action 07-cv-2373

Dear Judge Hayes,

Enclosed is a courtesy copy of the Plaintiff's Notice, Motions, Memorandums of Points and Authorities, and appendices to the Court. This was hand delivered with the Clerk today.

Respectfully,

Chad McKinney, Pro Se

Cc: Snell & Wilmer L.L.P.; Attention of: Nathan W. Hicks

1

**EXHIBIT A**

1  Christy D. Joseph (#136785)
   cjoseph@swlaw.com
2  Nathan W. Hicks (#236269)
   nhicks@swlaw.com
3  SNELL & WILMER L.L.P.
   600 Anton Boulevard, Suite 1400
4  Costa Mesa, CA  92626-7689
   Telephone: (714) 427-7000
5  Facsimile: (714) 427-7799

6

   Attorneys for Defendants Apollo Group, Inc.
7

8         UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF

9                              CALIFORNIA

10

11  CHAD MCKINNEY, an individual,          CASE NO. 07-CV-2373 WQH CAB

12                 Plaintiff,              **NOTICE OF MOTION AND
                                          MOTION TO DISMISS
13  v.                                    PLAINTIFF'S COMPLAINT, OR, IN
                                          THE ALTERNATIVE, MOTION
14  APOLLO GROUP, INC.,                   FOR MORE DEFINITE
    UNIVERSITY OF PHOENIX, a              STATEMENT**
15  Corporation, MECHELLE
    BONILLA, an Enrollment Manager        **[FRCP 12(b)(2); 12(b)(5); 12(b)(6);
16  at UNIVERSITY OF PHOENIX,             12(e).]**
    KYAN  FLYNN, Director of
17  Enrollment at UNIVERSITY OF
    PHOENIX, APRIL ALCORN, an             **NO ORAL ARGUMENT, UNLESS
18  Employees Relations Consultant at     REQUESTED BY THE COURT**
    UNIVERSITY OF PHOENIX,
19  CARLYN LINDSTEN, Associate            Date: April 7, 2008
    Director of Enrollment at             Time: 11:00 a.m.
20  UNIVERSITY OF PHOENIX                 Courtroom: 4
                                          Judge: Hon. William Q. Hayes
21                 Defendants
                                          DATE OF FILING: December 19, 2007
22

23

24

25

26

27

28

\HICKS\N\SWDMS\1625669                    **USDC-SOUTHERN DISTRICT CALIFORNIA
                                          CASE NO. 07-CV-2373 WQH CAB**

NOTICE OF MOTION AND MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

TO PLAINTIFF AND HIS ATTORNEY(S) OF RECORD:

PLEASE TAKE NOTICE that on April 7, 2008 at 11:00 a.m., or as soon thereafter as counsel may be heard by the above entitled Court, located at 940 Front Street, San Diego, California 92101, Courtroom 4, defendant Apollo Group, Inc. ("Apollo") will and hereby does move the Court pursuant to Rules 12(b)(2); 12(b)(5); 12(b)6; and 12(e) of the Federal Rules of Civil Procedure ("FRCP") to dismiss plaintiff's complaint with prejudice or in the alternative require a more definite statement.

This motion is brought on the following grounds: (1) The Court lacks jurisdiction over Apollo since it was never properly served in this matter; (2) The Complaint fails to state any claims upon which relief may be granted; (3) The Complaint fails to set forth a short and plain statement of the claim showing that the [plaintiff] is entitled to relief; and (4) The Complaint is so vague and ambiguous so as to require plaintiff to provide a more definite statement.

This motion is based on this notice of motion and motion, the memorandum of points and authorities, the declaration of Nathan W. Hicks filed herewith, and supporting exhibit thereto, the Court's files in this matter, all supporting documents, evidence and oral argument before this Court at the time of the hearing, and any other matter properly before the Court.

Date: March 7, 2008

SNELL & WILMER L.L.P.

By: _____
Christy Joseph
Nathan W. Hicks
Attorneys for Apollo Group, Inc.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1689
(714) 427-7000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE
### USDC – Southern District, Case No. 07-CV-2373 WQH CAB

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On March 7, 2008, I served, in the manner indicated below, the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| Chad McKinney<br>Pro Se<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115 | Plaintiff<br><br>Tel: 619-634-3566 |
| --- | --- |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>940 Front Street<br>San Diego, CA 92101 | |

    ☒    **BY FEDERAL EXPRESS:** I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 7, 2008, at Costa Mesa, California.

