Christy D. Joseph (#136785)
Nathan W. Hicks (#236269)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA  92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant April Alcorn

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF

CALIFORNIA

| | |
|---|---|
| CHAD MCKINNEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>APOLLO GROUP, INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN  FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employees Relations Consultant at UNIVERSITY OF PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX<br><br>Defendants | CASE NO. 07-CV-2373 WQH CAB<br><br>**DEFENDANT APRIL ALCORN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT**<br><br>**[FRCP 12(b)(2); 12(b)(5); 12(b)(6); 12(e).]**<br><br>Date:  May 12, 2008<br>Time: 11:00 a.m.<br>Courtroom:  4<br>Judge:  Hon. William Q. Hayes<br><br><br>DATE OF FILING:  December 19, 2007 |

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# I.

## INTRODUCTION

Plaintiff Chad McKinney's ("McKinney") latest round of post hoc oppositions highlight the very reasons that his complaints against the above-captioned defendants should be dismissed. Nowhere in McKinney's opposition does he allege any substantive facts or provide any cogent legal support. Instead, McKinney supplants stumbling legal conclusions, conjecture and allegory in order to maintain his claims.

McKinney does not deny, and therefore admits, that he has no standing to bring a claim under the Federal False Claims Act. McKinney does not deny that Title VII does not apply to individual defendants and that he did not allege any actions by the above-captioned defendants that are afforded Title VII protection.[1] McKinney does not deny that he failed to provide any factual support or legal basis for his other five purported causes of action. McKinney admits that defendant April Alcorn ("Alcorn") is not domiciled in California. McKinney does not deny that Alcorn's interactions with him were undertaken solely in a corporate capacity. And finally, McKinney does not argue that the Court should not dismiss his claims with prejudice. As a result, defendant April Alcorn's ("Alcorn") motion should be granted and McKinney's claims should be dismissed.

# II.

## MCKINNEY ADMITS THAT COURT LACKS

## JURISDICTION OVER ALCORN.

McKinney does not dispute that he did not serve Alcorn within the state. McKinney also does not dispute that Alcorn did not consent to the Court's jurisdiction and is not domiciled within California. Indeed, McKinney's only

---

[1] McKinney does not bother to allege that any of the defendants' actions were the result of his inclusion in a protected category afforded Title VII protection.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

argument that Alcorn is subject to the Court's jurisdiction centers on whether her actions satisfy the minimum contacts analysis. To that end, McKinney does not dispute that Alcorn is a non-resident and that his only interactions with her were undertaken in her official corporate capacity as Apollo Group, Inc.'s Human Resources Representative. As such, the facts here fall squarely under the holding of *Club Car, Inc. v. Club Car (Quebec) Import, Inc.* (11th Cir. 2004) 362 F3d 775, 784, which specifically states that non-resident individual is not subject to personal jurisdiction based upon the acts in the forum state undertaken in a corporate capacity. Accordingly, Alcorn is not subject to the Court's jurisdiction simply because she answered a phone call or exchanged correspondence with McKinney as part of her corporate duties and McKinney's claim should be dismissed.

## III.
## MCKINNEY ADMITS THAT HE DID NOT PROPERLY SERVE ALCORN.

McKinney does not deny that he attempted to serve Alcorn pursuant to California law.[2] Further, McKinney does not deny that he did not provide mail copies of the summons and complaint to Alcorn via pre-paid first class mail. Accordingly, McKinney's only attempt at service was under California law utilizing substitute service. As such, under California law, substitute service may only be utilized after a "good faith effort at personal service has been attempted." Cal. Code Civ. Proc. § 415.20. McKinney made no such good faith effort, and has not provided any evidence that he attempted to do so. If the defendant challenges the method of service, the burden is on plaintiff to show that reasonable attempts were made to serve defendant personally before resorting to substitute service and why personal service could not be effected. *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (1979). Two or three attempts to personally serve defendant at a

---

[2] Indeed, McKinney attempted service at Alcorn's place of work which is not authorized under federal law.

APRIL ALCORN'S REPLY TO PLAINTIFF'S OPP. TO MOTION TO DISMISS COMPLAINT

Snell & Wilmer
—— L.L.P.——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

"proper place" ordinarily qualifies as "reasonable diligence" at attempting personal service. *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988); *Stafford v. Mach*, 64 Cal. App. 4th 1174, 1182 (1998). Therefore, Alcorn was not properly served under either federal or California law and is not subject to the Court's jurisdiction. Accordingly, McKinney's complaint should be dismissed.

## IV.

## MCKINNEY ADMITS THAT NO LEGAL BASIS EXISTS FOR ANY OF HIS CAUSES OF ACTION.

McKinney does not even bother to provide any legal support for the rest of his opposition, and instead provides only his opinions and "legal" conclusions. To that end, McKinney summarily concludes that:

- "The Complaint does state claims which relief may granted;"
- "The Complaint does set forth a short and plain statement of each claim;" and
- "The Complaint is not vague, and a more definite statement is not needed."

with no further argument or support.

Therefore, McKinney does not deny that he does not have standing to bring a claim under the Federal False Claims act. McKinney does not deny that Title VII does not apply to individual defendants and that he did not allege that he belonged to a protected category afforded Title VII protection. And McKinney does not deny that he failed to provide any factual support or legal basis for his other five purported causes of action. Accordingly, McKinney does not provide any claims upon which relief may be granted, and his claims must fail.

## V.

## MCKINNEY DOES NOT DISPUTE THAT HIS CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

- 4 -

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  McKinney does not dispute that his claims should be dismissed with

2  prejudice.  Accordingly, for the above reasons and the reasons set forth in Alcorn's

3  moving papers, McKinney's complaint should be dismissed with prejudice.

4

5  **VI.**

6  **CONCLUSION**

7  For the reasons stated above and those set forth in the moving papers, the Ms.

8  Alcorn respectfully requests that the Court dismiss McKinney's Complaint against

9  her with prejudice.  In the alternative, if the Court finds that it has jurisdiction over

10  Ms. Alcorn and the Court declines to dismiss the Complaint, she respectfully

11  requests that the Court require McKinney to file a more definite statement.

12  Date: May 28, 2008                          SNELL & WILMER L.L.P.

13

14

15                                    By:___s/Nathan W. Hicks_____
                                          Christy Joseph
16                                        Nathan W. Hicks
                                          Attorneys for April Alcorn
17  \HICKSN\SWDMS\8813402

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

- 5 -
APRIL ALCORN'S REPLY TO PLAINTIFF'S OPP. TO MOTION TO DISMISS COMPLAINT

# PROOF OF SERVICE

### McKinney v. Apollo Group, Inc., et al.
### USDC, Southern – Case No. 07-CV-2373

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On May 28, 2008, I served, in the manner indicated below, the foregoing document described as **DEFENDANT APRIL ALCORN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| Chad McKinney<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115 | Plaintiff, Pro Se<br>Tel: (619) 634-3566<br><br>TRACKING # 798949988350 |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>940 Front Street, Room 4290<br>San Diego, CA 92101-8900 | Courtesy Copy<br>Tel: (619) 557-5600<br><br>TRACKING #798450005988 |

I am employed in the office of a member of the bar of this court at whose direction the service was made.

☒  BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 28, 2008, at Costa Mesa, California.

_____
Anh Dufour

8626180

PROOF OF SERVICE

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000