1  Christy D. Joseph (#136785)
   Nathan W. Hicks (#236269)
2  SNELL & WILMER L.L.P.
   600 Anton Boulevard, Suite 1400
3  Costa Mesa, CA 92626-7689
   Telephone: (714) 427-7000
4  Facsimile: (714) 427-7799

5
   Attorneys for Defendant Mechelle Bonilla,
6  Kyan Flynn and Carlyn Lindsten

7

8           UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF

9                                    CALIFORNIA

10

11 | CHAD MCKINNEY, an individual, | CASE NO. 07-CV-2373 WQH CAB |

12 | Plaintiff, | **DEFENDANTS MECHELLE BONILLA, KYAN FLYNN AND CARLYN LINDSTEN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT** |

13 | v. |

14 | APOLLO GROUP, INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employees Relations Consultant at UNIVERSITY OF PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX | |

   | | **[FRCP 12(b)(2); 12(b)(5); 12(b)(6); 12(e).]** |
   | | Date: April 21, 2008 |
   | | Time: 11:00 a.m. |
   | | Courtroom: 4 |
   | | Judge: Hon. William Q. Hayes |

21 | Defendants | |

22 | | |
23 | | DATE OF FILING: December 19, 2007 |

(Snell & Wilmer, L.L.P., Law Offices, 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689, (714) 427-7000)

THE INDIVIDUAL DEFENDANTS' REPLY TO OPP. TO MOTION TO DISMISS COMPLAINT

# I.

# INTRODUCTION

Plaintiff Chad McKinney's ("McKinney") latest round of post hoc oppositions highlight the very reasons that his complaints against the above-captioned defendants should be dismissed. Nowhere in McKinney's opposition does he allege any substantive facts or provide any cogent legal support. Instead, McKinney supplants stumbling legal conclusions, conjecture and allegory in order to maintain his claims.

McKinney does not deny, and therefore admits, that he has no standing to bring a claim under the Federal False Claims Act. McKinney does not deny that Title VII does not apply to individual defendants and that he did not allege any actions by the above-captioned defendants that are afforded Title VII protection.[1] McKinney does not deny that he failed to provide any factual support or legal basis for his other five purported causes of action. McKinney admits that he did not personally serve defendants Mechelle Bonilla, Kyan Flynn or Carlyn Lindsten (collectively the "Individual Defendants"). McKinney also admits that he did not mail through first-class mail service copies of the summons and complaint to any of the Individual Defendants. And finally, McKinney does not argue that the Court should not dismiss his claims with prejudice. As a result, the Individual Defendants' motion should be granted and McKinney's claims should be dismissed.

# II.

# MCKINNEY ADMITS THAT HE DID NOT PROPERLY SERVE THE INDIVIDUAL DEFENDANTS.

McKinney does not deny that he attempted to serve the Individual

---

[1] McKinney does not bother to allege that any of the defendants' actions were the result of his inclusion in a protected category afforded Title VII protection.

Defendants pursuant to California law.[2] Accordingly, McKinney's only attempt at service was under California law utilizing substitute service. As such, under California law, substitute service may only be utilized after a "good faith effort at personal service has been attempted." Cal. Code Civ. Proc. § 415.20. Further, after attempted substitute service, a copy of the summons and complaint must be mailed to the defendant via pre-paid first class mail. Id. McKinney made no such good faith effort, and has not provided any evidence that he attempted to do so. Further, McKinney does not deny that he did not provide mail copies of the summons and complaint to the Individual Defendants via pre-paid first class mail.

If the defendant challenges the method of service, the burden is on plaintiff to show that reasonable attempts were made to serve defendant personally before resorting to substitute service and why personal service could not be effected. *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (1979). Two or three attempts to personally serve defendant at a "proper place" ordinarily qualifies as "reasonable diligence" at attempting personal service. *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988); *Stafford v. Mach*, 64 Cal. App. 4th 1174, 1182 (1998). Moreover, no copies of the summons and complaint were ever mailed to any of the Individual Defendants. Therefore, the Individual Defendants were not properly served under either federal or California law and are not subject to the Court's jurisdiction. Accordingly, McKinney's complaint should be dismissed.

## III.
## MCKINNEY ADMITS THAT NO LEGAL BASIS EXISTS FOR ANY OF HIS CAUSES OF ACTION.

McKinney does not even bother to provide any legal support for the rest of his opposition, and instead provides only his opinions and "legal" conclusions.

---

[2] Indeed, McKinney attempted service at the Individual Defendants' place of work which is not authorized under federal law.

- 3 -

THE INDIVIDUAL DEFENDANTS' REPLY TO OPP. TO MOTION TO DISMISS COMPLAINT

To that end, McKinney summarily concludes that:

- "The Complaint does state claims which relief may granted;"
- "The Complaint does set forth a short and plain statement of each claim;" and
- "The Complaint is not vague, and a more definite statement is not needed."

with no further argument or support.

Therefore, McKinney does not deny that he does not have standing to bring a claim under the Federal False Claims act. McKinney does not deny that Title VII does not apply to individual defendants and that he did not allege that he belonged to a protected category afforded Title VII protection. And McKinney does not deny that he failed to provide any factual support or legal basis for his other five purported causes of action. Accordingly, McKinney does not provide any claims upon which relief may be granted, and his claims must fail.

## IV.
## MCKINNEY DOES NOT DISPUTE THAT HIS CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

McKinney does not dispute that his claims should be dismissed with prejudice. Accordingly, for the above reasons and the reasons set forth in the Individual Defendants' moving papers, McKinney's complaint should be dismissed with prejudice.

## V.
## CONCLUSION

For the reasons stated above and those set forth in the moving papers, the Individual Defendants respectfully request that the Court dismiss McKinney's Complaint against them with prejudice. In the alternative, if the Court finds that it has jurisdiction over the Individual Defendants and the Court declines to dismiss

1  the Complaint, the respectfully requests that the Court require McKinney to file a
2  more definite statement.

Date: May 28, 2008                                    SNELL & WILMER L.L.P.

                                                      By: __s/Nathan W. Hicks_____
                                                          Christy Joseph
                                                          Nathan W. Hicks
                                                          Attorneys for Mechelle Bonilla,
                                                          Kyan Flynn and Carlyn Lindsten

\HICKSN\SWDMS\8813675

# PROOF OF SERVICE

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On May 28, 2008, I served, in the manner indicated below, the foregoing document described as **DEFENDANTS MECHELLE BONILLA, KYAN FLYNN AND CARLYN LINDSTEN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| Chad McKinney<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115 | Plaintiff, Pro Se<br>Tel: (619) 634-3566<br><br>TRACKING # 798949988350 |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>940 Front Street, Room 4290<br>San Diego, CA 92101-8900 | Courtesy Copy<br>Tel: (619) 557-5600<br><br>TRACKING #798450005988 |

I am employed in the office of a member of the bar of this court at whose direction the service was made.

[X]   BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 28, 2008, at Costa Mesa, California.

*Anh Dufour*

8626180

PROOF OF SERVICE