Christy D. Joseph (#136785)
Nathan W. Hicks (#236269)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant Apollo Group, Inc.

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF

CALIFORNIA

| | |
|---|---|
| CHAD MCKINNEY, an individual,<br><br>           Plaintiff,<br><br>v.<br><br>APOLLO GROUP, INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employees Relations Consultant at UNIVERSITY OF PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX<br><br>           Defendants | CASE NO. 07-CV-2373 WQH CAB<br><br>**DEFENDANT APOLLO GROUP, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT**<br><br>**[FRCP 12(b)(2); 12(b)(5); 12(b)(6); 12(e).]**<br><br>Date: April 7, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br>Judge: Hon. William Q. Hayes<br><br><br>DATE OF FILING: December 19, 2007 |

## I.

## **INTRODUCTION**

Plaintiff Chad McKinney's ("McKinney") latest round of post hoc oppositions highlight the very reasons that his complaints against the above-captioned defendants should be dismissed. Nowhere in McKinney's opposition does he allege any substantive facts or provide any cogent legal support. Instead, McKinney supplants stumbling legal conclusions, conjecture and allegory in order to maintain his claims.

McKinney also asserts that he "searched the Court's Docket record of the case several times through, and was unable to locate Apollo's resubmission" of its motion to dismiss his complaint. [McKinney's Opp. to Apollo Group Inc.'s ("Apollo") Motion to Dismiss or in the Alternative for More Definite Statement, (the "Opposition" 2:5-9.] McKinney need look no further than the Apollo's Notice of Non-Opposition located on the Court's Docket No. 56 which directs the viewer to Apollo's Motion to Dismiss under Docket No. 10, which was never stricken, by stating:

> NOTICE re 10 MOTION to Dismiss for Lack of Jurisdiction by Apollo Group (Hicks, Nathan) (mdc) (Entered: 05/08/2008).

[US DC Southern District of California (San Diego) Civil Docket for Case No. 3:07-cv-02373-WQH-CAB, found at https:ecf.casd.uscourts.gov/cgi-bin/DktRpt.pl?995139970553674-L_567_0-1.] McKinney, however, goes on to include Apollo's Motion to Dismiss as an exhibit to his Opposition. [Opposition, Exs. A and B.][1]

Further, McKinney does not deny, and therefore admits, that he has no standing to bring a claim under the Federal False Claims Act. McKinney does not deny that Title VII does not him because he did not allege any actions by the above-

---

[1] Indeed, the exhibit that McKinney attaches is Document No. 10 as evidenced by the header at the top of his exhibit.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

captioned defendants that are afforded Title VII protection.[2]  McKinney does not deny that he failed to provide any factual support or legal basis for his other five purported causes of action.  McKinney does not dispute that Ellen Bowens is a University of Phoenix ("UOP") employee and not an officer, general manager or designated agent for service of process for Apollo or UOP.  Nor does McKinney dispute that service upon a UOP employee does not suffice as service of process upon Apollo.  McKinney also admits that he did not mail through first-class mail service copies of the summons and complaint to Apollo.  And finally, McKinney does not argue that the Court should not dismiss his claims with prejudice.  As a result, Apollo's motion should be granted and McKinney's claims should be dismissed.

## II.

## **MCKINNEY ADMITS THAT HE DID NOT PROPERLY SERVE APOLLO.**

McKinney admits that he did not serve an Apollo officer, general manager or designated agent for service of process, but rather attempted substitute service on UOP employee Ellen Bowens.  [Opposition, 3:8-15, referring to Declaration of RT Hansell attached as Ex. C.]  Therefore, McKinney attempted to substitute serve Apollo pursuant to California law.[3]  As such, under California law, substitute service may only be utilized after a "good faith effort at personal service has been attempted."  Cal. Code Civ. Proc. § 415.20.  Further, after attempted substitute service, a copy of the summons and complaint must be mailed to the defendant via pre-paid first class mail.  Id., *see also Khourie, Crew & Jaeger v. Saebek, Inc*. (1990) 220 Cal. App. 3d 1009, 1015 (even if substitute service is attempted, a copy of the summons and complaint must be mailed to the corporation).  McKinney made no such good faith effort, and has not provided any evidence that he

---

[2] McKinney does not bother to allege that any of the defendants' actions were the result of his inclusion in a protected category afforded Title VII protection.
[3] Indeed, McKinney attempted substitute service of Apollo is not authorized under federal law.

