1  Christy D. Joseph (#136785)
   Nathan W. Hicks (#236269)
2  SNELL & WILMER L.L.P.
   600 Anton Boulevard, Suite 1400
3  Costa Mesa, CA  92626-7689
   Telephone: (714) 427-7000
4  Facsimile: (714) 427-7799

5

   Attorneys for Defendant University of
6  Phoenix, Inc.

7

8          UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF

9                              CALIFORNIA

10

11  CHAD MCKINNEY, an individual,          CASE NO. 07-CV-2373 WQH CAB

12              Plaintiff,                 **DEFENDANT UNIVERSITY OF
                                           PHOENIX INC.'S REPLY TO
13  v.                                     PLAINTIFF'S OPPOSITION TO
                                           MOTION TO DISMISS
14  APOLLO GROUP, INC.,                    COMPLAINT, OR IN THE
    UNIVERSITY OF PHOENIX, a               ALTERNATIVE FOR MORE
15  Corporation, MECHELLE                  DEFINITE STATEMENT**
    BONILLA, an Enrollment Manager
16  at UNIVERSITY OF PHOENIX,              **[FRCP 12(b)(2); 12(b)(5); 12(b)(6);
    KYAN  FLYNN, Director of               12(e).]**
17  Enrollment at UNIVERSITY OF
    PHOENIX, APRIL ALCORN, an              Date:  May 12, 2008
18  Employees Relations Consultant at      Time: 11:00 a.m.
    UNIVERSITY OF PHOENIX,                 Courtroom:  4
19  CARLYN LINDSTEN, Associate             Judge:  Hon. William Q. Hayes
    Director of Enrollment at
20  UNIVERSITY OF PHOENIX

21              Defendants

22                                         DATE OF FILING:  December 19, 2007

23

24

25

26

27

28

UNIVERISTY OF PHOENIX INC.'S REPLY TO OPP. TO MOTION TO DISMISS COMPLAINT

**I.**

**INTRODUCTION**

Plaintiff Chad McKinney's ("McKinney") latest round of post hoc oppositions highlight the very reasons that his complaints against the above-captioned defendants should be dismissed. Nowhere in McKinney's opposition does he allege any substantive facts or provide any cogent legal support. Instead, McKinney supplants stumbling legal conclusions, conjecture and allegory in order to maintain his claims.

Further, McKinney does not deny, and therefore admits, that he has no standing to bring a claim under the Federal False Claims Act. McKinney does not deny that Title VII does not him because he did not allege any actions by the above-captioned defendants that are afforded Title VII protection.[1] McKinney does not deny that he failed to provide any factual support or legal basis for his other five purported causes of action. McKinney does not dispute that Ellen Bowens is an administrative employee for the University of Phoenix, Inc. ("UOP") and not an officer, general manager or designated agent for service of process for Apollo or UOP. McKinney also admits that he did not mail through first-class mail service copies of the summons and complaint to UOP. And finally, McKinney does not argue that the Court should not dismiss his claims with prejudice. As a result, UOP's motion should be granted and McKinney's claims should be dismissed.

**II.**

**MCKINNEY ADMITS THAT HE DID NOT PROPERLY SERVE UOP.**

McKinney admits that he did not serve a UOP officer, general manager or designated agent for service of process, but rather attempted substitute service on a UOP administrative employee Ellen Bowens. [Opposition, 2:19-3:3, referring to

---

[1] McKinney does not bother to allege that any of the defendants' actions were the result of his inclusion in a protected category afforded Title VII protection.

UNIVERISTY OF PHOENIX INC.'S REPLY TO OPP. TO MOTION TO DISMISS COMPLAINT

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   Declaration of RT Hansell attached as Ex. C.]  Therefore, McKinney attempted to

2   substitute serve UOP pursuant to California law.[2]  As such, under California law,

3   substitute service may only be utilized after a "good faith effort at personal service

4   has been attempted."  Cal. Code Civ. Proc. § 415.20.  Further, after attempted

5   substitute service, a copy of the summons and complaint must be mailed to the

6   defendant via pre-paid first class mail.  Id., *see also Khourie, Crew & Jaeger v.*

7   *Saebek, Inc*. (1990) 220 Cal. App. 3d 1009, 1015 (even if substitute service is

8   attempted, a copy of the summons and complaint must be mailed to the

9   corporation).  McKinney made no such good faith effort, and has not provided any

10  evidence that he attempted to do so.  Further, McKinney does not deny that he did

11  not mail a copy of the summons and complaint to UOP via pre-paid first class mail

12  as is required.

