Christy D. Joseph (#136785)
Nathan W. Hicks (#236269)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA  92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant April Alcorn

# UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MCKINNEY, an individual,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>APOLLO GROUP, INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employees Relations Consultant at UNIVERSITY OF PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX<br><br>　　　　　　　Defendants | CASE NO. 07-CV-2373 WQH CAB<br><br>**DEFENDANT APRIL ALCORN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**<br><br>**[FRCP 55(c).]**<br><br>Date: May 12, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br>Judge: Hon. William Q. Hayes<br><br>DATE OF FILING: December 19, 2007 |

APRIL ALCORN'S REPLY TO PLAINTIFF'S OPP. TO MOTION TO SET ASIDE DEFAULT

# I.

# **INTRODUCTION**

Plaintiff Chad McKinney ("McKinney") opposes named-defendant April Alcorn's ("Alcorn") Motion to Set Aside Clerk's Entry of Default, but provides no factual or legal support for doing so.  Instead, McKinney provides a lengthy and unorganized rant from a disgruntled ex-employee who was terminated for not showing up to work.

McKinney does not deny, and therefore admits, that Alcorn was never personally served or that any attempts were made to personally serve her. McKinney does not dispute that Alcorn does not know or even work with Rebecca Springfield, a security guard that McKinney attempted to substitute serve on Alcorn's behalf.  McKinney does not deny that the any of the summonses purportedly served upon the above-named defendants were not directed to any particular entity or individual as is required under Federal Rule of Civil Procedure ("FRCP") Rule 4(a).  McKinney admits that Alcorn is not domiciled in California. McKinney does not deny that Alcorn's interactions with him were undertaken solely in a corporate capacity.  And finally, McKinney does not dispute that punitive damages may not be awarded via a default judgment.  As a result, Alcorn's motion should be granted and the clerk's entry of default should be set aside.

# II.

# **MCKINNEY ADMITS THAT COURT LACKS JURISDICTION OVER ALCORN.**

McKinney does not dispute that he did not serve Alcorn within the state. McKinney also does not dispute that Alcorn did not consent to the Court's jurisdiction and is not domiciled within California.  Indeed, McKinney's only argument that Alcorn is subject to the Court's jurisdiction centers on whether her actions satisfy the minimum contacts analysis.  To that end, McKinney does not

APRIL ALCORN'S REPLY TO PLAINTIFF'S OPP. TO MOTION TO SET ASIDE DEFAULT

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1 dispute that Alcorn is a non-resident and that his only interactions with her were
2 undertaken in her official corporate capacity as Apollo Group, Inc.'s Human
3 Resources Representative. As such, the facts here fall squarely under the holding of
4 *Club Car, Inc. v. Club Car (Quebec) Import, Inc.* (11th Cir. 2004) 362 F3d 775,
5 784, which specifically states that non-resident individual is not subject to personal
6 jurisdiction based upon the acts in the forum state undertaken in a corporate
7 capacity. Accordingly, Alcorn is not subject to the Court's jurisdiction simply
8 because she answered a phone call or exchanged correspondence with McKinney as
9 part of her corporate duties and the clerk's entry of default should be set aside.

### III.
### MCKINNEY ADMITS THAT HE DID NOT PROPERLY SERVE ALCORN.

13 McKinney does not dispute that he did not personally serve Alcorn.
14 McKinney does not deny that he attempted to substitute serve Alcorn pursuant to
15 California law.[1] As such, under California law, substitute service may only be
16 utilized after a "good faith effort at personal service has been attempted." Cal.
17 Code Civ. Proc. § 415.20. Further, after attempted substitute service, a copy of the
18 summons and complaint must be mailed to the defendant via pre-paid first class
19 mail. *Id.* McKinney made no such good faith effort, and has not provided any
20 evidence that he attempted to do so. Additionally, McKinney admits that he did not
21 mail a copy of the summons and complaint to Alcorn as is required under
22 California Code of Civil Procedure Section 415.20(a).

23 If the defendant challenges the method of service, the burden is on plaintiff to
24 show that reasonable attempts were made to serve defendant personally before
25 resorting to substitute service and why personal service could not be effected.
26 *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (1979). Two or three attempts

---

[1] Indeed, McKinney attempted service at Alcorn's place of work which is not authorized under federal law.

- 3 -

APRIL ALCORN'S REPLY TO PLAINTIFF'S OPP. TO MOTION TO SET ASIDE DEFAULT

1  to personally serve defendant at a "proper place" ordinarily qualifies as "reasonable
2  diligence" at attempting personal service. *Espindola v. Nunez*, 199 Cal. App. 3d
3  1389, 1392 (1988); *Stafford v. Mach*, 64 Cal. App. 4th 1174, 1182 (1998).
4  Moreover, no copy of the summons and compliant was ever mailed to Alcorn.
5  Therefore, Alcorn was not properly served under either federal or California law
6  and is not subject to the Court's jurisdiction. Accordingly, the clerk's entry of
7  default should be set aside.

## IV.
## MCKINNEY DOES NOT DISPUTE THAT PUNITIVE DAMAGES MAY NOT BE AWARDED VIA DEFAULT JUDGMENT.

As stated in Alcorn's moving papers, and is undisputed by McKinney, punitive damages can *never be awarded without a hearing* because they are not liquidated or readily computable and are considered "in excess of what is required on default." *Comdyne I, Inc. v. Corbin* (3rd Cir. 1990) 908 F2d 1142; *Merrill Lynch Mortgage Corp. v. Narayan* (7th Cir. 1990) 908 F2d 246, 253. Accordingly, McKinney's request for punitive damages under an entry of default must be denied.

## VI.
## CONCLUSION

For the reasons stated above and those set forth in the moving papers, Ms. Alcorn respectfully requests that the Court set aside the clerk's entry of default for good cause shown.

Date: May 28, 2008                                          SNELL & WILMER L.L.P.

                                                            By:__s/Nathan W. Hicks_____
                                                               Christy Joseph
                                                               Nathan W. Hicks
                                                               Attorneys for April Alcorn

\8813402

- 4 -

APRIL ALCORN'S REPLY TO PLAINTIFF'S OPP. TO MOTION TO SET ASIDE DEFAULT

# PROOF OF SERVICE

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On May 28, 2008, I served, in the manner indicated below, the foregoing document described as **DEFENDANT APRIL ALCORN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| Chad McKinney<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115 | Plaintiff, Pro Se<br>Tel: (619) 634-3566<br><br>TRACKING # 798949988350 |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>940 Front Street, Room 4290<br>San Diego, CA 92101-8900 | Courtesy Copy<br>Tel: (619) 557-5600<br><br>TRACKING #798450005988 |

I am employed in the office of a member of the bar of this court at whose direction the service was made.

☒   BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 28, 2008, at Costa Mesa, California.

*/s/ Anh Dufour*
Anh Dufour

8626180

PROOF OF SERVICE