Christy D. Joseph (#136785)
Nathan W. Hicks (#236269)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant University of Phoenix, Inc.

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MCKINNEY, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>APOLLO GROUP, INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employees Relations Consultant at UNIVERSITY OF PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX<br><br>    Defendants | CASE NO. 07-CV-2373 WQH CAB<br><br>**DEFENDANT UNIVERSITY OF PHOENIX INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**<br><br>**[FRCP 55(c).]**<br><br>Date: May 12, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br>Judge: Hon. William Q. Hayes<br><br>DATE OF FILING: December 19, 2007 |

UNIVERSTY OF PHOENIX INC.'S REPLY TO OPP. TO MOTION TO DISMISS COMPLAINT

# I.

# **INTRODUCTION**

Plaintiff Chad McKinney ("McKinney") opposes the University of Phoenix Inc.'s ("UOP") Motion to Set Aside Clerk's Entry of Default, but provides no factual or legal support for doing so. Instead, McKinney provides a lengthy and unorganized rant from a disgruntled ex-employee who was terminated for not showing up to work.

McKinney does not dispute that Ellen Bowens is an administrative employee for UOP and not an officer, general manager or designated agent for service of process for Apollo or UOP. McKinney also admits that he did not mail through first-class mail service copies of the summons and complaint to UOP. McKinney admits that he did not amend his pleadings to add UOP as a defendant in this matter. And finally, McKinney does not dispute that punitive damages may not be awarded via a default judgment. As a result, UOP's motion should be granted and the clerk's entry of default should be set aside.

# II.

# **MCKINNEY ADMITS THAT HE DID NOT PROPERLY SERVE UOP.**

McKinney admits that he did not serve a UOP officer, general manager or designated agent for service of process, but rather attempted substitute service on a UOP administrative employee Ellen Bowens. [Opposition, 3:7-15, referring to Declaration of RT Hansell attached as Ex. A.] Therefore, McKinney attempted to substitute serve UOP pursuant to California law.[1] As such, under California law, substitute service may only be utilized after a "good faith effort at personal service has been attempted." Cal. Code Civ. Proc. § 415.20. Further, after attempted substitute service, a copy of the summons and complaint must be mailed to the

---

[1] Indeed, McKinney attempted substitute service of a corporation which is not authorized under federal law.

- 2 -

UNIVERISTY OF PHOENIX INC.'S REPLY TO OPP. TO MOTION TO DISMISS COMPLAINT

1 defendant via pre-paid first class mail.  Id., *see also Khourie, Crew & Jaeger v.*
2 *Saebek, Inc*. (1990) 220 Cal. App. 3d 1009, 1015 (even if substitute service is
3 attempted, a copy of the summons and complaint must be mailed to the
4 corporation).  McKinney made no such good faith effort, and has not provided any
5 evidence that he attempted to do so.  Further, McKinney does not deny that he did
6 not mail a copy of the summons and complaint to UOP via pre-paid first class mail
7 as is required.

8    If the defendant challenges the method of service, the burden is on plaintiff
9 to show that reasonable attempts were made to serve defendant personally before
10 resorting to substitute service and why personal service could not be effected.
11 *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (1979).  Two or three attempts
12 to personally serve defendant at a "proper place" ordinarily qualifies as "reasonable
13 diligence" at attempting personal service.  *Espindola v. Nunez*, 199 Cal. App. 3d
14 1389, 1392 (1988); *Stafford v. Mach*, 64 Cal. App. 4th 1174, 1182 (1998).
15 Moreover, no copies of the summons and complaint were ever mailed to UOP.
16 Therefore, UOP was not properly served under either federal or California law and
17 is not subject to the Court's jurisdiction.  Accordingly, McKinney's complaint
18 should be dismissed.

19

20 **III.**
21 **UOP WAS NEVER PROPERLY ADDED TO THE COMPLAINT.**

22    As is undisputed by McKinney, for a party to be added to a complaint, the
23 pleadings must be amended in accordance with FRCP Rule 15 procedures.  *Nelson*
24 *v. Adams USA, Inc.* (2000) 529 U.S. 460.  Here, McKinney claims to have served
25 UOP on January 31, 2008, but must have forgotten to seek an entry of default
26 against it until after his errors were pointed out in defendants' various motions filed
27 nearly a month later.  Moreover, it is plain that McKinney's Complaint lists a
28 singular party described as "Apollo Group, Inc., University of Phoenix, *a*

- 3 -

UNIVERISTY OF PHOENIX INC.'S REPLY TO OPP. TO MOTION TO DISMISS COMPLAINT

corporation." [Complaint for Damages, Caption.][2]  As a result, McKinney's complaint lists a singular entity, Apollo Group, Inc., and UOP was never properly added to his complaint.  Accordingly, the clerk's entry of default should be set aside since UOP has never been a properly named party in this matter.

## IV.
## MCKINNEY DOES NOT DISPUTE THAT PUNITIVE DAMAGES MAY NOT BE AWARDED VIA DEFAULT JUDGMENT.

As stated in UOP's moving papers, and is undisputed by McKinney, punitive damages can *never be awarded without a hearing* because they are not liquidated or readily computable and are considered "in excess of what is required on default." *Comdyne I, Inc. v. Corbin* (3rd Cir. 1990) 908 F2d 1142; *Merrill Lynch Mortgage Corp. v. Narayan* (7th Cir. 1990) 908 F2d 246, 253.  Accordingly, McKinney's request for punitive damages under an entry of default must be denied.

## V.
## CONCLUSION

For the reasons stated above and those set forth in the moving papers, UOP respectfully requests that the Court set aside the clerk's entry of default for good cause shown.

Date: May 28, 2008

SNELL & WILMER L.L.P.

By:__s/Nathan W. Hicks_____
Nathan W. Hicks
Attorneys for University of Phoenix, Inc.

8814545

---

[2] McKinney also supports this premise in his motions for entry of default by stating: "Apollo Group, Inc. *a.k.a.* University of Phoenix." [Plaintiff's Motion for Clerk's Entry of Default Against Apollo, 2:4-6; MPA For Entry of Default Against Apollo, 2:4-6.]

# PROOF OF SERVICE

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On May 28, 2008, I served, in the manner indicated below, the foregoing document described as **DEFENDANT UNIVERSITY OF PHOENIX INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| Chad McKinney<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115 | Plaintiff, Pro Se<br>Tel: (619) 634-3566<br><br>TRACKING # 798949988350 |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>940 Front Street, Room 4290<br>San Diego, CA 92101-8900 | Courtesy Copy<br>Tel: (619) 557-5600<br><br>TRACKING #798450005988 |

I am employed in the office of a member of the bar of this court at whose direction the service was made.

☒   BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 28, 2008, at Costa Mesa, California.

*/s/ Anh Dufour*
Anh Dufour

8626180

PROOF OF SERVICE