FILED
2008 JUL 23 AM 8:53
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MCKINNEY, an individual, | CASE NO. 07cv2373 WQH (CAB) |
| Plaintiff, | **ORDER** |
| vs. | |
| APOLLO GROUP INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employee Relations Consultant at UNIVERSITY OF PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the (1) Motion for Default Judgment as to Apollo Group, Inc. (Doc. # 6), (2) Motion to Set Aside Default by Apollo Group, Inc. (Doc. # 9), (3) Motion to Dismiss for Lack of Jurisdiction by Apollo Group, Inc. (Doc. # 10), (4) Motion for Default Judgment as to Mechelle Bonilla (Doc. # 29), (5) Motion for Default Judgment as to Kyan Flynn (Doc. # 30), (6) Motion for Default Judgment as to Carlyn Lindsten (Doc. # 31), (7) Motion to Dismiss Plaintiff's Complaint, or In the Alternative, Motion for More Definite Statement by Kyan Flynn, Mechelle Bonilla and Carlyn Lindsten (Doc. # 40), (8) Motion to Set Aside Default by Kyan Flynn, Mechelle Bonilla and Carlyn Lindsten (Doc. # 41), (9)

Motion for Default Judgment as to April Alcorn (Doc. # 42), (10) Motion for Default Judgment as to University of Phoenix (Doc. # 43), (11) Motion to Dismiss for Lack of Jurisdiction by University of Phoenix (Doc. # 44), (12) Motion to Dismiss for Lack of Jurisdiction by April Alcorn (Doc. # 46), (13) Motion to Set Aside Default by University of Phoenix (Doc. # 47), (14) Motion to Set Aside Default by April Alcorn (Doc. # 49), and (15) Plaintiff's Motion to Strike the Defendants' Notice of Non-Opposition (Doc. # 69).

## I.    Background

On December 19, 2007, Plaintiff Chad McKinney initiated this action by filing the Complaint (Doc. # 1). The Complaint alleges that Plaintiff's claims "arise[] primarily from the defendant's discriminatory behavior against the plaintiff while the plaintiff was employed by the defendant, including but not limited to the wrongful termination of the plaintiff." *Complaint,* ¶ 1. The Complaint alleges claims against the following Defendants: Apollo Group, Inc. ("Apollo Group"), the parent company of the University of Phoenix; the University of Phoenix, a Corporation; Michelle Bonilla, Enrollment Manager of the University of Phoenix; Kyan Flynn, Director of Enrollment of the University of Phoenix; Carlyn Lindsten, Associate Director of Enrollment of the University of Phoenix; and April Alcorn, Human Resources Manager of the University of Phoenix (collectively referred to as "Defendants"). The Complaint alleges the following causes of action: (1) Retaliation, in violation of the False Claims Act; (2) Retaliation, in violation of Title VII of the 1964 Civil Rights Act; (3) Wrongful Termination; (4) False Imprisonment; (5) Intentional Infliction of Emotional Distress; (6) Defamation; and (7) Equal Pay.

After the Complaint was filed and pursuant to Plaintiff's requests, the Clerk of the Court entered default as to each Defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (Docs. # 5, 16, 19, 20, 38, 39). Following the Clerk's entry of default, Plaintiff filed Motions for Default Judgment as to each Defendant (collectively referred to as the "Motions for Default Judgment") (Docs. # 6, 29, 30, 31, 42, 43). Defendants filed Oppositions to the Motions for Default Judgment (Docs. # 11, 28, 48, 50). Plaintiff filed Replies (Docs. # 52, 55, 61, 63). Following Plaintiff's Motions for Default Judgment,

1  Defendants filed Motions to Set Aside Default (collectively referred to as the "Motions to Set
2  Aside") (Docs. # 9, 41, 47, 49). Plaintiff filed Oppositions to the Motions to Set Aside (Docs.
3  # 51, 65, 67). Defendants filed Replies (Docs. # 84, 85). Defendants also filed Motions to
4  Dismiss for Lack of Jurisdiction, or in the Alternative, Motions to Strike (collectively referred
5  to as the "Motions to Dismiss") (Docs. # 10, 40, 44, 46). Defendants filed a notice of non-
6  opposition to the Motions to Dismiss filed by Defendants. In response, Plaintiff filed a Motion
7  to Strike the Defendants' Notice of Non-Opposition to the Motion to Dismiss (Doc. # 69).
8  Plaintiff filed Oppositions to the Motions to Dismiss (Docs. # 76, 77, 78, 79). Defendants filed
9  Replies (Docs. # 80, 81, 82, 83).

