1  Christy D. Joseph (#136785)
   cjoseph@swlaw.com
2  Nathan W. Hicks (#236269)
   nhicks@swlaw.com
3  SNELL & WILMER L.L.P.
   600 Anton Boulevard, Suite 1400
4  Costa Mesa, CA 92626-7689
   Telephone: (714) 427-7000
5  Facsimile: (714) 427-7799

6

7  Attorneys for Defendant April Alcorn

8         UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF

9                                 CALIFORNIA

10

11  CHAD MCKINNEY, an individual,        CASE NO. 07-CV-2373 WQH CAB

12              Plaintiff,               **APRIL ALCORN'S
                                         MEMORANDUM OF POINTS AND**
13  v.                                   **AUTHORITIES IN SUPPORT OF
                                         MOTION TO DISMISS**
14  APOLLO GROUP, INC.,                  **PLAINTIFF'S COMPLAINT FOR**
    UNIVERSITY OF PHOENIX, a             **LACK OF PERSONAL**
15  Corporation, MECHELLE                **JURISDICTION, OR, IN THE**
    BONILLA, an Enrollment Manager       **ALTERNATIVE, MOTION FOR**
16  at UNIVERSITY OF PHOENIX,            **MORE DEFINITE STATEMENT**
    KYAN FLYNN, Director of
17  Enrollment at UNIVERSITY OF          **[FRCP 12(b)(2); 12(b)(5); 12(b)(6);**
    PHOENIX, APRIL ALCORN, an           **12(e).]**
18  Employees Relations Consultant at
    UNIVERSITY OF PHOENIX,               Date: October 20, 2008
19  CARLYN LINDSTEN, Associate           Time: 11:00 a.m.
    Director of Enrollment at            Courtroom: 4
20  UNIVERSITY OF PHOENIX                Judge: Hon. William Q. Hayes

21              Defendants               **NO ORAL ARGUMENT UNLESS
                                         REQUESTED BY THE COURT**
22

23

24                                       DATE OF FILING: December 19, 2007

25

26

27

28

9094653

*Snell & Wilmer*
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................... 2

II.   THE COURT LACKS JURISDICTION OVER ALCORN (FRCP RULE 12(b)(2)) ..................................................................... 3

III.  THE COURT LACKS PERSONAL JURISDICTION OVER ALCORN BECAUSE MCKINNEY'S SERVICE WAS DEFECTIVE (FRCP 12(b)(2); 12(b)(5))

      A.    McKinney Failed To Serve Alcorn ....................................... 5

      B.    McKinney Did Not Obtain a Waiver of Service From Alcorn ............ 7

IV.   THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE MCKINNEY VIOLATED THE COURT'S JULY 22, 2008, ORDER .......... 8

V.    THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO PROVIDE A BASIS UPON WHICH RELIEF CAN BE GRANTED .................................................................... 8

      A.    The Court May Dismiss Patently Defective Complaints .................... 8

      B.    McKinney's Purported Claim Under the False Claims Act (31 U.S.C. § 3729) Provides No Basis Upon Which Relief Can Be Granted ..................................................................... 9

      C.    McKinney's Purported Claim Under Title VII of the Civil Rights Act of 1964 and amendments to Title VII of the Civil Rights Act of 1991 (42 U.S.C. § 2000e) Provides No Basis Upon Which Relief Can Be Granted ....................................... 11

      D.    McKinney's Other Purported Claims Provide No Basis Upon Which Relief Can Be Granted ............................................... 12

VI.   THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO COMPLY WITH FRCP RULE 8. ................................ 13

VII.  THE COURT SHOULD DISMISS MCKINNEY'S COMPLAINT WITH PREJUDICE. ................................................................. 14

VIII. ALTERNATIVELY, THE COURT SHOULD REQUIRE MCKINNEY TO FILE A MORE DEFINITE STATEMENT UNDER FRCP RULE 12(e) ................................................................... 15

IX.   CONCLUSION ...................................................................... 17

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Barsella v. United States*,
  135 F.R.D 64 (S.D.N.Y 1991)...................................................................14

*Belle v. Chase Home Finance, LLC*,
  No. 06CV2454 WQH (LSP),
  2007 WL 3232505, at *8 (S.D. Cal. May 22, 2007) ...............................6

*Brockmeyer v. May*,
  383 F.3d 798 (9th Cir. 2004) ....................................................................6

