

Christy D. Joseph (#136785)
cjoseph@swlaw.com
Nathan W. Hicks (#236269)
nhicks@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Kyan Flynn, Mechelle Bonilla
and Carlyn Lindsten

# UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF
# CALIFORNIA

| | |
|---|---|
| CHAD MCKINNEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>APOLLO GROUP, INC., UNIVERSITY OF PHOENIX, a Corporation, MECHELLE BONILLA, an Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employees Relations Consultant at UNIVERSITY OF PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX<br><br>Defendants | CASE NO. 07-CV-2373 WQH CAB<br><br>**DEFENDANT MECHELLE BONILLA, KYAN FLYNN AND CARLYN LINDSTEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**<br><br>**[FRCP 12(b)(2); 12(b)(5); 12(b)(6); 12(e).]**<br><br>Date: October 20, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br>Judge: Hon. William Q. Hayes<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>DATE OF FILING: December 19, 2007 |

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................2

II.   THE COURT LACKS JURISDICTION OVER THE INDIVIDUAL DEFENDANTS BECAUSE MCKINNEY'S SERVICE WAS DEFECTIVE (FRCP 12(b)(2); 12(b)(5)) ............................................3

III.  THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE MCKINNEY VIOLATED THE COURT'S JULY 22, 2008, ORDER ..........6

IV.  THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO PROVIDE A BASIS UPON WHICH RELIEF CAN BE GRANTED ...............................................................................................7

     A.    The Court May Dismiss Patently Defective Complaints ....................7

     B.    McKinney's Purported Claim Under the False Claims Act (31 U.S.C. § 3729) Provides No Basis Upon Which Relief Can Be Granted ..........................................................................................7

     C.    McKinney's Purported Claim Under Title VII of the Civil Rights Act of 1964 and amendments to Title VII of the Civil Rights Act of 1991 (42 U.S.C. § 2000e) Provides No Basis Upon Which Relief Can Be Granted....................................10

     D.    McKinney's Other Purported Claims Provide No Basis Upon Which Relief Can Be Granted.....................................................11

V.    THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO COMPLY WITH FRCP RULE 8 ............................................12

VI.  THE COURT SHOULD DISMISS MCKINNEY'S COMPLAINT WITH PREJUDICE.................................................................................13

VII. ALTERNATIVELY, THE COURT SHOULD REQUIRE MCKINNEY TO FILE A MORE DEFINITE STATEMENT UNDER FRCP RULE 12(e) ....................................................................................14

VIII. CONCLUSION .................................................................................16

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Barsella v. United States,*
  135 F.R.D 64 (S.D.N.Y 1991) ................................................................ 12

*Belle v. Chase Home Finance, LLC,*
  No. 06CV2454 WQH (LSP),
  2007 WL 3232505, at *8 (S.D. Cal. May 22, 2007) .............................. 4, 5

*Brockmeyer v. May,*
  383 F.3d 798 (9th Cir. 2004) .................................................................... 5

*Cellars v. Pacific Coast Packaging, Inc.,*
  189 F.R.D. 575 (N.D. Cal. 1981) ............................................................ 14

*Conley v. Gibson,*
  355 U.S. 41 (1957) ............................................................................. 7, 15

*Eldridge v. Block,*
  832 F.2d 1132 (9th Cir. 1987) ................................................................ 12

*Estate of Ford v. Ramierez-Palmer,*
  301 F.3d 1043 (9th Cir. 2002) .................................................................. 6

*Famolare, Inc. v. Edison Bros. Stores, Inc.,*
  525 F. Supp. 940 (E.D. Cal. 1981) ......................................................... 14

*Gen-Probe, Inc. v. Amoco Corp.,*
  926 F. Supp. 948 (S.D. Cal. 1988) ......................................................... 15

*Graham v. United States,*
  79 Fed. Appx. 992, No. 03-15240,
  2003 WL 22514528, at *1 (9th Cir. June 2, 2003) ................................ 2, 6

*Hamilton v. Endell,*
  981 F. 2d 1062 (9th Cir. 1992) ................................................................. 6

