1    Christy D. Joseph (#136785)
     cjoseph@swlaw.com
2    Nathan W. Hicks (#236269)
     nhicks@swlaw.com
3    SNELL & WILMER L.L.P.
     600 Anton Boulevard, Suite 1400
4    Costa Mesa, CA 92626-7689
     Telephone: (714) 427-7000
5    Facsimile: (714) 427-7799

6

7    Attorneys for Defendants Mechelle Bonilla,
     Kyan Flynn, and Carlyn Lindsten

8        UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF

9                        CALIFORNIA

10

| | |
|---|---|
| 11   CHAD MCKINNEY, an individual, | CASE NO. 07-CV-2373 WQH CAB |
| 12            Plaintiff, | **EXHIBITS TO DECLARATION OF MECHELLE BONILLA IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** |
| 13   v. | |
| 14   APOLLO GROUP, INC., UNIVERSITY OF PHOENIX, a | |
| 15   Corporation, MECHELLE BONILLA, an Enrollment Manager | |
| 16   at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of | **[FRCP 12(b)(2); 12(b)(5); 12(b)(6); 12(e).]** |
| 17   Enrollment at UNIVERSITY OF PHOENIX, APRIL ALCORN, an | |
| 18   Employees Relations Consultant at UNIVERSITY OF PHOENIX, | Date:  October 20, 2008 Time: 11:00 a.m. Courtroom:  4 |
| 19   CARLYN LINDSTEN, Associate Director of Enrollment at | Judge:  Hon. William Q. Hayes |
| 20   UNIVERSITY OF PHOENIX | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| 21           Defendants | |
| 22 | |
| 23 | DATE OF FILING:  December 19, 2007 |

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1

## INDEX

2 **Exhibit**       **Description**                                                                 **Page**

3     1              McKinney Summons and Complaint served via Mail .................... 2

4     2              Envelope of McKinney service of Summons and Complaint ....... 23

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# EXHIBIT 1

**Page 1**

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

THE UNITED STATES DISTRICT COURT SOUTHERN    District of    California

Chad McKinney, Pro Se

**SUMMONS IN A CIVIL CASE**

V.

APOLLO GROUP INC., UNIVERSITY OF PHOENIX , a Corporation,; MECHELLE BONILLA, an
Enrollment Manager at UNIVERSITY OF PHOENIX, KYAN FLYNN, Director of Enrollment at
UNIVERSITY OF PHOENIX, APRIL ALCORN, an Employee Relations Consultant at UNIVERSITY OF
PHOENIX, CARLYN LINDSTEN, Associate Director of Enrollment at UNIVERSITY OF PHOENIX

**CASE NUMBER:**

'07 CV 2373 WQH CAB

TO: (Name and address of Defendant) *University of Phoenix*
*Attention of: Mechelle Bonilla*
*3890 Murphy Canyon Rd.*
*San Diego, CA 92123*

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Chad McKinney, Pro Se
6266 Madeline Street Apt. No. 61
San Diego, Ca 92115-5630

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

W. SAMUEL HAMRICK, JR.    JAN 15 2008

CLERK

(By) DEPUTY CLERK    DATE

**Page 2**

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Chad McKinney, 6266 Madeline Street Apt. 61, San Diego CA
92115-5630 Tel- 619-634-3566

### DEFENDANTS
APOLLO GROUP INC., MECHELLE BONILLA,
KYAN FLYNN, APRIL ALCORN, CARLYN LINDSTEN

**(b)** County of Residence of First Listed Plaintiff    SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
CHAD MCKINNEY, PRO SE (contact information listed above)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
False Claims Act (31 USC §§3729-3733) & CIVIL RIGHTS ACT 1964 & 1991 TITLE VII AMENDMENTS
Brief description of cause:
RETALIATION-WRONGFUL TERMINATION, FALSE CLAIMS ACT- RETALIATION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 250,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                                DOCKET NUMBER