_____
Anh Dufour

8626180

PROOF OF SERVICE

**EXHIBIT B**

1   Christy D. Joseph (#136785)
    cjoseph@swlaw.com
2   Nathan W. Hicks (#236269)
    nhicks@swlaw.com
3   SNELL & WILMER L.L.P.
    600 Anton Boulevard, Suite 1400
4   Costa Mesa, CA 92626-7689
    Telephone: (714) 427-7000
5   Facsimile: (714) 427-7799

6

7   Attorneys for Defendant Apollo Group, Inc.

8       UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF

9                              CALIFORNIA

10

11  CHAD MCKINNEY, an individual,        CASE NO. 07-CV-2373 WQH CAB

12              Plaintiff,               **APOLLO GROUP, INC.'S
                                         MEMORANDUM OF POINTS AND
13  v.                                   AUTHORITIES IN SUPPORT OF
                                         MOTION TO DISMISS
14  APOLLO GROUP, INC.,                  PLAINTIFF'S COMPLAINT, OR, IN
    UNIVERSITY OF PHOENIX, a             THE ALTERNATIVE, MOTION
15  Corporation, MECHELLE                FOR MORE DEFINITE
    BONILLA, an Enrollment Manager       STATEMENT**
16  at UNIVERSITY OF PHOENIX,
    KYAN FLYNN, Director of              **[FRCP 12(b)(2); 12(b)(5); 12(b)(6);
17  Enrollment at UNIVERSITY OF          12(e).]**
    PHOENIX, APRIL ALCORN, an
18  Employees Relations Consultant at    Date: April 7, 2008
    UNIVERSITY OF PHOENIX,               Time: 11:00 a.m.
19  CARLYN LINDSTEN, Associate           Courtroom: 4
    Director of Enrollment at            Judge: Hon. William Q. Hayes
20  UNIVERSITY OF PHOENIX
                                         **NO ORAL ARGUMENT UNLESS
21              Defendants               REQUESTED BY THE COURT**

22

23

24                                       DATE OF FILING: December 19, 2007

25

26

27

28

\HICKSN\SWDMS\8623187                    **USDC-SOUTHERN DISTRICT CALIFORNIA
                                         CASE NO. 07-CV-2373 WQH CAB**

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ...................................................................................2

II.   THE COURT LACKS JURISDICTION OVER APOLLO BECAUSE
      PLAINTIFF'S SERVICE WAS DEFECTIVE (FRCP 12(b)(2);
      12(b)(5)) ................................................................................................4

III.  THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT
      FAILS TO PROVIDE A BASIS UPON WHICH RELIEF CAN BE
      GRANTED ...............................................................................................5

      A.    The Court May Dismiss Patently Defective Complaints......................5

      B.    McKinney's Purported Claim Under the False Claims Act (31
            U.S.C. § 3729) Provides No Basis Upon Which Relief Can Be
            Granted ..............................................................................................6

      C.    McKinney's Purported Claim Under Title VII of the Civil
            Rights Act of 1964 and amendments to Title VII of the Civil
            Rights Act of 1991 (42 U.S.C. § 2000e) Provides No Basis
            Upon Which Relief Can Be Granted.................................................9

      D.    McKinney's Other Purported Claims Provide No Basis Upon
            Which Relief Can Be Granted..........................................................10

IV.   THE COURT SHOULD DISMISS THE COMPLAINT ...........................11

V.    THE COURT SHOULD DISMISS...........................................................12

VI.   ALTERNATIVELY, THE COURT SHOULD REQUIRE
      MCKINNEY TO FILE A MORE DEFINITE STATEMENT UNDER
      FRCP RULE 12(e) ................................................................................13

VII.  CONCLUSION ......................................................................................14

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Barsella v. United States,*
    135 F.R.D 64 (S.D.N.Y 1991)......................................................................11

*Belle v. Chase Home Finance, LLC,*
    No. 06CV2454 WQH (LSP),
    2007 WL 3232505, at *8 (S.D. Cal. May 22, 2007) ........................................4

*Brockmeyer v. May,*
    383 F.3d 798 (9th Cir. 2004) .......................................................................4

*Cellars v. Pacific Coast Packaging, Inc.,*
    189 F.R.D. 575 (N.D. Cal. 1981) ...............................................................13

*Conley v. Gibson,*
    355 U.S. 41 (1957)..............................................................................6, 14

*Eldridge v. Block,*
    832 F.2d 1132 (9th Cir. 1987) ...................................................................11

*Estate of Ford v. Ramierez-Palmer,*
    301 F.3d 1043 (9th Cir. 2002) .....................................................................5

*Famolare, Inc. v. Edison Bros. Stores, Inc.,*
    525 F. Supp. 940 (E.D. Cal. 1981) ............................................................13

*Gen-Probe, Inc. v. Amoco Corp.,*
    926 F. Supp. 948 (S.D. Cal. 1988) ............................................................14

*Graham v. United States,*
    79 Fed. Appx. 992, No. 03-15240,
    2003 WL 22514528, at *1 (9th Cir. June 2, 2003)........................................2, 5

*Hamilton v. Endell,*
    981 F. 2d 1062 (9th Cir. 1992) ....................................................................5

*Hirsh v. Blue Cross, Blue Shield,*
    800 F.2d 1474 (9th Cir. 1986)......................................................................4

*Holden v. Hagoplan,*
    978 F.2d 1115 (9th Cir. 1992) .....................................................................6

*In re Syntex Corp. Sec's Litig.,*
    95 F.3d 922 (9th Cir. 1996).........................................................................6

*Jackson v. Hayakawa,*
    682 F.2d 1344 (9th Cir. 1982) .....................................................................5