- 3 -

APOLLO GROUP, INC.'S REPLY TO OPP. TO MOTION TO DISMISS COMPLAINT

1  attempted to do so.  Further, McKinney does not deny that he did not mail a copy of
2  the summons and complaint to Apollo via pre-paid first class mail as is required.

3  If the defendant challenges the method of service, the burden is on plaintiff to
4  show that reasonable attempts were made to serve defendant personally before
5  resorting to substitute service and why personal service could not be effected.
6  *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (1979).  Two or three attempts
7  to personally serve defendant at a "proper place" ordinarily qualifies as "reasonable
8  diligence" at attempting personal service.  *Espindola v. Nunez*, 199 Cal. App. 3d
9  1389, 1392 (1988); *Stafford v. Mach*, 64 Cal. App. 4th 1174, 1182 (1998).
10 Moreover, no copies of the summons and complaint were ever mailed to Apollo.
11 Therefore, Apollo was not properly served under either federal or California law
12 and is not subject to the Court's jurisdiction.  Accordingly, McKinney's complaint
13 should be dismissed.

### III.
### MCKINNEY ADMITS THAT NO LEGAL BASIS EXISTS FOR ANY OF HIS CAUSES OF ACTION.

18 McKinney does not even bother to provide any legal support for the rest of
19 his opposition, and instead provides only his opinions and "legal" conclusions.
20 To that end, McKinney summarily concludes that:

21 - "The Complaint does state claims which relief may granted;"
22 - "The Complaint does set forth a short and plain statement of each claim;" and
24 - "The Complaint is not vague, and a more definite statement is not needed."
25 with no further argument or support.

26 Therefore, McKinney does not deny that he does not have standing to bring a
27 claim under the Federal False Claims act.  McKinney does not deny that Title VII
28 does not apply to individual defendants and that he did not allege that he belonged

- 4 -

to a protected category afforded Title VII protection.  And McKinney does not deny that he failed to provide any factual support or legal basis for his other five purported causes of action.  Accordingly, McKinney does not provide any claims upon which relief may be granted, and his claims must fail.

## IV.
## MCKINNEY DOES NOT DISPUTE THAT HIS CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

McKinney does not dispute that his claims should be dismissed with prejudice.  Accordingly, for the above reasons and the reasons set forth in the Apollo's moving papers, McKinney's complaint should be dismissed with prejudice.

## V.
## CONCLUSION

For the reasons stated above and those set forth in the moving papers, Apollo respectfully requests that the Court dismiss McKinney's Complaint against it with prejudice.  In the alternative, if the Court finds that it has jurisdiction over Apollo and the Court declines to dismiss the Complaint, Apollo respectfully requests that the Court require McKinney to file a more definite statement.

Date: May 28, 2008                                          SNELL & WILMER L.L.P.

By:__s/Nathan W. Hicks_____
Christy Joseph
Nathan W. Hicks
Attorneys for Apollo Group, Inc.

\HICKSN\SWDMS\8814070

# PROOF OF SERVICE

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On May 28, 2008, I served, in the manner indicated below, the foregoing document described as **DEFENDANT APOLLO GROUP, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| Chad McKinney<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115 | Plaintiff, Pro Se<br>Tel: (619) 634-3566<br><br>TRACKING # 798949988350 |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>940 Front Street, Room 4290<br>San Diego, CA 92101-8900 | Courtesy Copy<br>Tel: (619) 557-5600<br><br>TRACKING #798450005988 |

I am employed in the office of a member of the bar of this court at whose direction the service was made.

☒ BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 28, 2008, at Costa Mesa, California.

_____
Anh Dufour

8626180

PROOF OF SERVICE