13       If the defendant challenges the method of service, the burden is on plaintiff to

14  show that reasonable attempts were made to serve defendant personally before

15  resorting to substitute service and why personal service could not be effected.

16  *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (1979).  Two or three attempts

17  to personally serve defendant at a "proper place" ordinarily qualifies as "reasonable

18  diligence" at attempting personal service.  *Espindola v. Nunez*, 199 Cal. App. 3d

19  1389, 1392 (1988); *Stafford v. Mach*, 64 Cal. App. 4th 1174, 1182 (1998).

20  Moreover, no copies of the summons and complaint were ever mailed to UOP.

21  Therefore, UOP was not properly served under either federal or California law and

22  is not subject to the Court's jurisdiction.  Accordingly, McKinney's complaint

23  should be dismissed.

24

25

26

27

28

---

[2] Indeed, McKinney attempted substitute service of a corporation which is not authorized under federal law.

UNIVERISTY OF PHOENIX INC.'S REPLY TO OPP. TO MOTION TO DISMISS COMPLAINT

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

### III.

### MCKINNEY ADMITS THAT NO LEGAL BASIS EXISTS FOR ANY OF HIS CAUSES OF ACTION.

McKinney does not even bother to provide any legal support for the rest of his opposition, and instead provides only his opinions and "legal" conclusions. To that end, McKinney summarily concludes that:

- "The Complaint does state claims which relief may granted;"
- "The Complaint does set forth a short and plain statement of each claim;" and
- "The Complaint is not vague, and a more definite statement is not needed."

with no further argument or support.

Therefore, McKinney does not deny that he does not have standing to bring a claim under the Federal False Claims act. McKinney does not deny that Title VII does not apply to individual defendants and that he did not allege that he belonged to a protected category afforded Title VII protection. And McKinney does not deny that he failed to provide any factual support or legal basis for his other five purported causes of action. Accordingly, McKinney does not provide any claims upon which relief may be granted, and his claims must fail.

### IV.

### MCKINNEY DOES NOT DISPUTE THAT HIS CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

McKinney does not dispute that his claims should be dismissed with prejudice. Accordingly, for the above reasons and the reasons set forth in the UOP's moving papers, McKinney's complaint should be dismissed with prejudice.

1

## V.

2

## CONCLUSION

3       For the reasons stated above and those set forth in the moving papers, UOP

4   respectfully requests that the Court dismiss McKinney's Complaint against it with

5   prejudice.  In the alternative, if the Court finds that it has jurisdiction over UOP and

6   the Court declines to dismiss the Complaint, UOP respectfully requests that the

7   Court require McKinney to file a more definite statement.

8   Date: May 28, 2008                          SNELL & WILMER L.L.P.

9

10                                               By:__s/Nathan W. Hicks_____

11                                                   Christy Joseph

12                                                   Nathan W. Hicks
                                                     Attorneys for University of
13                                                   Phoenix, Inc.

14   \HICKSN\SWDMS\8814106

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNIVERISTY OF PHOENIX INC.'S REPLY TO OPP. TO MOTION TO DISMISS COMPLAINT

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# PROOF OF SERVICE

## McKinney v. Apollo Group, Inc., et al.
### USDC, Southern – Case No. 07-CV-2373

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On May 28, 2008, I served, in the manner indicated below, the foregoing document described as **DEFENDANT UNIVERSITY OF PHOENIX INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| Chad McKinney<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115 | Plaintiff, Pro Se<br>Tel: (619) 634-3566<br><br>TRACKING # 798949988350 |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>940 Front Street, Room 4290<br>San Diego, CA 92101-8900 | Courtesy Copy<br>Tel: (619) 557-5600<br><br>TRACKING #798450005988 |

I am employed in the office of a member of the bar of this court at whose direction the service was made.

☒    BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 28, 2008, at Costa Mesa, California.

_____
Ann Dufour

8626180

PROOF OF SERVICE

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000