10  **II.    Analysis - Sufficiency of Service of Process**

11        A.    <u>Defendants' Contentions Regarding Service of Process</u>

12              *(i)*    The Corporate Defendants

13  Apollo Group and the University of Phoenix (collectively referred to as the "Corporate
14  Defendants") contend that Plaintiff did not effect service of process pursuant to Rule 4(h) of
15  the Federal Rules of Civil Procedure, which governs service on a corporation, because Plaintiff
16  did not serve the summons and complaint on an officer, general manager or designated agent
17  for service of process. The Corporate Defendants contend that Plaintiff instead "simply
18  dropped off an envelope to a [University of Phoenix] employee, Ellen Bowens, and expected
19  this to constitute sufficient service of process . . . . This is unacceptable under California law
20  and the Federal Rules." (Docs. # 10, 44, p. 5). The Corporate Defendants move the Court to
21  set aside the Clerk's entry of default pursuant to Rule 55, and to dismiss the Complaint for lack
22  of jurisdiction pursuant to Rules 12(b)(2) and 12(b)(5) on grounds that Plaintiff did not
23  properly serve them.

24  The Corporate Defendants each submitted an identical declaration of Ellen Bowens,
25  who according to Plaintiff, accepted service on behalf of them. Bowens attests that on January
26  31, 2008 (the date on which Plaintiff asserts he effected service on the Corporate Defendants),
27  she was the operations manager for University of Phoenix's San Diego campus. Bowens
28  attests that she "did not, and do not, have management responsibilities to direct" the Corporate

Defendants, and that she has "never been an officer, managing agent, general manager or authorized agent able to accept service of process" on behalf of the Corporate Defendants. (Doc. # 47-4). Bowens further attests:

> On or around the end of January 2008, I was asked by a subordinate receptionist to help with a man trying to 'serve' court papers at her desk. I do not recall the man identifying himself, but I informed him that neither I nor the receptionist was authorized to accept service on behalf of [the Corporate Defendants]. I then informed the man that [the Corporate Defendants] had an agent for service of process, CT Corporation. The man then stated that we 'did not know the law,' left the papers on a table and stormed away. . . . I . . . called [the Corporate Defendants'] Human Resources Department and mailed the papers to that department. I do not know what happened to that stack of legal papers since that time.

*Id.*

(ii) The Individual Defendants

Bonilla, Flynn, Lindsten and Alcorn (collectively referred to as the "Individual Defendants") contend that Plaintiff did not effect service of process pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, which governs service of process on an individual. The Individual Defendants contend that "[a]ccording to [Plaintiff's] proofs of return service, he attempted to serve the [Individual Defendants] under California law through substitute service at [their] place of work." (Docs. # 40, p. 5; 49, p. 6). The Individual Defendants contend that Plaintiff "failed to comply with the requirements of California law, and therefore FRCP Rule 4(e), because he did not demonstrate that he made a good faith attempt at personal service nor that he provided mail copies of the summons and complaint to the Individual Defendants via pre-paid first class mail." *Id.*

Individual Defendants Bonilla, Flynn and Lindsten each submitted the declaration of Bowens, who according to Plaintiff, accepted service on behalf of Bonilla, Flynn and Lindsten. The declarations of Bowens submitted by Bonilla, Flynn and Lindsten are identical to the declarations submitted by the Corporate Defendants, discussed above. Individual Defendant Alcorn submitted the declaration of Rebecca Springfield who, according to Plaintiff, accepted service on behalf of Alcorn. Springfield attests:

> [A]round the end of February 2008, a gentleman approached me and attempted to hand me a stack of legal papers. I told the gentleman that I was not allowed to accept any legal papers on behalf of anyone for Apollo and attempted to give

> him the contact information for the proper place to do so, CT Corporation. The gentleman refused to listen and just dropped the papers on the desk in front of me and walked away.
>
> I do not know or work with April Alcorn and did not know that the papers left by the gentleman were intended for her or if they were ever given to her.

(Doc. # 49-5). The Individual Defendants also submitted their own declarations. Each Individual Defendant attests: "I was never personally served with any legal document regarding this matter, nor have I been made aware of any attempts to be personally served with legal documents in this matter. Furthermore, I have never received a copy of the summons and complaint in this matter either by mail or any other means" from Plaintiff. (Docs. # 41-3, 41-4, 41-5, 49-4).