*Cellars v. Pacific Coast Packaging, Inc.*,
  189 F.R.D. 575 (N.D. Cal. 1981) ...........................................................15

*Conley v. Gibson*,
  355 U.S. 41 (1957)..............................................................................8, 16

*Eldridge v. Block*,
  832 F.2d 1132 (9th Cir. 1987) ................................................................13

*Estate of Ford v. Ramierez-Palmer*,
  301 F.3d 1043 (9th Cir. 2002) ..................................................................7

*Famolare, Inc. v. Edison Bros. Stores, Inc.*,
  525 F. Supp. 940 (E.D. Cal. 1981) .........................................................16

*Gen-Probe, Inc. v. Amoco Corp.*,
  926 F. Supp. 948 (S.D. Cal. 1988) .........................................................16

*Graham v. United States*,
  79 Fed. Appx. 992, No. 03-15240,
  2003 WL 22514528, at *1 (9th Cir. June 2, 2003)...............................2, 7

*Hamilton v. Endell*,
  981 F. 2d 1062 (9th Cir. 1992) ..................................................................7

*Hirsh v. Blue Cross, Blue Shield*,
  800 F.2d 1474 (9th Cir. 1986) ..................................................................6

*Holden v. Hagoplan*,
  978 F.2d 1115 (9th Cir. 1992) ..................................................................8

*In re Syntex Corp. Sec's Litig.*,
  95 F.3d 922 (9th Cir. 1996) ......................................................................8

*Jackson v. Hayakawa*,
  682 F.2d 1344 (9th Cir. 1982) ..................................................................7

- ii -    **USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB**

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF AUTHORITIES
### (continued)

Page

*Jones v. Cmty. Redevelopment Agency of the City of Los Angeles,*
   733 F.2d 646 (9th Cir. 1984) ................................................................13

*McHenry v. Renne,*
   84 F.3d 1172 (9th Cir. 1996) ...............................................................15

*Nevijel v. North Coast Life Ins. Co.,*
   651 F.2d 671 (9th Cir. 1981) ...............................................................15

*Pejic v. Hughs Helicopters, Inc.,*
   840 F.2d 667 (9th Cir. 1988) ...............................................................12

*Roberston v. Dean Witter Reynolds, Inc.,*
   749 F.2d 530 (9th Cir. 1984) .................................................................8

*Sherman v. Yakahi,*
   549 F.2d 1287 (9th Cir. 1977) .............................................................14

*Trent v. Valley Elect. Assoc.,*
   41 F.3d 524 (9th Cir. 1994) .................................................................12

*Usher v. City of Los Angeles,*
   828 F.2d 556 (9th Cir. 1987) .................................................................8

*Von Poppenheim v. Portland Boxing and Wrestling Commission,*
   442 F.2d 1047 (9th Cir. 1971),
   *cert. denied,* 404 U.S. 1039 (1972) ......................................................15

*Western Min. Council v. Watt,*
   643 F.2d 618 (9th Cir. 1981) .................................................................8

## STATUTES

*Espindola v. Nunez,* 199 Cal. App. 3d 1389, 1392 (1988) ........................6

*Sec. Dynamics Techs., Inc. v. Active Card Networks, Inc.,*
   No. 95-20870SW,
   1996 WL 263648, at *1 (N.D. Cal. May 13, 1996)............................16

*Stafford v. Mach,* 64 Cal. App. 4th 1174, 1182 (1998) .............................6

## RULES

31 U.S.C. § 3729..........................................................................................9

31 U.S.C. § 3730................................................................................9, 10, 11

42 U.S.C. § 2000e......................................................................................12

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF AUTHORITIES
## (continued)

**Page**

## TREATISES

California Code of Civil Procedure § 415.10 ............................................................. 6

## CONSTITUTIONAL PROVISIONS

Federal Rules of Civil Procedure Rule 4 ........................................................ 2, 5, 7, 6

Federal Rules of Civil Procedure Rule 8 ................................................. 3, 13, 14, 16

Federal Rules of Civil Procedure Rule 12 ................................................. 3, 7, 14, 15

Federal Rules of Civil Procedure Rule 41 ...................................................... 14, 15

## OTHER AUTHORITIES

2 James Wm. Moore, et al., Moore's Federal Practice,
 12.36[1] (3d ed. 2000) ............................................................................... 16

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# I.