*Hirsh v. Blue Cross, Blue Shield,*
  800 F.2d 1474 (9th Cir. 1986) .................................................................. 5

*Holden v. Hagoplan,*
  978 F. 2d 1115 (9th Cir. 1992) ................................................................. 7

*In re Syntex Corp. Sec's Litig.,*
  95 F.3d 922 (9th Cir. 1996) ...................................................................... 7

*Jackson v. Hayakawa,*
  682 F.2d 1344 (9th Cir. 1982) .................................................................. 5

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1

**TABLE OF AUTHORITIES**
(continued)

2                                                                         **Page**

3    *Jones v. Cmty. Redevelopment Agency of the City of Los Angeles,*
       733 F.2d 646 (9th Cir. 1984) ................................................................12
4

5    *McHenry v. Renne,*
       84 F.3d 1172 (9th Cir. 1996) ...............................................................13

6    *Nevijel v. North Coast Life Ins. Co.,*
       651 F.2d 671 (9th Cir. 1981) ...............................................................13
7

8    *Pejic v. Hughs Helicopters, Inc.,*
       840 F.2d 667 (9th Cir. 1988) ...............................................................11

9    *Roberston v. Dean Witter Reynolds, Inc.,*
       749 F.2d 530 (9th Cir. 1984) ..................................................................7
10

11   *Sherman v. Yakahi,*
       549 F.2d 1287 (9th Cir. 1977) .............................................................12

12   *Trent v. Valley Elect. Assoc.,*
       41 F.3d 524 (9th Cir. 1994) .................................................................11
13

14   *Usher v. City of Los Angeles,*
       828 F.2d 556 (9th Cir. 1987) ..................................................................7

15   *Von Poppenheim v. Portland Boxing and Wrestling Commission,*
       442 F.2d 1047 (9th Cir. 1971),
16     *cert. denied,* 404 U.S. 1039 (1972) ....................................................13

17   *Western Min. Council v. Watt,*
       643 F.2d 618 (9th Cir. 1981) ..................................................................7
18

19                              **STATE CASES**

20   *Espindola v. Nunez,* 199 Cal. App. 3d 1389, 1392 (1988) ........................5

21   *Sec. Dynamics Techs., Inc. v. Active Card Networks, Inc.,*
       No. 95-20870SW,
22     1996 WL 263648, at *1 (N.D. Cal. May 13, 1996).............................15

23   *Stafford v. Mach,* 64 Cal. App. 4th 1174, 1182 (1998) ...........................5

24

25                           **FEDERAL STATUTES**

25   31 U.S.C. § 3729...................................................................................7, 8

26   31 U.S.C. § 3730(a) .........................................................................8, 9, 10

27   42 U.S.C. § 2000e ...................................................................................10

28

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**TABLE OF AUTHORITIES**
(continued)

Page

**CALIFORNIA STATUTES**

California Code of Civil Procedure § 415.10 ....................................................5

**FEDERAL RULES**

Federal Rules of Civil Procedure Rule 4 .........................................2, 4, 5, 6

Federal Rules of Civil Procedure Rule 8 ..................................3, 12, 13, 15

Federal Rules of Civil Procedure Rule 12 ................................3, 6, 13, 14

Federal Rules of Civil Procedure Rule 41(b) ...................................13, 14

**OTHER AUTHORITIES**

2 James Wm. Moore, et al., Moore's Federal Practice,
    12.36[1] (3d ed. 2000) ..............................................................15

**USDC-SOUTHERN DISTRICT CALIFORNIA
CASE NO. 07-CV-2373 WQH CAB**

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.

## **INTRODUCTION**

The Court should dismiss plaintiff Chad McKinney's ("McKinney") complaint for damages ("Complaint") against Kyan Flynn, Mechelle Bonilla and Carlyn Lindsten ( the "Individual Defendants") for several separate reasons. First, McKinney failed to properly serve the Individual Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure ("FRCP") because McKinney did not properly serve them via personal service, substitute service, mail service or service by publication. Although some procedural rules may be relaxed for *pro se* litigants, all plaintiffs must follow the rules for service of the complaint. *See Graham v. United States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir. June 2, 2003). This procedural step is important not only to ensure due process, but also for jurisdictional reasons, because absent proper service, a court cannot obtain jurisdiction over the defendant.