DATE
12/17/2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

**Page 3**

1

2  Chad McKinney
   Pro Se
3  6266 Madeline St Apt #61
   San Diego, CA  92115
4  619-634-3566

5

**THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA**

6

7                                          )  CIV. Case No. 07-CV-2373
   CHAD MCKINNEY, an individual,           )
8                                          )  FOR VIOLATION OF FEDERAL
                                           )  FALSE CLAIMS ACT AND FOR
9                                          )  VIOLATION OF THE
                                           )  THE CIVIL RIGHTS ACT 1964 AND
10                                         )   THE AMENDMENTS TO TITLE
                                           )  VII OF THE CIVIL RIGHTS ACT OF
11                                         )  1991
              Plaintiff,                   )
12                                         )
                                           )
13                                         )  RETALIATION- WRONGFUL
                                           )    TERMINATION &
14                                         )  EMPLOYENT DISCRIMINATION
                                           )       CIVIL ACTION
15                                         )
   v.                                      )
16                                         )
   APOLLO GROUP INC., UNIVERSITY OF        )
17 PHOENIX , a Corporation, MECHELLE       )
   BONILLA, an Enrollment Manager at       )
18 UNIVERSITY OF PHOENIX, KYAN             )
   FLYNN, Director of Enrollment at        )
19 UNIVERSITY OF PHOENIX, APRIL            )
   ALCORN, an Employee Relations           )
20 Consultant at UNIVERSITY OF PHOENIX     )  Demand for Trial By Jury Pursuant
   CARLYN  LINDSTEN, Associate Director of )  to U.S. Constitution, 7th Amendment
21 Enrollment at UNIVERSITY OF PHOENIX     )
                                           )  Filed:
22          Defendants                     )  December 19th, 2007
                                           )
23 _____       )

24

1

1

2

3

## STATEMENT OF THE CASE

5

6     1.

7     This instant arises primarily from the defendant's discriminatory behavior against the

8     plaintiff while the plaintiff was employed by the defendant, including but not limited to

9     the wrongful termination of the plaintiff. More specifically, this case arises out of the

10    defendant retaliating against the plaintiff in violation of the Federal False Claims Act

11    § 3729. In 1986, Congress added provisions in 31 U.S.C. Sec. 3730(h):  "Any

12    employee who is discharged, demoted, suspended, threatened, harassed, or in any other

13    manner discriminated against in the terms and conditions of employment by his or her

14    employer because of lawful acts done by the employee on behalf of his employer or

15    others in furtherance of an action under this section, including investigation for,

16    initiation of, testimony for, or assistance in an action filed or to be filed under this

17    section, shall be entitled to all relief necessary to make the employee whole."

18

19    The Defendant's discriminatory behavior against the Plaintiff is also in violation of

20    Title VII of the CIVIL RIGHTS ACT of 1964 and amendments to Title VII of the

21    CIVIL RIGHTS ACT of 1991.

22

23    Various common laws were also broken by the defendant in violation of the rights of

24    the plaintiff.

2

1

2

3

4

2.                              **JURISDICTION**

5

6

7    The plaintiff asks the Court to recognize the jurisdiction of this case as the case meets the

8    requirement of jurisdiction under the Federal False Claims Act and Title VII of the Civil

9    Rights act of 1964 as amended in 1991. It should be further noted that the EEOC

10   recognized jurisdiction in evaluating the case and submitted to the plaintiff a 90 day

11   "right to sue" letter.

12

13

     3.                              **VENUE**

14

15   The employer APOLLO GROUP INC, UNIVERSITY OF PHOENIX, is located

     in San Diego at the following locations.

16

17           Apollo Group, Inc
             University of Phoenix

18           3890 Murphy Canyon Road
             San Diego, CA 92123

19

20           Apollo Group, Inc
             University of Phoenix

21           1230 Columbia Street
             San Diego, CA 92101

22
             The venue is proper for this action.

23

24

                                    3

1

2       4.              **TIMELINESS OF PETETION**

3       This action is timely filed within the statute of limitations as provided by the EEOC. As

4       required by law, a complaint was filed with the EEOC before filing this action.