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

\HICKSM\SWDMS\8623187

- ii -

**USDC-SOUTHERN DISTRICT CALIFORNIA**
**CASE NO. 07-CV-2373 WQH CAB**

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

# TABLE OF AUTHORITIES
### (continued)

Page

*Jones v. Cmty. Redevelopment Agency of the City of Los Angeles,*
  733 F.2d 646 (9th Cir. 1984) ................................................................ 11

*McHenry v. Renne,*
  84 F.3d 1172 (9th Cir. 1996) .............................................................. 12

*Miller v. Maxwell's International, Inc.,*
  991 F.2d 583 (9th Cir. 1993) .............................................................. 10

*Nevijel v. North Coast Life Ins. Co.,*
  651 F.2d 671 (9th Cir. 1981) .............................................................. 12

*Padway v. Palches,*
  665 F.2d 965 (9th Cir. 1982) .............................................................. 10

*Pejic v. Hughs Helicopters, Inc.,*
  840 F.2d 667 (9th Cir. 1988) .............................................................. 10

*Roberston v. Dean Witter Reynolds, Inc.,*
  749 F.2d 530 (9th Cir. 1984) ................................................................ 6

*Sherman v. Yakahi,*
  549 F.2d 1287 (9th Cir. 1977) ............................................................ 11

*Trent v. Valley Elect. Assoc.,*
  41 F.3d 524 (9th Cir. 1994) .................................................................. 9

*Usher v. City of Los Angeles,*
  828 F.2d 556 (9th Cir. 1987) ................................................................ 6

*Von Poppenheim v. Portland Boxing and Wrestling Commission,*
  442 F.2d 1047 (9th Cir. 1971),
  *cert. denied,* 404 U.S. 1039 (1972) .................................................... 12

*Western Min. Council v. Watt,*
  643 F.2d 618 (9th Cir. 1981) ................................................................ 6

## STATE CASES

*Sec. Dynamics Techs., Inc. v. Active Card Networks, Inc.,*
  No. 95-20870SW,
  1996 WL 263648, at *1 (N.D. Cal. May 13, 1996) ............................ 14

## FEDERAL STATUTES

31 U.S.C. § 3730(a) ................................................................................ 7

31 U.S.C. § 3730(b) ............................................................................ 7, 8

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**TABLE OF AUTHORITIES**
(continued)

Page

31 U.S.C. § 3730(e) ...............................................................................8

31 U.S.C. § 3730(e)(4).........................................................................8

31 U.S.C. 3729 ...............................................................................6, 7

31 U.S.C. 3729(a) ...............................................................................7

42 U.S.C. § 2000e ...............................................................................9


**STATE STATUTES**

California Code of Civil Procedure § 416.10 ...........................................................4


**FEDERAL RULES**

Federal Rules of Civil Procedure Rule 12(b)(2).....................................................3, 5

Federal Rules of Civil Procedure Rule 12(b)(5).....................................................3, 5

Federal Rules of Civil Procedure Rule 12(b)(6).....................................................3, 12

Federal Rules of Civil Procedure Rule 12(e).........................................................3, 13

Federal Rules of Civil Procedure Rule 4 ...............................................................2, 4

Federal Rules of Civil Procedure Rule 4(a)...........................................................5

Federal Rules of Civil Procedure Rule 4(e)...........................................................2

Federal Rules of Civil Procedure Rule 4(h) ...........................................................5

Federal Rules of Civil Procedure Rule 4(h)(1)........................................................4

Federal Rules of Civil Procedure Rule 8 .........................................................3, 11, 13

Federal Rules of Civil Procedure Rule 8(a)(2)........................................................11

Federal Rules of Civil Procedure Rule 8(e)(2)........................................................11

Federal Rules of Civil Procedure Rule 41(b) .....................................................12, 13


**OTHER AUTHORITIES**

2 James Wm. Moore, et al., Moore's Federal Practice,
     12.36[1] (3d ed. 2000) ...............................................................................13

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1069
(714) 427-7000

# I.

## __INTRODUCTION__

Plaintiff Chad McKinney ("McKinney"), a *pro se* litigant, has brought the instant action against Apollo Group, Inc., (erroneously sued as Apollo Group, Inc., University of Phoenix, a Corporation),[1] an Arizona corporation (hereafter, "Apollo"), and four individual defendants.[2]  The Court should dismiss the Complaint for three separate reasons.  First, McKinney failed to properly serve Apollo in accordance with Rule 4 of the Federal Rules of Civil Procedure ("FRCP") because McKinney did not deliver a copy of the summons and complaint to an officer, managing agent, general manager or an authorized agent for service of process.  Although some procedural rules may be relaxed for *pro se* litigants, all plaintiffs must follow the rules for service of the complaint.  *See Graham v. United States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003).  This procedural step is important not only to ensure due process, but also for jurisdictional reasons, because absent proper service, a court lacks jurisdiction over the defendant.  Accordingly, the Complaint should also be dismissed because the Court lacks personal jurisdiction over Apollo.