B.   Plaintiff's Contentions Regarding Service of Process

Plaintiff contends that the Corporate Defendants were properly served. With respect to the service of process on each Corporate Defendant, Plaintiff states:

> The defendant was served at its San Diego office by professional certified service processor Mr. R. T. Hansell. The Defendant was properly served, henceforth is subject to the jurisdiction of the Court. [Each Corporate Defendant] did in fact receive proper service as can be evidenced by" the Declaration of R.T. Hansell.

(Docs. # 79, p. 3).

Plaintiff contends that the Individual Defendants were also properly served. With respect to the service of process on Bonilla, Flynn and Lindsten, Plaintiff states:

> The defendants were served at their San Diego office by professional certified service processor Mr. R. T. Hansell. [Bonilla, Flynn and Lindsten] were properly served, henceforth are subject to the jurisdiction of the Court. [Bonilla, Flynn and Lindsten] did in fact receive proper service as can be evidenced by" the Declaration of R.T. Hansell.

(Docs. # 76, p. 3). With respect to the service of process on Alcorn, Plaintiff states that service on Alcorn was proper "as is again demonstrated in . . . a sworn affidavit of service by Steve Ineich, A.C.P.S. Process Server registered in Maricopa County . . . stating that he properly served the Defendant April Alcorn 'by leaving one true copy(ies) of the above documents [summons, complaint & cover sheet] with Rebecca Springfield, Security Authorized.'" (Doc. # 77, p. 2-3).

In support of his contention that service on the Corporate Defendants and Individual Defendants Bonilla, Flynn and Lindsten was proper, Plaintiff submitted the declaration of Hansell, who attests that "[o]n the 31st of January, 2008, according to the Federal Rules of Civil Procedure 4(e)(1) I properly served" these Defendants. (Docs. # 76, 79 Exhibit C). Hansel attests:

> At the time of service, Ellen Bowens declared herself to be an Administrator and the only person available. Ellen Bowens, who is actually the Operations Manager for the University of Phoenix, a wholly owned subsidiary of Apollo Group, Inc. refused to cooperate and produce the defendant employees for personal service, or any other person to accept for the defendant companies. Substitute service was then effected.

*Id.* In support of his argument that service on Individual Defendant Alcorn was properly effected, Plaintiff submitted the affidavit of Steve Ineich, A.C.P.S., who attests that service on Alcorn was effected "[b]y leaving one true copy(ies) of the above documents with Rebecca Springfield, Security, Authorized." (Doc. # 77, Exhibit C).

C.   <u>Applicable Law Governing Service of Process</u>

"Without a proper basis for jurisdiction, or in the absence of service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C. v. Ross,* 504 F.3d 1130 (9th Cir. 2007). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance" with Rule 4 of the Federal Rules of Civil Procedure. *Id.* at 1130. Once service is challenged, the plaintiff bears the burden of establishing sufficiency of process. *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004). Rule 4 of the Federal Rules of Civil Procedure governs service of process. Although Rule 4 is a flexible rule that should be liberally construed, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4." *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986).

Rule 4(e) governs service on individuals within a judicial district of the United States. Rule 4(e) provides that a plaintiff may serve an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

      (2) doing any of the following:

          (A) delivering a copy of the summons and of the complaint to the individual personally;

          (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

          (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). California state law allows for service upon an individual by delivering a copy of the summons and complaint by "personal delivery or any authorized agent for service of process;" "[s]ubstitute service coupled with mailing after a good faith effort at personal service has been attempted;" or "[s]ervice by publication." Cal. Code Civ. Proc. §§ 415.10, 415.20, 415.30, 415.50.

      Rule 4(h) governs service on a "domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name" within a judicial district of the United States. Rule 4(h) provides that service may be effected:

          (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

          (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

FED. R. CIV. P. 4(h). California state law allows for service upon a corporation by delivering a copy of the summons and complaint "[t]o the person designated as agent for service of process;" or "[t]o the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Code Civ. Proc. § 416.10.

      Pursuant to Rule 55(c), a court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c). "Failure to properly serve a defendant with process pursuant to Fed. R. Civ. P. 4 constitutes good cause to set aside an entry of default." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (C.D. Cal. 1992). The court has broad discretion in deciding whether to set aside the entry of default pursuant to Rule 55(c). *Mendoza v. Wight Vineyard Management*, 783 F.2d 941. 945 (9th Cir. 1986). There is a strong preference for

trial on the merits, and any doubts should be resolved in favor of setting aside the default. *Direct Mail Specialists v. Eclat Computerized Technologies,* 840 F.2d 685, 690 (9th Cir. 1988).