# **INTRODUCTION**

The Court should dismiss plaintiff Chad McKinney's ("McKinney") complaint for damages ("Complaint") against April Alcorn ("Alcorn") for several separate reasons. First, the Court lacks personal jurisdiction over Alcorn since she does not reside in California and has not consented to the Court's jurisdiction in this matter. Second, McKinney failed to properly serve Alcorn in accordance with Rule 4 of the Federal Rules of Civil Procedure ("FRCP") because McKinney did not properly serve her via personal service, substitute service, mail service or service by publication. Although some procedural rules may be relaxed for *pro se* litigants, all plaintiffs must follow the rules for service of the complaint. *See Graham v. United States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003). This procedural step is important not only to ensure due process, but also for jurisdictional reasons, because absent proper service, a court cannot obtain jurisdiction over the defendant.

Third, McKinney's Complaint should be dismissed for failure to state a claim upon which relief can be granted. The caption of McKinney's Complaint states that it is "for violation of Federal False Claims Act and for violation of the Civil Rights Act 1964 and the amendments to Title VII of the Civil Rights Act of 1991-Retliation-Wrongful Termination & Employment Discrimination Civil Action" and lists seven causes of action:

1. Retaliation pursuant to the False Claims Act § 3729;

2. Retaliation under Title VII;

3. Wrongful Termination;

4. False Imprisonment;

5. Intentional Infliction of Emotional Distress;

6. Defamation; and

7. Equal Pay.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    [Complaint, 16:8-17:14.]

2        The Complaint, however, contains no comprehensible recitation of facts or

3    the basis for any of McKinney's purported claims, nor does it give fair notice of the

4    purported acts or omissions, what actions are attributed to what defendants, how

5    Alcorn's conduct damaged McKinney, or even what damage McKinney suffered.

6        Finally, McKinney failed to comply with the Court's July 22, 2008, Order

7    ("Order") quashing McKinney's prior failed attempt at serving Alcorn with the

8    Complaint and mandating that he properly serve Alcorn within 45 days of the

9    Order.

10        Accordingly, Alcorn brings this motion to dismiss McKinney's Complaint

11    pursuant to FRCP Rule 12(b)(5) because the Complaint was improperly served.

12    Alcorn also brings this motion to dismiss pursuant to FRCP Rule 12(b)(2) because

13    the Court lacks personal jurisdiction over her.  Additionally, Alcorn brings this

14    motion pursuant to Rule 12(b)(6) because the Complaint fails to state a claim upon

15    which relief may be granted and fails to comply with FRCP Rule 8.  Finally, Alcorn

16    asks that she be dismissed from this matter due to McKinney's failure to comply

17    with the Court's July 22, 2008, Order.  In the alternative, if the Court declines to

18    dismiss the Complaint for these reasons and finds that it can exert jurisdiction over

19    Alcorn, it is requested that the Court order McKinney to file a more definite

20    statement pursuant to FRCP Rule 12(e).

21

22                              **II.**

23    **THE COURT LACKS JURISDICTION OVER ALCORN (FRCP RULE**

24                              **12(b)(2)).**

25        Personal jurisdiction refers to the Court's power to render a judgment that

26    either commands the defendant's personal obedience or impose obligations on the

27    defendant that will be enforced by other courts. *Burnham v. Superior Court* (1990)

28    495 U.S. 604, 609-610; *Pennoyer v. Neff* (1877) 95 U.S. 714, 720-722.  Unless

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   jurisdiction is waived, a judgment rendered by a court lacking personal jurisdiction

2   that purports to impose personal obligations on the defendant violates constitutional

3   requirements of due process of law. *Id.*; *Ruhrgas AG v. Marathon Oil, Co.* (1999)

4   526 U.S. 574, 583.

5       Due process requires an adequate basis for jurisdiction over a party sought to

6   be bound by the Court's judgment or decree. The three recognized bases for

7   exercise of personal jurisdiction are:

8        • Service within the state;

9        • Domicile within the state; or

10        • Consent.

11   *Pennoyer v. Neff, supra* at 722. Subsequent cases also recognize a "minimum

12   contacts" standard with the forum state as an alternative basis for local jurisdiction.

13   *International Shoe Co. v. Washington* (1945) 326 U.S. 310, 316.

14       Here, McKinney improperly provides a blank return of service document that

15   does not illustrate how or where he attempted to provide Alcorn with service of

16   process of the Complaint. [Declaration of April Alcorn In Support of Motion to

17   Dismiss, ("Alcorn Decl.") ¶ 3, Ex. 1, pg 2.] In fact, Alcorn has never been served

18   with any documents in this matter. [Alcorn Decl., ¶ 2.] Furthermore, Alcorn did

19   not consent to the Court's jurisdiction nor is she domiciled within California. [*Id.*,

20   ¶¶ 1 and 2.]

21       Finally, Alcorn does not even come close to requiring the minimum contacts

22   analysis required to demonstrate that the forum state has a sufficient relationship

23   with her to make it reasonable to require her to defend the current action in

24   California. A non-resident individual is not subject to personal jurisdiction based

25   upon the acts in the forum state undertaken in her corporate capacity. *Club Car,*

26   *Inc. v. Club Car (Quebec) Import, Inc.* (11th Cir. 2004) 362 F3d 775, 784.

27   Therefore, the Court cannot obtain jurisdiction over Alcorn, a non-resident of

28   California, simply because she was required to interact with McKinney as part of

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   her corporate duties.  Accordingly, the Court lacks personal jurisdiction over

2   Alcorn, and McKinney's Complaint against her should be dismissed.

3

4

5                                            **III.**

6   **THE COURT LACKS PERSONAL JURISDICTION OVER ALCORN**

7   **BECAUSE MCKINNEY'S SERVICE WAS DEFECTIVE (FRCP 12(b)(2);**

8                                    **12(b)(5)).**

9          Pursuant to the Order, McKinney "failed to properly serve any of the

10  Defendants" during his prior attempt at service, and "service of process upon each

11  Defendant is quashed."  [Declaration of Nathan Hicks In Support of Motion to

12  Dismiss Plaintiff's Complaint ("Hicks Decl."), ¶ 2, Ex. 1, 9:9-24.]  Further, the

13  Order held:

14          Plaintiff has forty-five (45) days from the date of this
            order in which to either (1) properly serve each Defendant
15          in accordance with applicable law, or (2) file a waiver of
            service.
16

17  [*Id.*, 9:24-26.]  McKinney failed to do either of the Order's options and therefore

18  his Complaint against Alcorn should be dismissed.

19

20  **A.**          **McKinney Failed To Serve Alcorn.**

21          FRCP Rule 4(e) provides in pertinent part:

22          Unless otherwise provided by federal law, service upon
            an individual from whom a waiver has not been obtained
23          and filed, [...] may be effected in any judicial district of
            the United States:
24
25          (1)  pursuant to the law of the state in which the district
            court is located [...]; or
26
            (2)  by delivering a copy of the summons and of the
27          complaint to the individual or by leaving copies thereof at
            the individual's dwelling house or usual place of abode
28          with some person of suitable age and discretion then
            residing therein or by delivering a copy of the summons

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1      and complaint to an agent authorized by appointment or
       by law to receive service of process.

2    FRCP Rule 4(e); *LSJ Investment Co., Inc. v. O.L.D., Inc.* 167 F. 3d 320, 322-323

3    (6th Cir. 1999).    To that end, California state law allows for service upon an

4    individual by delivering a copy of the summons and complaint:

5      Via personal delivery or an authorized agent for service of
       process;

6

7      [or]

8      Substitute service coupled with mailing after a good faith
       effort at personal service has been attempted;

9

10     [or]

       Mail service, coupled with acknowledgement of receipt;

11
       [or]

12
       Service by publication.

13   Cal. Code Civ. Proc. §§ 415.10, 415.20, 415.30, 415.50.

14        Thus, under both federal and state law, service of summons upon an

15   individual is only proper if made by personal service to the individual or their

16   authorized agent to accept service of process or by substitute service at the

17   individual's "dwelling house or usual place of abode." *See id.*; FRCP Rule 4(e)(2).

18   California, however, also allows substitute service to be effected at the individual's

19   residence *or* place of employment as long as a good faith attempt at personal

20   service was made and the substitute service is coupled with a mailing of a copy of

21   the summons and complaint to the defendant.  Cal. Code Civ. Proc. § 415.20.

22        When a defendant challenges service of process, a plaintiff bears the burden

23   of showing that service is valid under Rule 4.  *Brockmeyer v. May*, 383 F.3d 798,

24   800 (9th Cir. 2004); *Belle, supra, citing Hirsh v. Blue Cross, Blue Shield*, 800 F.2d

25   1474, 1477 (9th Cir. 1986); *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801

26   (1979).  Two or three attempts to personally serve defendant at a "proper place"

27   ordinarily qualifies as "reasonable diligence" at attempting personal service.

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988); *Stafford v. Mach*, 64 Cal.

2   App. 4th 1174, 1182 (1998).  Moreover, if a plaintiff fails to serve a defendant in

3   accordance with Rule 4, the court lacks jurisdiction over that defendant.  *Jackson v.*

4   *Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

5   As stated above, McKinney simply mailed a copy of the Complaint to

6   Alcorn's place of work with a blank proof of service document.   [Alcorn Decl., ¶ 3,

7   Exs. 1 and 2.]  McKinney did not attempt to personally serve the Complaint upon

8   Alcorn and hence failed to comply with the requirements for service under both

9   federal and California law.  FRCP Rule 4(e); Cal. Code Civ. Proc. § 415.20;

10  *Khourie, Crew & Jaeger v. Sabek, Inc.*, 220 Cal. App. 3d 1009, 1015 (1990).  In

11  fact, Alcorn has never been served with any documents in this matter and is not

12  aware of anyone else accepting any documents on her behalf.  [*Id.*, ¶ 2.]

13  While procedural rules may be relaxed for *pro se* litigants, even a *pro se*

14  plaintiff must comply with the rules for service of process.  *See Graham v. United*

15  *States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir.

16  June 2, 2003) *citing Hamilton v. Endell*, 981 F. 2d 1062, 1065 (9th Cir. 1992)

17  (abrogated on other grounds by *Estate of Ford v. Ramierez-Palmer*, 301 F.3d 1043,

18  1045 (9th Cir. 2002).

19

20  **B.    McKinney Did Not Obtain a Waiver of Service From Alcorn.**

21  Alcorn's counsel sent McKinney a correspondence inquiring whether

22  McKinney would request a waiver of service from the parties. [Hicks Decl., ¶ 3,

23  Ex. 2.]  McKinney failed to respond to Alcorn's inquiry and never obtained a

24  waiver of service from Alcorn.

25  Accordingly, because McKinney did not properly serve Alcorn nor obtain a

26  waiver of service, the Court lacks personal jurisdiction over her and the Complaint

27  should be dismissed pursuant to FRCP Rules 12(b)(2) and 12(b)(5) for this reason

28  also.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**IV.**

**THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE**

**MCKINNEY VIOLATED THE COURT'S JULY 22, 2008, ORDER.**

As stated above, McKinney failed to comply with the Order and his Complaint should be dismissed.

**V.**

**THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS**

**TO PROVIDE A BASIS UPON WHICH RELIEF CAN BE GRANTED.**

**A.      The Court May Dismiss Patently Defective Complaints.**

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint.  The Court may dismiss a complaint as a matter of law either for lack of a cognizable theory or the absence of sufficient fats alleged under a cognizable legal theory.  *Roberston v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Thus, the Court should dismiss a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In making this determination, the Court must accept as true all material allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  While allegations of material fact are taken as true, however, a plaintiff may not rely on conclusory allegations and unwarranted inferences to defeat dismissal.  *See e.g., In re Syntex Corp. Sec's Litig.*, 95 F.3d 922, 926 (9th Cir. 1996); *Holden v. Hagoplan*, 978 F.2d 1115, 1121 (9th Cir. 1992).  Also, the Court does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *Western Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

As explained more fully below, this Court should dismiss McKinney's Complaint because it fails to state a claim upon which relief may be granted.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**B.  McKinney's Purported Claim Under the False Claims Act (31 U.S.C. § 3729) Provides No Basis Upon Which Relief Can Be Granted.**

The Complaint also fails to distinguish among – or even clearly set out – the various claims being alleged.  For example, the Complaint mentions an action for retaliation arising under the False Claims Act, 31 U.S.C. § 3729 ("FCA") in McKinney's "Statement of the Case" and "Legal Claims," but no supporting facts even mentioning the FCA can be found in his "Statement of Facts."  [Complaint, 2:9-11; 16:8-19.]  In fact, McKinney's reference the FCA contains the following mystifying statements:

> In 1986, Congress added provisions in 31 U.S.C Sec. 3730(h):  'Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of his employer or others *in furtherance of an action* under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.'

[*Id.*, (emphasis added).]

McKinney does not reference anything he did "in furtherance of action under this section."  In fact, McKinney does not provide any supporting facts at all for this claim, but rather repeats a statute that does not apply to him under any circumstances.  The FCA addresses the situation that if a person attempts to defraud the government to obtain payment/property then he/she will be liable:

> to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person [...].

31 U.S.C. 3729(a).  For an "action" to exist, however, it may only be brought by the Attorney General or by a private person in the name of the United States Government.  31 U.S.C. §§ 3730(a), (b).  Moreover, there are special requirements

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

for a private person to bring an action under the FCA that McKinney never did. In pertinent part:

### (b) Actions by Private Persons.—

(1) A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.

(2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

31 U.S.C. § 3730(b).

Furthermore, the FCA bars the following actions:

### (e) Certain Actions Barred.—

(3) In no event may a person bring an action under subsection (b) which is based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party.

(4)

(A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

(B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  31 U.S.C. § 3730(e).

2  McKinney has not provided any facts indicating that he has performed lawful

3  acts in furtherance of an existing "action" under the FCA.  Furthermore, McKinney

4  has not provided any facts that demonstrate that an "action" brought by either the

5  Attorney General or in the name of the United States Government even exists.

6  Indeed, it appears that McKinney's claim under the FCA may be barred since he

7  has not asserted that he is an "original source" of information provided to the

8  United States Government as is required under 31 U.S.C. section 3730(e)(4).

9  Accordingly, McKinney has not properly alleged an action under the FCA

10  upon which relief can be granted.

11

12  **C.    McKinney's Purported Claim Under Title VII of the Civil Rights Act of**

13  **1964 and amendments to Title VII of the Civil Rights Act of 1991 (42**

14  **U.S.C. § 2000e) Provides No Basis Upon Which Relief Can Be Granted.**

15  McKinney's Complaint similarly fails to state a claim for violation of

16  Title VII of Civil Rights Act, as amended ("Title VII").  McKinney asserts that he

17  suffered "discriminatory behavior" and was retaliated against in violation of Title

18  VII. [Complaint, 2:19-21; 16:20-24.]  As with McKinney's claim under the FCA,

19  the only two references to Title VII are found in the "Statement of the Case" and

20  "Legal Claims" and no supporting facts are found in his "Statement of Facts".  [*Id.*]

21  In fact, it cannot be determined from McKinney's unintelligible Complaint whether

22  he is alleging disparate treatment, retaliation or both.[1]

23  Critically fatal to McKinney's Title VII claims against Alcorn is that only the

24  employer, *and not individuals*, can be held liable for damages under Title VII.

25  Accordingly, McKinney's Title VII claims against Alcorn fail, and no facts could

26  be alleged to support a claim upon which relief could be granted.

27

28  [1] It will be assumed that McKinney's Title VII claim is limited to retaliation since
this is what he reported to the EEOC. [Hicks Decl., ¶ 3 Exs. B & C.]

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Snell & Wilmer

L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    Nevertheless, even without this support, McKinney's claims still fail. Title

2    VII makes it unlawful for covered employers to hire or discharge any individual, or

3    otherwise discriminate against any individual based on race, color, religion, sex or

4    national origin ("protected class"). 42 U.S.C. § 2000e *et seq.* Yet, McKinney does

5    not allege that he belongs to a class protected under Title VII. To succeed on a

6    retaliation claim, McKinney must have supporting facts to allege: (1) he engaged

7    in some protected conduct (protected by Title VII); (2) he suffered an adverse

8    employment action; and (3) the adverse employment action was taken against him

9    because of the protected activity. *Trent v. Valley Elect. Assoc.*, 41 F.3d 524, 526

10   (9th Cir. 1994). McKinney does not aver any supporting facts that support his

11   allegations of retaliation in violation of Title VII.

12   To establish a *prima facie* case of discriminatory treatment,[2] McKinney must

13   show supporting facts that: (1) he is a member of a protected class; (2) he was

14   capable of performing his job; and (3) he was treated differently because of his

15   protected class status. *Pejic v. Hughs Helicopters, Inc.,* 840 F.2d 667, 672 (9th Cir.

16   1988). McKinney has alleged no facts in support of his claim of discrimination in

17   violation of Title VII.

18   Accordingly, McKinney has not properly alleged an action under Title VII

19   upon which relief can be granted.

20

21   **D.    McKinney's Other Purported Claims Provide No Basis Upon Which**

22         **Relief Can Be Granted.**

23   Although the Complaint lists seven causes of action[3] under the section

24   entitled "Legal Claims," the remainder of the Complaint appears to consist of

25

26   ──────────────

27   [2] As stated above, if McKinney is alleging discrimination, then he has not
exhausted the required administrative remedies in order to properly plead this issue.

28   [3] None of McKinney's causes of action distinguish what actions are purportedly
attributable to what defendant.

9094653                                    - 12 -      **USDC-SOUTHERN DISTRICT CALIFORNIA**
                                                       **CASE NO. 07-CV-2373 WQH CAB**

1  protracted "cut and paste" language[4] that is internally inconsistent, ambiguous and

2  fails to provide any support for the purported claims listed in the caption. Instead,

3  McKinney simply lists five other causes of action with no factual support or legal

4  basis.[5]

5      To the extent McKinney is asserting these or any other claims against Alcorn

6  (which is, itself, unclear from the wording of the Complaint), McKinney has failed

7  to describe these claims with any specificity or to set forth the required elements of

8  those claims. Accordingly, Alcorn is unable to determine which claims are being

9  alleged against her, and McKinney has failed to state any claim upon which relief

10  can be granted.

11

12                          **VI.**

13      **THE COURT SHOULD DISMISS THE COMPLAINT**

14    **BECAUSE IT FAILS TO COMPLY WITH FRCP RULE 8.**

15      FRCP Rule 8 requires a plaintiff to set forth "a short and plain statement of

16  the claim showing that the [plaintiff] is entitled to relief." FRCP Rule 8(a)(2).

17  Similarly, each claim must be "simple, concise, and direct." FRCP Rule 8(e)(2).

18  These rules are designed to ensure that a complaint gives fair notice to defendants

19  and states the elements of the claim plainly and succinctly. *Jones v. Cmty.*

20  *Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646, 649 (9th Cir.

21  1984).

22      When the complaint is written by a *pro se* litigant, these rules are relaxed and

23  the complaint is held to a less stringent standard. *Eldridge v. Block*, 832 F.2d 1132,

24  1136 (9th Cir. 1987). Nevertheless, if a complaint contains nothing more than

25

26  [4] The same language is found in McKinney's EEOC complaint. [Hicks Decl., Exs. 3 and 4.]

27  [5] McKinney simply lists: wrongful termination, false imprisonment, intentional infliction of emotional distress, defamation and equal pay under the remaining causes of action without any reference to a legal basis or how these causes of action

28  apply to him.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   conclusory allegations, unsupported by any facts, it fails to state a claim under

2   Rule 8. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977); se also,

3   *Barsella v. United States*, 135 F.R.D 64, 66 (S.D.N.Y 1991) (policy requiring

4   courts to liberally construe *pro se* complaints "does not mandate that a court system

5   sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

6   Here, McKinney's complaint is incoherent, rambling, unreadable and fails to

7   comply with Rule 8.

8           The Complaint fails to distinguish among – or even clearly set out – the

9   various claims being alleged.[6] And, despite containing a heading entitled

10  "Statement of Facts," the body of the Complaint is prolix, confusing, and in many

11  areas – meaningless. Further, it is not clear what relief McKinney seeks or how the

12  allegations support the relief sought. The Complaint is simply a recitation of

13  disconnected ideas wrapped with conclusory allegations seeking some sort of

14  unintelligible relief. The Complaint, therefore, fails to comply with Rule 8 and

15  should be dismissed under FRCP Rule 12(b)(6) for failure to state a claim upon

16  which relief can be granted.

17

18                              **VII.**

19                  **THE COURT SHOULD DISMISS**

20      **MCKINNEY'S COMPLAINT WITH PREJUDICE.**

21          The factors a court may consider in determining whether to dismiss a

22  complaint with prejudice under FRCP Rule 41(b) include: (1) the plaintiff's status

23  as a pro se litigant; (2) the burden on the defendants and their right to be free from

24  costly and harassing litigation; (3) the burden confusing and prolix complaints

25  place on the court system; (4) the strength of plaintiff's case; and, (5) the feasibility

26  of less drastic alternatives, such as allowing further amendment. *See, e.g.*,

27  _____

[6] See Part IV above for a further discussion of the deficiencies in McKinney's

28  claims.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   *McHenry v. Renne*, 84 F.3d 1172, 1179-1180 (9th Cir. 1996); *Nevijel v. North*

2   *Coast Life Ins. Co.*, 651 F.2d 671, 674-675 (9th Cir. 1981); *Von Poppenheim v.*

3   *Portland Boxing and Wrestling Commission*, 442 F.2d 1047, 1053 (9th Cir. 1971),

4   *cert. denied*, 404 U.S. 1039 (1972).  Under the circumstances of this dispute, these

5   factors heavily favor dismissal with prejudice.

6        McKinney has filed a protracted, rambling, incomprehensible Complaint that

7   utterly fails to allege any facts to support any of his claims, and that is not even

8   clear as to which claims are being asserted, and against which defendants.

9   McKinney cannot assert anything in an amended pleading that will give merit to his

10  baseless claims.  As such, the Court should dismiss McKinney's Complaint with

11  prejudice pursuant to FRCP Rule 41(b).

12

13                                      **VIII.**

14     **ALTERNATIVELY, THE COURT SHOULD REQUIRE MCKINNEY TO**

15     **FILE A MORE DEFINITE STATEMENT UNDER FRCP RULE 12(e).**

16        If the Court declines to dismiss the Complaint, finds that service of process

17  was sufficient under the FRCP and that the Court has jurisdiction over Alcorn, the

18  Court should require McKinney to file a more definite statement.

19        FRCP Rule 12(e) protects defendants from having to guess at the meaning of

20  complaints like the one brought by McKinney:

21           If a pleading to which a responsive pleading is permitted
22           is so vague or ambiguous that a party cannot reasonably
             be required to frame a responsive pleading, the party may
23           move for a more definite statement before interposing a
             responsive pleading.

24  FRCP Rule 12(e).

25        A complaint may state a claim for relief, but may still be so vague and

26  ambiguous as to require a plaintiff to provide a more definite statement.  *See*

27  *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1981);

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

2  When claims, such as those made by McKinney are so indefinite that the defendant

3  cannot ascertain the nature of the claim being asserted, a defendant cannot

4  reasonably be expected to frame a proper response. *Id.*

5        A motion for a more definite statement is appropriate where allegations do

6  not comply with the pleading requirements identified in FRCP Rule 8. 2 James

7  Wm. Moore, et al., Moore's Federal Practice, 12.36[1] (3d ed. 2000). Under

8  Rule 8, a pleading must give "fair notice on the grounds for the various claims" and

9  "requires more than empty boilerplate." *Gen-Probe, Inc. v. Amoco Corp.*, 926 F.

10  Supp. 948, 961 (S.D. Cal. 1988); *see also Conley v. Gibson*, 355 U.S. 41, 47

11  (1957). Therefore, if a pleading is not "clear enough to provide the defendant with

12  a sufficient basis to frame a responsive pleading" a more definite statement is

13  appropriate. *Sec. Dynamics Techs., Inc. v. Active Card Networks, Inc.*, No. 95-

14  20870SW, 1996 WL 263648, at *1 (N.D. Cal. May 13, 1996).

15        Here, for the reasons set forth above, McKinney's Complaint is so

16  ambiguous and unintelligible that Alcorn cannot reasonably be required to frame a

17  responsive pleading. Therefore, if the Court does not grant the Rule 12(b)(6)

18  motion, the Court should order McKinney to file a more definite statement.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1

## IX.

## CONCLUSION

For the reasons stated above, Alcorn respectfully requests that the Court dismiss McKinney's Complaint against her with prejudice. In the alternative, if the Court finds that it has jurisdiction over Alcorn and the Court declines to dismiss the Complaint, she respectfully requests that the Court require McKinney to file a more definite statement.

Date: September 9, 2008                          SNELL & WILMER L.L.P.

By:   s/Nathan Hicks
      Christy Joseph
      Nathan W. Hicks
      Attorneys for Defendant April
      Alcorn

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**PROOF OF SERVICE**

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

  I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

  On September 9, 2008, I served, in the manner indicated below, the foregoing document described as **APRIL ALCORN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| Chad McKinney<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115 | Plaintiff, Pro Se<br>Tel: (619) 634-3566<br><br>TRACKING # 798508102292 |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>940 Front Street, Room 4290<br>San Diego, CA 92101-8900 | Courtesy Copy<br>Tel: (619) 557-5600<br><br>TRACKING # 792104054237 |

  I am employed in the office of a member of the bar of this court at whose direction the service was made.

  ☒  BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

  Executed on September 9, 2008, at Costa Mesa, California.

_____
Ann Dufour

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8626180