Second, McKinney's Complaint should be dismissed for failure to state a claim upon which relief can be granted. The caption of McKinney's Complaint states that it is "for violation of Federal False Claims Act and for violation of the Civil Rights Act 1964 and the amendments to Title VII of the Civil Rights Act of 1991-Retliation-Wrongful Termination & Employment Discrimination Civil Action" and lists seven causes of action:

    1. Retaliation pursuant to the False Claims Act § 3729;

    2. Retaliation under Title VII;

    3. Wrongful Termination;

    4. False Imprisonment;

    5. Intentional Infliction of Emotional Distress;

    6. Defamation; and

    7. Equal Pay.

[Complaint, 16:8-17:14.]

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   The Complaint, however, contains no comprehensible recitation of facts or

2   the basis for any of McKinney's purported claims, nor does it give fair notice of the

3   purported acts or omissions, what actions are attributed to what defendants, how the

4   Individual Defendants' conduct damaged McKinney, or even what damage

5   McKinney suffered.

6   Finally, McKinney failed to comply with the Court's July 22, 2008, Order

7   ("Order") quashing McKinney's prior failed attempt at serving the Individual

8   Defendants with the Complaint and mandating that he properly serve them within

9   45 days of the Order.

10  Accordingly, the Individual Defendants bring this motion to dismiss

11  McKinney's Complaint pursuant to FRCP Rule 12(b)(5) because the Complaint

12  was improperly served. The Individual Defendants also bring this motion to

13  dismiss pursuant to FRCP Rule 12(b)(2) because the Court lacks personal

14  jurisdiction over them. Additionally, the Individual Defendants bring this motion

15  pursuant to Rule 12(b)(6) because the Complaint fails to state a claim upon which

16  relief may be granted and fails to comply with FRCP Rule 8. Finally, the

17  Individual Defendants ask that they be dismissed from this matter due to

18  McKinney's failure to comply with the Court's July 22, 2008, Order. In the

19  alternative, if the Court declines to dismiss the Complaint for these reasons and

20  finds that it can exert jurisdiction over the Individual Defendants, it is requested

21  that the Court order McKinney to file a more definite statement pursuant to FRCP

22  Rule 12(e).

23

24  **II.**

25  **THE COURT LACKS JURISDICTION OVER THE INDIVIDUAL**

26  **DEFENDANTS BECAUSE MCKINNEY'S SERVICE WAS DEFECTIVE**

27  **(FRCP 12(b)(2); 12(b)(5)).**

28  Pursuant to the Order, McKinney "failed to properly serve any of the

- 3 -

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    Defendants" during his prior attempt at service, and "service of process upon each

2    Defendant is quashed." [Declaration of Nathan Hicks In Support of Motion to

3    Dismiss Plaintiff's Complaint ("Hicks Decl."), ¶ 2, Ex. 1, 9:9-24.] Further, the

4    Order held:

5            Plaintiff has forty-five (45) days from the date of this
             order in which to either (1) properly serve each Defendant
6            in accordance with applicable law, or (2) file a waiver of
             service.
7

8    [*Id.*, 9:24-26.] McKinney failed to do either of the Order's options and therefore

9    his Complaint against the Individual Defendants should be dismissed.

10

11   **A.    McKinney Failed To Serve the Individual Defendants.**

12   FRCP Rule 4(e) provides in pertinent part:

13           Unless otherwise provided by federal law, service upon
             an individual from whom a waiver has not been obtained
14           and filed, […] may be effected in any judicial district of
             the United States:
15

16           (1)  pursuant to the law of the state in which the district
             court is located […]; or
17
             (2) by delivering a copy of the summons and of the
18           complaint to the individual or by leaving copies thereof at
             the individual's dwelling house or usual place of abode
19           with some person of suitable age and discretion then
             residing therein or by delivering a copy of the summons
20           and complaint to an agent authorized by appointment or
             by law to receive service of process.

21   FRCP Rule 4(e)*; LSJ Investment Co., Inc. v. O.L.D., Inc.* 167 F. 3d 320, 322-323

22   (6th Cir. 1999).   To that end, California state law allows for service upon an

23   individual by delivering a copy of the summons and complaint:

24           Via personal delivery or an authorized agent for service of
             process;
25

26           [or]

27           Substitute service coupled with mailing after a good faith
             effort at personal service has been attempted;

28           [or]

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

- 4 -    **USDC-SOUTHERN DISTRICT CALIFORNIA
         CASE NO. 07-CV-2373 WQH CAB**

1    Mail service, coupled with acknowledgement of receipt;

2    [or]

3    Service by publication.

4  Cal. Code Civ. Proc. §§ 415.10, 415.20, 415.30, 415.50.

5    Thus, under both federal and state law, service of summons upon an

6  individual is only proper if made by personal service to the individual or their

7  authorized agent to accept service of process or by substitute service at the

8  individual's "dwelling house or usual place of abode." *See id.*; FRCP Rule 4(e)(2).

9  California, however, also allows substitute service to be effected at the individual's

10  residence *or* place of employment as long as a good faith attempt at personal

11  service was made and the substitute service is coupled with a mailing of a copy of

12  the summons and complaint to the defendant.  Cal. Code Civ. Proc. § 415.20.

13    When a defendant challenges service of process, a plaintiff bears the burden

14  of showing that service is valid under Rule 4.  *Brockmeyer v. May*, 383 F.3d 798,

15  800 (9th Cir. 2004); *Belle, supra, citing Hirsh v. Blue Cross, Blue Shield*, 800 F.2d

16  1474, 1477 (9th Cir. 1986); *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801

17  (1979).  Two or three attempts to personally serve defendant at a "proper place"

18  ordinarily qualifies as "reasonable diligence" at attempting personal service.

19  *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988); *Stafford v. Mach*, 64 Cal.

20  App. 4th 1174, 1182 (1998).  Moreover, if a plaintiff fails to serve a defendant in

21  accordance with Rule 4, the court lacks jurisdiction over that defendant.  *Jackson v.*

22  *Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

23    As stated above, McKinney simply mailed a copy of the Complaint to the

24  Individual Defendants' place of work with a blank proof of service document.

25  [Declarations of Kyan Flynn, Mechelle Bonilla and Carlyn Lindsten ("Flynn Decl.,

26  Bonilla Decl." and "Lindsten Decl." respectively, ¶ 3, Exs. 1 and 2.]  McKinney did

27  not attempt to personally serve the Complaint upon the Individual Defendants and

28  hence failed to comply with the requirements for service under both federal and

1  California law.  FRCP Rule 4(e); Cal. Code Civ. Proc. § 415.20; *Khourie, Crew &*
2  *Jaeger v. Sabek, Inc.*, 220 Cal. App. 3d 1009, 1015 (1990).  In fact, the Individual
3  Defendants have never been served with any documents in this matter and are not
4  aware of anyone else accepting any documents on their behalf.  [*Id.*, ¶ 2.]

5      While procedural rules may be relaxed for *pro se* litigants, even a *pro se*
6  plaintiff must comply with the rules for service of process.  *See Graham v. United*
7  *States*, 79 Fed. Appx. 992, 994, No. 03-15240, 2003 WL 22514528, at *1 (9th Cir.
8  June 2, 2003) *citing Hamilton v. Endell*, 981 F. 2d 1062, 1065 (9th Cir. 1992)
9  (abrogated on other grounds by *Estate of Ford v. Ramierez-Palmer*, 301 F.3d 1043,
10  1045 (9th Cir. 2002).

11

12  **B.    McKinney Did Not Obtain a Waiver of Service From the Individual**
13  **Defendants.**
14      The Individual Defendants' counsel sent McKinney a correspondence
15  inquiring whether McKinney would request a waiver of service from the parties.
16  [Hicks Decl., ¶ 3, Ex. 2.]  McKinney failed to respond to the Individual
17  Defendants' inquiry and never obtained a waiver of service from them.

18      Accordingly, because McKinney did not properly serve the Individual
19  Defendants nor obtain a waiver of service from them, the Court lacks personal
20  jurisdiction and the Complaint should be dismissed pursuant to FRCP Rules
21  12(b)(2) and 12(b)(5) for this reason also.

22

23                                    **III.**

24  **THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE**
25  **MCKINNEY VIOLATED THE COURT'S JULY 22, 2008, ORDER.**

26      As stated above, McKinney failed to comply with the Order and his
27  Complaint should be dismissed.

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**IV.**

## THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE IT FAILS TO PROVIDE A BASIS UPON WHICH RELIEF CAN BE GRANTED.

**A.    The Court May Dismiss Patently Defective Complaints.**

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. The Court may dismiss a complaint as a matter of law either for lack of a cognizable theory or the absence of sufficient fats alleged under a cognizable legal theory. *Roberston v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Thus, the Court should dismiss a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In making this determination, the Court must accept as true all material allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). While allegations of material fact are taken as true, however, a plaintiff may not rely on conclusory allegations and unwarranted inferences to defeat dismissal. *See e.g., In re Syntex Corp. Sec's Litig.*, 95 F.3d 922, 926 (9th Cir. 1996); *Holden v. Hagoplan*, 978 F.2d 1115, 1121 (9th Cir. 1992). Also, the Court does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

As explained more fully below, this Court should dismiss McKinney's Complaint because it fails to state a claim upon which relief may be granted.

**B.    McKinney's Purported Claim Under the False Claims Act (31 U.S.C. § 3729) Provides No Basis Upon Which Relief Can Be Granted.**

The Complaint also fails to distinguish among – or even clearly set out – the various claims being alleged. For example, the Complaint mentions an action for retaliation arising under the False Claims Act, 31 U.S.C. § 3729 ("FCA") in

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  McKinney's "Statement of the Case" and "Legal Claims," but no supporting facts
2  even mentioning the FCA can be found in his "Statement of Facts." [Complaint,
3  2:9-11; 16:8-19.]  In fact, McKinney's reference the FCA contains the following
4  mystifying statements:

> In 1986, Congress added provisions in 31 U.S.C Sec.
> 3730(h):  'Any employee who is discharged, demoted,
> suspended, threatened, harassed, or in any other manner
> discriminated against in the terms and conditions of
> employment by his or her employer because of lawful
> acts done by the employee on behalf of his employer or
> others *in furtherance of an action* under this section,
> including investigation for, initiation of, testimony for, or
> assistance in an action filed or to be filed under this
> section, shall be entitled to all relief necessary to make the
> employee whole.'

[*Id.*, (emphasis added).]

McKinney does not reference anything he did "in furtherance of action under
this section."  In fact, McKinney does not provide any supporting facts at all for
this claim, but rather repeats a statute that does not apply to him under any
circumstances.  The FCA addresses the situation that if a person attempts to defraud
the government to obtain payment/property then he/she will be liable:

> to the United States Government for a civil penalty of not
> less than $5,000 and not more than $10,000, plus 3 times
> the amount of damages which the Government sustains
> because of the act of that person […].

31 U.S.C. 3729(a).  For an "action" to exist, however, it may only be brought by the
Attorney General or by a private person in the name of the United States
Government.  31 U.S.C. §§ 3730(a), (b).  Moreover, there are special requirements
for a private person to bring an action under the FCA that McKinney never did.  In
pertinent part:

**(b) Actions by Private Persons.—**

(1) A person may bring a civil action for a violation of
section 3729 for the person and for the United States
Government. The action shall be brought in the name of
the Government. The action may be dismissed only if the

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

- 8 -

1
2

court and the Attorney General give written consent to the dismissal and their reasons for consenting.

(2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

3
4
5
6
7

8    31 U.S.C. § 3730(b).

9    Furthermore, the FCA bars the following actions:

10    **(e) Certain Actions Barred.—**

11
12
13

(3) In no event may a person bring an action under subsection (b) which is based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party.

14    (4)

15
16
17
18
19

(A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

20
21
22
23

(B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

24    31 U.S.C. § 3730(e).

25    McKinney has not provided any facts indicating that he has performed lawful

26    acts in furtherance of an existing "action" under the FCA.  Furthermore, McKinney

27    has not provided any facts that demonstrate that an "action" brought by either the

28    Attorney General or in the name of the United States Government even exists.

Snell & Wilmer
L.L.P.
——————
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    Indeed, it appears that McKinney's claim under the FCA may be barred since he

2    has not asserted that he is an "original source" of information provided to the

3    United States Government as is required under 31 U.S.C. section 3730(e)(4).

4        Accordingly, McKinney has not properly alleged an action under the FCA

5    upon which relief can be granted.

6

7    **C.    McKinney's Purported Claim Under Title VII of the Civil Rights Act of**

8        **1964 and amendments to Title VII of the Civil Rights Act of 1991 (42**

9        **U.S.C. § 2000e) Provides No Basis Upon Which Relief Can Be Granted.**

10       McKinney's Complaint similarly fails to state a claim for violation of

11   Title VII of Civil Rights Act, as amended ("Title VII").  McKinney asserts that he

12   suffered "discriminatory behavior" and was retaliated against in violation of Title

13   VII. [Complaint, 2:19-21; 16:20-24.]  As with McKinney's claim under the FCA,

14   the only two references to Title VII are found in the "Statement of the Case" and

15   "Legal Claims" and no supporting facts are found in his "Statement of Facts".  [*Id.*]

16   In fact, it cannot be determined from McKinney's unintelligible Complaint whether

17   he is alleging disparate treatment, retaliation or both.[1]

18       Critically fatal to McKinney's Title VII claims against the Individual

19   Defendants is that only the employer, *and not individuals*, can be held liable for

20   damages under Title VII.  Accordingly, McKinney's Title VII claims against the

21   Individual Defendants fail, and no facts could be alleged to support a claim upon

22   which relief could be granted.

23       Nevertheless, even without this support, McKinney's claims still fail.  Title

24   VII makes it unlawful for covered employers to hire or discharge any individual, or

25   otherwise discriminate against any individual based on race, color, religion, sex or

26   national origin ("protected class").  42 U.S.C. § 2000e *et seq.*  Yet, McKinney does

27

28   [1] It will be assumed that McKinney's Title VII claim is limited to retaliation since
     this is what he reported to the EEOC. [Hicks Decl., ¶ 4 Exs. 3 and 4.]

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    not allege that he belongs to a class protected under Title VII. To succeed on a

2    retaliation claim, McKinney must have supporting facts to allege: (1) he engaged

3    in some protected conduct (protected by Title VII); (2) he suffered an adverse

4    employment action; and (3) the adverse employment action was taken against him

5    because of the protected activity. *Trent v. Valley Elect. Assoc.*, 41 F.3d 524, 526

6    (9th Cir. 1994). McKinney does not aver any supporting facts that support his

7    allegations of retaliation in violation of Title VII.

8         To establish a *prima facie* case of discriminatory treatment,[2] McKinney must

9    show supporting facts that: (1) he is a member of a protected class; (2) he was

10   capable of performing his job; and (3) he was treated differently because of his

11   protected class status. *Pejic v. Hughes Helicopters, Inc.,* 840 F.2d 667, 672 (9th Cir.

12   1988). McKinney has alleged no facts in support of his claim of discrimination in

13   violation of Title VII.

14        Accordingly, McKinney has not properly alleged an action under Title VII

15   upon which relief can be granted.

16

17   **D.    McKinney's Other Purported Claims Provide No Basis Upon Which**

18   **Relief Can Be Granted.**

19        Although the Complaint lists seven causes of action[3] under the section

20   entitled "Legal Claims," the remainder of the Complaint appears to consist of

21   protracted "cut and paste" language[4] that is internally inconsistent, ambiguous and

22   fails to provide any support for the purported claims listed in the caption. Instead,

23   McKinney simply lists five other causes of action with no factual support or legal

24

25   _____

26   [2] As stated above, if McKinney is alleging discrimination, then he has not
     exhausted the required administrative remedies in order to properly plead this issue.

27   [3] None of McKinney's causes of action distinguish what actions are purportedly
     attributable to what defendant.

28   [4] The same language is found in McKinney's EEOC complaint. [Hicks Decl., ¶ 4
     Exs. 3 and 4.]

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  basis.[5]

2      To the extent McKinney is asserting these or any other claims against the

3  Individual Defendants (which is, itself, unclear from the wording of the Complaint),

4  McKinney has failed to describe these claims with any specificity or to set forth the

5  required elements of those claims. Accordingly, the Individual Defendants are

6  unable to determine which claims are being alleged against them, and McKinney

7  has failed to state any claim upon which relief can be granted.

8

9                                V.

10      **THE COURT SHOULD DISMISS THE COMPLAINT**

11      **BECAUSE IT FAILS TO COMPLY WITH FRCP RULE 8.**

12      FRCP Rule 8 requires a plaintiff to set forth "a short and plain statement of

13  the claim showing that the [plaintiff] is entitled to relief." FRCP Rule 8(a)(2).

14  Similarly, each claim must be "simple, concise, and direct." FRCP Rule 8(e)(2).

15  These rules are designed to ensure that a complaint gives fair notice to defendants

16  and states the elements of the claim plainly and succinctly. *Jones v. Cmty.*

17  *Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646, 649 (9th Cir.

18  1984).

19      When the complaint is written by a *pro se* litigant, these rules are relaxed and

20  the complaint is held to a less stringent standard. *Eldridge v. Block*, 832 F.2d 1132,

21  1136 (9th Cir. 1987). Nevertheless, if a complaint contains nothing more than

22  conclusory allegations, unsupported by any facts, it fails to state a claim under

23  Rule 8. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977); se also,

24  *Barsella v. United States*, 135 F.R.D 64, 66 (S.D.N.Y 1991) (policy requiring

25  courts to liberally construe *pro se* complaints "does not mandate that a court system

26

27  [5] McKinney simply lists: wrongful termination, false imprisonment, intentional
   infliction of emotional distress, defamation and equal pay under the remaining

28  causes of action without any reference to a legal basis or how these causes of action
   apply to him.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

2  Here, McKinney's complaint is incoherent, rambling, unreadable and fails to

3  comply with Rule 8.

4      The Complaint fails to distinguish among – or even clearly set out – the

5  various claims being alleged.[6]  And, despite containing a heading entitled

6  "Statement of Facts," the body of the Complaint is prolix, confusing, and in many

7  areas – meaningless.  Further, it is not clear what relief McKinney seeks or how the

8  allegations support the relief sought.  The Complaint is simply a recitation of

9  disconnected ideas wrapped with conclusory allegations seeking some sort of

10  unintelligible relief.  The Complaint, therefore, fails to comply with Rule 8 and

11  should be dismissed under FRCP Rule 12(b)(6) for failure to state a claim upon

12  which relief can be granted.

14  **VI.**

15  **THE COURT SHOULD DISMISS**

16  **MCKINNEY'S COMPLAINT WITH PREJUDICE.**

17      The factors a court may consider in determining whether to dismiss a

18  complaint with prejudice under FRCP Rule 41(b) include:  (1) the plaintiff's status

19  as a pro se litigant; (2) the burden on the defendants and their right to be free from

20  costly and harassing litigation; (3) the burden confusing and prolix complaints

21  place on the court system; (4) the strength of plaintiff's case; and, (5) the feasibility

22  of less drastic alternatives, such as allowing further amendment.  *See, e.g.,*

23  *McHenry v. Renne*, 84 F.3d 1172, 1179-1180 (9th Cir. 1996); *Nevijel v. North*

24  *Coast Life Ins. Co.*, 651 F.2d 671, 674-675 (9th Cir. 1981); *Von Poppenheim v.*

25  *Portland Boxing and Wrestling Commission*, 442 F.2d 1047, 1053 (9th Cir. 1971),

26  *cert. denied*, 404 U.S. 1039 (1972).  Under the circumstances of this dispute, these

27  _____

28  [6] See Part III above for a further discussion of the deficiencies in McKinney's
   claims.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    factors heavily favor dismissal with prejudice.

2        McKinney has filed a protracted, rambling, incomprehensible Complaint that

3    utterly fails to allege any facts to support any of his claims, and that is not even

4    clear as to which claims are being asserted, and against which Defendants.

5    McKinney cannot assert anything in an amended pleading that will give merit to his

6    baseless claims.  As such, the Court should dismiss McKinney's Complaint with

7    prejudice pursuant to FRCP Rule 41(b).

8

9                                    **VII.**

10   **ALTERNATIVELY, THE COURT SHOULD REQUIRE MCKINNEY TO**

11   **FILE A MORE DEFINITE STATEMENT UNDER FRCP RULE 12(e).**

12       If the Court declines to dismiss the Complaint, finds that service of process

13   was sufficient under the FRCP and that the Court has jurisdiction over the

14   Individual Defendants, the Court should require McKinney to file a more definite

15   statement.

16       FRCP Rule 12(e) protects defendants from having to guess at the meaning of

17   complaints like the one brought by McKinney:

18           If a pleading to which a responsive pleading is permitted
             is so vague or ambiguous that a party cannot reasonably
19           be required to frame a responsive pleading, the party may
             move for a more definite statement before interposing a
20           responsive pleading.

21   FRCP Rule 12(e).

22       A complaint may state a claim for relief, but may still be so vague and

23   ambiguous as to require a plaintiff to provide a more definite statement.  *See*

24   *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1981);

25   *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

26   When claims, such as those made by McKinney are so indefinite that the defendant

27   cannot ascertain the nature of the claim being asserted, a defendant cannot

28   reasonably be expected to frame a proper response.  *Id.*

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    A motion for a more definite statement is appropriate where allegations do
2    not comply with the pleading requirements identified in FRCP Rule 8.  2 James
3    Wm. Moore, et al., Moore's Federal Practice, 12.36[1] (3d ed. 2000).  Under
4    Rule 8, a pleading must give "fair notice on the grounds for the various claims" and
5    "requires more than empty boilerplate." *Gen-Probe, Inc. v. Amoco Corp.*, 926 F.
6    Supp. 948, 961 (S.D. Cal. 1988); *see also Conley v. Gibson*, 355 U.S. 41, 47
7    (1957).  Therefore, if a pleading is not "clear enough to provide the defendant with
8    a sufficient basis to frame a responsive pleading" a more definite statement is
9    appropriate. *Sec. Dynamics Techs., Inc. v. Active Card Networks, Inc.*, No. 95-
10   20870SW, 1996 WL 263648, at *1 (N.D. Cal. May 13, 1996).

11   Here, for the reasons set forth above, McKinney's Complaint is so
12   ambiguous and unintelligible that the Individual Defendants cannot reasonably be
13   required to frame a responsive pleading.  Therefore, if the Court does not grant the
14   Rule 12(b)(6) motion, the Court should order McKinney to file a more definite
15   statement.

16   ///
17   ///
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# VIII.

## <u>CONCLUSION</u>

For the reasons stated above, the Individual Defendants respectfully request that the Court dismiss McKinney's Complaint with prejudice.  In the alternative, if the Court finds service of process met the requirements of the Federal Rules of Civil Procedure and the Court declines to dismiss the Complaint, the Individual Defendants respectfully request that the Court require McKinney to file a more definite statement.

Date: September 9, 2008                    SNELL & WILMER L.L.P.

By:   s/Nathan Hicks
Christy Joseph
Nathan W. Hicks
Attorneys for Kyan Flynn,
Mechelle Bonilla and Carlyn
Linsten.

MPA IN SUPPORT OF MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# PROOF OF SERVICE

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On September 9, 2008, I served, in the manner indicated below, the foregoing document described as **DEFENDANT MECHELLE BONILLA, KYAN FLYNN AND CARLYN LINDSTEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| Chad McKinney<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115 | Plaintiff, Pro Se<br>Tel: (619) 634-3566<br><br>TRACKING # 798508102292 |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>940 Front Street, Room 4290<br>San Diego, CA 92101-8900 | Courtesy Copy<br>Tel: (619) 557-5600<br><br>TRACKING # 792104054237 |

I am employed in the office of a member of the bar of this court at whose direction the service was made.

☒    BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 9, 2008, at Costa Mesa, California.

_____
Anh Dufour