5       This action is also timely within the Federal False Claims act.

6

7       5.              **PARTIES**

8       Plaintiff Chad McKinney is an American citizen residing at 6266 Madeline St., APT #61,

9   San Diego, CA, 92115.

10          Defendant Apollo Group Inc., University of Phoenix is located at:

11          Apollo Group, Inc
            University of Phoenix
12          3890 Murphy Canyon Road
13          San Diego 92123

14

15  Defendant, MECHELLE BONILLA, Enrollment Manager of UNIVERSITY PHOENIX, was
    employed at the San Diego office located at:

16          Apollo Group, Inc
            University of Phoenix
17          1230 Columbia Street
18          San Diego, CA 92101

19

20  Defendant KYAN FLYNN, Director of Enrollment of UNIVERSITY PHOENIX, and Defendant
    CARLYN LINDSTEN, Associate Director of Enrollment of UNIVERSITY OF PHOENIX, both
    were employed at the San Diego office located at:

21          Apollo Group, Inc
22          University of Phoenix
            3890 Murphy Canyon Road
23          San Diego 92123

24

                                4

1

2  Defendant APRIL ALCORN a Human Resources Manager of UNIVERSITY OF
   PHOENIX, was employed at the corporate headquarters, located at:

3
            Apollo Group, Inc
4           University of Phoenix
            4615 E. Elwood St.
5           Phoenix, AZ 85040

6

7                      **STATEMENT OF FACTS**

8
   1)    Plaintiff was hired on August 7th 2006 as an Enrollment Counselor for the
9
         University of Phoenix. Plaintiff was interviewed by Kyan Flynn, Barbara
10
         Keramati, and Andrea Beltran.
11

12
   2)    During the interviewing process Plaintiff was told the job was a salary
13
         position and there was no mention to the Plaintiff that his salary would
14
         decrease if the Plaintiff did not meet quotas for new applicants.
15

16
   3)    It was communicated to Plaintiff that his salary could increase if he were to
17
         successfully meet the goals of the defendant's employment matrix. The
18
         specifics of the matrix were not outlined to the Plaintiff during the interview.
19
         Kyan Flynn did communicate to the Plaintiff that "laborious efforts,
20
         dedication, and job competency" were required for an increase in salary to
21
         take effect.
22

23

24

                              5

4) After two months of employment the Plaintiff discovered that his salary was based on enrollment quotas via discussions of the "employment matrix" and discussions with other employees.

5) The Plaintiff received harassing emails, vocalization of threats (from his manager), and was entered into contests to encourage sales quotas. Rewards, bonuses [of monetary value], and/or special treatment were given to those who enrolled the most students.

6) The Plaintiff, after discovering that the Higher Education Act prohibits universities from using sales quotas for enrollment counselors, mentioned this concern to his manager, and direct supervisor, Mechelle Bonilla.

7) Even after the Plaintiff mentioned that he believed that the Higher Education Act prohibited sales quotas for Universities, the Plaintiff's manager still asked the Plaintiff to meet a weekly program called "Osira", which was a sales goals of: 3.5 appointments, 1.5 applications, and 2 referrals per week. It was often communicated to the Plaintiff that sales quotas were required. In several one on one meetings the Plaintiff's first manager, Barbara Keramati, reminded the Plaintiff that he was not only an employee but also a student with the University, and that his tuition reimbursement would be revoked if he failed to meet the "goal" of enrolling at least four students per month. Ms. Keramati stated to the Plaintiff on several occasions that she did not wish to enforce that revocation and encouraged the Plaintiff to meet a quota.

6

1

2  8)  On the 19th of December, 2006 it was communicated via an email written by

3      the Plaintiff's manager, Barbara Keramati, and forwarded to the Directors of

4      the company; Kyan Flynn and Kim Savich that the Plaintiff's job performance

5      was exceptional: "kudos to Chad McKinney…Chad you are my hero!!!!!!!!! 7

6      appointments and 6 apins [applications]..can it get any better that that?" Other

7      employees were even encouraged to contact the Plaintiff for advice on how to

8      improve their performance.

9

10  9)  On a multitude of occasions from the end of February 2007 until the Plaintiff

11     was terminated, he received multiple harassing emails from the Associate

12     Director of Enrollment; Carlyn Lindsten. These emails threatened reductions

13     in pay if enrollment quotas were not met, questioned the level of dedication of

14     the Plaintiff and asked the Plaintiff if he was truly serious about his career

15     with the company. She also asked why quotas for student enrollment were not

16     met, and asked the Plaintiff to "step it up" in condescending threatening

17     fashion. These types of emails were sent out almost daily, and sometimes

18     multiple times in one day.

19

20  10)  The Plaintiff felt the enrollment practices of this company presented an ethical

21      dilemma and decided to apply for a position as an Academic Counselor in the

22      Academic department. He was encouraged to do so by his first manager

23      Barbara Keramati via email and a one on one conversation. In late February

24

7

2007 the Plaintiff submitted his resume to Thomas Graneau Jr., an employee
of the Defendant.

11)    Around the time of late February 2007 but no later than that of early March
2007, the Plaintiff was transferred from the Kearny Mesa campus to the
downtown campus by Associate Director of Enrollment Carlyn Lindsten.
This transfer was soon after the Plaintiff again voiced concerns to Ms.
Lindsten of the legality of the quota system and the Defendant's San Diego
office. .

12)    The Plaintiff was granted an interview for the Academic position and met with
Thomas Graneau Jr. and Colleen Bjornson in early March. He was not
selected for the position of Academic Counselor.

13)    Although Mechelle Bonilla was not the Plaintiff's manager for the month of
February of 2007, she told the Plaintiff to sign a "Discussion Memo" that
stated his performance fell below expectations of the  appointments seen,
applications, and students whom started class and that "failure to improve
your performance may result in further disciplinary action up to and including
termination."
Although the Plaintiff did not agree with the quota system he accepted the
reprimand and signed the Discussion Memo.

8

1    14) Many of the Plaintiff's applicants were subsequently transferred to other San

2    Diego staff to maintain in disregard to corporate policy. This started on the

3    26th of March, 2007, soon after the plaintiff questioned the legality of the

4    university's enrollment practices in a previous conversation in early March

5    with his second manager; Mechelle Bonilla.

6

7    15) The Plaintiff's "lead base" [number of students in his data base available for

8    contact] was reduced drastically by his manager Mechelle Bonilla from March

9    2007 until he was terminated. Several of these students were transferred and

10    assigned to Alison Herring.

11

12    16) Plaintiff 's work schedule was changed without consultation of Plaintiff by

13    the Associate Director of Enrollment Carlyn Lindsten on the 26th of March,

14    2007 in order to make everyone available for "QC" [Qualifying Center]

15    telephone calls to "help everyone hit their goal!" The amount of QC calls the

16    Plaintiff received dwindled from March onward. Plaintiff did not receive any

17    QC calls in June or July of 2007.

18

19    17) Plaintiff was asked and pressured by San Diego management to sign

20    documents that the Plaintiff felt were untrue relating to his performance.

21

22    18) Plaintiff's salary was reduced from $37,000 to $35,500 in May. Defendant

23    states that the reasons were because he did not "meet goal" in May. Plaintiff

24    contacted the independent office of Ombuds Services anonymously in the

9.

1    beginning of June 2007 to research his options in the hopes of protecting

2    himself from further retaliatory acts taken by the company against him for

3    voicing concerns about the company policy of using quotas.

4

5    19)    Plaintiff submitted evidence to the Human Resources department, Employee

6            Relations Consultant; April Alcorn, on June 11, 2007 supporting his claim

7            that the San Diego office was using harassment and intimidation to get the

8            plaintiff to quit employment or accept the sales quota system.

9

10   20)    The Plaintiff was told in a telephone conversation on the 11th of June, 2007 by

11           April Alcorn that the issue the Plaintiff described in San Diego would be

12           resolved in two weeks.

13

14

15   21)    On the 12th of June, 2007 April Alcorn sent an email stating to the Plaintiff:

16           "I received your fax and will be looking into your concerns."

17

18   22)    The university continued to create a hostile work environment for Plaintiff

19           even after he demanded to HR that it cease and desist. He was harassed with

20           emails threatening termination on the 20th of June, 2007 by co-worker Alison

21           Herring and approved of by his manager Mechelle Bonilla stating that if he

22           did not participate and perform adequately in a team "blitz" at 11:30 he could

23           be terminated. Team "blitzs" are designated times [by the manager], three

24           times a day, in which employees were expected to not leave their cubicle, and

10

1    make as many telephone dials as possible, and schedule as many students

2    possible for appointments. The subject title read "IF YOU DON[']T BLITZ

3    AT 11:30 MECHELLE SAYS YOU'RE FIRED!" The top performing

4    Enrollment Counselor on Mechelle Bonilla's "team"; Bertha Castillo even

5    responded to this email to justify her absence from this "blitz". Enrollment

6    Counselor Fran Beadles also called in from the Palm Desert campus to

7    Mechelle Bonilla on that day to voice her concerns with the email. At the

8    conclusion of the telephone conversation she was berated in the Downtown

9    office by Mechelle Bonilla and Alison Herring for being a "nuisance" and was

10   also referred to as an "idiot".

11

12   23)   The Plaintiff received an overnight Federal Express package dated June 14th,

13         2007 from April Alcorn thanking him for bringing his workplace concerns to

14         her attention and that she would be contacting him at a later time to "discuss

15         the findings".

16

17   24)   At the end of June 2007 the plaintiff was reprimanded by Mechelle Bonilla for

18         his attire on a casual Friday (flip flops, jeans, and a t-shirt). This action was

19         discriminatory and retaliatory since Alison Herring, Tiffany Jones, and

20         Davina Mendoza had all worn the same attire [as well as tank tops] and were

21         previously unpunished [not limited to "casual Friday"].

22

23

24

11

1    25)   Plaintiff immediately contacted April Alcorn to notify her of his concerns

2          regarding the bias and harassment by Mechelle Bonilla in relation to the

3          casual Friday dress code.

4

5    26)   On the 2nd of July, 2007 the Plaintiff was asked by Mechelle Bonilla to search

6          the websites for the dress code, because she was "too busy". Plaintiff could

7          not find any information on the company websites regarding the dress code,

8          neither could Mechelle Bonilla.

9

10   27)   The situation of harassment, which was informed to April Alcorn, (who had

11         promised to get back to the Plaintiff in 2 weeks) was not resolved in the time

12         frame that April Alcorn had communicated via telephone conversation, which

13         was to be the 6th of July, 2007. This date had originally been set much earlier

14         via telephone conversation by April Alcorn.

15

16

17   28)   The Plaintiff was extremely stressed out over the situation, and had

18         communicated this to April Alcorn, as well as his manager, Mechelle Bonilla,

19         on several occasions via email, telephone and one on one conversation.

20

21   29)   The Plaintiff's stress increased daily soon after the original harassment in

22         March 2007. Plaintiff began grinding his teeth, vomiting, and receiving

23         stomach pains in response to the hostile work environment.

24

                                          12

30)  Plaintiff decided to see Dr. Calixto on July 3rd, 2007 at Beautiful Smile Dentistry to seek advice on how to stop grinding his teeth.

31)  Plaintiff was told in early July by April Alcorn via telephone conversation that she had completed her investigation and the issue would be resolved by the 12th of July, 2007.

32)  Plaintiff received an email from April Alcorn on the 12th of July, 2007 at 9:47 a.m. stating that she had "submitted the investigation documentation to my management team for review", which was contrary to her previous promise of resolution on such date. Plaintiff immediately telephoned April Alcorn in response to this contradiction and she assured him that this would finally be resolved within twenty four hours. Plaintiff again voiced his distress to April Alcorn regarding the hostile work environment and harassment that he continued to endure.

33)  Plaintiff was contacted, by Angie Jibben, and told that he should take a leave of absence during an afternoon call on July 12th 2007. Defendant stated that he would prefer to wait for the resolution which was promised to him by April Alcorn, thanked her for the offer, and said that he would consider this an option should the need dictate so. The offer was never retracted, and was again encouraged before the completion of the telephone call by Angie Jibben as a solution to the Plaintiff's endured stress and harassment from the company.

13

1

2

3    34)   Plaintiff did not receive any type of notification of resolution from April

4          Alcorn or any other interested parties regarding his claims against the

5          company by one o'clock the afternoon of July 13th. When Plaintiff attempted

6          to contact April Alcorn after 1:00 on the 13th of July, 2007 a gentleman

7          [whose name he did not recall] answered her personal work line. He

8          attempted to pry the Plaintiff for information regarding his claims and agreed

9          to leave a message for her.

10

11   35)   On July 13th, 2007 at 6:00 p.m., the Plaintiff did not receive any information

12         regarding his claims against the company and the issue still had not been

13         resolved as was communicated to him by April Alcorn.

14

15

16   36)   On July 13th, 2007, based upon the mental stress, and the tooth grinding

17         condition which started soon after the stressful work environment at the

18         Defendant's location, the Plaintiff decided to take the leave of absence offered

19         earlier by Angie Jibben. The Plaintiff felt that this would allow for some

20         needed rest and also allow the defendant even more time to resolve the hostile

21         working conditions that were stressing him out.

22

23   37)   On July 13th, 2007, the Plaintiff notified April Alcorn and Mechelle Bonilla

24         via email that he would take a 10 day non-paid vacation in order to provide

                                        14

1      them enough time to rectify the situation. He provided his personal email

2      account, should they need to contact him.

3

4    38)   On July 16th, 2007 the Plaintiff left for vacation in an attempt to alleviate his

5          stress and allow the defendant time to resolve the work environment issue.

6

7    39)   While the Plaintiff was on Leave of Absence, he received three overnight

8          Federal Express packages were left at his door from April Alcorn. The first

9          package was dated July 17th, 2007, and stated in a letter that he needed to

10         return to work no later than Thursday, July 19th, 2007 at his regularly

11         scheduled work time. "Failure to report to work by the designated date will

12         leave us no other alternative but to accept your voluntary resignation." The

13         Plaintiff never received any information pertaining to this on the contact email

14         he had made available to April Alcorn and Mechelle Bonilla.

15

16

17    40)   The second and third packages were dated July 19th, 2007.

18

19    41)   The second letter stated, "You failed to report to work at the designated date

20         and time. Consistent with our policy, the Company has chosen to separate

21         your employment effective July 19th, 2007."

22

23

24

15

42)    The third and final letter stated, "Please be advised that the Apollo Group, Inc. has reviewed your concerns and we find no evidence to support any findings of the San Diego Enrollment Department violating Company policies or procedures as outlined by your allegations."

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION

*RETALIATION*

1986, Congress added anti-retaliation protections to the **False Claims Act** § 3729. These provisions, which did not exist previously, are contained in 31 U.S.C. Sec. 3730(h):

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of his employer or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.

### SECOND CAUSE OF ACTION

*RETALIATION (Under Title VII)*

Title VII of the 1964 Civil Rights Act and the amendment in 1991 of the Civil Rights Act.

16

1      **THIRD CAUSE OF ACTION**

2      *WRONGFUL TERMINATION*

3

4      **FOURTH CAUSE OF ACTION**

5      FALSE IMPRISONMENT

6

7      **FIFTH CAUSE OF ACTION**

8      *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

9

10     **SIXTH CAUSE OF ACTION**

11     *DEFAMATION*

12

13     **SEVENTH CAUSE OF ACTION**

14     *EQUAL PAY*

15

16

17

18

19

20     <u>CONCLUSION</u>

21

22     The Plaintiff discovered that the Defendant was required by federal law to not use quotas

23     as part of its student recruitment process. When the Plaintiff asked the Defendant to cease

24     and desist, the Defendant retaliated via harassment and eventually terminated the

                                        17

1 | Plaintiff. Harassing and discriminatory actions by the defendant included, but were not

2 | limited to Equal Pay discrimination (arbitrarily cutting the Plaintiff's salary) and creating

3 | working conditions to intentionally inflict emotional distress.

4 |

5 | **RELIEF REQUESTED**

6 |

7 |

8 | 1- Trial by jury on all issues triable by jury

9 | 2- Actual (compensatory) damages to in the amount to be determined by a jury

10 | 3- Maximum Statutory damages

11 | 4- Punitive damages in the amount of $250,000, or the maximum allowable by law.

12 | 5- Costs related to bringing this action, including reasonable attorney fees.

13 | 6- Leave to amend this complaint pursuant to F.R.C.P 15(a), once discovery in this action

14 | has been completed

15 | 7 -Any other relief as this honorable court deems just, proper and equitable

16 |

17 |

18 |

19 | Dated: 12/27/2007

20 | 12/27/2007                                        Chad McKinney

21 |

22 |

23 |

24 |

18

# EXHIBIT 2

PRIORITY MAIL



PLEASE PRESS FIRMLY

STATES POSTAL SERVICE

Flat Rate
Mailing Envelope

For Domestic and International Use

Visit us at usps.com

Print postage online - Go to usps.com/postageonline

PLEASE PR



0000

92123

POSTAGE REQUIRED.



U.S. POSTAGE
SAN DIEGO,CA
92101
AUG 25 '08
AMOUNT
$7.00
00086130-12



cycled
per

United States Postal Service®
Priority M
quivalents a

SIGNATURE CONFIRMATION™

SED INTER

LIMIT APP
country-sp
See Intern
es for deli

tional use e

2305 1590 0001 5531 4619

NAL RESTRICTIONS:
ONS ON CONTENT:

1. Complete
Type or Print required return address
and addressee Information in customer
block area or on label.

2. Payment Method
Affix postage or meter strip to area
indicated in upper right hand corner.

3. Acceptance
Bring your Flat Rate Priority Mail

To/Destinataire:

Chad McKinney
6266 Madeline St. #61
San Diego, CA 92115

University of Phoenix
Attention of: michelle Bonilla
3890 Murphy canyon Rd.
San Diego, CA 92123

Country of Destination/Pays de destination:

U S A

**PROOF OF SERVICE**

**McKinney v. Apollo Group, Inc., et al.**
**USDC, Southern – Case No. 07-CV-2373**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-7689.

On September 9, 2008, I served, in the manner indicated below, the foregoing document described as **EXHIBITS TO DECLARATION OF MECHELLE BONILLA IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| Chad McKinney<br>6266 Madeline Street, Apt. #61<br>San Diego, CA 92115 | Plaintiff, Pro Se<br>Tel: (619) 634-3566<br><br>TRACKING # 798508102292 |
| United States District Court<br>Attention: Hon. Judge William Q. Hayes<br>Courtroom 4<br>940 Front Street, Room 4290<br>San Diego, CA 92101-8900 | Courtesy Copy<br>Tel: (619) 557-5600<br><br>TRACKING # 792104054237 |

I am employed in the office of a member of the bar of this court at whose direction the service was made.

☒    BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 9, 2008, at Costa Mesa, California.

_____
Anh Dufour

8626180

PROOF OF SERVICE