Finally, McKinney's Complaint should be dismissed for failure to state a claim upon which relief can be granted.  The caption of McKinney's Complaint states that it is "for violation of Federal False Claims Act and for violation of the Civil Rights Act 1964 and the amendments to Title VII of the Civil Rights Act of 1991-Retliation-Wrongful Termination & Employment Discrimination Civil Action" and lists seven causes of action:

    1.  Retaliation pursuant to the False Claims Act § 3729;

---

[1] McKinney also describes Apollo as "Apollo Group Inc, a.k.a. the University of Phoenix" in his Motion for Entry of Default and supporting memorandum of points and authorities.  [Motion for Entry of Default, 2:4-6; MPA In Support of Entry of Default, 2:4-6.]

[2] As of the date this motion was filed, none of the individual defendants have been properly served pursuant to FRCP Rule 4(e).

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

\HICKSNSWDMS\8623187

- 2 -

**USDC-SOUTHERN DISTRICT CALIFORNIA**
**CASE NO. 07-CV-2373 WQH CAB**

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

1    2. Retaliation under Title VII;

2    3. Wrongful Termination;

3    4. False Imprisonment;

4    5. Intentional Infliction of Emotional Distress;

5    6. Defamation; and

6    7. Equal Pay.

7    The Complaint, however, contains no comprehensible recitation of facts or

8  the basis for any of McKinney's purported claims, nor does it give Apollo fair

9  notice of its purported acts or omissions, what actions are attributed to what

10  defendants, how Apollo's conduct damaged McKinney, or even what damage

11  McKinney suffered.

12    Accordingly, Apollo brings this motion to dismiss McKinney's Complaint or

13  to quash service of summons pursuant to FRCP Rule 12(b)(5) because the

14  Complaint was improperly served.  Apollo also brings this motion to dismiss

15  pursuant to FRCP Rule 12(b)(2) because the Court lacks personal jurisdiction over

16  Apollo as a result of McKinney's insufficient service.  Additionally, Apollo brings

17  this motion pursuant to Rule 12(b)(6) because the Complaint fails to state a claim

18  upon which relief may be granted and fails to comply with FRCP Rule 8.  In the

19  alternative, if the Court declines to dismiss the Complaint for failure to state a claim

20  and either finds that service was proper or quashes service and requires McKinney

21  to re-serve an amended Complaint, Apollo requests that the Court order McKinney

22  to file a more definite statement pursuant to FRCP Rule 12(e).

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

*Snell & Wilmer*
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

\\HICKSMS\WDMS\8623187

**USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB**

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

## II.

## THE COURT LACKS JURISDICTION OVER APOLLO BECAUSE

## PLAINTIFF'S SERVICE WAS DEFECTIVE (FRCP 12(B)(2); 12(B)(5)).

FRCP Rule 4 provides in pertinent part:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

> (1) In a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant....

*Belle v. Chase Home Finance, LLC*, No. 06CV2454 WQH (LSP), 2007 WL 3232505, at *8 (S.D. Cal. May 22, 2007). To that end, California state law allows for service upon a corporation by delivering a copy of the summons and complaint:

> (a) To the person designated as agent for service of process...;

> [or]

> (b) To the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process.

Cal. Civ. Proc. Code § 416.10.

Thus, under both federal and state law, service of summons upon a corporation is only proper if delivered to an officer, general manager or designated agent for service of process. *See id.*; FRCP Rule 4(h)(1). When a defendant challenges service of process, a plaintiff bears the burden of showing that service is valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004); *Belle, supra*, citing *Hirsh v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1477 (9th Cir. 1986).

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    Moreover, if a plaintiff fails to serve a defendant in accordance with Rule 4,

2    the court lacks jurisdiction over that defendant. *Jackson v. Hayakawa*, 682 F.2d

3    1344, 1347 (9th Cir. 1982).

4    McKinney failed to comply with the requirements of FRCP Rule 4(h) and

5    California law because he did not serve the summons and complaint on an officer,

6    general manager or designated agent for service of process for Apollo. Indeed,

7    McKinney failed to even direct the summons and Complaint to any individual at all

8    as required by FRCP Rule 4(a). Instead, McKinney simply dropped off an

9    envelope to UOP employee, Ellen Bowens, and expected this to constitute

10    sufficient service of process upon Apollo. This is unacceptable under California

11    law and the Federal Rules.

12    While procedural rules may be relaxed for *pro se* litigants, even a *pro se*

13    plaintiff must comply with the rules for service of process. *See Graham v. United*

14    *States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir.

15    June 2, 2003) *citing Hamilton v. Endell*, 981 F. 2d 1062, 1065 (9th Cir. 1992)

16    (abrogated on other grounds by *Estate of Ford v. Ramierez-Palmer*, 301 F.3d 1043,

17    1045 (9th Cir. 2002).

18    Additionally, because McKinney did not properly serve Apollo, the Court

19    lacks personal jurisdiction over it, and the Complaint should be dismissed pursuant

20    to FRCP Rules 12(b)(2) and 12(b)(5) for this reason.

21

22    **III.**

23    **THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS**

24    **TO PROVIDE A BASIS UPON WHICH RELIEF CAN BE GRANTED.**

25    **A.    The Court May Dismiss Patently Defective Complaints.**

26    A motion to dismiss for failure to state a claim tests the legal sufficiency of

27    the complaint. The Court may dismiss a complaint as a matter of law either for lack

28    of a cognizable theory or the absence of sufficient fats alleged under a cognizable

Snell & Wilmer
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

\HICKSN\SWDMS\8623187                    - 5 -        **USDC-SOUTHERN DISTRICT CALIFORNIA**
                                                      **CASE NO. 07-CV-2373 WQH CAB**

1  legal theory. *Roberston v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.

2  1984). Thus, the Court should dismiss a claim if "it appears beyond doubt that the

3  plaintiff can prove no set of facts in support of his claim which would entitle him to

4  relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In making this

5  determination, the Court must accept as true all material allegations in the

6  complaint and draw all reasonable inferences in the plaintiff's favor. *Usher v. City*

7  *of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). While allegations of material

8  fact are taken as true, however, a plaintiff may not rely on conclusory allegations

9  and unwarranted inferences to defeat dismissal. *See e.g., In re Syntex Corp. Sec's*

10  *Litig.*, 95 F.3d 922, 926 (9th Cir. 1996); *Holden v. Hagoplan*, 978 F.2d 1115, 1121

11  (9th Cir. 1992). Also, the Court does not "assume the truth of legal conclusions

12  merely because they are cast in the form of factual allegations." *Western Min.*

13  *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

14       As explained more fully below, this Court should dismiss McKinney's

15  Complaint because it fails to state a claim upon which relief may be granted.

16

17  **B.    McKinney's Purported Claim Under the False Claims Act (31 U.S.C.**

18  **§ 3729) Provides No Basis Upon Which Relief Can Be Granted.**

19       The Complaint also fails to distinguish among – or even clearly set out – the

20  various claims being alleged. For example, the Complaint mentions an action for

21  retaliation arising under the False Claims Act, 31 U.S.C. § 3729 ("FCA") in

22  McKinney's "Statement of the Case" and "Legal Claims," but no supporting facts

23  even mentioning the FCA can be found in his "Statement of Facts." [Complaint,

24  2:9-11; 16:8-19.] In fact, McKinney's reference the FCA contains the following

25  mystifying statements:

26       In 1986, Congress added provisions in 31 U.S.C Sec.
         3730(h): 'Any employee who is discharged, demoted,
27       suspended, threatened, harassed, or in any other manner
         discriminated against in the terms and conditions of
28       employment by his or her employer because of lawful

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

> acts done by the employee on behalf of his employer or others *in furtherance of an action* under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.'

[*Id.*, (emphasis added).]

McKinney does not reference anything he did "in furtherance of action under this section." In fact, McKinney does not provide any supporting facts at all for this claim, but rather repeats a statute that does not apply to him under any circumstances. The FCA addresses the situation that if a person attempts to defraud the government to obtain payment/property then he/she will be liable:

> to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person [...].

31 U.S.C. 3729(a). For an "action" to exist, however, it may only be brought by the Attorney General or by a private person in the name of the United States Government. 31 U.S.C. §§ 3730(a), (b). Moreover, there are special requirements for a private person to bring an action under the FCA that McKinney never did. In pertinent part:

> **(b) Actions by Private Persons.—**
>
> (1) A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.
>
> (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    31 U.S.C. § 3730(b).

2    Furthermore, the FCA bars the following actions:

3    **(e) Certain Actions Barred.—**

4    (3) In no event may a person bring an action under
     subsection (b) which is based upon allegations or
5    transactions which are the subject of a civil suit or an
     administrative civil money penalty proceeding in which
6    the Government is already a party.

7    (4)

8    (A) No court shall have jurisdiction over an action under
     this section based upon the public disclosure of
9    allegations or transactions in a criminal, civil, or
     administrative hearing, in a congressional, administrative,
10   or Government Accounting Office report, hearing, audit,
     or investigation, or from the news media, unless the
11   action is brought by the Attorney General or the person
     bringing the action is an original source of the
12   information.

13   (B) For purposes of this paragraph, "original source"
     means an individual who has direct and independent
14   knowledge of the information on which the allegations are
     based and has voluntarily provided the information to the
15   Government before filing an action under this section
     which is based on the information.

16

17   31 U.S.C. § 3730(e).

18       McKinney has not provided any facts indicating that he has performed lawful

19   acts in furtherance of an existing "action" under the FCA.  Furthermore, McKinney

20   has not provided any facts that demonstrate that an "action" brought by either the

21   Attorney General or in the name of the United States Government even exists.

22   Indeed, it appears that McKinney's claim under the FCA may be barred since he

23   has not asserted that he is an "original source" of information provided to the

24   United States Government as is required under 31 U.S.C. section 3730(e)(4).

25       Accordingly, McKinney has not properly alleged an action under the FCA

26   upon which relief can be granted.

27   ///

28   ///

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**C.    McKinney's Purported Claim Under Title VII of the Civil Rights Act of**
**1964 and amendments to Title VII of the Civil Rights Act of 1991 (42**
**U.S.C. § 2000e) Provides No Basis Upon Which Relief Can Be Granted.**

McKinney's Complaint similarly fails to state a claim for violation of Title VII of Civil Rights Act, as amended ("Title VII"). McKinney asserts that he suffered "discriminatory behavior" and was retaliated against in violation of Title VII. [Complaint, 2:19-21; 16:20-24.] As with McKinney's claim under the FCA, the only two references to Title VII are found in the "Statement of the Case" and "Legal Claims" and no supporting facts are found in his "Statement of Facts". [*Id.*] In fact, it cannot be determined from McKinney's unintelligible Complaint whether he is alleging disparate treatment, retaliation or both.[3]

Title VII makes it unlawful for covered employers to hire or discharge any individual, or otherwise discriminate against any individual based on race, color, religion, sex or national origin ("protected class"). 42 U.S.C. § 2000e *et seq*. Yet, McKinney does not allege that he belongs to a class protected under Title VII. To succeed on a retaliation claim, McKinney must have supporting facts to allege: (1) he engaged in some protected conduct (protected by Title VII); (2) he suffered an adverse employment action; and (3) the adverse employment action was taken against him because of the protected activity. *Trent v. Valley Elect. Assoc.*, 41 F.3d 524, 526 (9th Cir. 1994). McKinney does not aver any supporting facts that support his allegations of retaliation in violation of Title VII.

To establish a *prima facie* case of discriminatory treatment,[4] McKinney must show supporting facts that: (1) he is a member of a protected class; (2) he was capable of performing his job; and (3) he was treated differently because of his

_____

[3] It will be assumed that McKinney's Title VII claim is limited to retaliation since this is what he reported to the EEOC. [Declaration of Nathan W. Hicks In Support of Motion to Dismiss Plaintiff's Complaint, Ex. A.]
[4] As stated above, if McKinney is alleging discrimination, then he has not exhausted the required administrative remedies in order to properly plead this issue.

Snell & Wilmer
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  protected class status. *Pejic v. Hughs Helicopters, Inc.*, 840 F.2d 667, 672 (9th Cir.

2  1988). McKinney has alleged no facts in support of his claim of discrimination in

3  violation of Title VII.

4       Additionally, for McKinney to have claims that Apollo retaliated or

5  discriminated against him, he must show that Apollo was his employer since "[t]he

6  liability schemes under Title VII…limit civil liability to the employer." *Miller v.*

7  *Maxwell's International, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). McKinney has

8  failed to do this. Furthermore, and regarding liability under Title VII for the

9  individually named defendants, McKinney cannot assert facts to support a claim

10 against them since individual defendants cannot be held liable for damages under

11 Title VII. *Id. citing to Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

12      Accordingly, McKinney has not properly alleged an action under Title VII

13 upon which relief can be granted.

14

15 **D.    McKinney's Other Purported Claims Provide No Basis Upon Which**

16       **Relief Can Be Granted.**

17      Although the Complaint lists seven causes of action[5] under the section

18 entitled "Legal Claims," the remainder of the Complaint appears to consist of

19 protracted "cut and paste" language[6] that is internally inconsistent, ambiguous and

20 fails to provide any support for the purported claims listed in the caption. Instead,

21 McKinney simply lists five other causes of action with no factual support or legal

22 basis.[7]

23

24

---

25 [5] None of McKinney's causes of action distinguish what actions are purportedly
attributable to what defendant.

26 [6] The same language is found in McKinney's EEOC complaint. [Hicks Decl., Ex. A.]

27 [7] McKinney simply lists: wrongful termination, false imprisonment, intentional
infliction of emotional distress, defamation and equal pay under the remaining
causes of action without any reference to a legal basis or how these causes of action

28 apply to him.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    To the extent McKinney is asserting these or any other claims against Apollo

2 (which is, itself, unclear from the wording of the Complaint), McKinney has failed

3 to describe these claims with any specificity or to set forth the required elements of

4 those claims. Accordingly, Apollo is unable to determine which claims are being

5 alleged against it, and McKinney failed to state any claim upon which relief can be

6 granted.

7

8                                    **IV.**

9           **THE COURT SHOULD DISMISS THE COMPLAINT**

10        **BECAUSE IT FAILS TO COMPLY WITH FRCP RULE 8.**

11    FRCP Rule 8 requires a plaintiff to set forth "a short and plain statement of

12 the claim showing that the [plaintiff] is entitled to relief." FRCP Rule 8(a)(2).

13 Similarly, each claim must be "simple, concise, and direct." FRCP Rule 8(e)(2).

14 These rules are designed to ensure that a complaint gives fair notice to defendants

15 and states the elements of the claim plainly and succinctly. *Jones v. Cmty.*

16 *Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646, 649 (9th Cir.

17 1984).

18    When the complaint is written by a *pro se* litigant, these rules are relaxed and

19 the complaint is held to a less stringent standard. *Eldridge v. Block*, 832 F.2d 1132,

20 1136 (9th Cir. 1987). Nevertheless, if a complaint contains nothing more than

21 conclusory allegations, unsupported by any facts, it fails to state a claim under

22 Rule 8. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977); se also,

23 *Barsella v. United States*, 135 F.R.D 64, 66 (S.D.N.Y 1991) (policy requiring

24 courts to liberally construe *pro se* complaints "does not mandate that a court system

25 sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

26 Here, McKinney's complaint is incoherent, rambling, unreadable and fails to

27 comply with Rule 8.

28    ///

**Snell & Wilmer**
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

\HICKSN\SWDMS\8623187

USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

1    The Complaint fails to distinguish among – or even clearly set out – the

2    various claims being alleged.[8]  And, despite containing a heading entitled

3    "Statement of Facts," the body of the Complaint is prolix, confusing, and in many

4    areas – meaningless.  Further, it is not clear what relief McKinney seeks or how the

5    allegations support the relief sought.  The Complaint is simply a recitation of

6    disconnected ideas wrapped with conclusory allegations seeking some sort of

7    unintelligible relief.  The Complaint, therefore, fails to comply with Rule 8 and

8    should be dismissed under FRCP Rule 12(b)(6) for failure to state a claim upon

9    which relief can be granted.

10

11                                          V.

12                        **THE COURT SHOULD DISMISS**

13            **MCKINNEY'S COMPLAINT WITH PREJUDICE.**

14          The factors a court may consider in determining whether to dismiss a

15    complaint with prejudice under FRCP Rule 41(b) include:  (1) the plaintiff's status

16    as a pro se litigant; (2) the burden on the defendants and their right to be free from

17    costly and harassing litigation; (3) the burden confusing and prolix complaints

18    place on the court system; (4) the strength of plaintiff's case; and, (5) the feasibility

19    of less drastic alternatives, such as allowing further amendment.  *See, e.g.,*

20    *McHenry v. Renne,* 84 F.3d 1172, 1179-1180 (9th Cir. 1996); *Nevijel v. North*

21    *Coast Life Ins. Co.,* 651 F.2d 671, 674-675 (9th Cir. 1981); *Von Poppenheim v.*

22    *Portland Boxing and Wrestling Commission,* 442 F.2d 1047, 1053 (9th Cir. 1971),

23    *cert. denied,* 404 U.S. 1039 (1972).  Under the circumstances of this dispute, these

24    factors heavily favor dismissal with prejudice.

25          McKinney has filed a protracted, rambling, incomprehensible Complaint that

26    utterly fails to allege any facts to support any of his claims, and that is not even

27    _____

28    [8] See Part III above for a further discussion of the deficiencies in McKinney's
      claims.

\HICKS\NSWDMS\8623187                    - 12 -      USDC-SOUTHERN DISTRICT CALIFORNIA
                                                     CASE NO. 07-CV-2373 WQH CAB

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  clear as to which claims are being asserted, and against which Defendants.

2  McKinney cannot assert anything in an amended pleading that will give merit to his

3  baseless claims. As such, the Court should dismiss McKinney's Complaint with

4  prejudice pursuant to FRCP Rule 41(b).

5

6  ### VI.

7  ### ALTERNATIVELY, THE COURT SHOULD REQUIRE MCKINNEY TO

8  ### FILE A MORE DEFINITE STATEMENT UNDER FRCP RULE 12(E).

9  If the Court declines to dismiss the Complaint, and either quashes service and

10  requires McKinney to re-serve the Complaint or finds that service of process was

11  sufficient under the FRCP and that the Court has jurisdiction over Apollo, the Court

12  should require McKinney to file a more definite statement.

13  FRCP Rule 12(e) protects defendants from having to guess at the meaning of

14  complaints like the one brought by McKinney:

15  If a pleading to which a responsive pleading is permitted
   is so vague or ambiguous that a party cannot reasonably
16  be required to frame a responsive pleading, the party may
   move for a more definite statement before interposing a
17  responsive pleading.

18  FRCP Rule 12(e).

19  A complaint may state a claim for relief, but may still be so vague and

20  ambiguous as to require a plaintiff to provide a more definite statement. *See*

21  *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1981);

22  *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

23  When claims, such as those made by McKinney are so indefinite that the defendant

24  cannot ascertain the nature of the claim being asserted, a defendant cannot

25  reasonably be expected to frame a proper response. *Id.*

26  A motion for a more definite statement is appropriate where allegations do

27  not comply with the pleading requirements identified in FRCP Rule 8. 2 James

28  Wm. Moore, et al., Moore's Federal Practice, 12.36[1] (3d ed. 2000). Under

*Snell & Wilmer*
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

\\HICKSNS\WDMS\8623187

- 13 -

USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

1  Rule 8, a pleading must give "fair notice on the grounds for the various claims" and

2  "requires more than empty boilerplate." *Gen-Probe, Inc. v. Amoco Corp.*, 926 F.

3  Supp. 948, 961 (S.D. Cal. 1988); *see also Conley v. Gibson*, 355 U.S. 41, 47

4  (1957). Therefore, if a pleading is not "clear enough to provide the defendant with

5  a sufficient basis to frame a responsive pleading" a more definite statement is

6  appropriate. *Sec. Dynamics Techs., Inc. v. Active Card Networks, Inc.*, No. 95-

7  20870SW, 1996 WL 263648, at *1 (N.D. Cal. May 13, 1996).

8        Here, for the reasons set forth above, McKinney's Complaint is so

9  ambiguous and unintelligible that Apollo cannot reasonably be required to frame a

10  responsive pleading. Therefore, if the Court does not grant Apollo's Rule 12(b)(6)

11  motion, the Court should order McKinney to file a more definite statement.

12

13                          **VII.**

14                      **CONCLUSION**

15        For the reasons stated above, Apollo respectfully requests that the Court

16  dismiss McKinney's Complaint with prejudice. In the alternative, if the Court finds

17  service of process met the requirements of the Federal Rules, and the Court declines

18  to dismiss the Complaint, Apollo respectfully requests that the Court require

19  McKinney to file a more definite statement.

20  Date: March 7, 2008                    SNELL & WILMER L.L.P.

21

22                                    By:

23                                        Christy Joseph
                                          Nathan W. Hicks
24                                        Attorneys for Apollo Group, Inc.

25

26

27

28

\HICKSN\SWDMS\8623187        - 14 -    **USDC-SOUTHERN DISTRICT CALIFORNIA**
                                        **CASE NO. 07-CV-2373 WQH CAB**

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

### PROOF OF SERVICE
*USDC – Southern District, Case No. 07-CV-2373 WQH CAB*

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On March 7, 2008, I served, in the manner indicated below, the foregoing document described as **APOLLO GROUPS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| Chad McKinney<br>Pro Se<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115 | Plaintiff<br><br>Tel: 619-634-3566 |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>940 Front Street<br>San Diego, CA 92101 | |

☒    **BY FEDERAL EXPRESS:** I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 7, 2008, at Costa Mesa, California.

Anh Dufour

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8626180

**EXHIBIT C**

1  Chad McKinney
   Pro Se
2  6266 Madeline St Apt #61
   San Diego, CA 92115
3  619-634-3566

4  **THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

5                                              )   CIV. Case No.07-cv-2373
   CHAD MCKINNEY, an individual,               )
6                                              )   FOR VIOLATION OF FEDERAL
                                               )   FALSE CLAIMS ACT AND FOR
7                                              )   VIOLATION OF THE
                                               )   THE CIVIL RIGHTS ACT 1964 AND
8                                              )   THE AMENDMENTS TO TITLE
                                               )   VII OF THE CIVIL RIGHTS ACT OF
9                                              )   1991
             Plaintiff,                        )
10                                             )
                                               )
11                                             )   RETALIATION- WRONGFUL
                                               )   TERMINATION &
12                                             )   EMPLOYENT DISCRIMINATION
                                               )        CIVIL ACTION
13                                             )
                                               )
14   v.                                        )
                                               )   **Declaration of R.T. Hansell in Support of**
     APOLLO GROUP INC., UNIVERSITY OF          )   **Plaintiff's Motion for Default Judgment**
15                                             )
     PHOENIX , a Corporation, MECHELLE         )
16   BONILLA, an Enrollment Manager at         )   Date:  April 7, 2008
     UNIVERSITY OF PHOENIX, KYAN               )   Time: 11:00 a.m.
17   FLYNN, Director of Enrollment at          )   Courtroom: 4
     UNIVERSITY OF PHOENIX, APRIL              )    Judge: Hon. William Q. Hayes
18   ALCORN, an Employee Relations             )
     Consultant at UNIVERSITY OF PHOENIX       )     Demand for Trial by Jury Pursuant
19   CARLYN LINDSTEN, Associate Director of    )     to U.S. Constitution, 7th Amendment
     Enrollment at UNIVERSITY OF PHOENIX       )
20                                             )     March 27, 2008
                                               )
21            Defendants                       )

22

23

24
                                                                              1

## DECLARATION OF R.T. HANSELL IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

I, Bob Hansell, declare as follows:

1.    I am over the age of 18.  I am currently employed as a County Process Server at San Diego Service of Process, LLC in the city of San Diego.  On January 31, 2008, I was, and currently am, bonded and registered in and for the County of San Diego.

2.    On the 31st of January, 2008, according to Federal Rules of Civil Procedure 4(e)(1) I properly served Apollo Group, Inc., and the University of Phoenix.

3.    At the time of service, Ellen Bowens declared herself to be an Administrator and the only person available.  Ellen Bowens, who is actually an Operations Manager for the University of Phoenix, a wholly owned subsidiary of Apollo Group, Inc. refused to cooperate and produce the defendant employees for personal service, or any other person to accept for the defendant companies.  Substitute service was then effected.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 24, 2008

R.T. Hansell, RPS #351

2