When a court determines that service of process is insufficient, it has broad discretion to either dismiss the action without prejudice or retain the case but quash the service of process. *Oyama v. Sheehan,* 253 F.3d 507, 513 (9th Cir. 2001); *see also* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1354, at 585-86 (1969). A court should generally quash service of process instead of dismissing the action when there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly. *Brockmemer,* 383 F.3d at 801. "Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Development,* 301 U.S. App. D. C. 327 (D.C. Cir. 1993).

### D. Analysis Regarding Service of Process on Defendants

To demonstrate that they were not properly served, Defendants submitted evidence that demonstrates that, at the time Plaintiff asserts Defendants were served, neither Bowens nor Springfield were officers, or managing or general agents of Apollo Group or the University of Phoenix, and were not otherwise authorized to receive service of process. Defendants also submitted evidence that demonstrates that the Individual Defendants were never personally served with copies of the summons and complaint, and never received copies of the summons and complaint in the mail. To demonstrate that Defendants were properly served, Plaintiff submitted the declaration of Hansell, who attests he properly served the Corporate Defendants and Individual Defendants Bonilla, Flynn and Lindsten by leaving copies of the summons and complaint with Bowens, who declared herself to be an administrator. Plaintiff submitted the declaration of Ineich, who attests that he properly served Individual Defendant Alcorn by leaving copies of the summons and complaint with "Rebecca Springfield, Security, Authorized." (Doc. # 77, Exhibit C). However, Plaintiff has failed to submit any evidence to rebut Defendants' showing that Bowens and Springfield were not the appropriate people to accept service of process on behalf of any of the Defendants under Rule 4. Plaintiff also failed

to submit any evidence that demonstrates that he made a good-faith effort to personally serve the Individual Defendants, or that a copy of the summons and complaint was mailed to the Individual Defendants after substitute service was effected, as required by Rule 4(e). Plaintiff does not assert that the summons and complaint were delivered to any of the Individual Defendants personally, that the summons and complaint were left at the dwelling or abode of any of the Individual Defendants with someone of suitable age and discretion who resides there, or that service was effected by publication. Plaintiff does not assert that any of the Defendants consented to jurisdiction or waived the lack of process.

In light of the foregoing, the Court concludes that Plaintiff has failed to properly serve any of the Defendants. The Court concludes that good cause exists to set aside the entry of default pursuant to Rule 55(c) because Plaintiff has failed to effect service on any of the Defendants. In light of Plaintiff's pro se status and there being a reasonable prospect that Plaintiff can correct the defects in the service of process on the Defendants, the Court will retain the case, but quash service of process. The Court concludes that consideration of the Motions for Default Judgment and the Motions to Dismiss to the extent they seek dismissal for failure to state a claim is improper at this time because Defendants have not been properly served.

## Conclusion

IT IS HEREBY ORDERED that the Motion to Set Aside Default by Apollo Group, Inc. (Doc. # 9), Motion to Set Aside Default by Kyan Flynn, Mechelle Bonilla and Carlyn Lindsten (Doc. # 41), Motion to Set Aside Default by University of Phoenix (Doc. # 47), and Motion to Set Aside Default by April Alcorn (Doc. # 49) are **GRANTED.**

IT IS FURTHER ORDERED that service of process upon each Defendant is **QUASHED.** Plaintiff has forty-five (45) days from the date of this order in which to either (1) properly serve each Defendant in accordance with applicable law, or (2) file a waiver of service. The Motion to Dismiss for Lack of Jurisdiction by Apollo Group, Inc. (Doc. # 10), Motion to Dismiss Plaintiff's Complaint, or In the Alternative, Motion for More Definite Statement Kyan Flynn, Mechelle Bonilla and Carlyn Lindsten (Doc. # 40), Motion to Dismiss

for Lack of Jurisdiction by University of Phoenix (Doc. # 44), and Motion to Dismiss for Lack of Jurisdiction by April Alcorn (Doc. # 46) are **DENIED without prejudice.**

IT IS FURTHER ORDERED that the Motion for Default Judgment as to Apollo Group, Inc. (Doc. # 6), Motion for Default Judgment as to Mechelle Bonilla (Doc. # 29), Motion for Default Judgment as to Kyan Flynn (Doc. # 30), the Motion for Default Judgment as to Carlyn Lindsten (Doc. # 31), Motion for Default Judgment as to April Alcorn (Doc. # 42), and Motion for Default Judgment as to University of Phoenix (Doc. # 43) are **DENIED without prejudice.**

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike the Defendants' Notice of Non-Opposition (Doc. # 69) is **DENIED without prejudice.**

DATE: 7/22/08

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE